IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FENG GAO,

**Plaintiff,**

vs.

THE PARTERNSHIPS and
UNICORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

**Defendants.**

Case No. 21-cv-4055

Judge: Robert Dow Jr

## **PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL COMPLIANCE WITH LOCAL RULE 83.15**

Plaintiff FENG GAO ("Gao" or "Plaintiff"), by and through its undersigned counsel, hereby submits this reply in support of its petition to the Court for an order requiring that Spidoc direct, M Sport Direct, A Sport Direct, Uniqtec, F Sport Shop and 3one (collectively "Defendants") comply with Local Rule 83.15. Defendant's recent filings (Dkt 19, 21, 25, 35) fail to comply with Local Rule 83.15 because Defendant has not retained local counsel.

Defendants' Counsel's attempt to list themselves as Local Counsel is a thinly veiled attempt to circumvent both the letter and spirit of Local Rule 83.15. The address provided by Mr. Mu is a shared office space run by Regus with Offices available at $310 a month, Co-working space at $292 a month, and Virtual offices at $71 a month.[1] (See Exhibit 1).

The requirements of local rule 83.15 are very clear in that a non-resident attorney is to associate with local counsel that has an office in the jurisdiction, and in spirit, requires that local

---

[1] https://www.regus.com/en-us/united-states/illinois/chicago/111-west-jackson-2183?gclsrc=aw.ds&gclid=EAIaIQobChMI2JKbrK-E8wIVlgytBh05owrrEAAYASAAEgI0ZfD_BwE

counsel have a *presence* in the district. If complying with local rule 83.15 only requires having a virtual office in the district, with no actual staff or attorneys present, and no Illinois licensed attorneys, then a large number of non-resident attorneys (including undersigned counsel) will forego the expense and burden of obtaining Illinois local counsel and merely litigate in the district in an unlimited number of cases with merely a $71 per month investment.

To be clear, local rule 83.15 requires local counsel to maintain an office in the jurisdiction. A review of Mr. Mu's website indicates that he is a solo practitioner with two non-attorney staff working for him in his New York office (See Exhibit 2). There is no indication that Mr. Mu or any of his employees are physically present in the northern district of Illinois, and the only phone number listed is that of his actual physical office in New York. *Id.* Undersigned counsel believes that Mr. Mu is not admitted to practice in Illinois. Indeed, undersigned counsel searched both the Illinois Bar Association webpage and the Supreme Court of Illinois webpage and was unable to find any matches for Mr. Mu. (See Bayramoglu Dec. ¶3-4)

It is the Plaintiff's position that Mr. Mu's virtual office is not an office in the district as contemplated under Local Rule 83.15. To the extent Mr. Mu contends his Chicago virtual office is an attorney's office the existence of such an office may run afoul of the Illinois Supreme Court Rules 5.5(b):

"A Lawyer who is not admitted to practice in this jurisdiction shall not:

(1) Except as authorized by these Rules or other law, establish an office or other systematic and continuous presence in this jurisdiction for the practice of law; or

(2) Hold out to the public or otherwise represent that the lawyer is admitted to practice law in this jurisdiction."

Rule 5.5(b) and Rule 7.1 are clear that advertisements and solicitations directed to potential Illinois clients, by a lawyer not admitted in Illinois, is misleading if lawyer's jurisdictional limitations are not disclosed clearly. In other words, The lawyer's letterhead,

2

business cards, website, and advertising materials, if they show any point of contact within Illinois, should state that the lawyer is not admitted in Illinois. Mr. Mu's website is currently in violation of at least these Illinois Supreme Court Rules.

Mr Mu's attempt to dodge Local Rule 83.15 and establish a virtual office to circumvent the rule are poorly thought out – as is shown by the number of violations and further potential violations that his current virtual office and website create – and falls short of the requirements in the rules.

Violations of the Illinois Supreme Court Rules aside, the entire purpose of Local Rule 83.15 is to have someone available to receive papers in the District.[2] A virtual office that is not staffed by employees *physically* present in the district fails to comply with the purpose of the rule.[3]

The continued attempts by Defendants and now their counsel to skirt the rules further exacerbates Plaintiff's concern that Defendants will abscond with the corpus of the case – further underscoring the need for the court to rule on the preliminary injunction and grant the injunction. Indeed, according to supplemented information from Amazon, The Defendants have absconded with the corpus and have left a meager amount of only roughly $500 dollars in their accounts collectively (See exhibit 3). The Defendants continue to fail to have local counsel as required under rule 83.15 despite their counsel's best attempts to circumvent the rule. Accordingly, the Court should rule that Defendants have 30 days to find local counsel with an

---

[2] *Canadian Nat'l Ry. Co., Inc. v. GE Cap. Rail Servs.*, No. 04 C 7901, 2005 WL 43303, at *3 (N.D. Ill. Jan. 6, 2005) "LR 83.15 requires out-of-state counsel (who may of course be admitted to practice here pro hac vice) to designate local counsel—not to carry the laboring oar, but rather for notice purposes."

[3] *Sokolova v. United Airlines, Inc.*, No. 18 C 2576, 2020 WL 354750, at *6 (N.D. Ill. Jan. 21, 2020) "Local Rules are promulgated for sound reasons. Rule 83.15 certainly was, and the time has come for plaintiffs and their counsel to comply with that Rule and secure local counsel. Enough is enough. *See e.g., Stevo v. Frasor*, 662 F.3d 880, 886-887 (7th Cir. 2011); *Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817–18 (7th Cir. 2004); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 923 (7th Cir. 1994); *In re Sulfuric Acid Antitrust Litigation,* 231 F.R.D. 351, 356 (N.D. Ill. 2005))(collecting cases). But I do not think Local Rule 83.15 is one that can be ignored or relaxed. Nor should it be. There comes a time when enough is enough. *See, e.g., Willoughby v. Peterson*, 2016 WL 890755, at *2, n.2; *Bulgari, S.P.A. v. Zou Xiaohong,* 2015 WL 6083202, at *1 (N.D. Ill. 2015)(N.D. Ill. 2016); *State Farm Fire & Cas. Co. v. Electrolux Home Prod.*, Inc., 2011 WL 133014, at *1 (N.D. Ill. 2011); *Leventhal v. Schenberg,* 2013 WL 1809889, at *3 (N.D. Ill. 2013)."

actual office in the district or face the repercussion of having any document filed by the out-of-state counsel stricken.

Respectfully submitted,

DATED this 21st day of September, 2021.

          **Bayramoglu Law Offices, LLC**
          */s/ Nihat Deniz Bayramoglu*
          **NIHAT DENIZ BAYRAMOGLU**
          1540 West Warm Springs Road, Suite 100
          Henderson, NV 89014
          T: (702) 462-5973
          F: (702) 553-3404
          deniz@bayramoglu-legal.com
          *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 21th, 2021, I electronically filed the foregoing document with the Clerk of the U.S. District Court, using the Court's CM/ECF system, which will accomplish service electronically on all counsel of record.

Dated: September 21, 2021

/s/ *Nihat Deniz Bayramoglu*

Nihat Deniz Bayramoglu