UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Feng Gao, | ) |
| | ) |
| Plaintiff, | ) Case No.: 1:21-cv-04055 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| | ) |
| THE PARTNERSHIPS and | ) |
| INCORPORATED ASSOCIATIONS | ) |
| IDENTIFIED ON SCHEDULE "A," | ) |
| | ) |
| Defendants. | ) |

**Defendants' Motion to Stay Discovery and Related Motions**

**NOW COME** Defendants F Sport Shop (Amazon seller ID A6M2RWA8ZP9TL), M SPORT Direct (Amazon seller ID AL3DL8YHYDMYJ), FXZ SHOP (Amazon seller ID A1FUNE3OQ86UUL), Spidoc Direct (Amazon seller ID A1GNTVBJ9OOEOK), 3one (Amazon seller ID AWFOV0VB6ER6E), and Uniqtec USA (Amazon seller ID A340UBV36KP7H8) (hereinafter "Defendants"), by and through its undersigned counsel, hereby move this Court to stay discovery pending the Court's resolution of Defendants' motion for summary judgment.

As explained in Defendants' motion for partial summary judgment and accompanying memorandum of law in support, Plaintiff cannot succeed on their asserted patent infringement claims because Defendants do not infringe the asserted patents and because the asserted patents are invalid. If Defendants' motion for summary judgment is granted, there will be no need for Defendants to engage in expensive and time consuming discovery. Consequently, requiring Defendants to continue discovery while the summary judgment motion is pending would be an undue burden on Defendants. Additionally, a stay of discovery would not prejudice Plaintiff, because Plaintiff has already obtained all the discovery that it would conceivably need to respond to Defendants' motion. Accordingly, discovery and other related pretrial proceedings - including

Plaintiff's pending and unrelated motions to compel [Dkts. 70, 72, 76, and 78] - with respect to Defendants should be stayed pending the Court's resolution of Defendants' motion for summary judgment.

I. **Argument**

A motion for summary judgment can be filed "at any time." Fed. R. Civ. P. 56(b); Eastland Music Group, LLC v. Lionsgate Entm't, Inc., 707 F.3d 869 (7th Cir. 2013); *See*, Peters v. West, 692 F.3d 629 (7th Cir. 2012) (resolving a copyright suit in advance of discovery). The federal rules do not require that discovery be complete (or even underway) before summary judgment can be granted. Fed. R. Civ. P. 56; Larsen v. Elk Grove Vill., 433 F. App'x 470, 472 (7th Cir. 2011). If a party needs further discovery to respond to a motion for summary judgment, it must explain the reasons why it cannot present evidence essential to her opposition. Rule 56(d); Id. This rule "does not allow a party to block summary judgment simply by offering generalities about the need for further discovery." Staten v. Nissan N. Am., Inc., 134 Fed. Appx. 963, 965 (7th Cir. 2005). The party seeking protection must point to specific evidence that it reasonably believes it will discover if given the additional time. Id.

District courts enjoy extremely broad discretion in controlling discovery. Crawford-El v. Britton, 523 U.S. 574, 598 (1998); Patterson v. Avery Dennison Corp, 281 F.3d 676, 681 (7th Cir. 2002); Liggins v. Reicks, 2021 WL 2853359 at *1 (N.D. Ill. July 8, 2021); Doe v. City of Chicago, 360 F.Supp.2d 880, 881 (N.D. Ill. 2005) ("The court has the inherent power to stay civil proceedings, postpone civil discovery, or impose protective orders when the interests of justice so dictate."). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Pfizer Inc. v. Apotex Inc., 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009). It is the movant's burden to show that good cause exists for a stay. Harper v. Cent. Wire, Inc., 2020 WL

2

5230746, at *1 (N.D. Ill. Sept. 2, 2020). In determining whether good cause exists to stay discovery during the pendency of a motion, courts consider the following factors: (1) whether a stay will prejudice the non-moving party; (2) whether a stay will simplify the issues in the case; and (3) whether a stay will reduce the burden of litigation for the parties or the court. Liggins, 2021 WL 2853359 at *1.

Here, the scope of Defendants' motion is such that it would - if granted - lead to the end of the case. In other words, the ruling on the motion for summary judgement "has potential to dispose of certain claims brought by [Plaintiff], making discovery unnecessary." Rodriguez v. Ford Motor Co., 2022 WL 704780 at *2 (N.D. Ill. Mar. 9, 2022) (granting motion to stay discovery until after court ruled on dispositive motion to dismiss because dispositive motion could dispose of certain claims and simplify the issues); Landstrom v. Illinois Dep't of Children & Family Servs., 892 F.2d 670, 674 (7th Cir. 1990) (affirming a stay on discovery pending a ruling on a motion to dismiss that "turn[ed] on what is essentially a legal issue"). That waiting for the court's decision on Defendants' motion for summary judgement could materially simplify, and even resolve any discovery issues, which strongly weighs in favor of staying discovery. Garrick v. Moody Bible Inst., 2021 WL 5163287 at *3 (N.D. Ill. Nov. 5, 2021) (finding simplification factor favored stay because "a favorable ruling for [Plaintiff] may resolve the entire case, rendering any discovery taken to that point meaningless and wasted."); CIVIX v. Nat'l Ass'n of Realtors, 2007 WL 7767602 at *3 (N.D. Ill. Sept. 17, 2007) ("Because the PTO's reexamination may narrow or dispose of claims, arguments, and defenses, this factor weighs in favor of the Court staying the proceedings during reexamination."); Gardner Denver, Inc. v. Dist. Lodge No. 9 Loc. Lodge 822, 2014 WL 2210389 at *2 (C.D. Ill. May 28, 2014) (staying discovery until summary judgment motions were resolved in part because its resolution may determine the appropriate scope of discovery and "could materially simplify, and perhaps resolve, the discovery issues."); Bilal v. Wolf, 2007 WL 1687253, *4 (N.D. Ill.

