IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Feng Gao, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:21-cv-4055 |
| v. | ) |
| | ) Hon. Judge Sharon Johnson Coleman |
| THE PARTNERSHIPS and INCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," | ) ) ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS 3ONE, F SPORT SHOP, M SPORT DIRECT, SPIDOC DIRECT, UNIQTEC USA, AND FXZ SHOP**

COMES NOW, Plaintiff Feng Gao, by and through counsel, pursuant to Federal Rule of Civil Procedure 37(a) and Local Rule 37.2, respectfully moves the Court for an entry of an Order compelling Defendants 3One, F Sport Shop, M Sport Direct, Spidoc Direct, Uniqtec USA, and FXZ Shop to provide complete answers and responses to Plaintiff's Second Set of Request for Interrogatories, and Second Requests for Production of Documents. Plaintiff also requests an award of attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

I.    **INTRODUCTION**

This Motion to Compel is the last of a series of motions to compel filed by Plaintiff to address Defendants acts of evading their discovery obligations. Despite exhaustive efforts by Plaintiff over the last six months to resolve the Parties' discovery disputes, Defendants have made very minimal progress towards providing complete and accurate responses to Plaintiff's Second Set of Interrogatories to Defendants, and have provided no response to Plaintiff's Second Request

for Production of Documents. Even after a meet and confer between the Parties' counsel, Defendants have made no effort to furnish information reasonably available to Defendants from their owners, employee, agents, or others subject to Defendants' control. Neither the Court nor the parties can expect perfection when it comes to the discovery process. What is required, however, and what all parties are entitled to, is fundamental fairness that the other side produces information which is within their knowledge, possession, and power and that the other side meets its continuing duty to disclose additional and new material. Defendants unfortunately have failed to meet the most basic obligation of even responding to Plaintiff's second set of requests for production. Defendants have also failed to perform the most basic search in searching for responsive information to Plaintiff's second set of interrogatories. Therefore, Plaintiff has no other recourse than to seek the Court's intervention to compel Defendants to provide complete answers to Plaintiff's discovery requests.

## II. BACKGROUND AND BASES FOR MOTION

a. Plaintiff's Discovery Requests.

On July 22, 2022, Plaintiff served Defendants 3One, F Sport Shop, M Sport Direct, Spidoc Direct, Uniqtec USA, and FXZ Shop with Plaintiff's Second Set of Interrogatories, and Second Request for Production of Documents ("Discovery Requests"). *See* Declaration of Melika Harris ("Harris Decl."), ¶4, Exhibits 5,6. Defendants' responses to Plaintiff's Discovery Requests were due August 22, 2022. *Id.* at ¶5. On August 23, 2022, Plaintiff was served with Defendants' Responses to Plaintiff's Second Set of Interrogatories, however these responses were insufficient, and Defendants failed to serve their responses to Plaintiff's Second Request for Production of Documents. *Id.* at ¶6. On September 7, 2022, Plaintiff sent Rule 26 letters to Defendants to address Plaintiff's concerns regarding Defendants' deficient responses to Plaintiff's Second Set of

Interrogatories, and Defendants' failure to respond to Plaintiff's Second Request for Production of Documents. *Id.* at ¶8, Exhibit 9. On September 15, 2022, the Parties' counsel engaged in a conference to discuss, among other things, Defendants' discovery responses. *Id.* at ¶9. During the conference Defendants agreed to serve Defendants' supplemental responses to Plaintiff's Second Set of Interrogatories and Second Request for Production of Documents on or before Friday, September 23, 2022. *Id.* To date, Plaintiff has not received Defendants' supplemental responses to Plaintiff's Second Set of Interrogatories, or any response at all to Plaintiff's Second Request for Production of Documents. *Id.* at ¶10.

      b. <u>Defendants' Failure to Conduct a Diligent and Reasonable Inquiry.</u>

Defendants' responses to Plaintiff's Second Set of Interrogatories were signed and verified by Yarong Chen. *Id.* at¶6, Exhibit 7. Plaintiff's counsel took the remote deposition of Ms. Chen, who was also Defendants' 30(b)(6) designee, on August 25-26, 2022. *Id.* at¶13. During the deposition, Ms. Chen testified that she was previously employed by the Defendants as an operations agent; however, with the exception of Defendant Spidoc Direct[1], Ms. Chen has not spoken with Defendants' owners in nearly a year. *Id.*, Exhibit 12, Chen Transcript, Vol. I, 23:4-15; 24:4-6; 25:18-22; 26:16-20; 27:3-5; 27:13-15. Ms. Chen further testified that she has never had communications with anyone in relation to her work with Defendants, outside of Defendants' owners. *Id.*, Exhibit 12, Chen Transcript, Vol. I, 64:25; 65:1-3. Thus, in answering the interrogatories, Ms. Chen furnished only the information that was available to her. Ms. Chen did not furnish all the information available to Defendants, as she had no communications with Defendants, or their owners, employees, manufacturers, or suppliers, prior to answering the interrogatories on Defendants' behalf.

