**EXHIBIT 1**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FENG GAO, An individual residing in the People's Republic of China. | Case No. 1:21-cv-04055 |
| **Plaintiff,** | Judge Robert M. Dow, Jr. |
| vs. | |
| THE PARTERNSHIPS and UNICORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," | |
| **Defendants.** | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT 3ONE

PROPOUNDING PARTY:  Plaintiff Feng Gao

RESPONDING PARTY:      3ONE

SET NUMBER:                One

  Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff FENG GAO, (hereinafter "Plaintiff"), hereby propounds the following Interrogatories to Defendant 3ONE in the above-captioned lawsuit.  Defendant 3ONE must answer the following Interrogatories separately and fully in writing under oath. Defendant 3ONE must respond to these Interrogatories within thirty (30) days after service and submit responses to the offices of

Bayramoglu Law Offices, LLC, 1540 West Warm Springs Road Suite 100, Henderson, Nevada 89014, with a courtesy copy via email to Melika T. Harris at melika@bayramoglu-legal.com or a location agreed to by the parties. When responding to the Interrogatories, please refer to the Definitions and Instructions that follow:

## **DEFINITIONS AND INSTRUCTIONS**

1.       "Document(s)" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information, that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages (IMs), calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "document" refers to any document now or at any time in Defendants' possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right

to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

2.   "Defendant", "you" or "your" means 3ONE, and any representative or other persons known or believed to be acting on Defendant 3ONE's behalf.

3.   "Defendants" means all the Individuals, Partnerships, and Unincorporated Associations listed on Schedule A to Plaintiff's Complaint, and any representatives or other persons known or believed to be acting on Defendants' behalf.

4.   "Plaintiff" means Feng Gao, the plaintiff in the above-captioned action.

5.   "Plaintiff's Patents" means U.S. Patent Nos. D888,023 (the "'023 Patent"); D915,356 (the "'356 Patent"); and D915,357 (the "'357 Patent").

6.   "Related Patents" means all United States and foreign patents and patent applications (including all published, unpublished, pending, and abandoned applications) relating to the Patents-in-Suit, including patents or patent applications:

(a)   from or through which the Plaintiff's Patents directly or indirectly claim priority;

(b)   that claim priority to the Plaintiff's Patents; or

(c)   otherwise identified in the Plaintiff's Patents as related to that patent.

7.   "Xie Patent" means U.S. Patent No. D914,651 (the "'651 Patent") issued on March 30, 2021.

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
3ONE
CASE NO. 1:21-cv-04055

8.     "Prior Art" means all documents, information, acts, or things that qualify as prior art under 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

9.     "Alleged Prior Art" means patents identified in Defendants' Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction [Doc. No. 21]:  U.S. Patent No. D883,259 (the "'259 Patent"); U.S. Patent No. D827,616 (the "'616 Patent"); U.S. Patent No. D863,265 (the "'265 Patent"); U.S. Patent No. D817,305 (the "'305 Patent"); U.S. Patent No. D914,651 (the "'651 Patent"); and the YouTube.com videos referenced in Defendant's Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction (Dkt. 21, p. 10; Exhibit 4) (collectively, "Alleged Prior Art").

10.     "Infringing Product No. 1" means the earbuds sold by Defendants and identified as Exhibit 1 to Plaintiff's Complaint.

11.     "Infringing Product No. 2" means the earbuds sold by Defendants and identified as Exhibit 2 to Plaintiff's Complaint.

12.     "Infringing Products" means the collective reference to Infringing Product No. 1 and Infringing Product No. 2.

13.     "E-Commerce Store" or "E-Commerce Stores" means any individual, entity or business which allows companies and individuals to buy and sell goods and services over the internet.

14.     "Relate" or "Relating to" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

15.     "Communication" means the transmission of information in any form, between two or more persons, including, without limitation, written, oral, or electronic transmissions.

16.     "Complaint" means the Complaint filed on or about July 29, 2021, in *Gao v. Partnerships and Unincorporated Associations Identified on Schedule "A",* Case No. 1:21-cv-04055.

17.     "Identify" means:

(a)     with respect to a person, to provide, to the extent known, the person's (i) full name; (ii) present or last known address; and (iii) current or last known place of employment;

(b)     with respect to a document, to provide, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s); (v) addressee(s), and (vi) recipient(s); and

(c)     with respect to a communication, to provide, to the extent known, (i) a description of the substance; (ii) the form of the communication (e.g., telephone, facsimile, email, etc.); (iii) all parties to and/or present at the time, as well as the full name, present or last known address, and the current or last known place of employment of each person; (iv) the person who initiated the communication; and (v) the time, date, and place of the communication.

18.     The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise fall outside the scope of the interrogatory.

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
3ONE
CASE NO. 1:21-cv-04055

19.     Each interrogatory is to be answered fully based on information in your possession, custody, or control, or in the possession, custody, or control of your representatives, agents, or attorneys.

20.     If you object to any interrogatory or any portion of an interrogatory on the ground that the answer would reveal the substance of any privileged information, provide all information required by Federal Rule of Civil Procedure 26(b)(5).  If your objection is on the ground that the answer would reveal the substance of a privileged communication, include an identification of:

(a)     the nature of the privilege or protection claimed;

(b)     the person who made the communication, whether oral or in writing;

(c)     if the communication was oral, all persons present while the communication was made;

(d)     if the communication was written, the author, addressees, and any other recipients;

(e)     the date and place of the communication; and

(f)     the general subject matter of the communication.

21.     These interrogatories are continuing in nature. If you receive or otherwise become aware of information responsive to any interrogatory after you have served your responses to these interrogatories, you must promptly supplement your responses to these interrogatories to provide such information, as required by Federal Rule of Civil Procedure 26(e).

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT 3ONE
CASE NO. 1:21-cv-04055

**<u>INTERROGATORIES</u>**

**INTERROGATORY NO. 1:**

Identify each person providing information used to answer these interrogatories, indicating the specific information each person contributed to each answer.

**ANSWER:**

**INTERROGATORY NO. 2**

Identify all wireless earbuds promoted, sold and/or offered for sale by Defendant, to individuals or entities within the United States, through any E-Commerce Store from 2016 through the present, and for each such earbud state:

(a) The name of the E-Commerce Store through which the earbuds were sold;

(b) The brand of the earbuds (e.g., M MOVONE, FIRACORE, SPIDOC, BLUMELODY)

(c) The time dates the earbuds were sold and/or offered for sale;

(d) The number of earbuds sold each year;

(e) The Amazon Standard Identification Number (ASIN), if applicable;

(f) The sale price of the earbuds;

(g) The gross and net profit realized by Defendant from the sale of the earbuds.

**ANSWER:**

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
3ONE
CASE NO. 1:21-cv-04055

**INTERROGATORY NO. 3**

Identify the means and/or method used to calculate the gross and net profits received by Defendant from the sale of the earbuds identified in Interrogatory No. 2.

**ANSWER:**

**INTERROGATORY NO. 4:**

List all individuals or entities for which Defendant is authorized to sell earbuds through an E-Commerce Store from 2016 through the present. (For example, SpidocDirect is an authorized seller of Anker products on the Amazon platform).

**ANSWER:**

**INTERROGATORY NO. 5:**

Identify all names, aliases or fictious names used by Defendant to sell, or offer for sale, earbuds via an E-Commerce Store, and for each state:

(a) Name, fictious name, or alias used by Defendant;

(b) Time period(s) during which the name, fictious name, or alias was used;

(c) The name of the e-commerce retailer where the name or alias was used.

**ANSWER:**

**INTERROGATORY NO. 6:**

Identify all owners, members and/or managers of 3ONE. If 3ONE is a fictious business name, Identify the name of the business which owns the fictious business name, and the owners, members and/or managers of the business.

8

**ANSWER:**

**INTERROGATORY NO. 7:**

Identify all licensing agreements between Defendant and any third-party related to the sale of wireless earbuds from 2016 through the present.

**ANSWER:**

**INTERROGATORY NO. 8:**

Identify all agreements between Defendant and Sumin Xie related to the sale of Bluetooth wireless earbuds from 2016 through the present.

**ANSWER:**

**INTERROGATORY NO. 9:**

Identify all individuals or entities authorized to list products for sale via an E-Commerce Store on behalf of Defendant.

**ANSWER:**

**INTERROGATORY NO. 10:**

Identify all individuals who, on behalf of Defendant, are authorized to give final approval, or make decisions regarding, the products sold via an E-Commerce Store.

**ANSWER:**

1

**INTERROGATORY NO. 11:**

2

3     Identify all agreements, from 2016 through the Present, Defendant has with any

4     manufactures, suppliers, distributors, and/or retailers that pertain to the sale of the Infringing

      Products.

5

**ANSWER:**

6

7

8     **INTERROGATORY NO. 12:**

9

10    If Defendant has ever communicated with any person, entity or organization about the

      Infringing Products, this lawsuit, Plaintiff's Patents, or patent infringement related to the sale

11    of earbuds, Describe the Communication. For the purposes of this interrogatory, "Describe"

12    means, for each such Communication, to provide the method of transmission (e.g. QQ.com,

13    sellerdefense.cn, kaidianyo.com, kuajingvs.com, Amazon.com, email, *etc.*), the name and/or

14    user name and address of the person, entity or organization(s) with whom Defendant

15    communicated; the date(s) of the Communication(s); and the subject matter of the

16    Communication(s).

17    **ANSWER:**

18

19

20    **INTERROGATORY NO. 13:**

21    State the date and manner in which Defendant first heard of, received notice of, or required

22    any knowledge of Plaintiff's Patents, and how Defendant learned of Plaintiff's Patents.