June 6, 2007) ("Stays of discovery are not disfavored and are often appropriate where the motion to dismiss can resolve the case.").

Further, as a result of the potentially dispositive nature of Defendants' motion for summary judgement, a stay could significantly reduce the burden of litigation for the parties. "Defendants should not be required to incur the costs of discovery, nor the Court the burden of overseeing discovery, before the Court determines whether any of Plaintiff's claims withstand [summary judgement]." Rao v. JPMorgan Chase Bank, N.A., 2021 WL 4927415 at *1 (N.D. Ill. May 12, 2021); Tap Pharm. Prods., Inc. v. Atrix Labs., Inc., 2004 WL 422697, at *1 (N.D.Ill. Mar. 3, 2004) (stay warranted because "[t]here is a significant chance that the PTO will either invalidate this patent or drastically decrease its scope [due to reexamination]...[creating] a very real possibility that the parties will waste their resources litigating over issues that will ultimately be rendered moot by the PTO's findings");

Lastly, Plaintiff will suffer absolutely no harm if discovery is stayed. Plaintiff has not asserted, and cannot assert, that they need any additional discovery to respond to Defendant's motion for partial summary judgement. This court has noted that a stay is often appropriate where a pending dispositive motion can resolve the case and where "requested discovery is unlikely to produce facts necessary to defeat the motion." Sprague v. Brook, 149 F.R.D. 575, 577 (N.D. Ill. 1993); Hardimon v. SCF Lewis & Clark Fleeting LLC, 2022 WL 1104738 (S.D. Ill. Apr. 13, 2022) (granting motion to stay discovery where pending dispositive motion "may dispose of the instant case against [Defendant] and Plaintiff has failed to show that additional discovery is necessary to defeat the motion."); see also, Orlando Residence, Ltd. v. GP Credit Co., LLC, 2006 WL 2849866 at *7 (E.D. Wis. Sept. 29, 2006) ("Limitations on pretrial discovery are appropriate where claims may be dismissed "based on legal determinations that could not have been altered by any further discovery."); Boyer v. Malet, 2016 WL 3621758 (M.D. Pa. July 5, 2016) (granting motion to stay

4

discovery pending resolution of Defendant's motion to dismiss and noting that the "documents sought by Plaintiff in his request for production would not assist him in countering Defendants' motion. Plaintiff basically seeks documents that go to the underlying merits of the excessive force claim, and not with respect to the issue of exhaustion.").

The outcome of this case turns on the narrow question of whether the asserted patents are valid and enforceable, and whether Defendants infringed the asserted patents. Given how much discovery has already taken place, it is inconceivable that Plaintiff requires any further discovery on other issues to respond to Defendants motion. In fact, Plaintiff has already responded to the same substantive arguments nearly identical to Defendants' motion. [Dkt. 26]. Further, the parties have exchanged final infringement, non-infringement, and invalidity contentions under Local Patent Rules. Plaintiff therefore has no pressing need for further discovery related to the substance of Defendants' motion for partial summary judgment. Chagnon v. Bell, 642 F.2d 1248 (D.C. Cir. 1980) (holding that "the District Court's grant of the stay was not … an abuse of discretion. Appellants' discovery request[s]…were immaterial to the…questions before the District Court…The District Court plainly had the authority to stay appellants' discovery request as not "relevant" to the question of law before it."); *See also*, Patterson v. United States Postal Service, 901 F.2d 927 (11th Cir.1990) (holding district court did not abuse its discretion by staying discovery where pending dispositive motions gave court enough information to ascertain further discovery not likely to produce a genuine issue of material fact); Feldman v. Flood, 176 F.R.D. 651 (M.D.Fla.1997) (holding stay of discovery not appropriate unless pending dispositive motion would dispose of entire action); Spencer Trask Software and Information Services, LLC v. Rpost Intern'l Ltd., 206 F.R.D. 367 (S.D.N.Y.2002) (holding good cause for discovery stay exists where dispositive motion has been filed and stay is for short time period that does not prejudice opposing party).

The only prejudice that Plaintiff would suffer would be the delay in discovery that occurs while Defendants' motion for summary judgement is briefed. However, "delay, in and of itself, does not constitute undue prejudice." Garrick, 2021 WL 5163287 at *3. Defendants would not gain any tactical advantage or materially injure Plaintiff if discovery is stayed. Nor would a stay harm Plaintiff's ability to litigate this case. Witz v. Great Lakes Educ. Loan Servs., Inc., 2020 WL 8254382 at *1 (N.D. Ill. July 30, 2020) (concluding that the prejudice factor favored a stay because the plaintiff had not "made a showing that any potentially discoverable documents in Defendant's possession [were] likely to be lost or inadvertently destroyed" or "explained how a stay of discovery would increase the expense of litigation"); Mac Naughton v. Asher Ventures, LLC, 2018 WL 11361070, at *2 (N.D. Ill. Feb. 27, 2018) (rejecting plaintiff's argument that staying discovery "accomplishes nothing other than to drag it out for no reason," where there was "no evidence that delaying discovery [would] negatively impact [the plaintiff's] ability to litigate his claims). Accordingly, since all three factors weigh in Defendants' favor, this court should exercise its discretion and stay discovery pending ruling on Defendants' motion for partial summary judgment.

Dated            October 18, 2022

Respectfully Submitted,

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
(312) 715-7312
(312) 646-2501 (fax)
adamu@au-llc.com
*Counsel for Defendants*