---

[1] During the deposition of Yarong Chen, Ms. Chen testified that she had not spoken with Junewi Song, the owner of Spidoc Direct, in two or three months. Harris Decl., Exhibit 21, Chen Transcript, Vol. I, 23:4-15.

Despite Plaintiff's efforts and willingness to work with Defendants over the past three months, Defendants' responses to Plaintiff's discovery requests remain woefully deficient. Plaintiff has attempted to confer with Defendants in an effort to resolve the discovery issues between the parties without the Court's assistance, in compliance with Local Rule 37.2. Plaintiff requests that this Court grant Plaintiff's Motion to Compel and order Defendants to provide complete responses to Plaintiff's Second Set of Interrogatories and Second Request for Production of Documents, and to produce responsive documents immediately. Plaintiff further requests that this Court award Plaintiff the attorneys' fees incurred by Plaintiff in making this motion under Fed. R. Civ. P. 37(a)(5). Defendants' conduct of delaying and obstructing the discovery process by failing and refusing to provide complete answers to the discovery requests, after having three months to respond to such requests is unreasonable and warrants an award of attorneys' fees.

### III. LEGAL STANDARD

"The federal discovery rules are liberal in order to assist in the preparation for trial and settlement of litigated disputes." *Parvati Corp v. City of Oak Forest*, No. 08 C 702, 2010 WL 2836739, at *1 (N.D. Ill. July 19, 2010). Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case..." Fed. R. Civ. P. 26(b)(1). Rule 33(a) broadly provides that a party may serve on any other party interrogatories relating to any matter within the scope of Rule 26(b). Fed. R. Civ. P. 33(a). The interrogatories must be answered "by the party to whom they are directed; or if the party is a corporation, partnership, or association, the interrogatories must be answered by an office or agent of the party. Fed. R. Civ. P. 33(b). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).

When a party does not meet their discovery obligations, or does not respond properly to discovery requests, the party that issued the request may file a motion to compel a proper response. Fed. R. Civ. P. 37(a); *Diamonds Servs. Mgmt. Co., LLC v. C&C Jewelry Mfg., Inc.*, No. 19 C 7675, 2021 WL 5834004, at *3 (N.D. Ill. Dec. 9, 2021). A "district court may grant or deny the motion in whole or in part, and similar to ruling on a request for a protective order under Rule 26(c), the district court may fashion a ruling appropriate for the circumstances of the case." *Gile v. United Air Lines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996).

Rule 37 allows sanctions where a party fails to provide or supplement information as required by Rules 26(a) or (e). Fed. R. Civ. P. 37(b)(2), (c)(1). The court has the inherent power to "fashion an appropriate sanction for conduct which abuses the judicial process, but sanctions are justified under this inherent authority only if the offender willfully abuses the judicial process or litigates in bad faith." *LiiON, LLC v. Vertiv Grp. Corp.i* No. 18 CV 6133, 2020 WL 6038055, at *2 (N.D. Ill. Feb. 28, 2020), *report and recommendation adopted*, No. 18-CV-6133, 2020 WL 2307488 (N.D. Ill. May 8, 2020) (internal citations omitted).

IV. **ARGUMENT**

   a. <u>Interrogatories Directed to Defendants 3One and Uniqtec USA Were Not Answered by the Party to Whom They Were Directed.</u>

The second set of interrogatories propounded on Defendants 3One and Uniqtec USA were not answered by the party to whom they were directed, as required by Rule 33 of the Federal Rules of Civil Procedure. Interrogatory No. 6, from Plaintiff's First Set of Interrogatories to Defendants, asked Defendants to Identify all owners, members, and/or managers of Defendants. Harris Decl., ¶2, Exhibit 1. Defendants identified Deng Huier as the owner of 3One, and Yu Fa Bin as the owner of Uniqtec USA. *Id.* In response to Interrogatory No. 21, from Plaintiff's Second Set of Interrogatories to Defendants, Defendants stated that Defendants are not corporate entities, and

5

adopted the d.b.a. names to conduct their business on Amazon. *See Id.* at ¶6, Exhibit 7. Thus, Defendant Deng Huier is an individual doing business as 3One, and Defendant Yu Fa Bin is an individual doing business as Uniqtec USA.