23

**ANSWER:**

24

25

26

27    **INTERROGATORY NO. 14:**

28

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
3ONE
CASE NO. 1:21-cv-04055

Identify all opinions, evaluations, analyses, or reverse engineering reports, whether written or oral, that Defendant has requested, received, or is aware of regarding any of Plaintiff's Patents, including, but not limited to, date, author(s), addressee(s), recipient(s), and whether it relates to infringement or non-infringement, validity or invalidity, enforceability or unenforceability, or any other affirmative defense or a valuation of any of the Patents-in-Suit.

**ANSWER:**


**INTERROGATORY NO. 15:**

Identify and Describe all grounds that support Defendant's contention that Defendant did not willfully infringe on Plaintiff's Patents, including, but not limited to, whether Defendant will rely on any opinion of counsel, whether written or oral, to rebut Plaintiff's willful infringement contention, and the identity of each such opinion (including, but not limited to, by the date, author(s), addressee(s), recipient(s), and type).

**ANSWER:**


**INTERROGATORY NO. 16:**

Identify all prior art, known to Defendant, that allegedly anticipates, or renders obvious, the design claims of Plaintiff's Patents, pursuant to 35 U.S.C. §102 and 35 U.S.C. §103.

**ANSWER:**


**INTERROGATORY NO. 17:**

11

For each alleged prior art identified in response to Interrogatory No. 16, state the bases for any contention that one of ordinary skill in the art would have been motivated to combine any of the prior art to obtain the claimed invention in Plaintiff's Patents.

**ANSWER:**

**INTERROGATORY NO. 18:**

State in detail all facts and identify all documents supporting Defendants' Affirmative Defense that Plaintiff's Patents are invalid due to numerous undisclosed similar prior arts.

**ANSWER:**

**INTERROGATORY NO. 19:**

Identify all persons, known to Defendant, with knowledge of Defendant's sale of the Infringing Products. For each person identified, state the substance of the facts known to such person.

**ANSWER:**

**INTERROGATORY NO. 20:**

Identify each person who has opposed, objected to, or filed a Complaint with Amazon.com regarding Defendant's sale of earbuds via an E-Commerce Store.

**ANSWER:**

DATED this 29th day of April 2022.

12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Bayramoglu Law Offices, LLC**

/s/ Melika T. Harris
Melika T. Harris
1540 West Warm Springs Road, Suite 100
Henderson, NV 89014
T: (702) 462-5973
F: (702) 553-3404
melika@bayramoglu-legal.com
Attorneys for Plaintiff

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
3ONE
CASE NO. 1:21-cv-04055

1

## **CERTIFICATE OF SERVICE**

2

3      The undersigned certifies that on April 29, 2022, I served a true and correct copy of

4  Plaintiff's First Set of Interrogatories To Defendant 3ONE via e-mail to counsel for Defendants:

5

6  ADAM URBANCZYK
   AU LLC
7  564 W. Randolph St. 2nd Floor
   Chicago, IL 60661
8  Telephone: (312)715-7312
   Facsimile: (312)646-2501
9  adamu@au-llc.com
10

11
   SHENGMAO MU
12  Whitewood Law PLLC
   57 West, 57th Street,
13  3rd and 4th Floors,
   New York, NY, 10019
14  Telephone (917)-858-8018
   Facsimile (917)- 591-0618
15  mousamuel@whitewoodlaw.com
16

17

18                                              /s/ Melika T. Harris
19                                              Melika T. Harris
20

21

22

23

24

25

26

27

28

14

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
3ONE
CASE NO. 1:21-cv-04055

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FENG GAO, An individual residing in the People's Republic of China. | Case No.  1:21-cv-04055 |
| **Plaintiff,** | Judge Robert M. Dow, Jr. |
| vs. | |
| THE PARTERNSHIPS and UNICORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," | |
| **Defendants.** | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

## F SPORT SHOP

PROPOUNDING PARTY:  Plaintiff Feng Gao

RESPONDING PARTY:    F SPORT SHOP

SET NUMBER:                 One


      Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff FENG GAO, (hereinafter "Plaintiff"), hereby propounds the following Interrogatories to Defendant F SPORT SHOP in the above-captioned lawsuit.  Defendant F SPORT SHOP must answer the following Interrogatories separately and fully in writing under oath. Defendant F SPORT SHOP must respond to these Interrogatories within thirty (30) days after service and submit

responses to the offices of Bayramoglu Law Offices, LLC, 1540 West Warm Springs Road Suite 100, Henderson, Nevada 89014, with a courtesy copy via email to Melika T. Harris at melika@bayramoglu-legal.com or a location agreed to by the parties. When responding to the Interrogatories, please refer to the Definitions and Instructions that follow:

## **DEFINITIONS AND INSTRUCTIONS**

1.      "Document(s)" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information, that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages (IMs), calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "document" refers to any document now or at any time in Defendants' possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right

to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

2.     "Defendant", "you" or "your" means F SPORT SHOP, and any representative or other persons known or believed to be acting on Defendant F SPORT SHOP's behalf.

3.     "Defendants" means all the Individuals, Partnerships, and Unincorporated Associations listed on Schedule A to Plaintiff's Complaint, and any representatives or other persons known or believed to be acting on Defendants' behalf.

4.     "Plaintiff" means Feng Gao, the plaintiff in the above-captioned action.

5.     "Plaintiff's Patents" means U.S. Patent Nos. D888,023 (the "'023 Patent"); D915,356 (the "'356 Patent"); and D915,357 (the "'357 Patent").

6.     "Related Patents" means all United States and foreign patents and patent applications (including all published, unpublished, pending, and abandoned applications) relating to the Patents-in-Suit, including patents or patent applications:

(a)     from or through which the Plaintiff's Patents directly or indirectly claim priority;

(b)     that claim priority to the Plaintiff's Patents; or

(c)     otherwise identified in the Plaintiff's Patents as related to that patent.

7.     "Xie Patent" means U.S. Patent No. D914,651 (the "'651 Patent") issued on March 30, 2021.

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
F SPORT SHOP
CASE NO. 1:21-cv-04055

8.      "Prior Art" means all documents, information, acts, or things that qualify as prior art under 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

9.      "Alleged Prior Art" means patents identified in Defendants' Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction [Doc. No. 21]: U.S. Patent No. D883,259 (the "'259 Patent"); U.S. Patent No. D827,616 (the "'616 Patent"); U.S. Patent No. D863,265 (the "'265 Patent"); U.S. Patent No. D817,305 (the "'305 Patent"); U.S. Patent No. D914,651 (the "'651 Patent"); and the YouTube.com videos referenced in Defendant's Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction (Dkt. 21, p. 10; Exhibit 4) (collectively, "Alleged Prior Art").

10.     "Infringing Product No. 1" means the earbuds sold by Defendants and identified as Exhibit 1 to Plaintiff's Complaint.

11.     "Infringing Product No. 2" means the earbuds sold by Defendants and identified as Exhibit 2 to Plaintiff's Complaint.

12.     "Infringing Products" means the collective reference to Infringing Product No. 1 and Infringing Product No. 2.

13.     "E-Commerce Store" or "E-Commerce Stores" means any individual, entity or business which allows companies and individuals to buy and sell goods and services over the internet.

14.     "Relate" or "Relating to" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

15.     "Communication" means the transmission of information in any form, between two or more persons, including, without limitation, written, oral, or electronic transmissions.

16.     "Complaint" means the Complaint filed on or about July 29, 2021, in *Gao v. Partnerships and Unincorporated Associations Identified on Schedule "A",* Case No. 1:21-cv-04055.

17.     "Identify" means:

(a)     with respect to a person, to provide, to the extent known, the person's (i) full name; (ii) present or last known address; and (iii) current or last known place of employment;

(b)     with respect to a document, to provide, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s); (v) addressee(s), and (vi) recipient(s); and

(c)     with respect to a communication, to provide, to the extent known, (i) a description of the substance; (ii) the form of the communication (e.g., telephone, facsimile, email, etc.); (iii) all parties to and/or present at the time, as well as the full name, present or last known address, and the current or last known place of employment of each person; (iv) the person who initiated the communication; and (v) the time, date, and place of the communication.

18.     The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise fall outside the scope of the interrogatory.

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
F SPORT SHOP
CASE NO. 1:21-cv-04055

19.     Each interrogatory is to be answered fully based on information in your possession, custody, or control, or in the possession, custody, or control of your representatives, agents, or attorneys.

20.     If you object to any interrogatory or any portion of an interrogatory on the ground that the answer would reveal the substance of any privileged information, provide all information required by Federal Rule of Civil Procedure 26(b)(5).  If your objection is on the ground that the answer would reveal the substance of a privileged communication, include an identification of:

(a)     the nature of the privilege or protection claimed;

(b)     the person who made the communication, whether oral or in writing;

(c)     if the communication was oral, all persons present while the communication was made;

(d)     if the communication was written, the author, addressees, and any other recipients;

(e)     the date and place of the communication; and

(f)     the general subject matter of the communication.

21.     These interrogatories are continuing in nature. If you receive or otherwise become aware of information responsive to any interrogatory after you have served your responses to these interrogatories, you must promptly supplement your responses to these interrogatories to provide such information, as required by Federal Rule of Civil Procedure 26(e).

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
F SPORT SHOP
CASE NO. 1:21-cv-04055

**<u>INTERROGATORIES</u>**

**INTERROGATORY NO. 1:**

Identify each person providing information used to answer these interrogatories, indicating the specific information each person contributed to each answer.