Defendants' Responses to Plaintiff's Second Set of Interrogatories were all signed and verified by Yarong Chen. *See Id.* Yarong Chen is a former employee of Defendants 3One and Uniqtec USA, who admittedly has not spoken or had contact with these Defendants in nearly a year. *Id.* at ¶13, Exhibit 12, Chen Transcript, Vol. I, 27:3-5; 27:13-15. Thus, the interrogatories propounded on Defendants 3One and Uniqtec USA were not answered "by the party to whom they are directed," as required by Rule 33(b).

Defendants' failure to answer the interrogatories amounts to a sanctionable Rule 33 violation for both Defendants and their attorneys. "Although it is the party, not the attorneys, that is responsible for ensuring compliance with its discovery obligations," Defendants' attorneys have a duty to ensure compliance with discovery obligations and prevent misrepresentation to the opposing party. *LiiON, LLC v. Vertiv Grp. Corp.*, 2020 WL 6038055, at *2. However, with the assistance of counsel, Defendants have served discovery responses signed and verified by an individual who was not the party to whom the interrogatories were directed. Harris Decl., Exhibits 3, 7. Furthermore, because Ms. Chen has not spoken with Deng Huier and Yu Fa Bin in nearly a year, it is impossible to conceive that Ms. Chen or Defendants' counsel has taken the reasonable steps to ensure that the interrogatory responses are complete and accurate. Therefore, Plaintiff is entitled to sanctions for Defendants' egregious failure to provide or supplement information as required by Rule 26.

> b. <u>Defendants' answers to Plaintiff's Second Set of Interrogatories are incomplete, and are not in compliance with Fed. R. Civ. P. 33(b).</u>

Defendants have failed to provide complete answers to Plaintiff's Second Set Interrogatories, as required by Rule 33 of the Federal Rules of Civil Procedure. As stated above, Rule 33(b) provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R .Civ. P. 33(b)(3). If the party is a corporation, the interrogatories must be answered by an officer or agent, "who must furnish the information available to the party." Fed. R. Civ. P. 33(b)(1)(B).

In the present matter, Defendants have failed to sufficiently answer the following Interrogatories:

**Interrogatory No. 21**

> Interrogatory No. 21: State the date [Defendant] was incorporated as an entity, and the name of Defendant's legal representative. If [Defendant] is not an incorporated entity, state the date [Defendant] was first used or registered as a fictitious name.
>
> Defendants' Answer to Interrogatory No. 21: The store name is not a corporate entity, and was adopted as a d.b.a. name. The specific time the stores adopted these d.b.a. names can't be recalled due to lapse of time.

Interrogatory No. 21 ask Defendants to state the date Defendants were incorporated as an entity and the names of Defendants' legal representatives. Defendants answered Interrogatory No. 21 by stating the stores are not corporate entities, and that they all adopted d.b.a. names. Harris Decl., Exhibit 7. Defendants further answered that "[t]he specific time the stores adopted these d.b.a names can't be recalled due to lapse of time." *Id.* As mentioned above, interrogatories must be answered by an agent, "who must furnish the information available to the party." Fed. R. Civ. P. 33(b). It is inconceivable that Ms. Chen furnished the information available to Defendants, as required by Fed. R. Civ. P. 33(b)(1) when, with the exception of Defendant Spidoc Direct, she has not spoken with the Defendants' owners in nearly a year, and has never communicated with any

7

of Defendants' other employees. Harris Decl., ¶13, Exhibit 12, Chen Transcript, Vol. I, 23:4-15; 24:4-6; 25:18-22; 26:16-20; 27:3-5; 27:13-15; 64:25; 65:1-3. Thus, it is practically impossible for Ms. Chen to have furnished all information available to Defendants, as required by Fed. R. Civ. P. 33(b), as she did not even consult the Defendants prior to responding to discovery requests on their behalf.