**ANSWER:**


**INTERROGATORY NO. 2**

Identify all wireless earbuds promoted, sold and/or offered for sale by Defendant, to individuals or entities within the United States, through any E-Commerce Store from 2016 through the present, and for each such earbud state:

(a) The name of the E-Commerce Store through which the earbuds were sold;

(b) The brand of the earbuds (e.g., M MOVONE, FIRACORE, SPIDOC, BLUMELODY)

(c) The time dates the earbuds were sold and/or offered for sale;

(d) The number of earbuds sold each year;

(e) The Amazon Standard Identification Number (ASIN), if applicable;

(f) The sale price of the earbuds;

(g) The gross and net profit realized by Defendant from the sale of the earbuds.

**ANSWER:**

**INTERROGATORY NO. 3**

Identify the means and/or method used to calculate the gross and net profits received by Defendant from the sale of the earbuds identified in Interrogatory No. 2.

**ANSWER:**

**INTERROGATORY NO. 4:**

List all individuals or entities for which Defendant is authorized to sell earbuds through an E-Commerce Store from 2016 through the present. (For example, SpidocDirect is an authorized seller of Anker products on the Amazon platform).

**ANSWER:**

**INTERROGATORY NO. 5:**

Identify all names, aliases or fictitious names used by Defendant to sell, or offer for sale, earbuds via an E-Commerce Store, and for each state:

(a) Name, fictitious name, or alias used by Defendant;

(b) Time period(s) during which the name, fictitious name, or alias was used;

(c) The name of the e-commerce retailer where the name or alias was used.

**ANSWER:**

**INTERROGATORY NO. 6:**

Identify all owners, members and/or managers of F SPORT SHOP. If F SPORT SHOP is a fictitious business name, Identify the name of the business which owns the fictitious business name, and the owners, members and/or managers of the business.

8

**ANSWER:**

**INTERROGATORY NO. 7:**

Identify all licensing agreements between Defendant and any third-party related to the sale of wireless earbuds from 2016 through the present.

**ANSWER:**

**INTERROGATORY NO. 8:**

Identify all agreements between Defendant and Sumin Xie related to the sale of Bluetooth wireless earbuds from 2016 through the present.

**ANSWER:**

**INTERROGATORY NO. 9:**

Identify all individuals or entities authorized to list products for sale via an E-Commerce Store on behalf of Defendant.

**ANSWER:**

**INTERROGATORY NO. 10:**

Identify all individuals who, on behalf of Defendant, are authorized to give final approval, or make decisions regarding, the products sold via an E-Commerce Store.

**ANSWER:**

**INTERROGATORY NO. 11:**

Identify all agreements, from 2016 through the Present, Defendant has with any manufactures, suppliers, distributors, and/or retailers that pertain to the sale of the Infringing Products.

**ANSWER:**

**INTERROGATORY NO. 12:**

If Defendant has ever communicated with any person, entity or organization about the Infringing Products, this lawsuit, Plaintiff's Patents, or patent infringement related to the sale of earbuds, Describe the Communication. For the purposes of this interrogatory, "Describe" means, for each such Communication, to provide the method of transmission (e.g. QQ.com, sellerdefense.cn, kaidianyo.com, kuajingvs.com, Amazon.com, email, *etc.*), the name and/or user name and address of the person, entity or organization(s) with whom Defendant communicated; the date(s) of the Communication(s); and the subject matter of the Communication(s).

**ANSWER:**

**INTERROGATORY NO. 13:**

State the date and manner in which Defendant first heard of, received notice of, or required any knowledge of Plaintiff's Patents, and how Defendant learned of Plaintiff's Patents.

**ANSWER:**

**INTERROGATORY NO. 14:**

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
F SPORT SHOP
CASE NO. 1:21-cv-04055

Identify all opinions, evaluations, analyses, or reverse engineering reports, whether written or oral, that Defendant has requested, received, or is aware of regarding any of Plaintiff's Patents, including, but not limited to, date, author(s), addressee(s), recipient(s), and whether it relates to infringement or non-infringement, validity or invalidity, enforceability or unenforceability, or any other affirmative defense or a valuation of any of the Patents-in-Suit.

**ANSWER:**

**INTERROGATORY NO. 15:**

Identify and Describe all grounds that support Defendant's contention that Defendant did not willfully infringe on Plaintiff's Patents, including, but not limited to, whether Defendant will rely on any opinion of counsel, whether written or oral, to rebut Plaintiff's willful infringement contention, and the identity of each such opinion (including, but not limited to, by the date, author(s), addressee(s), recipient(s), and type).

**ANSWER:**

**INTERROGATORY NO. 16:**

Identify all prior art, known to Defendant, that allegedly anticipates, or renders obvious, the design claims of Plaintiff's Patents, pursuant to 35 U.S.C. §102 and 35 U.S.C. §103.

**ANSWER:**

**INTERROGATORY NO. 17:**

11

For each alleged prior art identified in response to Interrogatory No. 16, state the bases for any contention that one of ordinary skill in the art would have been motivated to combine any of the prior art to obtain the claimed invention in Plaintiff's Patents.

**ANSWER:**


**INTERROGATORY NO. 18:**

State in detail all facts and identify all documents supporting Defendants' Affirmative Defense that Plaintiff's Patents are invalid due to numerous undisclosed similar prior arts.

**ANSWER:**


**INTERROGATORY NO. 19:**

Identify all persons, known to Defendant, with knowledge of Defendant's sale of the Infringing Products. For each person identified, state the substance of the facts known to such person.

**ANSWER:**


**INTERROGATORY NO. 20:**

Identify each person who has opposed, objected to, or filed a Complaint with Amazon.com regarding Defendant's sale of earbuds via an E-Commerce Store.

**ANSWER:**


DATED this 29th day of April 2022.

12

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
F SPORT SHOP
CASE NO. 1:21-cv-04055

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Bayramoglu Law Offices, LLC**

/s/ Melika T. Harris
Melika T. Harris
1540 West Warm Springs Road, Suite 100
Henderson, NV 89014
T: (702) 462-5973
F: (702) 553-3404
melika@bayramoglu-legal.com
Attorneys for Plaintiff

13

1
2
## <u>CERTIFICATE OF SERVICE</u>

3
The undersigned certifies that on April 29, 2022, I served a true and correct copy of

4
Plaintiff's First Set of Interrogatories To Defendant F SPORT SHOP via e-mail to counsel for

5
Defendants:

6
7
ADAM URBANCZYK
8
AU LLC
564 W. Randolph St. 2nd Floor
9
Chicago, IL 60661
Telephone: (312)715-7312
10
Facsimile: (312)646-2501
11
adamu@au-llc.com

12
13
SHENGMAO MU
Whitewood Law PLLC
14
57 West, 57th Street,
3rd and 4th Floors,
15
New York, NY, 10019
Telephone (917)-858-8018
16
Facsimile (917)- 591-0618
17
mousamuel@whitewoodlaw.com

18
19
20
                                        /s/ Melika T. Harris
                                        Melika T. Harris
21
22
23
24
25
26
27
28

14

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
F SPORT SHOP
CASE NO. 1:21-cv-04055

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FENG GAO, An individual residing in the People's Republic of China. | Case No.  1:21-cv-04055 |
| **Plaintiff,** | Judge Robert M. Dow, Jr. |
| vs. | |
| THE PARTERNSHIPS and UNICORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," | |
| **Defendants.** | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

**FXZ SHOP**

PROPOUNDING PARTY:  Plaintiff Feng Gao

RESPONDING PARTY:    FXZ SHOP

SET NUMBER:               One

      Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff FENG GAO, (hereinafter "Plaintiff"), hereby propounds the following Interrogatories to Defendant FXZ SHOP in the above-captioned lawsuit.  Defendant FXZ SHOP must answer the following Interrogatories separately and fully in writing under oath. Defendant FXZ SHOP must respond to these Interrogatories within thirty (30) days after service and submit responses to

1

the offices of Bayramoglu Law Offices, LLC, 1540 West Warm Springs Road Suite 100, Henderson, Nevada 89014, with a courtesy copy via email to Melika T. Harris at melika@bayramoglu-legal.com or a location agreed to by the parties. When responding to the Interrogatories, please refer to the Definitions and Instructions that follow:

<u>**DEFINITIONS AND INSTRUCTIONS**</u>

1.      "Document(s)" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information, that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages (IMs), calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "document" refers to any document now or at any time in Defendants' possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right

to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

2.    "Defendant", "you" or "your" means FXZ SHOP, and any representative or other persons known or believed to be acting on Defendant FXZ SHOP's behalf.

3.    "Defendants" means all the Individuals, Partnerships, and Unincorporated Associations listed on Schedule A to Plaintiff's Complaint, and any representatives or other persons known or believed to be acting on Defendants' behalf.

4.    "Plaintiff" means Feng Gao, the plaintiff in the above-captioned action.

5.    "Plaintiff's Patents" means U.S. Patent Nos. D888,023 (the "'023 Patent"); D915,356 (the "'356 Patent"); and D915,357 (the "'357 Patent").

6.    "Related Patents" means all United States and foreign patents and patent applications (including all published, unpublished, pending, and abandoned applications) relating to the Patents-in-Suit, including patents or patent applications:

(a)    from or through which the Plaintiff's Patents directly or indirectly claim priority;

(b)    that claim priority to the Plaintiff's Patents; or

(c)    otherwise identified in the Plaintiff's Patents as related to that patent.

7.    "Xie Patent" means U.S. Patent No. D914,651 (the "'651 Patent") issued on March 30, 2021.

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
FXZ SHOP
CASE NO. 1:21-cv-04055

8.    "Prior Art" means all documents, information, acts, or things that qualify as prior art under 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

9.    "Alleged Prior Art" means patents identified in Defendants' Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction [Doc. No. 21]:  U.S. Patent No. D883,259 (the "'259 Patent"); U.S. Patent No. D827,616 (the "'616 Patent"); U.S. Patent No. D863,265 (the "'265 Patent"); U.S. Patent No. D817,305 (the "'305 Patent"); U.S. Patent No. D914,651 (the "'651 Patent"); and the YouTube.com videos referenced in Defendant's Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction (Dkt. 21, p. 10; Exhibit 4) (collectively, "Alleged Prior Art").