Therefore, Defendants have failed to comply with their discovery obligations under Rule 33 of the Federal Rules of Civil Procedure. Defendants should be required to conduct a reasonable inquiry into the information available to Defendants, and provide full and complete answers to Interrogatory No. 21, which includes the dates Defendants' names were first used or registered as a fictitious name, and all other responsive information available to Defendants.

**Interrogatory No. 22**

Interrogatory No. 21: Identify all employees, members, and managers, past and present, of [Defendant] from January 1, 2019 through the present, and for each state:

(1) Name of the employee, member and/or manager;
(2) Years of employment or ownership;
(3) Title and job duties of the employee;
(4) Roles, management duties and title(s) of the members and managers;
(5) Interest the member(s) and manager(s) has in *FXZ Shop*; and
(6) The role the employee(s), member(s) and manager(s) played in selling the Infringing Products on Amazon.com

Defendants' Answer to Interrogatory No. 22:

(1) Yarong Chen, Manager
(2) Approximately 2.5 years of employment generally with these stores.
(3) Manage the Amazon store for the defendant
(4) Manage the Amazon store for the Defendant
(5) No ownership interest
(6) Managing the product full-cycle

Interrogatory No. 22 ask Defendants to identify all employees, members, and managers of Defendants from January 1, 2019 through the present. Harris Decl., Exhibit 7. Ms. Chen responded

8

to Interrogatory No. 22, on behalf of Defendants, by listing only one employee, Yarong Chen. *Id.* It is clear that no reasonable inquiry into the information available to Defendants was made by Ms. Chen, as with the exception of Spidoc Direct, Ms. Chen has not spoken with Defendants' owners in nearly a year and has never communicated with any of Defendants' other employees or agents in relation to her employment with Defendants. Harris Decl., ¶13, Exhibit 12, Chen Transcript, Vol. I, 23:4-15; 24:4-6; 25:18-22; 26:16-20; 27:3-5; 27:13-15; 64:25; 65:1-3. Thus, Ms. Chen answered the interrogatories based only on the information available to her. What makes Ms. Chen's responses to this interrogatory even more egregious, is that despite Ms. Chen admittedly having no knowledge of Defendants' organizational structure or employees, past or present, she answered this interrogatory on Defendants' behalf without conducting a reasonable inquiry into the information available to Defendants as required by Fed. R. Civ. P. 33(b). *Id.*, Exhibit 12, Chen Transcript, Vol. I, 33:17-25; 36:9-16; 63:7-9. Further, it is nearly inconceivable that the defendants sold over 90,000 units of the infringing products generating over a $1,000,000 in revenue and only ever had a single employee.

Consequently, Defendants have failed to comply with their discovery obligations under Rule 33 of the Federal Rules of Civil Procedure. Defendants should be required to conduct a reasonable inquiry into the information available to Defendants, and provide full and complete answers to Interrogatory No. 22, which includes the identification of all employees, members, and managers, past and present, of Defendants from January 1, 2019 through the present.

**Interrogatory No. 23**

Interrogatory No. 23: State the profits made by [Defendant], on a monthly basis, for the sale of the Infringing Products from January 1, 2019 through the present, including, but not limited to, cost of goods sold, sales price, and any other expenses.

Defendants' Answer to Interrogatory No. 23: Defendant directs Plaintiff to D000255.

9

Interrogatory No. 23 asks Defendants to state the profits made by Defendant, on a monthly basis, for the sale of the Infringing Products from January 1, 2019 through the present. *Id.*, Exhibit 7. Defendants' answer to Interrogatory No. 23 directed Plaintiff to D000255, which is a spreadsheet that purportedly represents the profits made by the Defendants in this litigation from the sale of the infringing earbuds sold by Defendants on Amazon. *Id.* at ¶7, Exhibits 8, 12, Chen Transcript, Vol. I., 104:12-25; 105:1-6. During the deposition of Yarong Chen, Ms. Chen testified that D000255 is a spreadsheet that she prepared, a week prior to the deposition, based on her memory from past experience working with Defendants. *Id.* Exhibit 12, Chen Transcript, Vol. I., 114:12-17. Ms. Chen testified that she calculated the net profit by subtracting the total average expenses, rent and commission from the revenue realized by the Defendants from the sale of the earbuds on Amazon (**Revenue – Total Average Expenses – Rent – Commission = Net Profit**). *Id.* However, Ms. Chen also testified that she didn't know if the staff actually received the commission payments reflected in the spreadsheet, and that she had no documents to reflect the rental payments paid by the Defendants. *Id.*, Exhibit 12, Chen Transcript, Vol. I., 106:11-18; 110:6-10; 115:21-24. Furthermore, Ms. Chen was only able to input the "average expenses" incurred by Defendants in the sale of the infringing earbuds, as she had no documents in her possession to calculate Defendants' actual expenses, at the time she prepared D000255. *Id.*, Exhibit 12, Chen Transcript, Vol. I., 112:11-25; 113:1-16. Thus, Ms. Chen clearly did not furnish the information available to the Defendants, as required by Fed. R. Civ. P. 33(b), as she did not even consult Defendants' owners or employees prior to answering Interrogatory No. 23. *Id.*, Exhibit 12, Chen Transcript, Vol. I, 23:4-15; 24:4-6; 25:18-22; 26:16-20; 27:3-5; 27:13-15; 64:25; 65:1-3.