10.    "Infringing Product No. 1" means the earbuds sold by Defendants and identified as Exhibit 1 to Plaintiff's Complaint.

11.    "Infringing Product No. 2" means the earbuds sold by Defendants and identified as Exhibit 2 to Plaintiff's Complaint.

12.    "Infringing Products" means the collective reference to Infringing Product No. 1 and Infringing Product No. 2.

13.    "E-Commerce Store" or "E-Commerce Stores" means any individual, entity or business which allows companies and individuals to buy and sell goods and services over the internet.

14.    "Relate" or "Relating to" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

15.     "Communication" means the transmission of information in any form, between two or more persons, including, without limitation, written, oral, or electronic transmissions.

16.     "Complaint" means the Complaint filed on or about July 29, 2021, in *Gao v. Partnerships and Unincorporated Associations Identified on Schedule "A",* Case No. 1:21-cv-04055.

17.     "Identify" means:

(a)     with respect to a person, to provide, to the extent known, the person's (i) full name; (ii) present or last known address; and (iii) current or last known place of employment;

(b)     with respect to a document, to provide, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s); (v) addressee(s), and (vi) recipient(s); and

(c)     with respect to a communication, to provide, to the extent known, (i) a description of the substance; (ii) the form of the communication (e.g., telephone, facsimile, email, etc.); (iii) all parties to and/or present at the time, as well as the full name, present or last known address, and the current or last known place of employment of each person; (iv) the person who initiated the communication; and (v) the time, date, and place of the communication.

18.     The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise fall outside the scope of the interrogatory.

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
FXZ SHOP
CASE NO. 1:21-cv-04055

19.     Each interrogatory is to be answered fully based on information in your possession, custody, or control, or in the possession, custody, or control of your representatives, agents, or attorneys.

20.     If you object to any interrogatory or any portion of an interrogatory on the ground that the answer would reveal the substance of any privileged information, provide all information required by Federal Rule of Civil Procedure 26(b)(5).  If your objection is on the ground that the answer would reveal the substance of a privileged communication, include an identification of:

(a)     the nature of the privilege or protection claimed;

(b)     the person who made the communication, whether oral or in writing;

(c)     if the communication was oral, all persons present while the communication was made;

(d)     if the communication was written, the author, addressees, and any other recipients;

(e)     the date and place of the communication; and

(f)     the general subject matter of the communication.

21.     These interrogatories are continuing in nature. If you receive or otherwise become aware of information responsive to any interrogatory after you have served your responses to these interrogatories, you must promptly supplement your responses to these interrogatories to provide such information, as required by Federal Rule of Civil Procedure 26(e).

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify each person providing information used to answer these interrogatories, indicating the specific information each person contributed to each answer.

**ANSWER:**


**INTERROGATORY NO. 2**

Identify all wireless earbuds promoted, sold and/or offered for sale by Defendant, to individuals or entities within the United States, through any E-Commerce Store from 2016 through the present, and for each such earbud state:

(a) The name of the E-Commerce Store through which the earbuds were sold;

(b) The brand of the earbuds (e.g., M MOVONE, FIRACORE, SPIDOC, BLUMELODY)

(c) The time dates the earbuds were sold and/or offered for sale;

(d) The number of earbuds sold each year;

(e) The Amazon Standard Identification Number (ASIN), if applicable;

(f) The sale price of the earbuds;

(g) The gross and net profit realized by Defendant from the sale of the earbuds.

**ANSWER:**

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
FXZ SHOP
CASE NO. 1:21-cv-04055

**INTERROGATORY NO. 3**

Identify the means and/or method used to calculate the gross and net profits received by Defendant from the sale of the earbuds identified in Interrogatory No. 2.

**ANSWER:**

**INTERROGATORY NO. 4:**

List all individuals or entities for which Defendant is authorized to sell earbuds through an E-Commerce Store from 2016 through the present. (For example, SpidocDirect is an authorized seller of Anker products on the Amazon platform).

**ANSWER:**

**INTERROGATORY NO. 5:**

Identify all names, aliases or fictious names used by Defendant to sell, or offer for sale, earbuds via an E-Commerce Store, and for each state:

(a) Name, fictious name, or alias used by Defendant;

(b) Time period(s) during which the name, fictious name, or alias was used;

(c) The name of the e-commerce retailer where the name or alias was used.

**ANSWER:**

**INTERROGATORY NO. 6:**

Identify all owners, members and/or managers of FXZ SHOP. If FXZ SHOP is a fictious business name, Identify the name of the business which owns the fictious business name, and the owners, members and/or managers of the business.

**ANSWER:**

**INTERROGATORY NO. 7:**

Identify all licensing agreements between Defendant and any third-party related to the sale of wireless earbuds from 2016 through the present.

**ANSWER:**

**INTERROGATORY NO. 8:**

Identify all agreements between Defendant and Sumin Xie related to the sale of Bluetooth wireless earbuds from 2016 through the present.

**ANSWER:**

**INTERROGATORY NO. 9:**

Identify all individuals or entities authorized to list products for sale via an E-Commerce Store on behalf of Defendant.

**ANSWER:**

**INTERROGATORY NO. 10:**

Identify all individuals who, on behalf of Defendant, are authorized to give final approval, or make decisions regarding, the products sold via an E-Commerce Store.

**ANSWER:**

**INTERROGATORY NO. 11:**

Identify all agreements, from 2016 through the Present, Defendant has with any manufactures, suppliers, distributors, and/or retailers that pertain to the sale of the Infringing Products.

**ANSWER:**

**INTERROGATORY NO. 12:**

If Defendant has ever communicated with any person, entity or organization about the Infringing Products, this lawsuit, Plaintiff's Patents, or patent infringement related to the sale of earbuds, Describe the Communication. For the purposes of this interrogatory, "Describe" means, for each such Communication, to provide the method of transmission (e.g. QQ.com, sellerdefense.cn, kaidianyo.com, kuajingvs.com, Amazon.com, email, *etc.*), the name and/or user name and address of the person, entity or organization(s) with whom Defendant communicated; the date(s) of the Communication(s); and the subject matter of the Communication(s).

**ANSWER:**

**INTERROGATORY NO. 13:**

State the date and manner in which Defendant first heard of, received notice of, or required any knowledge of Plaintiff's Patents, and how Defendant learned of Plaintiff's Patents.

**ANSWER:**

**INTERROGATORY NO. 14:**

10

Identify all opinions, evaluations, analyses, or reverse engineering reports, whether written or oral, that Defendant has requested, received, or is aware of regarding any of Plaintiff's Patents, including, but not limited to, date, author(s), addressee(s), recipient(s), and whether it relates to infringement or non-infringement, validity or invalidity, enforceability or unenforceability, or any other affirmative defense or a valuation of any of the Patents-in-Suit.

**ANSWER:**

**INTERROGATORY NO. 15:**

Identify and Describe all grounds that support Defendant's contention that Defendant did not willfully infringe on Plaintiff's Patents, including, but not limited to, whether Defendant will rely on any opinion of counsel, whether written or oral, to rebut Plaintiff's willful infringement contention, and the identity of each such opinion (including, but not limited to, by the date, author(s), addressee(s), recipient(s), and type).

**ANSWER:**

**INTERROGATORY NO. 16:**

Identify all prior art, known to Defendant, that allegedly anticipates, or renders obvious, the design claims of Plaintiff's Patents, pursuant to 35 U.S.C. §102 and 35 U.S.C. §103.

**ANSWER:**

**INTERROGATORY NO. 17:**

11

For each alleged prior art identified in response to Interrogatory No. 16, state the bases for any contention that one of ordinary skill in the art would have been motivated to combine any of the prior art to obtain the claimed invention in Plaintiff's Patents.

**ANSWER:**

**INTERROGATORY NO. 18:**

State in detail all facts and identify all documents supporting Defendants' Affirmative Defense that Plaintiff's Patents are invalid due to numerous undisclosed similar prior arts.

**ANSWER:**

**INTERROGATORY NO. 19:**

Identify all persons, known to Defendant, with knowledge of Defendant's sale of the Infringing Products. For each person identified, state the substance of the facts known to such person.

**ANSWER:**

**INTERROGATORY NO. 20:**

Identify each person who has opposed, objected to, or filed a Complaint with Amazon.com regarding Defendant's sale of earbuds via an E-Commerce Store.

**ANSWER:**

DATED this 29th day of April 2022.

12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Bayramoglu Law Offices, LLC**

/s/ Melika T. Harris
Melika T. Harris
1540 West Warm Springs Road, Suite 100
Henderson, NV 89014
T: (702) 462-5973
F: (702) 553-3404
melika@bayramoglu-legal.com
Attorneys for Plaintiff

13

1

## **CERTIFICATE OF SERVICE**

2

3       The undersigned certifies that on April 29, 2022, I served a true and correct copy of

4   Plaintiff's First Set of Interrogatories To Defendant FXZ SHOP via e-mail to counsel for

5   Defendants:

6

7   ADAM URBANCZYK
8   AU LLC
    564 W. Randolph St. 2nd Floor
9   Chicago, IL 60661
    Telephone: (312)715-7312
10  Facsimile: (312)646-2501
11  adamu@au-llc.com

12

13  SHENGMAO MU
    Whitewood Law PLLC
14  57 West, 57th Street,
    3rd and 4th Floors,
15  New York, NY, 10019
    Telephone (917)-858-8018
16  Facsimile (917)- 591-0618
17  mousamuel@whitewoodlaw.com

18

19

20                                          /s/ Melika T. Harris
                                            Melika T. Harris
21

22

23

24

25

26

27

28

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
FXZ SHOP
CASE NO. 1:21-cv-04055

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FENG GAO, An individual residing in the
People's Republic of China.