Consequently, Defendants have failed to comply with their discovery obligations under Rule 33 of the Federal Rules of Civil Procedures. Defendants should be required to conduct a

reasonable inquiry into the information available to Defendants, and provide full and complete answers to Interrogatory No. 23, which includes the profits made by Defendants, on a monthly basis, from the sale of the Infringing Products from January 1, 2019 through the present, and all other responsive information reasonably available to Defendants.

        c. <u>Defendants' Failure to Respond to Plaintiff's Second Request for Production of Documents, is a Failure to Comply with Fed. R. Civ. P. 34.</u>

Defendants have failed to provide any objections or responses to Plaintiff's Second Request for Production of Documents. Harris Decl., ¶6. Rule 34 of the Federal Rules of Civil Procedure provides that "a party may serve on any other party a request within the scope of Rule 26(b)," to produce any designated documents or electronically stored information in any medium from which information can be obtained. Fed. R. Civ. P. 34(a). "The party to whom the request is directed must respond in writing within 30 days after being served…." Fed. R. Civ. P. 34(b). In response to Plaintiff's Second Request for Production of Documents, Defendants had an obligation to respond to each item or category, which includes the production of responsive documents, and to conduct a reasonable search for responsive documents. *See* Fed. R. Civ. P. 34; *GlobalTap, LLC v. Petersen Mfg. Co.*, No. 1:18-CV-05383, 2021 WL 3292261, at *5 (N.D. Ill. July 29, 2021).

Plaintiff served Defendants with Plaintiff's Second Set of Requests for Production of Documents on July 22, 2022. Harris Decl., ¶4, Exhibit 6. Defendants' responses to Plaintiff's requests were due August 22, 2022; however, Defendants failed to provide any objections or responses to Plaintiff's requests within the time allotted by Fed. R. Civ. P. 34. *Id.* at ¶¶5, 6. During the meet and confer between the Parties' counsel, Defendant' counsel assured Plaintiff that Defendants would serve responses on or before September 23, 2022. *Id.* at ¶9. However, despite

11

the assurances made by counsel for Defendants, to date, Defendants have failed to serve their responses to Plaintiffs' Second Requests for Production of Documents. *Id.* at ¶¶9, 10.

Defendants continue to use gamesmanship to avoid their discovery obligations, including filing motions at the eleventh hour for summary judgment in lieu of oppositions to plaintiff's previous motions to compel on the deadline for their responses[2] in an attempt to justify a stay of discovery and discovery motions[3] which was rightfully nearly immediately denied by the Court[4]. Defendants must be held accountable for their continued efforts to delay the discovery process and increase Plaintiff's costs of litigation unnecessarily. Defendants should be required to produce responses to Plaintiff's Second Request for Production of Documents, make a diligent search and reasonable inquiry into the documents in the possession, custody, or control of Defendants, and furnish all documents responsive to Plaintiff's Second Request for Production of Documents.

d. <u>Sanctions are Appropriate Because Defendants Have willfully Abused the Discovery Process.</u>

In responding to discovery requests, parties are required to take reasonable steps to make sure that their responses are complete and accurate, and a failure to do so may justify sanctions. *LiiON, LLC v. Vertiv Grp. Corp.*, 2020 WL 6038055, at *3. Defendants' counsel also has a duty to monitor their client's discovery production efforts to ensure compliance with their discovery obligations and prevent misrepresentations to the opposing party. *Id.* at *2. Defendants Deng Huier d.b.a. 3One and Yu Fa Bin d.b.a. Uniqtec USA violated this requirement by failing to personally respond to Plaintiff's Second Set of Interrogatories, and allowing a former employee, who they have not spoken with in nearly a year to sign and verify the interrogatory responses on their behalf. Additionally, Defendants' attorneys failed to sufficiently monitor Defendants'

---

[2] *See ECF 83-84*
[3] *See ECF 86*
[4] *See ECF 88*

discovery responses to ensure Defendants' compliance with their discovery obligations and prevent misrepresentations to the opposing party. Defendants' counsel's conduct is also sanctionable, when, as here, counsel is responsible for the unreasonable and vexatious multiplying of the proceedings. *See* 28 U.S.C. §1927.