           **Plaintiff,**

             vs.

THE PARTERNSHIPS and
UNICORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

           **Defendants.**

Case No.  1:21-cv-04055

Judge Robert M. Dow, Jr.


**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

**M SPORT DIRECT**

PROPOUNDING PARTY:  Plaintiff Feng Gao

RESPONDING PARTY:    M SPORT DIRECT

SET NUMBER:                One


      Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff FENG GAO, (hereinafter "Plaintiff"), hereby propounds the following Interrogatories to Defendant M SPORT DIRECT in the above-captioned lawsuit.  Defendant M SPORT DIRECT must answer the following Interrogatories separately and fully in writing under oath. Defendant M SPORT DIRECT must respond to these Interrogatories within thirty (30) days after service

1

and submit responses to the offices of Bayramoglu Law Offices, LLC, 1540 West Warm Springs Road Suite 100, Henderson, Nevada 89014, with a courtesy copy via email to Melika T. Harris at melika@bayramoglu-legal.com or a location agreed to by the parties. When responding to the Interrogatories, please refer to the Definitions and Instructions that follow:

## DEFINITIONS AND INSTRUCTIONS

1. "Document(s)" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information, that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages (IMs), calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "document" refers to any document now or at any time in Defendants' possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right

2

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
M SPORT DIRECT
CASE NO. 1:21-cv-04055

to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

2. "Defendant", "you" or "your" means M SPORT DIRECT, and any representative or other persons known or believed to be acting on Defendant M SPORT DIRECT's behalf.

3. "Defendants" means all the Individuals, Partnerships, and Unincorporated Associations listed on Schedule A to Plaintiff's Complaint, and any representatives or other persons known or believed to be acting on Defendants' behalf.

4. "Plaintiff" means Feng Gao, the plaintiff in the above-captioned action.

5. "Plaintiff's Patents" means U.S. Patent Nos. D888,023 (the "'023 Patent"); D915,356 (the "'356 Patent"); and D915,357 (the "'357 Patent").

6. "Related Patents" means all United States and foreign patents and patent applications (including all published, unpublished, pending, and abandoned applications) relating to the Patents-in-Suit, including patents or patent applications:

(a) from or through which the Plaintiff's Patents directly or indirectly claim priority;

(b) that claim priority to the Plaintiff's Patents; or

(c) otherwise identified in the Plaintiff's Patents as related to that patent.

7. "Xie Patent" means U.S. Patent No. D914,651 (the "'651 Patent") issued on March 30, 2021.

3

8.     "Prior Art" means all documents, information, acts, or things that qualify as prior art under 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

9.     "Alleged Prior Art" means patents identified in Defendants' Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction [Doc. No. 21]:  U.S. Patent No. D883,259 (the "'259 Patent"); U.S. Patent No. D827,616 (the "'616 Patent"); U.S. Patent No. D863,265 (the "'265 Patent"); U.S. Patent No. D817,305 (the "'305 Patent"); U.S. Patent No. D914,651 (the "'651 Patent"); and the YouTube.com videos referenced in Defendant's Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction (Dkt. 21, p. 10; Exhibit 4) (collectively, "Alleged Prior Art").

10.     "Infringing Product No. 1" means the earbuds sold by Defendants and identified as Exhibit 1 to Plaintiff's Complaint.

11.     "Infringing Product No. 2" means the earbuds sold by Defendants and identified as Exhibit 2 to Plaintiff's Complaint.

12.     "Infringing Products" means the collective reference to Infringing Product No. 1 and Infringing Product No. 2.

13.     "E-Commerce Store" or "E-Commerce Stores" means any individual, entity or business which allows companies and individuals to buy and sell goods and services over the internet.

14.     "Relate" or "Relating to" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
M SPORT DIRECT
CASE NO. 1:21-cv-04055

15.     "Communication" means the transmission of information in any form, between two or more persons, including, without limitation, written, oral, or electronic transmissions.

16.     "Complaint" means the Complaint filed on or about July 29, 2021, in *Gao v. Partnerships and Unincorporated Associations Identified on Schedule "A",* Case No. 1:21-cv-04055.

17.     "Identify" means:

(a)     with respect to a person, to provide, to the extent known, the person's (i) full name; (ii) present or last known address; and (iii) current or last known place of employment;

(b)     with respect to a document, to provide, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s); (v) addressee(s), and (vi) recipient(s); and

(c)     with respect to a communication, to provide, to the extent known, (i) a description of the substance; (ii) the form of the communication (e.g., telephone, facsimile, email, etc.); (iii) all parties to and/or present at the time, as well as the full name, present or last known address, and the current or last known place of employment of each person; (iv) the person who initiated the communication; and (v) the time, date, and place of the communication.

18.     The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise fall outside the scope of the interrogatory.

5

19.     Each interrogatory is to be answered fully based on information in your possession, custody, or control, or in the possession, custody, or control of your representatives, agents, or attorneys.

20.     If you object to any interrogatory or any portion of an interrogatory on the ground that the answer would reveal the substance of any privileged information, provide all information required by Federal Rule of Civil Procedure 26(b)(5).  If your objection is on the ground that the answer would reveal the substance of a privileged communication, include an identification of:

(a)     the nature of the privilege or protection claimed;

(b)     the person who made the communication, whether oral or in writing;

(c)     if the communication was oral, all persons present while the communication was made;

(d)     if the communication was written, the author, addressees, and any other recipients;

(e)     the date and place of the communication; and

(f)     the general subject matter of the communication.

21.     These interrogatories are continuing in nature. If you receive or otherwise become aware of information responsive to any interrogatory after you have served your responses to these interrogatories, you must promptly supplement your responses to these interrogatories to provide such information, as required by Federal Rule of Civil Procedure 26(e).

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
M SPORT DIRECT
CASE NO. 1:21-cv-04055

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify each person providing information used to answer these interrogatories, indicating the specific information each person contributed to each answer.

**ANSWER:**


**INTERROGATORY NO. 2**

Identify all wireless earbuds promoted, sold and/or offered for sale by Defendant, to individuals or entities within the United States, through any E-Commerce Store from 2016 through the present, and for each such earbud state:

(a) The name of the E-Commerce Store through which the earbuds were sold;

(b) The brand of the earbuds (e.g., M MOVONE, FIRACORE, SPIDOC, BLUMELODY)

(c) The time dates the earbuds were sold and/or offered for sale;

(d) The number of earbuds sold each year;

(e) The Amazon Standard Identification Number (ASIN), if applicable;

(f) The sale price of the earbuds;

(g) The gross and net profit realized by Defendant from the sale of the earbuds.

**ANSWER:**

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
M SPORT DIRECT
CASE NO. 1:21-cv-04055

**INTERROGATORY NO. 3**

Identify the means and/or method used to calculate the gross and net profits received by Defendant from the sale of the earbuds identified in Interrogatory No. 2.

**ANSWER:**

**INTERROGATORY NO. 4:**

List all individuals or entities for which Defendant is authorized to sell earbuds through an E-Commerce Store from 2016 through the present. (For example, SpidocDirect is an authorized seller of Anker products on the Amazon platform).

**ANSWER:**

**INTERROGATORY NO. 5:**

Identify all names, aliases or fictious names used by Defendant to sell, or offer for sale, earbuds via an E-Commerce Store, and for each state:

(a) Name, fictious name, or alias used by Defendant;

(b) Time period(s) during which the name, fictious name, or alias was used;

(c) The name of the e-commerce retailer where the name or alias was used.

**ANSWER:**

**INTERROGATORY NO. 6:**

Identify all owners, members and/or managers of M SPORT DIRECT. If M SPORT DIRECT is a fictious business name, Identify the name of the business which owns the fictious business name, and the owners, members and/or managers of the business.

8

**ANSWER:**

**INTERROGATORY NO. 7:**

Identify all licensing agreements between Defendant and any third-party related to the sale of wireless earbuds from 2016 through the present.

**ANSWER:**

**INTERROGATORY NO. 8:**

Identify all agreements between Defendant and Sumin Xie related to the sale of Bluetooth wireless earbuds from 2016 through the present.

**ANSWER:**

**INTERROGATORY NO. 9:**

Identify all individuals or entities authorized to list products for sale via an E-Commerce Store on behalf of Defendant.

**ANSWER:**

**INTERROGATORY NO. 10:**

Identify all individuals who, on behalf of Defendant, are authorized to give final approval, or make decisions regarding, the products sold via an E-Commerce Store.

**ANSWER:**

**INTERROGATORY NO. 11:**

Identify all agreements, from 2016 through the Present, Defendant has with any manufactures, suppliers, distributors, and/or retailers that pertain to the sale of the Infringing Products.

**ANSWER:**

**INTERROGATORY NO. 12:**

If Defendant has ever communicated with any person, entity or organization about the Infringing Products, this lawsuit, Plaintiff's Patents, or patent infringement related to the sale of earbuds, Describe the Communication. For the purposes of this interrogatory, "Describe" means, for each such Communication, to provide the method of transmission (e.g. QQ.com, sellerdefense.cn, kaidianyo.com, kuajingvs.com, Amazon.com, email, *etc.*), the name and/or user name and address of the person, entity or organization(s) with whom Defendant communicated; the date(s) of the Communication(s); and the subject matter of the Communication(s).

**ANSWER:**

**INTERROGATORY NO. 13:**

State the date and manner in which Defendant first heard of, received notice of, or required any knowledge of Plaintiff's Patents, and how Defendant learned of Plaintiff's Patents.