Furthermore, all Defendants failed to comply with their discovery obligations by failing to provide something as basic as a response to Plaintiff's Second Request for Production of Documents, and by failing to furnish the information available to Defendants in response to Plaintiff's Second Set of Interrogatories. Defendants have only furnished information from one former employee, who has not spoken with Defendants in nearly a year, and who has no, or very limited, knowledge of any of Defendants' employees, organizational structure, or expenses.

Defendants' failure to comply with their discovery obligations is particularly egregious with respect to Defendants' owners. During the deposition of Ms. Chen, she testified that she was designated to testify on behalf of all six defendants as an agent by Defendants' owners. *See* Harris Decl.*,* Exhibit 12, Chen Transcript, Vol. I, 20:9-11. Defendants designated Ms. Chen to testify on their behalf on July 28, 2022, only six short days after Defendants were served with Plaintiff's second set of discovery requests. *See Id.* at ¶12, Exhibit 11. If Defendants' owners were able to appoint Ms. Chen as their 30(b)(6) designee, less than a week after being served with Plaintiff's discovery requests, then Ms. Chen certainly had the ability to furnish the documents and information reasonably available to Defendants' owners in response to Plaintiff's discovery requests. Defendants' failure to furnish the information reasonably available to Defendants in response to Plaintiff's Second Set of Interrogatories, and failure to provide any response to Plaintiff's Second Request for Production of Documents amounts to sanctionable Rule 33 and 34 violations under the Federal Rules of Civil Procedure.

13

V. **CONCLUSION**

Based on the foregoing, Plaintiff requests that the Court grant Plaintiff's Motion to Compel, and order Defendants to provide complete responses to Plaintiff's Second Set of Interrogatories and Plaintiff's Second Requests for Production of Documents, and the documents requested therein, within fourteen (14) days of the Court's order. Plaintiff has repeatedly, and in good faith, made efforts to work with Defendants to clarify Plaintiff's discovery requests, and has graciously provided Defendants with an extension to give the Defendants the time necessary to search for and produce the information and documents requested. Despite Plaintiff's efforts, Defendants have failed to meet their discovery obligations: Defendants continue to withhold documents responsive to the Discovery Requests, and continue to refuse to conduct a diligent search and reasonable inquiry into the information available to Defendants, to furnish the information the responsive documents and information. Defendants' and Defendants' Counsel's failure and refusal to comply with their discovery obligations have caused Plaintiff to incur unnecessary attorneys' fees in obtaining the information and documents requested in the discovery requests, and in making this motion. Consequently, Plaintiff further request that this Court enter an Order awarding Plaintiff the reasonable expenses incurred in making this motion, including attorneys' fees, and any additional relief this Honorable Court may deem just and appropriate. Plaintiff requests leave to file additional briefing regarding the attorneys' fees, in the event the Court determines an award of attorneys' fees is appropriate.

DATED this 21st day of October 2022.

**Bayramoglu Law Offices, LLC**
*/s/ Melika T. Harris*
**Melika T. Harris**
1540 West Warm Springs Road, Suite 100
Henderson, NV 89014
T: (702) 462-5973
F: (702) 553-3404
melika@bayramoglu-legal.com
*Attorneys for Plaintiff*

## LOCAL RULE 37 CERTIFICATE OF CONFERENCE

I, Melika Harris, certify that after consultation with Defendants' counsel, Adam Urbanczyk and Frank Niu, via video conference on September 15, 2022 at 10:00am CT, and good faith attempts to resolve the Parties' differences, without Court intervention, the Parties were unable to reach an accord regarding Defendants' deficient discovery responses.

*/s/ Melika T. Harris*
Melika T. Harris
Attorney for Plaintiff Feng Gao

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of October 2022, I electronically field the foregoing document with the clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Melika T. Harris*
Melika T. Harris
Attorney for Plaintiff Feng Gao

15