**ANSWER:**

**INTERROGATORY NO. 14:**

10

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
M SPORT DIRECT
CASE NO. 1:21-cv-04055

Identify all opinions, evaluations, analyses, or reverse engineering reports, whether written or oral, that Defendant has requested, received, or is aware of regarding any of Plaintiff's Patents, including, but not limited to, date, author(s), addressee(s), recipient(s), and whether it relates to infringement or non-infringement, validity or invalidity, enforceability or unenforceability, or any other affirmative defense or a valuation of any of the Patents-in-Suit.

**ANSWER:**

**INTERROGATORY NO. 15:**

Identify and Describe all grounds that support Defendant's contention that Defendant did not willfully infringe on Plaintiff's Patents, including, but not limited to, whether Defendant will rely on any opinion of counsel, whether written or oral, to rebut Plaintiff's willful infringement contention, and the identity of each such opinion (including, but not limited to, by the date, author(s), addressee(s), recipient(s), and type).

**ANSWER:**

**INTERROGATORY NO. 16:**

Identify all prior art, known to Defendant, that allegedly anticipates, or renders obvious, the design claims of Plaintiff's Patents, pursuant to 35 U.S.C. §102 and 35 U.S.C. §103.

**ANSWER:**

**INTERROGATORY NO. 17:**

11

For each alleged prior art identified in response to Interrogatory No. 16, state the bases for any contention that one of ordinary skill in the art would have been motivated to combine any of the prior art to obtain the claimed invention in Plaintiff's Patents.

**ANSWER:**

**INTERROGATORY NO. 18:**

State in detail all facts and identify all documents supporting Defendants' Affirmative Defense that Plaintiff's Patents are invalid due to numerous undisclosed similar prior arts.

**ANSWER:**

**INTERROGATORY NO. 19:**

Identify all persons, known to Defendant, with knowledge of Defendant's sale of the Infringing Products. For each person identified, state the substance of the facts known to such person.

**ANSWER:**

**INTERROGATORY NO. 20:**

Identify each person who has opposed, objected to, or filed a Complaint with Amazon.com regarding Defendant's sale of earbuds via an E-Commerce Store.

**ANSWER:**

DATED this 29th day of April 2022.

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
M SPORT DIRECT
CASE NO. 1:21-cv-04055

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Bayramoglu Law Offices, LLC**

/s/ Melika T. Harris

Melika T. Harris
1540 West Warm Springs Road, Suite 100
Henderson, NV 89014
T: (702) 462-5973
F: (702) 553-3404
melika@bayramoglu-legal.com
Attorneys for Plaintiff

13

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 29, 2022, I served a true and correct copy of Plaintiff's First Set of Interrogatories To Defendant M SPORT DIRECT via e-mail to counsel for Defendants:

ADAM URBANCZYK
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
Telephone: (312)715-7312
Facsimile: (312)646-2501
adamu@au-llc.com

SHENGMAO MU
Whitewood Law PLLC
57 West, 57th Street,
3rd and 4th Floors,
New York, NY, 10019
Telephone (917)-858-8018
Facsimile (917)- 591-0618
mousamuel@whitewoodlaw.com

/s/ Melika T. Harris
Melika T. Harris

14

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
M SPORT DIRECT
CASE NO. 1:21-cv-04055

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FENG GAO, An individual residing in the
People's Republic of China.

**Plaintiff,**

vs.

THE PARTERNSHIPS and
UNICORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

**Defendants.**

Case No.  1:21-cv-04055

Judge Robert M. Dow, Jr.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT
SPIDOC DIRECT**

PROPOUNDING PARTY:  Plaintiff Feng Gao

RESPONDING PARTY:    SPIDOC DIRECT

SET NUMBER:               One

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff FENG GAO, (hereinafter "Plaintiff"), hereby propounds the following Interrogatories to Defendant SPIDOC DIRECT in the above-captioned lawsuit.  Defendant SPIDOC DIRECT must answer the following Interrogatories separately and fully in writing under oath. Defendant SPIDOC DIRECT must respond to these Interrogatories within thirty (30) days after service

and submit responses to the offices of Bayramoglu Law Offices, LLC, 1540 West Warm Springs Road Suite 100, Henderson, Nevada 89014, with a courtesy copy via email to Melika T. Harris at melika@bayramoglu-legal.com or a location agreed to by the parties. When responding to the Interrogatories, please refer to the Definitions and Instructions that follow:

## DEFINITIONS AND INSTRUCTIONS

1.      "Document(s)" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information, that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages (IMs), calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "document" refers to any document now or at any time in Defendants' possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right

to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

2.      "Defendant", "you" or "your" means SPIDOC DIRECT, and any representative or other persons known or believed to be acting on Defendant SPIDOC DIRECT's behalf.

3.      "Defendants" means all the Individuals, Partnerships, and Unincorporated Associations listed on Schedule A to Plaintiff's Complaint, and any representatives or other persons known or believed to be acting on Defendants' behalf.

4.      "Plaintiff" means Feng Gao, the plaintiff in the above-captioned action.

5.      "Plaintiff's Patents" means U.S. Patent Nos. D888,023 (the "'023 Patent"); D915,356 (the "'356 Patent"); and D915,357 (the "'357 Patent").

6.      "Related Patents" means all United States and foreign patents and patent applications (including all published, unpublished, pending, and abandoned applications) relating to the Patents-in-Suit, including patents or patent applications:

(a)      from or through which the Plaintiff's Patents directly or indirectly claim priority;

(b)      that claim priority to the Plaintiff's Patents; or

(c)      otherwise identified in the Plaintiff's Patents as related to that patent.

7.      "Xie Patent" means U.S. Patent No. D914,651 (the "'651 Patent") issued on March 30, 2021.

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
SPIDOC DIRECT
CASE NO. 1:21-cv-04055

8.    "Prior Art" means all documents, information, acts, or things that qualify as prior art under 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

9.    "Alleged Prior Art" means patents identified in Defendants' Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction [Doc. No. 21]: U.S. Patent No. D883,259 (the "'259 Patent"); U.S. Patent No. D827,616 (the "'616 Patent"); U.S. Patent No. D863,265 (the "'265 Patent"); U.S. Patent No. D817,305 (the "'305 Patent"); U.S. Patent No. D914,651 (the "'651 Patent"); and the YouTube.com videos referenced in Defendant's Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction (Dkt. 21, p. 10; Exhibit 4) (collectively, "Alleged Prior Art").

10.    "Infringing Product No. 1" means the earbuds sold by Defendants and identified as Exhibit 1 to Plaintiff's Complaint.

11.    "Infringing Product No. 2" means the earbuds sold by Defendants and identified as Exhibit 2 to Plaintiff's Complaint.

12.    "Infringing Products" means the collective reference to Infringing Product No. 1 and Infringing Product No. 2.

13.    "E-Commerce Store" or "E-Commerce Stores" means any individual, entity or business which allows companies and individuals to buy and sell goods and services over the internet.

14.    "Relate" or "Relating to" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
SPIDOC DIRECT
CASE NO. 1:21-cv-04055

15.     "Communication" means the transmission of information in any form, between two or more persons, including, without limitation, written, oral, or electronic transmissions.

16.     "Complaint" means the Complaint filed on or about July 29, 2021, in *Gao v. Partnerships and Unincorporated Associations Identified on Schedule "A",* Case No. 1:21-cv-04055.

17.     "Identify" means:

(a)     with respect to a person, to provide, to the extent known, the person's (i) full name; (ii) present or last known address; and (iii) current or last known place of employment;

(b)     with respect to a document, to provide, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s); (v) addressee(s), and (vi) recipient(s); and

(c)     with respect to a communication, to provide, to the extent known, (i) a description of the substance; (ii) the form of the communication (e.g., telephone, facsimile, email, etc.); (iii) all parties to and/or present at the time, as well as the full name, present or last known address, and the current or last known place of employment of each person; (iv) the person who initiated the communication; and (v) the time, date, and place of the communication.

18.     The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise fall outside the scope of the interrogatory.

19.     Each interrogatory is to be answered fully based on information in your possession, custody, or control, or in the possession, custody, or control of your representatives, agents, or attorneys.

20.     If you object to any interrogatory or any portion of an interrogatory on the ground that the answer would reveal the substance of any privileged information, provide all information required by Federal Rule of Civil Procedure 26(b)(5).  If your objection is on the ground that the answer would reveal the substance of a privileged communication, include an identification of:

(a)     the nature of the privilege or protection claimed;

(b)     the person who made the communication, whether oral or in writing;

(c)     if the communication was oral, all persons present while the communication was made;

(d)     if the communication was written, the author, addressees, and any other recipients;

(e)     the date and place of the communication; and

(f)     the general subject matter of the communication.

21.     These interrogatories are continuing in nature. If you receive or otherwise become aware of information responsive to any interrogatory after you have served your responses to these interrogatories, you must promptly supplement your responses to these interrogatories to provide such information, as required by Federal Rule of Civil Procedure 26(e).

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
SPIDOC DIRECT
CASE NO. 1:21-cv-04055

## <u>INTERROGATORIES</u>

**INTERROGATORY NO. 1:**

Identify each person providing information used to answer these interrogatories, indicating the specific information each person contributed to each answer.

**ANSWER:**

**INTERROGATORY NO. 2**

Identify all wireless earbuds promoted, sold and/or offered for sale by Defendant, to individuals or entities within the United States, through any E-Commerce Store from 2016 through the present, and for each such earbud state:

(a) The name of the E-Commerce Store through which the earbuds were sold;

(b) The brand of the earbuds (e.g., M MOVONE, FIRACORE, SPIDOC, BLUMELODY)

(c) The time dates the earbuds were sold and/or offered for sale;

(d) The number of earbuds sold each year;

(e) The Amazon Standard Identification Number (ASIN), if applicable;

(f) The sale price of the earbuds;

(g) The gross and net profit realized by Defendant from the sale of the earbuds.

**ANSWER:**

7

1

**INTERROGATORY NO. 3**

2

3      Identify the means and/or method used to calculate the gross and net profits received

4    by Defendant from the sale of the earbuds identified in Interrogatory No. 2.

5    **ANSWER:**

6

7    **INTERROGATORY NO. 4:**

8

9      List all individuals or entities for which Defendant is authorized to sell earbuds through

10    an E-Commerce Store from 2016 through the present. (For example, SpidocDirect is an

11    authorized seller of Anker products on the Amazon platform).

12    **ANSWER:**

13

14    **INTERROGATORY NO. 5:**

15

16      Identify all names, aliases or fictious names used by Defendant to sell, or offer for sale,

17    earbuds via an E-Commerce Store, and for each state:

18      (a)  Name, fictious name, or alias used by Defendant;

19      (b)  Time period(s) during which the name, fictious name, or  alias was used;

20      (c)  The name of the e-commerce retailer where the name or alias was used.

21    **ANSWER:**

22

23

24    **INTERROGATORY NO. 6:**

25      Identify all owners, members and/or managers of SPIDOC DIRECT. If SPIDOC DIRECT

26    is a fictious business name, Identify the name of the business which owns the fictious business

27    name,  and  the  owners,  members  and/or managers of the business.

28

8

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT<br>SPIDOC DIRECT<br>CASE NO. 1:21-cv-04055

**ANSWER:**

**INTERROGATORY NO. 7:**

Identify all licensing agreements between Defendant and any third-party related to the sale of wireless earbuds from 2016 through the present.

**ANSWER:**

**INTERROGATORY NO. 8:**

Identify all agreements between Defendant and Sumin Xie related to the sale of Bluetooth wireless earbuds from 2016 through the present.

**ANSWER:**

**INTERROGATORY NO. 9:**

Identify all individuals or entities authorized to list products for sale via an E-Commerce Store on behalf of Defendant.

**ANSWER:**

**INTERROGATORY NO. 10:**

Identify all individuals who, on behalf of Defendant, are authorized to give final approval, or make decisions regarding, the products sold via an E-Commerce Store.

**ANSWER:**

**INTERROGATORY NO. 11:**

Identify all agreements, from 2016 through the Present, Defendant has with any manufactures, suppliers, distributors, and/or retailers that pertain to the sale of the Infringing Products.

**ANSWER:**

**INTERROGATORY NO. 12:**

If Defendant has ever communicated with any person, entity or organization about the Infringing Products, this lawsuit, Plaintiff's Patents, or patent infringement related to the sale of earbuds, Describe the Communication. For the purposes of this interrogatory, "Describe" means, for each such Communication, to provide the method of transmission (e.g. QQ.com, sellerdefense.cn, kaidianyo.com, kuajingvs.com, Amazon.com, email, *etc.*), the name and/or user name and address of the person, entity or organization(s) with whom Defendant communicated; the date(s) of the Communication(s); and the subject matter of the Communication(s).

**ANSWER:**

**INTERROGATORY NO. 13:**

State the date and manner in which Defendant first heard of, received notice of, or required any knowledge of Plaintiff's Patents, and how Defendant learned of Plaintiff's Patents.

**ANSWER:**

**INTERROGATORY NO. 14:**

10

Identify all opinions, evaluations, analyses, or reverse engineering reports, whether written or oral, that Defendant has requested, received, or is aware of regarding any of Plaintiff's Patents, including, but not limited to, date, author(s), addressee(s), recipient(s), and whether it relates to infringement or non-infringement, validity or invalidity, enforceability or unenforceability, or any other affirmative defense or a valuation of any of the Patents-in-Suit.

**ANSWER:**

**INTERROGATORY NO. 15:**

Identify and Describe all grounds that support Defendant's contention that Defendant did not willfully infringe on Plaintiff's Patents, including, but not limited to, whether Defendant will rely on any opinion of counsel, whether written or oral, to rebut Plaintiff's willful infringement contention, and the identity of each such opinion (including, but not limited to, by the date, author(s), addressee(s), recipient(s), and type).

**ANSWER:**

**INTERROGATORY NO. 16:**

Identify all prior art, known to Defendant, that allegedly anticipates, or renders obvious, the design claims of Plaintiff's Patents, pursuant to 35 U.S.C. §102 and 35 U.S.C. §103.

**ANSWER:**

**INTERROGATORY NO. 17:**

11

For each alleged prior art identified in response to Interrogatory No. 16, state the bases for any contention that one of ordinary skill in the art would have been motivated to combine any of the prior art to obtain the claimed invention in Plaintiff's Patents.

**ANSWER:**

**INTERROGATORY NO. 18:**

State in detail all facts and identify all documents supporting Defendants' Affirmative Defense that Plaintiff's Patents are invalid due to numerous undisclosed similar prior arts.

**ANSWER:**

**INTERROGATORY NO. 19:**

Identify all persons, known to Defendant, with knowledge of Defendant's sale of the Infringing Products. For each person identified, state the substance of the facts known to such person.

**ANSWER:**

**INTERROGATORY NO. 20:**

Identify each person who has opposed, objected to, or filed a Complaint with Amazon.com regarding Defendant's sale of earbuds via an E-Commerce Store.

**ANSWER:**

DATED this 29th day of April 2022.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Bayramoglu Law Offices, LLC**

/s/ Melika T. Harris
Melika T. Harris
1540 West Warm Springs Road, Suite 100
Henderson, NV 89014
T: (702) 462-5973
F: (702) 553-3404
melika@bayramoglu-legal.com
Attorneys for Plaintiff

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
SPIDOC DIRECT
CASE NO. 1:21-cv-04055

**CERTIFICATE OF SERVICE**

The undersigned certifies that on April 29, 2022, I served a true and correct copy of Plaintiff's First Set of Interrogatories To Defendant SPIDOC DIRECT via e-mail to counsel for Defendants:

ADAM URBANCZYK
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
Telephone: (312)715-7312
Facsimile: (312)646-2501
adamu@au-llc.com

SHENGMAO MU
Whitewood Law PLLC
57 West, 57th Street,
3rd and 4th Floors,
New York, NY, 10019
Telephone (917)-858-8018
Facsimile (917)- 591-0618
mousamuel@whitewoodlaw.com

                                        /s/ Melika T. Harris
                                        Melika T. Harris

14

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
SPIDOC DIRECT
CASE NO. 1:21-cv-04055

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FENG GAO, An individual residing in the People's Republic of China. | Case No.  1:21-cv-04055 |
| **Plaintiff,** | Judge Robert M. Dow, Jr. |
| vs. | |
| THE PARTERNSHIPS and UNICORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," | |
| **Defendants.** | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

**UNIQTEC USA**

PROPOUNDING PARTY:  Plaintiff Feng Gao

RESPONDING PARTY:     UNIQTEC USA

SET NUMBER:                One

        Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff FENG GAO,

(hereinafter "Plaintiff"), hereby propounds the following Interrogatories to Defendant

UNIQTEC USA in the above-captioned lawsuit.  Defendant UNIQTEC USA must answer

the following Interrogatories separately and fully in writing under oath. Defendant

UNIQTEC USA must respond to these Interrogatories within thirty (30) days after service

1

and submit responses to the offices of Bayramoglu Law Offices, LLC, 1540 West Warm Springs Road Suite 100, Henderson, Nevada 89014, with a courtesy copy via email to Melika T. Harris at melika@bayramoglu-legal.com or a location agreed to by the parties. When responding to the Interrogatories, please refer to the Definitions and Instructions that follow:

**DEFINITIONS AND INSTRUCTIONS**

1.      "Document(s)" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information, that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages (IMs), calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "document" refers to any document now or at any time in Defendants' possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right

2

to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

2.    "Defendant", "you" or "your" means UNIQTEC USA, and any representative or other persons known or believed to be acting on Defendant UNIQTEC USA's behalf.

3.    "Defendants" means all the Individuals, Partnerships, and Unincorporated Associations listed on Schedule A to Plaintiff's Complaint, and any representatives or other persons known or believed to be acting on Defendants' behalf.

4.    "Plaintiff" means Feng Gao, the plaintiff in the above-captioned action.

5.    "Plaintiff's Patents" means U.S. Patent Nos. D888,023 (the "'023 Patent"); D915,356 (the "'356 Patent"); and D915,357 (the "'357 Patent").

6.    "Related Patents" means all United States and foreign patents and patent applications (including all published, unpublished, pending, and abandoned applications) relating to the Patents-in-Suit, including patents or patent applications:

(a)    from or through which the Plaintiff's Patents directly or indirectly claim priority;

(b)    that claim priority to the Plaintiff's Patents; or

(c)    otherwise identified in the Plaintiff's Patents as related to that patent.

7.    "Xie Patent" means U.S. Patent No. D914,651 (the "'651 Patent") issued on March 30, 2021.

8.    "Prior Art" means all documents, information, acts, or things that qualify as prior art under 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

9.    "Alleged Prior Art" means patents identified in Defendants' Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction [Doc. No. 21]: U.S. Patent No. D883,259 (the "'259 Patent"); U.S. Patent No. D827,616 (the "'616 Patent"); U.S. Patent No. D863,265 (the "'265 Patent"); U.S. Patent No. D817,305 (the "'305 Patent"); U.S. Patent No. D914,651 (the "'651 Patent"); and the YouTube.com videos referenced in Defendant's Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction (Dkt. 21, p. 10; Exhibit 4) (collectively, "Alleged Prior Art").

10.    "Infringing Product No. 1" means the earbuds sold by Defendants and identified as Exhibit 1 to Plaintiff's Complaint.

11.    "Infringing Product No. 2" means the earbuds sold by Defendants and identified as Exhibit 2 to Plaintiff's Complaint.

12.    "Infringing Products" means the collective reference to Infringing Product No. 1 and Infringing Product No. 2.

13.    "E-Commerce Store" or "E-Commerce Stores" means any individual, entity or business which allows companies and individuals to buy and sell goods and services over the internet.

14.    "Relate" or "Relating to" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

15.     "Communication" means the transmission of information in any form, between two or more persons, including, without limitation, written, oral, or electronic transmissions.

16.     "Complaint" means the Complaint filed on or about July 29, 2021, in *Gao v. Partnerships and Unincorporated Associations Identified on Schedule "A",* Case No. 1:21-cv-04055.

17.     "Identify" means:

(a)     with respect to a person, to provide, to the extent known, the person's (i) full name; (ii) present or last known address; and (iii) current or last known place of employment;

(b)     with respect to a document, to provide, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s); (v) addressee(s), and (vi) recipient(s); and

(c)     with respect to a communication, to provide, to the extent known, (i) a description of the substance; (ii) the form of the communication (e.g., telephone, facsimile, email, etc.); (iii) all parties to and/or present at the time, as well as the full name, present or last known address, and the current or last known place of employment of each person; (iv) the person who initiated the communication; and (v) the time, date, and place of the communication.

18.     The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise fall outside the scope of the interrogatory.

5

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
UNIQTEC USA
CASE NO. 1:21-cv-04055

19.     Each interrogatory is to be answered fully based on information in your possession, custody, or control, or in the possession, custody, or control of your representatives, agents, or attorneys.

20.     If you object to any interrogatory or any portion of an interrogatory on the ground that the answer would reveal the substance of any privileged information, provide all information required by Federal Rule of Civil Procedure 26(b)(5).  If your objection is on the ground that the answer would reveal the substance of a privileged communication, include an identification of:

(a)     the nature of the privilege or protection claimed;

(b)     the person who made the communication, whether oral or in writing;

(c)     if the communication was oral, all persons present while the communication was made;

(d)     if the communication was written, the author, addressees, and any other recipients;

(e)     the date and place of the communication; and

(f)     the general subject matter of the communication.

21.     These interrogatories are continuing in nature. If you receive or otherwise become aware of information responsive to any interrogatory after you have served your responses to these interrogatories, you must promptly supplement your responses to these interrogatories to provide such information, as required by Federal Rule of Civil Procedure 26(e).

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
UNIQTEC USA
CASE NO. 1:21-cv-04055

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify each person providing information used to answer these interrogatories, indicating the specific information each person contributed to each answer.

**ANSWER:**

**INTERROGATORY NO. 2**

Identify all wireless earbuds promoted, sold and/or offered for sale by Defendant, to individuals or entities within the United States, through any E-Commerce Store from 2016 through the present, and for each such earbud state:

(a) The name of the E-Commerce Store through which the earbuds were sold;

(b) The brand of the earbuds (e.g., M MOVONE, FIRACORE, SPIDOC, BLUMELODY)

(c) The time dates the earbuds were sold and/or offered for sale;

(d) The number of earbuds sold each year;

(e) The Amazon Standard Identification Number (ASIN), if applicable;

(f) The sale price of the earbuds;

(g) The gross and net profit realized by Defendant from the sale of the earbuds.

**ANSWER:**

**INTERROGATORY NO. 3**

Identify the means and/or method used to calculate the gross and net profits received by Defendant from the sale of the earbuds identified in Interrogatory No. 2.

**ANSWER:**

**INTERROGATORY NO. 4:**

List all individuals or entities for which Defendant is authorized to sell earbuds through an E-Commerce Store from 2016 through the present. (For example, SpidocDirect is an authorized seller of Anker products on the Amazon platform).

**ANSWER:**

**INTERROGATORY NO. 5:**

Identify all names, aliases or fictious names used by Defendant to sell, or offer for sale, earbuds via an E-Commerce Store, and for each state:

(a) Name, fictious name, or alias used by Defendant;

(b) Time period(s) during which the name, fictious name, or alias was used;

(c) The name of the e-commerce retailer where the name or alias was used.

**ANSWER:**

**INTERROGATORY NO. 6:**

Identify all owners, members and/or managers of UNIQTEC USA. If UNIQTEC USA is a fictious business name, Identify the name of the business which owns the fictious business name, and the owners, members and/or managers of the business.

8

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
UNIQTEC USA
CASE NO. 1:21-cv-04055

1
2

**ANSWER:**

3
4

**INTERROGATORY NO. 7:**

5
6

Identify all licensing agreements between Defendant and any third-party related to the sale of wireless earbuds from 2016 through the present.

7
8

**ANSWER:**

9
10

**INTERROGATORY NO. 8:**

11
12

Identify all agreements between Defendant and Sumin Xie related to the sale of Bluetooth wireless earbuds from 2016 through the present.

13

**ANSWER:**

14
15
16

**INTERROGATORY NO. 9:**

17
18

Identify all individuals or entities authorized to list products for sale via an E-Commerce Store on behalf of Defendant.

19

**ANSWER:**

20
21
22

**INTERROGATORY NO. 10:**

23
24

Identify all individuals who, on behalf of Defendant, are authorized to give final approval, or make decisions regarding, the products sold via an E-Commerce Store.

25

**ANSWER:**

26
27
28

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
UNIQTEC USA
CASE NO. 1:21-cv-04055

**INTERROGATORY NO. 11:**

Identify all agreements, from 2016 through the Present, Defendant has with any manufactures, suppliers, distributors, and/or retailers that pertain to the sale of the Infringing Products.

**ANSWER:**

**INTERROGATORY NO. 12:**

If Defendant has ever communicated with any person, entity or organization about the Infringing Products, this lawsuit, Plaintiff's Patents, or patent infringement related to the sale of earbuds, Describe the Communication. For the purposes of this interrogatory, "Describe" means, for each such Communication, to provide the method of transmission (e.g. QQ.com, sellerdefense.cn, kaidianyo.com, kuajingvs.com, Amazon.com, email, *etc.*), the name and/or user name and address of the person, entity or organization(s) with whom Defendant communicated; the date(s) of the Communication(s); and the subject matter of the Communication(s).

**ANSWER:**

**INTERROGATORY NO. 13:**

State the date and manner in which Defendant first heard of, received notice of, or required any knowledge of Plaintiff's Patents, and how Defendant learned of Plaintiff's Patents.

**ANSWER:**

**INTERROGATORY NO. 14:**

10

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
UNIQTEC USA
CASE NO. 1:21-cv-04055

Identify all opinions, evaluations, analyses, or reverse engineering reports, whether written or oral, that Defendant has requested, received, or is aware of regarding any of Plaintiff's Patents, including, but not limited to, date, author(s), addressee(s), recipient(s), and whether it relates to infringement or non-infringement, validity or invalidity, enforceability or unenforceability, or any other affirmative defense or a valuation of any of the Patents-in-Suit.

**ANSWER:**

**INTERROGATORY NO. 15:**

Identify and Describe all grounds that support Defendant's contention that Defendant did not willfully infringe on Plaintiff's Patents, including, but not limited to, whether Defendant will rely on any opinion of counsel, whether written or oral, to rebut Plaintiff's willful infringement contention, and the identity of each such opinion (including, but not limited to, by the date, author(s), addressee(s), recipient(s), and type).

**ANSWER:**

**INTERROGATORY NO. 16:**

Identify all prior art, known to Defendant, that allegedly anticipates, or renders obvious, the design claims of Plaintiff's Patents, pursuant to 35 U.S.C. §102 and 35 U.S.C. §103.

**ANSWER:**

**INTERROGATORY NO. 17:**

11

For each alleged prior art identified in response to Interrogatory No. 16, state the bases for any contention that one of ordinary skill in the art would have been motivated to combine any of the prior art to obtain the claimed invention in Plaintiff's Patents.

**ANSWER:**


**INTERROGATORY NO. 18:**

State in detail all facts and identify all documents supporting Defendants' Affirmative Defense that Plaintiff's Patents are invalid due to numerous undisclosed similar prior arts.

**ANSWER:**


**INTERROGATORY NO. 19:**

Identify all persons, known to Defendant, with knowledge of Defendant's sale of the Infringing Products. For each person identified, state the substance of the facts known to such person.

**ANSWER:**


**INTERROGATORY NO. 20:**

Identify each person who has opposed, objected to, or filed a Complaint with Amazon.com regarding Defendant's sale of earbuds via an E-Commerce Store.

**ANSWER:**


DATED this 29th day of April 2022.

12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Bayramoglu Law Offices, LLC**

/s/ Melika T. Harris

Melika T. Harris
1540 West Warm Springs Road, Suite 100
Henderson, NV 89014
T: (702) 462-5973
F: (702) 553-3404
melika@bayramoglu-legal.com
Attorneys for Plaintiff

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
UNIQTEC USA
CASE NO. 1:21-cv-04055

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on April 29, 2022, I served a true and correct copy of

Plaintiff's First Set of Interrogatories To Defendant UNIQTEC USA via e-mail to counsel for

Defendants:


ADAM URBANCZYK
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
Telephone: (312)715-7312
Facsimile: (312)646-2501
adamu@au-llc.com


SHENGMAO MU
Whitewood Law PLLC
57 West, 57th Street,
3rd and 4th Floors,
New York, NY, 10019
Telephone (917)-858-8018
Facsimile (917)- 591-0618
mousamuel@whitewoodlaw.com



                                        /s/ Melika T. Harris
                                        Melika T. Harris

PLAINTIFF FENG GAO'S FIRST SET OF INTERROGATORIES TO DEFENDANT
UNIQTEC USA
CASE NO. 1:21-cv-04055