# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| FENG GAO, An individual residing in the People's Republic of China. | Case No.  21-cv-4055 |
| **Plaintiff,** | Judge Robert M. Dow, Jr. |
| vs. | |
| THE PARTERNSHIPS and UNICORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," | |
| **Defendants.** | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**
**OF DOCUMENTS TO 3ONE**

PROPOUNDING PARTY:  Plaintiff Feng Gao

RESPONDING PARTY:    3ONE

SET NUMBER:          One

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff FENG GAO, (hereinafter "Plaintiff"), hereby requests that Defendant 3ONE in the above-captioned lawsuit produce the materials identified in the Requests for Production, below. Defendant 3ONE must produce the requested materials within thirty (30) days after service of these Requests for Production. Defendant 3ONE is required to respond individually and separately to every Request by producing the requested material to Bayramoglu Law Offices, LLC, 1540 West Warm Springs Road Suite 100, Henderson, Nevada 89014, with a courtesy

copy via email to Melika T. Harris at melika@bayramoglu-legal.com or a location agreed to by the parties. When responding to these Requests, please refer to the Definitions and Instructions that follow.

## DEFINITIONS AND INSTRUCTIONS

1. "Document(s)" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information, that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages (IMs), calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "document" refers to any document now or at any time in Defendants' possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

2.      "Electronically Stored Information" or "ESI" as used herein has the same meaning as in the Federal Rules of Civil Procedure 26 and 34.

3.      "Defendant", "you" or "your" means 3ONE, the defendant in the above-captioned matter and any representatives or other persons acting, or purporting to act, on 3ONE's behalf.

4.      "Plaintiff" means Feng Gao, the plaintiff in the above-captioned action.

5.      "Plaintiff's Patents" means U.S. Patent Nos. D888,023 (the "'023 Patent"); D915,356 (the "'356 Patent"); and D915,357 (the "'357 Patent").

6.      "Related Patents" means all United States and foreign patents and patent applications (including all published, unpublished, pending, and abandoned applications) relating to the Plaintiff's Patents, including patents or patent applications:

(a)     from or through which the Plaintiff's Patents directly or indirectly claim priority;

(b)     that claim priority to the Plaintiff's Patents; or

(c)     otherwise identified in the Plaintiff's Patents as related to that patent.

7.      "Xie Patent" means U.S. Patent No. D914,651 (the "'651 Patent") issued on March 30, 2021.

8.      "Prior Art" means all documents, information, acts, or things that qualify as prior art under 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

9.      "Alleged Prior Art" means patents identified in Defendants' Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction [Doc. No. 21]: U.S. Patent No. D883,259 (the "'259 Patent"); U.S. Patent No. D827,616 (the "'616 Patent"); U.S.

3

Patent No. D863,265 (the "'265 Patent"); U.S. Patent No. D817,305 (the "'305 Patent"); and the YouTube.com videos referenced in Defendant's Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction (Dkt. 21, p. 10; Exhibit 4) (collectively, "Alleged Prior Art").

10.   "Infringing Product No. 1" means the earbuds sold by Defendants and identified as Exhibit 1 to Plaintiff's Complaint.

11.   "Infringing Product No. 2" means the earbuds sold by Defendants and identified as Exhibit 2 to Plaintiff's Complaint.

12.   "Infringing Products" means the collective reference to Infringing Product No. 1 and Infringing Product No. 2.

13.   "E-Commerce Store" or "E-Commerce Stores" means any individual, entity, business or organization which allows companies and individuals to buy and sell goods and services over the internet.

14.   "Seller Aliases" means the names identified in Schedule A to Plaintiff's Complaint showing the e-commerce store URLs used by Defendants for their interactive E-Commerce Stores.

15.   "Person" means any natural person or any legal entity, including, but not limited to, any business or governmental entity, organization, or association.

16.   "Relate" or "Relating to" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

17.   "Communication" "Communications" or "Correspondence" means the transmission of information in any form, between two or more persons, whether orally, in writing, or by any other means. Communication is any oral, written, or electronic transmission of information, including, but not limited to, meetings, discussions, conversations, telephone

PLAINTIFF FENG GAO'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT 3ONE
CASE NO. 1:21-cv-04055

calls, memoranda, letters, emails, text messages, conferences, seminars, or any other exchange of information.

18.     "Complaint" means the Complaint filed on or about July 29, 2021, in *Gao v. Partnerships and Unincorporated Associations Identified on Schedule "A",* Case No. 1:21-cv-04055.

19.     The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of the request.

20.     The terms "all," "any," or "each" encompass any and all of the matter discussed.

21.     "Including" means including, but not limited to.

22.     The use of singular form includes plural and vice versa.

23.     The use of present tense includes past tense and vice versa.

24.     These requests call for the production of all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint ventures, brokers, accountants, financial advisors, representatives, and agents or other persons acting on your behalf, without regard to the physical location of those documents.

25.     In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents, or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each document. If your response is that documents are not under your control, identify who has the control and the location of the documents.

26.     If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

(a)     identifying the document;

PLAINTIFF FENG GAO'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT 3ONE
CASE NO. 1:21-cv-04055

(b)      describing where the document is now;

(c)      identifying who has control of the document;

(d)      describing how the document became lost or destroyed or was transferred; and

(e)      identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

27.      Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

28.      If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege, work product, or other business confidentiality or trade secret protection, set out separately for each document:

(a)      the ground of privilege or protection claimed;

(b)      each and every basis under which the document is withheld;

(c)      the type of document;

(d)      its general subject matter;

(e)      the document's date; and

(f)      other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by FRCP 26(b)(5).

29.      To the extent you assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED" and include the basis for the

redaction on the document in an appropriate location that does not obscure the remaining text.

30.     If there are no documents in response to any particular request, you shall state so in writing.

31.     These Requests are continuing in nature. See, Fed. R. Civ. P. 26(e). With respect to any of the following Requests or portions that Defendant, after answering, acquires additional knowledge or information, Defendant must serve upon Plaintiff amended or supplemental responses.

32.     Pursuant to the Federal Rules of Civil Procedure and case law, Defendant must preserve, or cause to be preserved, all records, documents, and Electronically Stored Information (including, but not limited to, computer data) related to this litigation.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**DOCUMENT REQUEST NO. 1:** All Documents and Communications identified in Defendants' initial disclosures under Federal Rule of Civil Procedure 26(a) or used, relied on, or considered by Defendants in drafting their initial disclosures.

**RESPONSE:**


**DOCUMENT REQUEST NO. 2:** All Documents and Communications identified by Defendant in Defendants' Answer to the Complaint or used, relied on, or considered by Defendant in drafting its Answer to the Complaint.

**RESPONSE:**


**DOCUMENT REQUEST NO. 3:** All Documents and Communications received by Defendants in response to any subpoenas propounded by Defendant or Defendants in this case.

7

**RESPONSE:**


**DOCUMENT REQUEST NO. 4:** All Documents and Communications that were identified, reviewed, consulted in answering, or that pertain in any way to any of Defendant's responses to these Requests or Plaintiff's First Set of Interrogatories to Defendant 3ONE.

**RESPONSE:**


**DOCUMENT REQUEST NO. 5:** All Documents and Communications that were identified, reviewed, consulted in answering, or that pertain in any way to Defendant's responses to Plaintiff's First Set of Request for Admissions to Defendant 3ONE.

**RESPONSE:**


**DOCUMENT REQUEST NO. 6:** All Documents and Communications that support, refute, or otherwise relate to the Affirmative Defenses alleged in Defendants' Answer to Complaint.

**RESPONSE:**

**DOCUMENT REQUEST NO.7:** All Documents and Communications Relating to Defendant's electronic data and document retention policies.

**RESPONSES:**


**DOCUMENT REQUEST NO. 8:** All Documents and Communications Relating to the subject matter or outcome of this lawsuit, including agreements reflecting any financial or other interest in the lawsuit's outcome or any person's obligation to indemnify.

**RESPONSE:**

**DOCUMENT REQUEST NO. 9:** For each person Defendant intends to use as an expert witness: (a) a resume or curriculum vitae sufficient to describe that person's complete education, experience, and training; (b) all publications, articles, books, and papers authored, co-authored, edited, or otherwise generated by that person; (c) all transcripts of any trial, deposition, or other testimony of that person in any other proceeding relating to earbuds; (d) all documents provided to that person in connection with this lawsuit; and (e) all documents relied on by that person in forming any opinions that have been or may be offered in this lawsuit.

**RESPONSE:**

**DOCUMENT REQUEST NO. 10:** All Documents and Communications, in the possession, custody or control of Defendant, Relating to any civil action, International Trade Commission proceeding, arbitration, or US Patent and Trademark Office proceeding, Relating to the "Xie Patent" including, but not limited to, pleadings, affidavits, declarations, reports, discovery requests or responses, orders, deposition or hearing transcripts, motions, briefs, letters, emails, or subpoenas.

**RESPONSE:**

**DOCUMENT REQUEST NO. 11:** All Documents and Communications Relating to Plaintiff's Patents or any Related Patent, in Defendant's possession, custody or control.

**RESPONSE:**

**DOCUMENT REQUEST NO. 12:** All Documents and Communications regarding any actual or potential litigation Relating to Plaintiff's Patents or any Related Patent,

including any minutes, notes, presentations, or other documents from any Board of Directors or other internal meetings.

**RESPONSE:**

**DOCUMENT REQUEST NO. 13:** All Documents and Communications Relating to any opinions of counsel regarding Plaintiff's Patents or any Related Patent, including opinions relating to infringement, validity, enforceability, scope, or ownership.

**RESPONSE:**

**DOCUMENT REQUEST NO. 14:** All Documents and Communications with any third party regarding Prior Art collected, identified, or considered in relation to Plaintiff's Patents or any Related Patent, including existing English translations of any foreign patent or publication.

**RESPONSE:**

**DOCUMENT REQUEST NO. 15:** All Documents and Communications in Defendant's possession, custody or control, that concern the obviousness or non-obviousness of the subject matter claimed in Plaintiff's Patents.

**RESPONSE:**

**DOCUMENT REQUEST NO. 16:** All Documents and Communications, in Defendant's possession, custody or control, concerning any infringement or potential infringement of the Infringing Products on Plaintiff's Patents.

**RESPONSE:**

**DOCUMENT REQUEST NO. 17:** All Documents and Communications Relating to the alleged unenforceability of Plaintiff's Patents, including Documents concerning improper withholding, omission, or misrepresentation during prosecution before the U.S. Patent and Trademark Office.

**RESPONSE:**

**DOCUMENT REQUEST NO. 18:** All Documents and Communications with any third party Relating to Plaintiff's Patents, this lawsuit, or any claim, defense, or remedy in this lawsuit.

**RESPONSE:**

**DOCUMENT REQUEST NO. 19:** All Documents and Communications Relating to Defendant's first awareness of the Plaintiff's Patents.

**RESPONSE:**

**DOCUMENT REQUEST NO. 20:** All Documents and Communications, in Defendant's possession, custody or control, Relating to any attempts to design around or modify the Infringing Products to avoid infringement of Plaintiff's Patents.

**RESPONSE:**

**DOCUMENT REQUEST NO. 21:** All Documents and Communications Relating to any claim by Defendant that it has any right, title, or interest in Plaintiff's Patents, or any express or implied license to any subject matter claimed in Plaintiff's Patents.

**RESPONSE:**

11

**DOCUMENT REQUEST NO. 22:** All Documents and Communications Relating to the level of technical knowledge, schooling, experience, and expertise of a person having ordinary skill in the art of the subject matter claimed in Plaintiff's Patents.

**RESPONSE:**


**DOCUMENT REQUEST NO. 23:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the design, development, functionality, or testing of the Infringing Products, including specifications, requirement documents, schematics, manuals, drawings, guides and instructions.

**RESPONSE:**


**DOCUMENT REQUEST NO. 24:** Two samples of each Infringing Product including any packaging, instructions, guides, or labels for each product.

**RESPONSE:**


**DOCUMENT REQUEST NO. 25:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the first disclosure, first use, first offer for sale, first sale, first importation, first demonstration, and first test of the Infringing Products.

**RESPONSE:**


**DOCUMENT REQUEST NO. 26:** Organizational charts sufficient to show the names, positions, titles, duties, and reporting relationships of all officers, employees, and other

personnel involved in the design, development, operation, manufacture, testing, marketing, or sale of the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 27:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the decision to develop the Infringing Products, including documents relating to the potential market for each product, potential competitors, and third-party patent rights.

**RESPONSE:**

**DOCUMENT REQUEST NO. 28:** All Documents and Communications, in Defendant'' possession, custody or Control, Relating to the manufacture of the Infringing Products, including product drawings, schematics, manuals, and test protocols.

**RESPONSE:**

**DOCUMENT REQUEST NO. 29:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the quantity of the Infringing Products manufactured, in whole or in part, in the United States from 2016 through the Present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 30:** All Documents and Communications, in Defendant's possession, custody or control, the quantity of the Infringing Products imported into the United States by Defendant, or on behalf of the Defendant.

**RESPONSE:**

13

**DOCUMENT REQUEST NO. 31:** All contracts and agreements between Defendant and any third party concerning the sale, assignment, transfer, or use of the product or design claimed in the "Xie Patent".

**RESPONSE:**


**DOCUMENT REQUEST NO. 32:** All contracts and agreements between Defendant and any Third party, or other persons, Relating to the manufacture, testing, sale, development, or marketing of any of the Infringing Products.

**RESPONSE:**


**DOCUMENT REQUEST NO. 33:** All Documents and Communications Relating to the first disclosure, first use, first offer for sale, first sale, first importation, first demonstration, and first test of the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 34:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the advertising or promotion of the Infringing Products, including any advertisements or advertising campaigns, advertising budgets and expenditures, brochures, pamphlets, catalogs, or price lists.

**RESPONSE:**


**DOCUMENT REQUEST NO. 35:** All Documents and Communications, concerning any internal code names for the Infringing Products.

**RESPONSE:**

14

**DOCUMENT REQUEST NO. 36:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the marketing of the Infringing Products including any studies, reports, or analyses Relating to market share, market demand, market segments, competition, consumer surveys, or revenue.

**RESPONSE:**


**DOCUMENT REQUEST NO. 37:** All Documents and Communications, in Defendant's possession, custody or control, Relating to any conference, seminar, exhibition, convention, or trade show at which the Infringing Products were discussed, referred to, advertised, displayed, demonstrated, or shown.

**RESPONSE:**


**DOCUMENT REQUEST NO. 38:** All Documents and Communications, in Defendant's possession, custody or control, Relating to any products that compete with the Infringing Products, including any analyses of the strengths or weaknesses of those products compared to the Infringing Products.

**RESPONSE:**


**DOCUMENT REQUEST NO. 39:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the price, gross revenue, terms and conditions of sale, customer name, and country of sale for the Infringing Products sold by Defendant.

**RESPONSE:**

**DOCUMENT REQUEST NO. 40:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the profitability of the Infringing Products, including revenues, costs of sale, order contributions, product margins, gross margins, and operating profits.

**RESPONSE:**

**DOCUMENT REQUEST NO. 41:** All Documents and Communications Relating to any license, settlement, or other agreement taken, offered to or by, or accepted by Defendant in relation to the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 42:** All Documents and Communications, in Defendant's possession, custody or control, Relating to Defendant's registration to become an Amazon Seller on Amazon.com.

**RESPONSE:**

**DOCUMENT REQUEST NO. 43**: All Documents and Communications between Defendant and Amazon.com, or any of its affiliates, Relating to Defendant's sale of the Infringing Products on Amazon.com.

**DOCUMENT REQUEST NO. 44**: All Documents and Communications between Defendant and any E-Commerce Store, Relating to Defendant's sale of the Infringing Products.

**RESPONSE:**


**REQUEST NO. 45:** All Documents and Communications, in Defendant's possession, custody or control, which supports, refutes, contradicts, or forms the basis of Defendant's Affirmative Defenses in Defendants' Answer to Plaintiff's Complaint.

**RESPONSE:**


**REQUEST NO. 46:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the sale and/or distribution of the Infringing Products.

**RESPONSE:**



DATED this 29th day of April 2022.

                                **Bayramoglu Law Offices, LLC**


                                _/s/ Melika T. Harris_____
                                **Melika T. Harris**
                                1540 West Warm Springs Road, Suite 100
                                Henderson, NV 89014
                                T: (702) 462-5973
                                F: (702) 553-3404
                                melika@bayramoglu-legal.com
                                _Attorneys for Plaintiff_

1

2

## CERTIFICATE OF SERVICE

3

The undersigned certifies that on April 29, 2022, I served a true and correct copy of

4

**Plaintiff's First Request for Production of Documents To 3ONE** via e-mail to counsel for

5

Defendants:

6

7

8

ADAM URBANCZYK
AU LLC

9

564 W. Randolph St. 2nd Floor
Chicago, IL 60661

10

Telephone: (312)715-7312
Facsimile: (312)646-2501

11

adamu@au-llc.com

12

SHENGMAO MU

13

Whitewood Law PLLC
57 West, 57th Street,

14

3rd and 4th Floors,

15

New York, NY, 10019
Telephone (917)-858-8018

16

Facsimile (917)- 591-0618

17

mousamuel@whitewoodlaw.com

18

19

*/s/ Melika T. Harris*
Melika T. Harris

20

21

22

23

24

25

26

27

28

18

PLAINTIFF FENG GAO'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT 3ONE
CASE NO. 1:21-cv-04055

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| FENG GAO, An individual residing in the People's Republic of China. | Case No.  21-cv-4055 |
| **Plaintiff,** | Judge Robert M. Dow, Jr. |
| vs. | |
| THE PARTERNSHIPS and UNICORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," | |
| **Defendants.** | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

**OF DOCUMENTS TO F SPORT SHOP**

PROPOUNDING PARTY:  Plaintiff Feng Gao

RESPONDING PARTY:     F SPORT SHOP

SET NUMBER:              One

     Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff FENG GAO, (hereinafter "Plaintiff"), hereby requests that Defendant F SPORT SHOP in the above-captioned lawsuit produce the materials identified in the Requests for Production, below. Defendant F SPORT SHOP must produce the requested materials within thirty (30) days after service of these Requests for Production. Defendant F SPORT SHOP is required to respond individually and separately to every Request by producing the requested material to Bayramoglu Law Offices, LLC, 1540 West Warm Springs Road Suite 100, Henderson,

1

Nevada 89014, with a courtesy copy via email to Melika T. Harris at melika@bayramoglu-legal.com or a location agreed to by the parties. When responding to these Requests, please refer to the Definitions and Instructions that follow.

## **DEFINITIONS AND INSTRUCTIONS**

1.　"Document(s)" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information, that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages (IMs), calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "document" refers to any document now or at any time in Defendants' possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

2

2.     "Electronically Stored Information" or "ESI" as used herein has the same meaning as in the Federal Rules of Civil Procedure 26 and 34.

3.     "Defendant", "you" or "your" means F SPORT SHOP, the defendant in the above-captioned matter and any representatives or other persons acting, or purporting to act, on F SPORT SHOP's behalf.

4.     "Plaintiff" means Feng Gao, the plaintiff in the above-captioned action.

5.     "Plaintiff's Patents" means U.S. Patent Nos. D888,023 (the "'023 Patent"); D915,356 (the "'356 Patent"); and D915,357 (the "'357 Patent").

6.     "Related Patents" means all United States and foreign patents and patent applications (including all published, unpublished, pending, and abandoned applications) relating to the Plaintiff's Patents, including patents or patent applications:

(a)     from or through which the Plaintiff's Patents directly or indirectly claim priority;

(b)     that claim priority to the Plaintiff's Patents; or

(c)     otherwise identified in the Plaintiff's Patents as related to that patent.

7.     "Xie Patent" means U.S. Patent No. D914,651 (the "'651 Patent") issued on March 30, 2021.

8.     "Prior Art" means all documents, information, acts, or things that qualify as prior art under 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

9.     "Alleged Prior Art" means patents identified in Defendants' Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction [Doc. No. 21]:  U.S. Patent No. D883,259 (the "'259 Patent"); U.S. Patent No. D827,616 (the "'616 Patent"); U.S.

3

Patent No. D863,265 (the "'265 Patent"); U.S. Patent No. D817,305 (the "'305 Patent"); and the YouTube.com videos referenced in Defendant's Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction (Dkt. 21, p. 10; Exhibit 4) (collectively, "Alleged Prior Art").

10.     "Infringing Product No. 1" means the earbuds sold by Defendants and identified as Exhibit 1 to Plaintiff's Complaint.

11.     "Infringing Product No. 2" means the earbuds sold by Defendants and identified as Exhibit 2 to Plaintiff's Complaint.

12.     "Infringing Products" means the collective reference to Infringing Product No. 1 and Infringing Product No. 2.

13.     "E-Commerce Store" or "E-Commerce Stores" means any individual, entity, business or organization which allows companies and individuals to buy and sell goods and services over the internet.

14.     "Seller Aliases" means the names identified in Schedule A to Plaintiff's Complaint showing the e-commerce store URLs used by Defendants for their interactive E-Commerce Stores.

15.     "Person" means any natural person or any legal entity, including, but not limited to, any business or governmental entity, organization, or association.

16.     "Relate" or "Relating to" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

17.     "Communication" "Communications" or "Correspondence" means the transmission of information in any form, between two or more persons, whether orally, in writing, or by any other means. Communication is any oral, written, or electronic transmission of information, including, but not limited to, meetings, discussions, conversations, telephone

4

calls, memoranda, letters, emails, text messages, conferences, seminars, or any other exchange of information.

18.     "Complaint" means the Complaint filed on or about July 29, 2021, in *Gao v. Partnerships and Unincorporated Associations Identified on Schedule "A",* Case No. 1:21-cv-04055.

19.     The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of the request.

20.     The terms "all," "any," or "each" encompass any and all of the matter discussed.

21.     "Including" means including, but not limited to.

22.     The use of singular form includes plural and vice versa.

23.     The use of present tense includes past tense and vice versa.

24.     These requests call for the production of all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint ventures, brokers, accountants, financial advisors, representatives, and agents or other persons acting on your behalf, without regard to the physical location of those documents.

25.     In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents, or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each document. If your response is that documents are not under your control, identify who has the control and the location of the documents.

26.     If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

(a)     identifying the document;

5

(b)     describing where the document is now;

(c)     identifying who has control of the document;

(d)     describing how the document became lost or destroyed or was transferred; and

(e)     identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

27.     Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

28.     If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege, work product, or other business confidentiality or trade secret protection, set out separately for each document:

(a)     the ground of privilege or protection claimed;

(b)     each and every basis under which the document is withheld;

(c)     the type of document;

(d)     its general subject matter;

(e)     the document's date; and

(f)     other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by FRCP 26(b)(5).

29.     To the extent you assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED" and include the basis for the

redaction on the document in an appropriate location that does not obscure the remaining text.

30.     If there are no documents in response to any particular request, you shall state so in writing.

31.     These Requests are continuing in nature. See, Fed. R. Civ. P. 26(e). With respect to any of the following Requests or portions that Defendant, after answering, acquires additional knowledge or information, Defendant must serve upon Plaintiff amended or supplemental responses.

32.     Pursuant to the Federal Rules of Civil Procedure and case law, Defendant must preserve, or cause to be preserved, all records, documents, and Electronically Stored Information (including, but not limited to, computer data) related to this litigation.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**DOCUMENT REQUEST NO. 1:** All Documents and Communications identified in Defendants' initial disclosures under Federal Rule of Civil Procedure 26(a) or used, relied on, or considered by Defendants in drafting their initial disclosures.

**RESPONSE:**


**DOCUMENT REQUEST NO. 2:** All Documents and Communications identified by Defendant in Defendants' Answer to the Complaint or used, relied on, or considered by Defendant in drafting its Answer to the Complaint.

**RESPONSE:**


**DOCUMENT REQUEST NO. 3:** All Documents and Communications received by Defendants in response to any subpoenas propounded by Defendant or Defendants in this case.

7

**RESPONSE:**

**DOCUMENT REQUEST NO. 4:** All Documents and Communications that were identified, reviewed, consulted in answering, or that pertain in any way to any of Defendant's responses to these Requests or Plaintiff's First Set of Interrogatories to Defendant F SPORT SHOP.

**RESPONSE:**

**DOCUMENT REQUEST NO. 5:** All Documents and Communications that were identified, reviewed, consulted in answering, or that pertain in any way to Defendant's responses to Plaintiff's First Set of Request for Admissions to Defendant F SPORT SHOP.

**RESPONSE:**

**DOCUMENT REQUEST NO. 6:** All Documents and Communications that support, refute, or otherwise relate to the Affirmative Defenses alleged in Defendants' Answer to Complaint.

**RESPONSE:**

**DOCUMENT REQUEST NO.7:** All Documents and Communications Relating to Defendant's electronic data and document retention policies.

**RESPONSES:**

**DOCUMENT REQUEST NO. 8:** All Documents and Communications Relating to the subject matter or outcome of this lawsuit, including agreements reflecting any financial or other interest in the lawsuit's outcome or any person's obligation to indemnify.

**RESPONSE:**

PLAINTIFF FENG GAO'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT F SPORT SHOP
CASE NO. 1:21-cv-04055

**DOCUMENT REQUEST NO. 9:** For each person Defendant intends to use as an expert witness: (a) a resume or curriculum vitae sufficient to describe that person's complete education, experience, and training; (b) all publications, articles, books, and papers authored, co-authored, edited, or otherwise generated by that person; (c) all transcripts of any trial, deposition, or other testimony of that person in any other proceeding relating to earbuds; (d) all documents provided to that person in connection with this lawsuit; and (e) all documents relied on by that person in forming any opinions that have been or may be offered in this lawsuit.

**RESPONSE:**

**DOCUMENT REQUEST NO. 10:** All Documents and Communications, in the possession, custody or control of Defendant, Relating to any civil action, International Trade Commission proceeding, arbitration, or US Patent and Trademark Office proceeding, Relating to the "Xie Patent" including, but not limited to, pleadings, affidavits, declarations, reports, discovery requests or responses, orders, deposition or hearing transcripts, motions, briefs, letters, emails, or subpoenas.

**RESPONSE:**

**DOCUMENT REQUEST NO. 11:** All Documents and Communications Relating to Plaintiff's Patents or any Related Patent, in Defendant's possession, custody or control.

**RESPONSE:**

**DOCUMENT REQUEST NO. 12:** All Documents and Communications regarding any actual or potential litigation Relating to Plaintiff's Patents or any Related Patent,

including any minutes, notes, presentations, or other documents from any Board of Directors or other internal meetings.

**RESPONSE:**

**DOCUMENT REQUEST NO. 13:** All Documents and Communications Relating to any opinions of counsel regarding Plaintiff's Patents or any Related Patent, including opinions relating to infringement, validity, enforceability, scope, or ownership.

**RESPONSE:**

**DOCUMENT REQUEST NO. 14:** All Documents and Communications with any third party regarding Prior Art collected, identified, or considered in relation to Plaintiff's Patents or any Related Patent, including existing English translations of any foreign patent or publication.

**RESPONSE:**

**DOCUMENT REQUEST NO. 15:** All Documents and Communications in Defendant's possession, custody or control, that concern the obviousness or non-obviousness of the subject matter claimed in Plaintiff's Patents.

**RESPONSE:**

**DOCUMENT REQUEST NO. 16:** All Documents and Communications, in Defendant's possession, custody or control, concerning any infringement or potential infringement of the Infringing Products on Plaintiff's Patents.

**RESPONSE:**

10

**DOCUMENT REQUEST NO. 17:** All Documents and Communications Relating to the alleged unenforceability of Plaintiff's Patents, including Documents concerning improper withholding, omission, or misrepresentation during prosecution before the U.S. Patent and Trademark Office.

**RESPONSE:**

**DOCUMENT REQUEST NO. 18:** All Documents and Communications with any third party Relating to Plaintiff's Patents, this lawsuit, or any claim, defense, or remedy in this lawsuit.

**RESPONSE:**

**DOCUMENT REQUEST NO. 19:** All Documents and Communications Relating to Defendant's first awareness of the Plaintiff's Patents.

**RESPONSE:**

**DOCUMENT REQUEST NO. 20:** All Documents and Communications, in Defendant's possession, custody or control, Relating to any attempts to design around or modify the Infringing Products to avoid infringement of Plaintiff's Patents.

**RESPONSE:**

**DOCUMENT REQUEST NO. 21:** All Documents and Communications Relating to any claim by Defendant that it has any right, title, or interest in Plaintiff's Patents, or any express or implied license to any subject matter claimed in Plaintiff's Patents.

**RESPONSE:**

11

**DOCUMENT REQUEST NO. 22:** All Documents and Communications Relating to the level of technical knowledge, schooling, experience, and expertise of a person having ordinary skill in the art of the subject matter claimed in Plaintiff's Patents.

**RESPONSE:**


**DOCUMENT REQUEST NO. 23:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the design, development, functionality, or testing of the Infringing Products, including specifications, requirement documents, schematics, manuals, drawings, guides and instructions.

**RESPONSE:**


**DOCUMENT REQUEST NO. 24:** Two samples of each Infringing Product including any packaging, instructions, guides, or labels for each product.

**RESPONSE:**


**DOCUMENT REQUEST NO. 25:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the first disclosure, first use, first offer for sale, first sale, first importation, first demonstration, and first test of the Infringing Products.

**RESPONSE:**


**DOCUMENT REQUEST NO. 26:** Organizational charts sufficient to show the names, positions, titles, duties, and reporting relationships of all officers, employees, and other

12

personnel involved in the design, development, operation, manufacture, testing, marketing, or sale of the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 27:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the decision to develop the Infringing Products, including documents relating to the potential market for each product, potential competitors, and third-party patent rights.

**RESPONSE:**

**DOCUMENT REQUEST NO. 28:** All Documents and Communications, in Defendant'' possession, custody or Control, Relating to the manufacture of the Infringing Products, including product drawings, schematics, manuals, and test protocols.

**RESPONSE:**

**DOCUMENT REQUEST NO. 29:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the quantity of the Infringing Products manufactured, in whole or in part, in the United States from 2016 through the Present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 30:** All Documents and Communications, in Defendant's possession, custody or control, the quantity of the Infringing Products imported into the United States by Defendant, or on behalf of the Defendant.

**RESPONSE:**

13

**DOCUMENT REQUEST NO. 31:** All contracts and agreements between Defendant and any third party concerning the sale, assignment, transfer, or use of the product or design claimed in the "Xie Patent".

**RESPONSE:**

**DOCUMENT REQUEST NO. 32:** All contracts and agreements between Defendant and any Third party, or other persons, Relating to the manufacture, testing, sale, development, or marketing of any of the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 33:** All Documents and Communications Relating to the first disclosure, first use, first offer for sale, first sale, first importation, first demonstration, and first test of the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 34:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the advertising or promotion of the Infringing Products, including any advertisements or advertising campaigns, advertising budgets and expenditures, brochures, pamphlets, catalogs, or price lists.

**RESPONSE:**

**DOCUMENT REQUEST NO. 35:** All Documents and Communications, concerning any internal code names for the Infringing Products.

**RESPONSE:**

1

2 **DOCUMENT REQUEST NO. 36:** All Documents and Communications, in Defendant's

3 possession, custody or control, Relating to the marketing of the Infringing Products including

4 any studies, reports, or analyses Relating to market share, market demand, market segments,

5 competition, consumer surveys, or revenue.

6 **RESPONSE:**

7

8

9 **DOCUMENT REQUEST NO. 37:** All Documents and Communications, in Defendant's

10 possession, custody or control, Relating to any conference, seminar, exhibition, convention,

11 or trade show at which the Infringing Products were discussed, referred to, advertised,

12 displayed, demonstrated, or shown.

13 **RESPONSE:**

14

15

16 **DOCUMENT REQUEST NO. 38:** All Documents and Communications, in Defendant's

17 possession, custody or control, Relating to any products that compete with the Infringing

18 Products, including any analyses of the strengths or weaknesses of those products compared

19 to the Infringing Products.

20 **RESPONSE:**

21

22

23 **DOCUMENT REQUEST NO. 39:** All Documents and Communications, in Defendant's

24 possession, custody or control, Relating to the price, gross revenue, terms and conditions of

25 sale, customer name, and country of sale for the Infringing Products sold by Defendant.

26 **RESPONSE:**

27

28

**DOCUMENT REQUEST NO. 40:**  All Documents and Communications, in Defendant's possession, custody or control, Relating to the profitability of the Infringing Products, including revenues, costs of sale, order contributions, product margins, gross margins, and operating profits.

**RESPONSE:**

**DOCUMENT REQUEST NO. 41:** All Documents and Communications Relating to any license, settlement, or other agreement taken, offered to or by, or accepted by Defendant in relation to the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 42:**  All Documents and Communications, in Defendant's possession, custody or control, Relating to Defendant's registration to become an Amazon Seller on Amazon.com.

**RESPONSE:**

**DOCUMENT REQUEST NO. 43**: All Documents and Communications between Defendant and Amazon.com, or any of its affiliates, Relating to Defendant's sale of the Infringing Products on Amazon.com.

**DOCUMENT REQUEST NO. 44**: All Documents and Communications between Defendant and any E-Commerce Store, Relating to Defendant's sale of the Infringing Products.

16

**RESPONSE:**


**REQUEST NO. 45:** All Documents and Communications, in Defendant's possession, custody or control, which supports, refutes, contradicts, or forms the basis of Defendant's Affirmative Defenses in Defendants' Answer to Plaintiff's Complaint.

**RESPONSE:**


**REQUEST NO. 46:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the sale and/or distribution of the Infringing Products.

**RESPONSE:**



DATED this 29th day of April 2022.

                                        **Bayramoglu Law Offices, LLC**


                                        _/s/ Melika T. Harris_____
                                        **Melika T. Harris**
                                        1540 West Warm Springs Road, Suite 100
                                        Henderson, NV 89014
                                        T: (702) 462-5973
                                        F: (702) 553-3404
                                        melika@bayramoglu-legal.com
                                        _Attorneys for Plaintiff_

17

PLAINTIFF FENG GAO'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT F SPORT SHOP
CASE NO. 1:21-cv-04055

**CERTIFICATE OF SERVICE**

The undersigned certifies that on April 29, 2022, I served a true and correct copy of

**Plaintiff's First Request for Production of Documents To F SPORT SHOP** via e-mail to

counsel for Defendants:

ADAM URBANCZYK
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
Telephone: (312)715-7312
Facsimile: (312)646-2501
adamu@au-llc.com

SHENGMAO MU
Whitewood Law PLLC
57 West, 57th Street,
3rd and 4th Floors,
New York, NY, 10019
Telephone (917)-858-8018
Facsimile (917)- 591-0618
mousamuel@whitewoodlaw.com

*/s/ Melika T. Harris*
Melika T. Harris

PLAINTIFF FENG GAO'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT F SPORT SHOP
CASE NO. 1:21-cv-04055

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FENG GAO, An individual residing in the People's Republic of China. | Case No.  21-cv-4055 |
| **Plaintiff,** | Judge Robert M. Dow, Jr. |
| vs. | |
| THE PARTERNSHIPS and UNICORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," | |
| **Defendants.** | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO FXZ SHOP**

PROPOUNDING PARTY:  Plaintiff Feng Gao

RESPONDING PARTY:     FXZ SHOP

SET NUMBER:              One

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff FENG GAO, (hereinafter "Plaintiff"), hereby requests that Defendant FXZ SHOP in the above-captioned lawsuit produce the materials identified in the Requests for Production, below. Defendant FXZ SHOP must produce the requested materials within thirty (30) days after service of these Requests for Production. Defendant FXZ SHOP is required to respond individually and separately to every Request by producing the requested material to Bayramoglu Law Offices, LLC, 1540 West Warm Springs Road Suite 100,  Henderson,  Nevada  89014,  with  a

courtesy copy via email to Melika T. Harris at melika@bayramoglu-legal.com or a location agreed to by the parties. When responding to these Requests, please refer to the Definitions and Instructions that follow.

## **DEFINITIONS AND INSTRUCTIONS**

1.      "Document(s)" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information, that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages (IMs), calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "document" refers to any document now or at any time in Defendants' possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

2

2.      "Electronically Stored Information" or "ESI" as used herein has the same meaning as in the Federal Rules of Civil Procedure 26 and 34.

3.      "Defendant", "you" or "your" means FXZ SHOP, the defendant in the above-captioned matter and any representatives or other persons acting, or purporting to act, on FXZ SHOP's behalf.

4.      "Plaintiff" means Feng Gao, the plaintiff in the above-captioned action.

5.      "Plaintiff's Patents" means U.S. Patent Nos. D888,023 (the "'023 Patent"); D915,356 (the "'356 Patent"); and D915,357 (the "'357 Patent").

6.      "Related Patents" means all United States and foreign patents and patent applications (including all published, unpublished, pending, and abandoned applications) relating to the Plaintiff's Patents, including patents or patent applications:

(a)      from or through which the Plaintiff's Patents directly or indirectly claim priority;

(b)      that claim priority to the Plaintiff's Patents; or

(c)      otherwise identified in the Plaintiff's Patents as related to that patent.

7.      "Xie Patent" means U.S. Patent No. D914,651 (the "'651 Patent") issued on March 30, 2021.

8.      "Prior Art" means all documents, information, acts, or things that qualify as prior art under 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

9.      "Alleged Prior Art" means patents identified in Defendants' Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction [Doc. No. 21]:  U.S. Patent No. D883,259 (the "'259 Patent"); U.S. Patent No. D827,616 (the "'616 Patent"); U.S.

Patent No. D863,265 (the "'265 Patent"); U.S. Patent No. D817,305 (the "'305 Patent"); and the YouTube.com videos referenced in Defendant's Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction (Dkt. 21, p. 10; Exhibit 4) (collectively, "Alleged Prior Art").

10. "Infringing Product No. 1" means the earbuds sold by Defendants and identified as Exhibit 1 to Plaintiff's Complaint.

11. "Infringing Product No. 2" means the earbuds sold by Defendants and identified as Exhibit 2 to Plaintiff's Complaint.

12. "Infringing Products" means the collective reference to Infringing Product No. 1 and Infringing Product No. 2.

13. "E-Commerce Store" or "E-Commerce Stores" means any individual, entity, business or organization which allows companies and individuals to buy and sell goods and services over the internet.

14. "Seller Aliases" means the names identified in Schedule A to Plaintiff's Complaint showing the e-commerce store URLs used by Defendants for their interactive E-Commerce Stores.

15. "Person" means any natural person or any legal entity, including, but not limited to, any business or governmental entity, organization, or association.

16. "Relate" or "Relating to" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

17. "Communication" "Communications" or "Correspondence" means the transmission of information in any form, between two or more persons, whether orally, in writing, or by any other means. Communication is any oral, written, or electronic transmission of information, including, but not limited to, meetings, discussions, conversations, telephone

PLAINTIFF FENG GAO'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT FXZ SHOP
CASE NO. 1:21-cv-04055

calls, memoranda, letters, emails, text messages, conferences, seminars, or any other exchange of information.

18.    "Complaint" means the Complaint filed on or about July 29, 2021, in *Gao v. Partnerships and Unincorporated Associations Identified on Schedule "A",* Case No. 1:21-cv-04055.

19.    The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of the request.

20.    The terms "all," "any," or "each" encompass any and all of the matter discussed.

21.    "Including" means including, but not limited to.

22.    The use of singular form includes plural and vice versa.

23.    The use of present tense includes past tense and vice versa.

24.    These requests call for the production of all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint ventures, brokers, accountants, financial advisors, representatives, and agents or other persons acting on your behalf, without regard to the physical location of those documents.

25.    In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents, or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each document. If your response is that documents are not under your control, identify who has the control and the location of the documents.

26.    If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

(a)    identifying the document;

5

(b)     describing where the document is now;

(c)     identifying who has control of the document;

(d)     describing how the document became lost or destroyed or was transferred; and

(e)     identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

27.     Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

28.     If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege, work product, or other business confidentiality or trade secret protection, set out separately for each document:

(a)     the ground of privilege or protection claimed;

(b)     each and every basis under which the document is withheld;

(c)     the type of document;

(d)     its general subject matter;

(e)     the document's date; and

(f)     other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by FRCP 26(b)(5).

29.     To the extent you assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED" and include the basis for the

6

redaction on the document in an appropriate location that does not obscure the remaining text.

30.     If there are no documents in response to any particular request, you shall state so in writing.

31.     These Requests are continuing in nature. See, Fed. R. Civ. P. 26(e). With respect to any of the following Requests or portions that Defendant, after answering, acquires additional knowledge or information, Defendant must serve upon Plaintiff amended or supplemental responses.

32.     Pursuant to the Federal Rules of Civil Procedure and case law, Defendant must preserve, or cause to be preserved, all records, documents, and Electronically Stored Information (including, but not limited to, computer data) related to this litigation.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**DOCUMENT REQUEST NO. 1:** All Documents and Communications identified in Defendants' initial disclosures under Federal Rule of Civil Procedure 26(a) or used, relied on, or considered by Defendants in drafting their initial disclosures.

**RESPONSE:**


**DOCUMENT REQUEST NO. 2:** All Documents and Communications identified by Defendant in Defendants' Answer to the Complaint or used, relied on, or considered by Defendant in drafting its Answer to the Complaint.

**RESPONSE:**


**DOCUMENT REQUEST NO. 3:** All Documents and Communications received by Defendants in response to any subpoenas propounded by Defendant or Defendants in this case.

**RESPONSE:**

**DOCUMENT REQUEST NO. 4:** All Documents and Communications that were identified, reviewed, consulted in answering, or that pertain in any way to any of Defendant's responses to these Requests or Plaintiff's First Set of Interrogatories to Defendant FXZ SHOP.

**RESPONSE:**

**DOCUMENT REQUEST NO. 5:** All Documents and Communications that were identified, reviewed, consulted in answering, or that pertain in any way to Defendant's responses to Plaintiff's First Set of Request for Admissions to Defendant FXZ SHOP.

**RESPONSE:**

**DOCUMENT REQUEST NO. 6:** All Documents and Communications that support, refute, or otherwise relate to the Affirmative Defenses alleged in Defendants' Answer to Complaint.

**RESPONSE:**

**DOCUMENT REQUEST NO.7:** All Documents and Communications Relating to Defendant's electronic data and document retention policies.

**RESPONSES:**

**DOCUMENT REQUEST NO. 8:** All Documents and Communications Relating to the subject matter or outcome of this lawsuit, including agreements reflecting any financial or other interest in the lawsuit's outcome or any person's obligation to indemnify.

**RESPONSE:**

8

**DOCUMENT REQUEST NO. 9:** For each person Defendant intends to use as an expert witness: (a) a resume or curriculum vitae sufficient to describe that person's complete education, experience, and training; (b) all publications, articles, books, and papers authored, co-authored, edited, or otherwise generated by that person; (c) all transcripts of any trial, deposition, or other testimony of that person in any other proceeding relating to earbuds; (d) all documents provided to that person in connection with this lawsuit; and (e) all documents relied on by that person in forming any opinions that have been or may be offered in this lawsuit.

**RESPONSE:**

**DOCUMENT REQUEST NO. 10:** All Documents and Communications, in the possession, custody or control of Defendant, Relating to any civil action, International Trade Commission proceeding, arbitration, or US Patent and Trademark Office proceeding, Relating to the "Xie Patent" including, but not limited to, pleadings, affidavits, declarations, reports, discovery requests or responses, orders, deposition or hearing transcripts, motions, briefs, letters, emails, or subpoenas.

**RESPONSE:**

**DOCUMENT REQUEST NO. 11:** All Documents and Communications Relating to Plaintiff's Patents or any Related Patent, in Defendant's possession, custody or control.

**RESPONSE:**

**DOCUMENT REQUEST NO. 12:** All Documents and Communications regarding any actual or potential litigation Relating to Plaintiff's Patents or any Related Patent,

including any minutes, notes, presentations, or other documents from any Board of Directors or other internal meetings.

**RESPONSE:**

**DOCUMENT REQUEST NO. 13:** All Documents and Communications Relating to any opinions of counsel regarding Plaintiff's Patents or any Related Patent, including opinions relating to infringement, validity, enforceability, scope, or ownership.

**RESPONSE:**

**DOCUMENT REQUEST NO. 14:** All Documents and Communications with any third party regarding Prior Art collected, identified, or considered in relation to Plaintiff's Patents or any Related Patent, including existing English translations of any foreign patent or publication.

**RESPONSE:**

**DOCUMENT REQUEST NO. 15:** All Documents and Communications in Defendant's possession, custody or control, that concern the obviousness or non-obviousness of the subject matter claimed in Plaintiff's Patents.

**RESPONSE:**

**DOCUMENT REQUEST NO. 16:** All Documents and Communications, in Defendant's possession, custody or control, concerning any infringement or potential infringement of the Infringing Products on Plaintiff's Patents.

**RESPONSE:**

10

**DOCUMENT REQUEST NO. 17:** All Documents and Communications Relating to the alleged unenforceability of Plaintiff's Patents, including Documents concerning improper withholding, omission, or misrepresentation during prosecution before the U.S. Patent and Trademark Office.

**RESPONSE:**

**DOCUMENT REQUEST NO. 18:** All Documents and Communications with any third party Relating to Plaintiff's Patents, this lawsuit, or any claim, defense, or remedy in this lawsuit.

**RESPONSE:**

**DOCUMENT REQUEST NO. 19:** All Documents and Communications Relating to Defendant's first awareness of the Plaintiff's Patents.

**RESPONSE:**

**DOCUMENT REQUEST NO. 20:** All Documents and Communications, in Defendant's possession, custody or control, Relating to any attempts to design around or modify the Infringing Products to avoid infringement of Plaintiff's Patents.

**RESPONSE:**

**DOCUMENT REQUEST NO. 21:** All Documents and Communications Relating to any claim by Defendant that it has any right, title, or interest in Plaintiff's Patents, or any express or implied license to any subject matter claimed in Plaintiff's Patents.

**RESPONSE:**

11

**DOCUMENT REQUEST NO. 22:** All Documents and Communications Relating to the level of technical knowledge, schooling, experience, and expertise of a person having ordinary skill in the art of the subject matter claimed in Plaintiff's Patents.

**RESPONSE:**

**DOCUMENT REQUEST NO. 23:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the design, development, functionality, or testing of the Infringing Products, including specifications, requirement documents, schematics, manuals, drawings, guides and instructions.

**RESPONSE:**

**DOCUMENT REQUEST NO. 24:** Two samples of each Infringing Product including any packaging, instructions, guides, or labels for each product.

**RESPONSE:**

**DOCUMENT REQUEST NO. 25:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the first disclosure, first use, first offer for sale, first sale, first importation, first demonstration, and first test of the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 26:** Organizational charts sufficient to show the names, positions, titles, duties, and reporting relationships of all officers, employees, and other

12

personnel involved in the design, development, operation, manufacture, testing, marketing, or sale of the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 27:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the decision to develop the Infringing Products, including documents relating to the potential market for each product, potential competitors, and third-party patent rights.

**RESPONSE:**

**DOCUMENT REQUEST NO. 28:** All Documents and Communications, in Defendant'' possession, custody or Control, Relating to the manufacture of the Infringing Products, including product drawings, schematics, manuals, and test protocols.

**RESPONSE:**

**DOCUMENT REQUEST NO. 29:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the quantity of the Infringing Products manufactured, in whole or in part, in the United States from 2016 through the Present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 30:** All Documents and Communications, in Defendant's possession, custody or control, the quantity of the Infringing Products imported into the United States by Defendant, or on behalf of the Defendant.

**RESPONSE:**

**DOCUMENT REQUEST NO. 31:**  All contracts and agreements between Defendant and any third party concerning the sale, assignment, transfer, or use of the product or design claimed in the "Xie Patent".

**RESPONSE:**

**DOCUMENT REQUEST NO. 32:**  All contracts and agreements between Defendant and any Third party, or other persons, Relating to the manufacture, testing, sale, development, or marketing of any of the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 33:**  All Documents and Communications Relating to the first disclosure, first use, first offer for sale, first sale, first importation, first demonstration, and first test of the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 34:**  All Documents and Communications, in Defendant's possession, custody or control, Relating to the advertising or promotion of the Infringing Products, including any advertisements or advertising campaigns, advertising budgets and expenditures, brochures, pamphlets, catalogs, or price lists.

**RESPONSE:**

**DOCUMENT REQUEST NO. 35:** All Documents and Communications, concerning any internal code names for the Infringing Products.

**RESPONSE:**

14

**DOCUMENT REQUEST NO. 36:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the marketing of the Infringing Products including any studies, reports, or analyses Relating to market share, market demand, market segments, competition, consumer surveys, or revenue.

**RESPONSE:**

**DOCUMENT REQUEST NO. 37:** All Documents and Communications, in Defendant's possession, custody or control, Relating to any conference, seminar, exhibition, convention, or trade show at which the Infringing Products were discussed, referred to, advertised, displayed, demonstrated, or shown.

**RESPONSE:**

**DOCUMENT REQUEST NO. 38:** All Documents and Communications, in Defendant's possession, custody or control, Relating to any products that compete with the Infringing Products, including any analyses of the strengths or weaknesses of those products compared to the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 39:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the price, gross revenue, terms and conditions of sale, customer name, and country of sale for the Infringing Products sold by Defendant.

**RESPONSE:**

**DOCUMENT REQUEST NO. 40:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the profitability of the Infringing Products, including revenues, costs of sale, order contributions, product margins, gross margins, and operating profits.

**RESPONSE:**

**DOCUMENT REQUEST NO. 41:** All Documents and Communications Relating to any license, settlement, or other agreement taken, offered to or by, or accepted by Defendant in relation to the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 42:** All Documents and Communications, in Defendant's possession, custody or control, Relating to Defendant's registration to become an Amazon Seller on Amazon.com.

**RESPONSE:**

**DOCUMENT REQUEST NO. 43**: All Documents and Communications between Defendant and Amazon.com, or any of its affiliates, Relating to Defendant's sale of the Infringing Products on Amazon.com.

**DOCUMENT REQUEST NO. 44**: All Documents and Communications between Defendant and any E-Commerce Store, Relating to Defendant's sale of the Infringing Products.

16

1    **RESPONSE:**

2

3

4    **REQUEST NO. 45:** All Documents and Communications, in Defendant's possession,

     custody or control, which supports, refutes, contradicts, or forms the basis of Defendant's

5    Affirmative Defenses in Defendants' Answer to Plaintiff's Complaint.

6

7    **RESPONSE:**

8

9

10   **REQUEST NO. 46:** All Documents and Communications, in Defendant's possession,

     custody or control, Relating to the sale and/or distribution of the Infringing Products.

11

12   **RESPONSE:**

13

14

15   DATED this 29th day of April 2022.

16

17                                          **Bayramoglu Law Offices, LLC**

18

19                                          _/s/ Melika T. Harris_
                                            **Melika T. Harris**
20                                          1540 West Warm Springs Road, Suite 100
                                            Henderson, NV 89014
21                                          T: (702) 462-5973
                                            F: (702) 553-3404
22                                          melika@bayramoglu-legal.com
                                            _Attorneys for Plaintiff_
23

24

25

26

27
                                            17
28

1

2

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 29, 2022, I served a true and correct copy of

**Plaintiff's First Request for Production of Documents To FXZ SHOP** via e-mail to counsel

for Defendants:

ADAM URBANCZYK
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
Telephone: (312)715-7312
Facsimile: (312)646-2501
adamu@au-llc.com

SHENGMAO MU
Whitewood Law PLLC
57 West, 57th Street,
3rd and 4th Floors,
New York, NY, 10019
Telephone (917)-858-8018
Facsimile (917)- 591-0618
mousamuel@whitewoodlaw.com

*/s/ Melika T. Harris*
Melika T. Harris

18

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FENG GAO, An individual residing in the
People's Republic of China.

Case No.  21-cv-4055

**Plaintiff,**

Judge Robert M. Dow, Jr.

vs.

THE PARTERNSHIPS and
UNICORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

**Defendants.**

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS TO M SPORT DIRECT

PROPOUNDING PARTY:  Plaintiff Feng Gao

RESPONDING PARTY:     M SPORT DIRECT

SET NUMBER:              One

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff FENG GAO, (hereinafter "Plaintiff"), hereby requests that Defendant M SPORT DIRECT in the above-captioned lawsuit produce the materials identified in the Requests for Production, below. Defendant M SPORT DIRECT must produce the requested materials within thirty (30) days after service of these Requests for Production. Defendant M SPORT DIRECT is required to respond individually and separately to every Request by producing the requested material to Bayramoglu Law Offices, LLC, 1540 West Warm Springs Road Suite 100, Henderson,

1

Nevada 89014, with a courtesy copy via email to Melika T. Harris at melika@bayramoglu-legal.com or a location agreed to by the parties. When responding to these Requests, please refer to the Definitions and Instructions that follow.

## DEFINITIONS AND INSTRUCTIONS

1.      "Document(s)" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information, that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages (IMs), calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "document" refers to any document now or at any time in Defendants' possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

2.    "Electronically Stored Information" or "ESI" as used herein has the same meaning as in the Federal Rules of Civil Procedure 26 and 34.

3.    "Defendant", "you" or "your" means M SPORT DIRECT, the defendant in the above-captioned matter and any representatives or other persons acting, or purporting to act, on M SPORT DIRECT's behalf.

4.    "Plaintiff" means Feng Gao, the plaintiff in the above-captioned action.

5.    "Plaintiff's Patents" means U.S. Patent Nos. D888,023 (the "'023 Patent"); D915,356 (the "'356 Patent"); and D915,357 (the "'357 Patent").

6.    "Related Patents" means all United States and foreign patents and patent applications (including all published, unpublished, pending, and abandoned applications) relating to the Plaintiff's Patents, including patents or patent applications:

(a)    from or through which the Plaintiff's Patents directly or indirectly claim priority;

(b)    that claim priority to the Plaintiff's Patents; or

(c)    otherwise identified in the Plaintiff's Patents as related to that patent.

7.    "Xie Patent" means U.S. Patent No. D914,651 (the "'651 Patent") issued on March 30, 2021.

8.    "Prior Art" means all documents, information, acts, or things that qualify as prior art under 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

9.    "Alleged Prior Art" means patents identified in Defendants' Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction [Doc. No. 21]:  U.S. Patent No. D883,259 (the "'259 Patent"); U.S. Patent No. D827,616 (the "'616 Patent"); U.S.

3

Patent No. D863,265 (the "'265 Patent"); U.S. Patent No. D817,305 (the "'305 Patent"); and the YouTube.com videos referenced in Defendant's Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction (Dkt. 21, p. 10; Exhibit 4) (collectively, "Alleged Prior Art").

10. "Infringing Product No. 1" means the earbuds sold by Defendants and identified as Exhibit 1 to Plaintiff's Complaint.

11. "Infringing Product No. 2" means the earbuds sold by Defendants and identified as Exhibit 2 to Plaintiff's Complaint.

12. "Infringing Products" means the collective reference to Infringing Product No. 1 and Infringing Product No. 2.

13. "E-Commerce Store" or "E-Commerce Stores" means any individual, entity, business or organization which allows companies and individuals to buy and sell goods and services over the internet.

14. "Seller Aliases" means the names identified in Schedule A to Plaintiff's Complaint showing the e-commerce store URLs used by Defendants for their interactive E-Commerce Stores.

15. "Person" means any natural person or any legal entity, including, but not limited to, any business or governmental entity, organization, or association.

16. "Relate" or "Relating to" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

17. "Communication" "Communications" or "Correspondence" means the transmission of information in any form, between two or more persons, whether orally, in writing, or by any other means. Communication is any oral, written, or electronic transmission of information, including, but not limited to, meetings, discussions, conversations, telephone

4

calls, memoranda, letters, emails, text messages, conferences, seminars, or any other exchange of information.

18.    "Complaint" means the Complaint filed on or about July 29, 2021, in *Gao v. Partnerships and Unincorporated Associations Identified on Schedule "A",* Case No. 1:21-cv-04055.

19.    The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of the request.

20.    The terms "all," "any," or "each" encompass any and all of the matter discussed.

21.    "Including" means including, but not limited to.

22.    The use of singular form includes plural and vice versa.

23.    The use of present tense includes past tense and vice versa.

24.    These requests call for the production of all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint ventures, brokers, accountants, financial advisors, representatives, and agents or other persons acting on your behalf, without regard to the physical location of those documents.

25.    In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents, or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each document. If your response is that documents are not under your control, identify who has the control and the location of the documents.

26.    If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

(a)    identifying the document;

5

(b)      describing where the document is now;

(c)      identifying who has control of the document;

(d)      describing how the document became lost or destroyed or was transferred; and

(e)      identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

27.      Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

28.      If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege, work product, or other business confidentiality or trade secret protection, set out separately for each document:

(a)      the ground of privilege or protection claimed;

(b)      each and every basis under which the document is withheld;

(c)      the type of document;

(d)      its general subject matter;

(e)      the document's date; and

(f)      other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by FRCP 26(b)(5).

29.      To the extent you assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED" and include the basis for the

6

PLAINTIFF FENG GAO'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT M SPORT DIRECT
CASE NO. 1:21-cv-04055

redaction on the document in an appropriate location that does not obscure the remaining text.

30.     If there are no documents in response to any particular request, you shall state so in writing.

31.     These Requests are continuing in nature. See, Fed. R. Civ. P. 26(e). With respect to any of the following Requests or portions that Defendant, after answering, acquires additional knowledge or information, Defendant must serve upon Plaintiff amended or supplemental responses.

32.     Pursuant to the Federal Rules of Civil Procedure and case law, Defendant must preserve, or cause to be preserved, all records, documents, and Electronically Stored Information (including, but not limited to, computer data) related to this litigation.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**DOCUMENT REQUEST NO. 1:** All Documents and Communications identified in Defendants' initial disclosures under Federal Rule of Civil Procedure 26(a) or used, relied on, or considered by Defendants in drafting their initial disclosures.

**RESPONSE:**


**DOCUMENT REQUEST NO. 2:** All Documents and Communications identified by Defendant in Defendants' Answer to the Complaint or used, relied on, or considered by Defendant in drafting its Answer to the Complaint.

**RESPONSE:**


**DOCUMENT REQUEST NO. 3:** All Documents and Communications received by Defendants in response to any subpoenas propounded by Defendant or Defendants in this case.

7

**RESPONSE:**

**DOCUMENT REQUEST NO. 4:** All Documents and Communications that were identified, reviewed, consulted in answering, or that pertain in any way to any of Defendant's responses to these Requests or Plaintiff's First Set of Interrogatories to Defendant M SPORT DIRECT.

**RESPONSE:**

**DOCUMENT REQUEST NO. 5:** All Documents and Communications that were identified, reviewed, consulted in answering, or that pertain in any way to Defendant's responses to Plaintiff's First Set of Request for Admissions to Defendant M SPORT DIRECT.

**RESPONSE:**

**DOCUMENT REQUEST NO. 6:** All Documents and Communications that support, refute, or otherwise relate to the Affirmative Defenses alleged in Defendants' Answer to Complaint.

**RESPONSE:**

**DOCUMENT REQUEST NO.7:** All Documents and Communications Relating to Defendant's electronic data and document retention policies.

**RESPONSES:**

**DOCUMENT REQUEST NO. 8:** All Documents and Communications Relating to the subject matter or outcome of this lawsuit, including agreements reflecting any financial or other interest in the lawsuit's outcome or any person's obligation to indemnify.

**RESPONSE:**

PLAINTIFF FENG GAO'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT M SPORT DIRECT
CASE NO. 1:21-cv-04055

**DOCUMENT REQUEST NO. 9:** For each person Defendant intends to use as an expert witness: (a) a resume or curriculum vitae sufficient to describe that person's complete education, experience, and training; (b) all publications, articles, books, and papers authored, co-authored, edited, or otherwise generated by that person; (c) all transcripts of any trial, deposition, or other testimony of that person in any other proceeding relating to earbuds; (d) all documents provided to that person in connection with this lawsuit; and (e) all documents relied on by that person in forming any opinions that have been or may be offered in this lawsuit.

**RESPONSE:**

**DOCUMENT REQUEST NO. 10:** All Documents and Communications, in the possession, custody or control of Defendant, Relating to any civil action, International Trade Commission proceeding, arbitration, or US Patent and Trademark Office proceeding, Relating to the "Xie Patent" including, but not limited to, pleadings, affidavits, declarations, reports, discovery requests or responses, orders, deposition or hearing transcripts, motions, briefs, letters, emails, or subpoenas.

**RESPONSE:**

**DOCUMENT REQUEST NO. 11:** All Documents and Communications Relating to Plaintiff's Patents or any Related Patent, in Defendant's possession, custody or control.

**RESPONSE:**

**DOCUMENT REQUEST NO. 12:** All Documents and Communications regarding any actual or potential litigation Relating to Plaintiff's Patents or any Related Patent,

including any minutes, notes, presentations, or other documents from any Board of Directors or other internal meetings.

**RESPONSE:**

**DOCUMENT REQUEST NO. 13:** All Documents and Communications Relating to any opinions of counsel regarding Plaintiff's Patents or any Related Patent, including opinions relating to infringement, validity, enforceability, scope, or ownership.

**RESPONSE:**

**DOCUMENT REQUEST NO. 14:** All Documents and Communications with any third party regarding Prior Art collected, identified, or considered in relation to Plaintiff's Patents or any Related Patent, including existing English translations of any foreign patent or publication.

**RESPONSE:**

**DOCUMENT REQUEST NO. 15:** All Documents and Communications in Defendant's possession, custody or control, that concern the obviousness or non-obviousness of the subject matter claimed in Plaintiff's Patents.

**RESPONSE:**

**DOCUMENT REQUEST NO. 16:** All Documents and Communications, in Defendant's possession, custody or control, concerning any infringement or potential infringement of the Infringing Products on Plaintiff's Patents.

**RESPONSE:**

10

**DOCUMENT REQUEST NO. 17:** All Documents and Communications Relating to the alleged unenforceability of Plaintiff's Patents, including Documents concerning improper withholding, omission, or misrepresentation during prosecution before the U.S. Patent and Trademark Office.

**RESPONSE:**

**DOCUMENT REQUEST NO. 18:** All Documents and Communications with any third party Relating to Plaintiff's Patents, this lawsuit, or any claim, defense, or remedy in this lawsuit.

**RESPONSE:**

**DOCUMENT REQUEST NO. 19:** All Documents and Communications Relating to Defendant's first awareness of the Plaintiff's Patents.

**RESPONSE:**

**DOCUMENT REQUEST NO. 20:** All Documents and Communications, in Defendant's possession, custody or control, Relating to any attempts to design around or modify the Infringing Products to avoid infringement of Plaintiff's Patents.

**RESPONSE:**

**DOCUMENT REQUEST NO. 21:** All Documents and Communications Relating to any claim by Defendant that it has any right, title, or interest in Plaintiff's Patents, or any express or implied license to any subject matter claimed in Plaintiff's Patents.

**RESPONSE:**

11

**DOCUMENT REQUEST NO. 22:** All Documents and Communications Relating to the level of technical knowledge, schooling, experience, and expertise of a person having ordinary skill in the art of the subject matter claimed in Plaintiff's Patents.

**RESPONSE:**

**DOCUMENT REQUEST NO. 23:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the design, development, functionality, or testing of the Infringing Products, including specifications, requirement documents, schematics, manuals, drawings, guides and instructions.

**RESPONSE:**

**DOCUMENT REQUEST NO. 24:** Two samples of each Infringing Product including any packaging, instructions, guides, or labels for each product.

**RESPONSE:**

**DOCUMENT REQUEST NO. 25:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the first disclosure, first use, first offer for sale, first sale, first importation, first demonstration, and first test of the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 26:** Organizational charts sufficient to show the names, positions, titles, duties, and reporting relationships of all officers, employees, and other

12

personnel involved in the design, development, operation, manufacture, testing, marketing, or sale of the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 27:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the decision to develop the Infringing Products, including documents relating to the potential market for each product, potential competitors, and third-party patent rights.

**RESPONSE:**

**DOCUMENT REQUEST NO. 28:** All Documents and Communications, in Defendant'' possession, custody or Control, Relating to the manufacture of the Infringing Products, including product drawings, schematics, manuals, and test protocols.

**RESPONSE:**

**DOCUMENT REQUEST NO. 29:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the quantity of the Infringing Products manufactured, in whole or in part, in the United States from 2016 through the Present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 30:** All Documents and Communications, in Defendant's possession, custody or control, the quantity of the Infringing Products imported into the United States by Defendant, or on behalf of the Defendant.

**RESPONSE:**

13

**DOCUMENT REQUEST NO. 31:** All contracts and agreements between Defendant and any third party concerning the sale, assignment, transfer, or use of the product or design claimed in the "Xie Patent".

**RESPONSE:**

**DOCUMENT REQUEST NO. 32:** All contracts and agreements between Defendant and any Third party, or other persons, Relating to the manufacture, testing, sale, development, or marketing of any of the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 33:** All Documents and Communications Relating to the first disclosure, first use, first offer for sale, first sale, first importation, first demonstration, and first test of the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 34:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the advertising or promotion of the Infringing Products, including any advertisements or advertising campaigns, advertising budgets and expenditures, brochures, pamphlets, catalogs, or price lists.

**RESPONSE:**

**DOCUMENT REQUEST NO. 35:** All Documents and Communications, concerning any internal code names for the Infringing Products.

**RESPONSE:**

14

**DOCUMENT REQUEST NO. 36:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the marketing of the Infringing Products including any studies, reports, or analyses Relating to market share, market demand, market segments, competition, consumer surveys, or revenue.

**RESPONSE:**


**DOCUMENT REQUEST NO. 37:** All Documents and Communications, in Defendant's possession, custody or control, Relating to any conference, seminar, exhibition, convention, or trade show at which the Infringing Products were discussed, referred to, advertised, displayed, demonstrated, or shown.

**RESPONSE:**


**DOCUMENT REQUEST NO. 38:** All Documents and Communications, in Defendant's possession, custody or control, Relating to any products that compete with the Infringing Products, including any analyses of the strengths or weaknesses of those products compared to the Infringing Products.

**RESPONSE:**


**DOCUMENT REQUEST NO. 39:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the price, gross revenue, terms and conditions of sale, customer name, and country of sale for the Infringing Products sold by Defendant.

**RESPONSE:**

**DOCUMENT REQUEST NO. 40:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the profitability of the Infringing Products, including revenues, costs of sale, order contributions, product margins, gross margins, and operating profits.

**RESPONSE:**

**DOCUMENT REQUEST NO. 41:** All Documents and Communications Relating to any license, settlement, or other agreement taken, offered to or by, or accepted by Defendant in relation to the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 42:** All Documents and Communications, in Defendant's possession, custody or control, Relating to Defendant's registration to become an Amazon Seller on Amazon.com.

**RESPONSE:**

**DOCUMENT REQUEST NO. 43**: All Documents and Communications between Defendant and Amazon.com, or any of its affiliates, Relating to Defendant's sale of the Infringing Products on Amazon.com.

**DOCUMENT REQUEST NO. 44**: All Documents and Communications between Defendant and any E-Commerce Store, Relating to Defendant's sale of the Infringing Products.

16

1    **RESPONSE:**

2

3    **REQUEST NO. 45:** All Documents and Communications, in Defendant's possession,

4    custody or control, which supports, refutes, contradicts, or forms the basis of Defendant's

5    Affirmative Defenses in Defendants' Answer to Plaintiff's Complaint.

6

7    **RESPONSE:**

8

9    **REQUEST NO. 46:** All Documents and Communications, in Defendant's possession,

10    custody or control, Relating to the sale and/or distribution of the Infringing Products.

11

12    **RESPONSE:**

13

14

15    DATED this 29th day of April 2022.

16

17                          **Bayramoglu Law Offices, LLC**

18

19                          */s/ Melika T. Harris*

20                          **Melika T. Harris**
                             1540 West Warm Springs Road, Suite 100

21                          Henderson, NV 89014
                             T: (702) 462-5973

22                          F: (702) 553-3404
                             melika@bayramoglu-legal.com

23                          *Attorneys for Plaintiff*

24

25

26

27

28                         17

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 29, 2022, I served a true and correct copy of

**Plaintiff's First Request for Production of Documents To M SPORT DIRECT** via e-mail

to counsel for Defendants:


ADAM URBANCZYK
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
Telephone: (312)715-7312
Facsimile: (312)646-2501
adamu@au-llc.com

SHENGMAO MU
Whitewood Law PLLC
57 West, 57th Street,
3rd and 4th Floors,
New York, NY, 10019
Telephone (917)-858-8018
Facsimile (917)- 591-0618
mousamuel@whitewoodlaw.com


/s/ Melika T. Harris
Melika T. Harris

18

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FENG GAO, An individual residing in the People's Republic of China. | Case No. 21-cv-4055 |
| **Plaintiff,** | Judge Robert M. Dow, Jr. |
| vs. | |
| THE PARTERNSHIPS and UNICORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," | |
| **Defendants.** | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO SPIDOC DIRECT

PROPOUNDING PARTY:  Plaintiff Feng Gao

RESPONDING PARTY:    SPIDOC DIRECT

SET NUMBER:          One

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff FENG GAO, (hereinafter "Plaintiff"), hereby requests that Defendant SPIDOC DIRECT in the above-captioned lawsuit produce the materials identified in the Requests for Production, below. Defendant SPIDOC DIRECT must produce the requested materials within thirty (30) days after service of these Requests for Production. Defendant SPIDOC DIRECT is required to respond individually and separately to every Request by producing the requested material to Bayramoglu Law Offices, LLC, 1540 West Warm Springs Road Suite 100, Henderson,

1

Nevada 89014, with a courtesy copy via email to Melika T. Harris at melika@bayramoglu-legal.com or a location agreed to by the parties. When responding to these Requests, please refer to the Definitions and Instructions that follow.

## DEFINITIONS AND INSTRUCTIONS

1.      "Document(s)" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information, that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages (IMs), calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "document" refers to any document now or at any time in Defendants' possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

2

2. "Electronically Stored Information" or "ESI" as used herein has the same meaning as in the Federal Rules of Civil Procedure 26 and 34.

3. "Defendant", "you" or "your" means SPIDOC DIRECT, the defendant in the above-captioned matter and any representatives or other persons acting, or purporting to act, on SPIDOC DIRECT's behalf.

4. "Plaintiff" means Feng Gao, the plaintiff in the above-captioned action.

5. "Plaintiff's Patents" means U.S. Patent Nos. D888,023 (the "'023 Patent"); D915,356 (the "'356 Patent"); and D915,357 (the "'357 Patent").

6. "Related Patents" means all United States and foreign patents and patent applications (including all published, unpublished, pending, and abandoned applications) relating to the Plaintiff's Patents, including patents or patent applications:

(a)   from or through which the Plaintiff's Patents directly or indirectly claim priority;

(b)   that claim priority to the Plaintiff's Patents; or

(c)   otherwise identified in the Plaintiff's Patents as related to that patent.

7. "Xie Patent" means U.S. Patent No. D914,651 (the "'651 Patent") issued on March 30, 2021.

8. "Prior Art" means all documents, information, acts, or things that qualify as prior art under 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

9. "Alleged Prior Art" means patents identified in Defendants' Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction [Doc. No. 21]:  U.S. Patent No. D883,259 (the "'259 Patent"); U.S. Patent No. D827,616 (the "'616 Patent"); U.S.

3

Patent No. D863,265 (the "'265 Patent"); U.S. Patent No. D817,305 (the "'305 Patent"); and the YouTube.com videos referenced in Defendant's Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction (Dkt. 21, p. 10; Exhibit 4) (collectively, "Alleged Prior Art").

10. "Infringing Product No. 1" means the earbuds sold by Defendants and identified as Exhibit 1 to Plaintiff's Complaint.

11. "Infringing Product No. 2" means the earbuds sold by Defendants and identified as Exhibit 2 to Plaintiff's Complaint.

12. "Infringing Products" means the collective reference to Infringing Product No. 1 and Infringing Product No. 2.

13. "E-Commerce Store" or "E-Commerce Stores" means any individual, entity, business or organization which allows companies and individuals to buy and sell goods and services over the internet.

14. "Seller Aliases" means the names identified in Schedule A to Plaintiff's Complaint showing the e-commerce store URLs used by Defendants for their interactive E-Commerce Stores.

15. "Person" means any natural person or any legal entity, including, but not limited to, any business or governmental entity, organization, or association.

16. "Relate" or "Relating to" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

17. "Communication" "Communications" or "Correspondence" means the transmission of information in any form, between two or more persons, whether orally, in writing, or by any other means. Communication is any oral, written, or electronic transmission of information, including, but not limited to, meetings, discussions, conversations, telephone

4

calls, memoranda, letters, emails, text messages, conferences, seminars, or any other exchange of information.

18.     "Complaint" means the Complaint filed on or about July 29, 2021, in *Gao v. Partnerships and Unincorporated Associations Identified on Schedule "A",* Case No. 1:21-cv-04055.

19.     The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of the request.

20.     The terms "all," "any," or "each" encompass any and all of the matter discussed.

21.     "Including" means including, but not limited to.

22.     The use of singular form includes plural and vice versa.

23.     The use of present tense includes past tense and vice versa.

24.     These requests call for the production of all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint ventures, brokers, accountants, financial advisors, representatives, and agents or other persons acting on your behalf, without regard to the physical location of those documents.

25.     In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents, or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each document. If your response is that documents are not under your control, identify who has the control and the location of the documents.

26.     If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

(a)     identifying the document;

(b)    describing where the document is now;

(c)    identifying who has control of the document;

(d)    describing how the document became lost or destroyed or was transferred; and

(e)    identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

27.    Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

28.    If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege, work product, or other business confidentiality or trade secret protection, set out separately for each document:

(a)    the ground of privilege or protection claimed;

(b)    each and every basis under which the document is withheld;

(c)    the type of document;

(d)    its general subject matter;

(e)    the document's date; and

(f)    other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by FRCP 26(b)(5).

29.    To the extent you assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED" and include the basis for the

PLAINTIFF FENG GAO'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT SPIDOC DIRECT
CASE NO. 1:21-cv-04055

redaction on the document in an appropriate location that does not obscure the remaining text.

30.     If there are no documents in response to any particular request, you shall state so in writing.

31.     These Requests are continuing in nature. See, Fed. R. Civ. P. 26(e). With respect to any of the following Requests or portions that Defendant, after answering, acquires additional knowledge or information, Defendant must serve upon Plaintiff amended or supplemental responses.

32.     Pursuant to the Federal Rules of Civil Procedure and case law, Defendant must preserve, or cause to be preserved, all records, documents, and Electronically Stored Information (including, but not limited to, computer data) related to this litigation.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**DOCUMENT REQUEST NO. 1:** All Documents and Communications identified in Defendants' initial disclosures under Federal Rule of Civil Procedure 26(a) or used, relied on, or considered by Defendants in drafting their initial disclosures.

**RESPONSE:**


**DOCUMENT REQUEST NO. 2:** All Documents and Communications identified by Defendant in Defendants' Answer to the Complaint or used, relied on, or considered by Defendant in drafting its Answer to the Complaint.

**RESPONSE:**


**DOCUMENT REQUEST NO. 3:** All Documents and Communications received by Defendants in response to any subpoenas propounded by Defendant or Defendants in this case.

7

**RESPONSE:**


**DOCUMENT REQUEST NO. 4:** All Documents and Communications that were identified, reviewed, consulted in answering, or that pertain in any way to any of Defendant's responses to these Requests or Plaintiff's First Set of Interrogatories to Defendant SPIDOC DIRECT.

**RESPONSE:**


**DOCUMENT REQUEST NO. 5:** All Documents and Communications that were identified, reviewed, consulted in answering, or that pertain in any way to Defendant's responses to Plaintiff's First Set of Request for Admissions to Defendant SPIDOC DIRECT.

**RESPONSE:**


**DOCUMENT REQUEST NO. 6:** All Documents and Communications that support, refute, or otherwise relate to the Affirmative Defenses alleged in Defendants' Answer to Complaint.

**RESPONSE:**

**DOCUMENT REQUEST NO.7:** All Documents and Communications Relating to Defendant's electronic data and document retention policies.

**RESPONSES:**


**DOCUMENT REQUEST NO. 8:** All Documents and Communications Relating to the subject matter or outcome of this lawsuit, including agreements reflecting any financial or other interest in the lawsuit's outcome or any person's obligation to indemnify.

**RESPONSE:**

**DOCUMENT REQUEST NO. 9:** For each person Defendant intends to use as an expert witness: (a) a resume or curriculum vitae sufficient to describe that person's complete education, experience, and training; (b) all publications, articles, books, and papers authored, co-authored, edited, or otherwise generated by that person; (c) all transcripts of any trial, deposition, or other testimony of that person in any other proceeding relating to earbuds; (d) all documents provided to that person in connection with this lawsuit; and (e) all documents relied on by that person in forming any opinions that have been or may be offered in this lawsuit.

**RESPONSE:**

**DOCUMENT REQUEST NO. 10:** All Documents and Communications, in the possession, custody or control of Defendant, Relating to any civil action, International Trade Commission proceeding, arbitration, or US Patent and Trademark Office proceeding, Relating to the "Xie Patent" including, but not limited to, pleadings, affidavits, declarations, reports, discovery requests or responses, orders, deposition or hearing transcripts, motions, briefs, letters, emails, or subpoenas.

**RESPONSE:**

**DOCUMENT REQUEST NO. 11:** All Documents and Communications Relating to Plaintiff's Patents or any Related Patent, in Defendant's possession, custody or control.

**RESPONSE:**

**DOCUMENT REQUEST NO. 12:** All Documents and Communications regarding any actual or potential litigation Relating to Plaintiff's Patents or any Related Patent,

including any minutes, notes, presentations, or other documents from any Board of Directors or other internal meetings.

**RESPONSE:**

**DOCUMENT REQUEST NO. 13:** All Documents and Communications Relating to any opinions of counsel regarding Plaintiff's Patents or any Related Patent, including opinions relating to infringement, validity, enforceability, scope, or ownership.

**RESPONSE:**

**DOCUMENT REQUEST NO. 14:** All Documents and Communications with any third party regarding Prior Art collected, identified, or considered in relation to Plaintiff's Patents or any Related Patent, including existing English translations of any foreign patent or publication.

**RESPONSE:**

**DOCUMENT REQUEST NO. 15:** All Documents and Communications in Defendant's possession, custody or control, that concern the obviousness or non-obviousness of the subject matter claimed in Plaintiff's Patents.

**RESPONSE:**

**DOCUMENT REQUEST NO. 16:** All Documents and Communications, in Defendant's possession, custody or control, concerning any infringement or potential infringement of the Infringing Products on Plaintiff's Patents.

**RESPONSE:**

10

**DOCUMENT REQUEST NO. 17:** All Documents and Communications Relating to the alleged unenforceability of Plaintiff's Patents, including Documents concerning improper withholding, omission, or misrepresentation during prosecution before the U.S. Patent and Trademark Office.

**RESPONSE:**

**DOCUMENT REQUEST NO. 18:** All Documents and Communications with any third party Relating to Plaintiff's Patents, this lawsuit, or any claim, defense, or remedy in this lawsuit.

**RESPONSE:**

**DOCUMENT REQUEST NO. 19:** All Documents and Communications Relating to Defendant's first awareness of the Plaintiff's Patents.

**RESPONSE:**

**DOCUMENT REQUEST NO. 20:** All Documents and Communications, in Defendant's possession, custody or control, Relating to any attempts to design around or modify the Infringing Products to avoid infringement of Plaintiff's Patents.

**RESPONSE:**

**DOCUMENT REQUEST NO. 21:** All Documents and Communications Relating to any claim by Defendant that it has any right, title, or interest in Plaintiff's Patents, or any express or implied license to any subject matter claimed in Plaintiff's Patents.

**RESPONSE:**

**DOCUMENT REQUEST NO. 22:**  All Documents and Communications Relating to the level of technical knowledge, schooling, experience, and expertise of a person having ordinary skill in the art of the subject matter claimed in Plaintiff's Patents.

**RESPONSE:**

**DOCUMENT REQUEST NO. 23:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the design, development, functionality, or testing of the Infringing Products, including specifications, requirement documents, schematics, manuals, drawings, guides and instructions.

**RESPONSE:**

**DOCUMENT REQUEST NO. 24:**  Two samples of each Infringing Product including any packaging, instructions, guides, or labels for each product.

**RESPONSE:**

**DOCUMENT REQUEST NO. 25:**  All Documents and Communications, in Defendant's possession, custody or control, Relating to the first disclosure, first use, first offer for sale, first sale, first importation, first demonstration, and first test of the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 26:**  Organizational charts sufficient to show the names, positions, titles, duties, and reporting relationships of all officers, employees, and other

12

personnel involved in the design, development, operation, manufacture, testing, marketing, or sale of the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 27:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the decision to develop the Infringing Products, including documents relating to the potential market for each product, potential competitors, and third-party patent rights.

**RESPONSE:**

**DOCUMENT REQUEST NO. 28:** All Documents and Communications, in Defendant'' possession, custody or Control, Relating to the manufacture of the Infringing Products, including product drawings, schematics, manuals, and test protocols.

**RESPONSE:**

**DOCUMENT REQUEST NO. 29:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the quantity of the Infringing Products manufactured, in whole or in part, in the United States from 2016 through the Present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 30:** All Documents and Communications, in Defendant's possession, custody or control, the quantity of the Infringing Products imported into the United States by Defendant, or on behalf of the Defendant.

**RESPONSE:**

13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DOCUMENT REQUEST NO. 31:**  All contracts and agreements between Defendant and any third party concerning the sale, assignment, transfer, or use of the product or design claimed in the "Xie Patent".

**RESPONSE:**

**DOCUMENT REQUEST NO. 32:**  All contracts and agreements between Defendant and any Third party, or other persons, Relating to the manufacture, testing, sale, development, or marketing of any of the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 33:**  All Documents and Communications Relating to the first disclosure, first use, first offer for sale, first sale, first importation, first demonstration, and first test of the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 34:**  All Documents and Communications, in Defendant's possession, custody or control, Relating to the advertising or promotion of the Infringing Products, including any advertisements or advertising campaigns, advertising budgets and expenditures, brochures, pamphlets, catalogs, or price lists.

**RESPONSE:**

**DOCUMENT REQUEST NO. 35:** All Documents and Communications, concerning any internal code names for the Infringing Products.

**RESPONSE:**

14

**DOCUMENT REQUEST NO. 36:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the marketing of the Infringing Products including any studies, reports, or analyses Relating to market share, market demand, market segments, competition, consumer surveys, or revenue.

**RESPONSE:**


**DOCUMENT REQUEST NO. 37:** All Documents and Communications, in Defendant's possession, custody or control, Relating to any conference, seminar, exhibition, convention, or trade show at which the Infringing Products were discussed, referred to, advertised, displayed, demonstrated, or shown.

**RESPONSE:**


**DOCUMENT REQUEST NO. 38:** All Documents and Communications, in Defendant's possession, custody or control, Relating to any products that compete with the Infringing Products, including any analyses of the strengths or weaknesses of those products compared to the Infringing Products.

**RESPONSE:**


**DOCUMENT REQUEST NO. 39:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the price, gross revenue, terms and conditions of sale, customer name, and country of sale for the Infringing Products sold by Defendant.

**RESPONSE:**

15

**DOCUMENT REQUEST NO. 40:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the profitability of the Infringing Products, including revenues, costs of sale, order contributions, product margins, gross margins, and operating profits.

**RESPONSE:**

**DOCUMENT REQUEST NO. 41:** All Documents and Communications Relating to any license, settlement, or other agreement taken, offered to or by, or accepted by Defendant in relation to the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 42:** All Documents and Communications, in Defendant's possession, custody or control, Relating to Defendant's registration to become an Amazon Seller on Amazon.com.

**RESPONSE:**

**DOCUMENT REQUEST NO. 43**: All Documents and Communications between Defendant and Amazon.com, or any of its affiliates, Relating to Defendant's sale of the Infringing Products on Amazon.com.

**DOCUMENT REQUEST NO. 44**: All Documents and Communications between Defendant and any E-Commerce Store, Relating to Defendant's sale of the Infringing Products.

16

1  **RESPONSE:**

2

3

4  **REQUEST NO. 45:** All Documents and Communications, in Defendant's possession,

custody or control, which supports, refutes, contradicts, or forms the basis of Defendant's

5  Affirmative Defenses in Defendants' Answer to Plaintiff's Complaint.

6

7  **RESPONSE:**

8

9  **REQUEST NO. 46:** All Documents and Communications, in Defendant's possession,

10 custody or control, Relating to the sale and/or distribution of the Infringing Products.

11

12 **RESPONSE:**

13

14

15 DATED this 29th day of April 2022.

16

17                              **Bayramoglu Law Offices, LLC**

18

19                              _/s/ Melika T. Harris_____
                                **Melika T. Harris**
20                              1540 West Warm Springs Road, Suite 100
                                Henderson, NV 89014
21                              T: (702) 462-5973
                                F: (702) 553-3404
22                              melika@bayramoglu-legal.com
23                              _Attorneys for Plaintiff_

24

25

26

27

28

17

PLAINTIFF FENG GAO'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT SPIDOC DIRECT
CASE NO. 1:21-cv-04055

1

2

## <u>CERTIFICATE OF SERVICE</u>

3

The undersigned certifies that on April 29, 2022, I served a true and correct copy of

4

**Plaintiff's First Request for Production of Documents To SPIDOC DIRECT** via e-mail to

5

counsel for Defendants:

6

7

8

ADAM URBANCZYK
AU LLC

9

564 W. Randolph St. 2nd Floor
Chicago, IL 60661

10

Telephone: (312)715-7312
Facsimile: (312)646-2501

11

adamu@au-llc.com

12

SHENGMAO MU

13

Whitewood Law PLLC
57 West, 57th Street,

14

3rd and 4th Floors,

15

New York, NY, 10019
Telephone (917)-858-8018

16

Facsimile (917)- 591-0618

17

mousamuel@whitewoodlaw.com

18

19

*/s/ Melika T. Harris*
Melika T. Harris

20

21

22

23

24

25

26

27

28

PLAINTIFF FENG GAO'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT SPIDOC DIRECT
CASE NO. 1:21-cv-04055

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FENG GAO, An individual residing in the People's Republic of China. | Case No.  21-cv-4055 |
| **Plaintiff,** | Judge Robert M. Dow, Jr. |
| vs. | |
| THE PARTERNSHIPS and UNICORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," | |
| **Defendants.** | |

## <u>PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO UNIQTEC USA</u>

PROPOUNDING PARTY:  Plaintiff Feng Gao

RESPONDING PARTY:     UNIQTEC USA

SET NUMBER:              One

     Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff FENG GAO, (hereinafter "Plaintiff"), hereby requests that Defendant UNIQTEC USA in the above-captioned lawsuit produce the materials identified in the Requests for Production, below. Defendant UNIQTEC USA must produce the requested materials within thirty (30) days after service of these Requests for Production. Defendant UNIQTEC USA is required to respond individually and separately to every Request by producing the requested material to Bayramoglu Law Offices, LLC, 1540 West Warm Springs Road Suite 100, Henderson,

1

Nevada 89014, with a courtesy copy via email to Melika T. Harris at melika@bayramoglu-legal.com or a location agreed to by the parties. When responding to these Requests, please refer to the Definitions and Instructions that follow.

## **DEFINITIONS AND INSTRUCTIONS**

1.      "Document(s)" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information, that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages (IMs), calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "document" refers to any document now or at any time in Defendants' possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

PLAINTIFF FENG GAO'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT UNIQTEC USA
CASE NO. 1:21-cv-04055

2.     "Electronically Stored Information" or "ESI" as used herein has the same meaning as in the Federal Rules of Civil Procedure 26 and 34.

3.     "Defendant", "you" or "your" means UNIQTEC USA, the defendant in the above-captioned matter and any representatives or other persons acting, or purporting to act, on UNIQTEC USA's behalf.

4.     "Plaintiff" means Feng Gao, the plaintiff in the above-captioned action.

5.     "Plaintiff's Patents" means U.S. Patent Nos. D888,023 (the "'023 Patent"); D915,356 (the "'356 Patent"); and D915,357 (the "'357 Patent").

6.     "Related Patents" means all United States and foreign patents and patent applications (including all published, unpublished, pending, and abandoned applications) relating to the Plaintiff's Patents, including patents or patent applications:

(a)     from or through which the Plaintiff's Patents directly or indirectly claim priority;

(b)     that claim priority to the Plaintiff's Patents; or

(c)     otherwise identified in the Plaintiff's Patents as related to that patent.

7.     "Xie Patent" means U.S. Patent No. D914,651 (the "'651 Patent") issued on March 30, 2021.

8.     "Prior Art" means all documents, information, acts, or things that qualify as prior art under 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

9.     "Alleged Prior Art" means patents identified in Defendants' Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction [Doc. No. 21]:  U.S. Patent No. D883,259 (the "'259 Patent"); U.S. Patent No. D827,616 (the "'616 Patent"); U.S.

3

Patent No. D863,265 (the "'265 Patent"); U.S. Patent No. D817,305 (the "'305 Patent"); and the YouTube.com videos referenced in Defendant's Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction (Dkt. 21, p. 10; Exhibit 4) (collectively, "Alleged Prior Art").

10. "Infringing Product No. 1" means the earbuds sold by Defendants and identified as Exhibit 1 to Plaintiff's Complaint.

11. "Infringing Product No. 2" means the earbuds sold by Defendants and identified as Exhibit 2 to Plaintiff's Complaint.

12. "Infringing Products" means the collective reference to Infringing Product No. 1 and Infringing Product No. 2.

13. "E-Commerce Store" or "E-Commerce Stores" means any individual, entity, business or organization which allows companies and individuals to buy and sell goods and services over the internet.

14. "Seller Aliases" means the names identified in Schedule A to Plaintiff's Complaint showing the e-commerce store URLs used by Defendants for their interactive E-Commerce Stores.

15. "Person" means any natural person or any legal entity, including, but not limited to, any business or governmental entity, organization, or association.

16. "Relate" or "Relating to" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

17. "Communication" "Communications" or "Correspondence" means the transmission of information in any form, between two or more persons, whether orally, in writing, or by any other means. Communication is any oral, written, or electronic transmission of information, including, but not limited to, meetings, discussions, conversations, telephone

4

calls, memoranda, letters, emails, text messages, conferences, seminars, or any other exchange of information.

18.     "Complaint" means the Complaint filed on or about July 29, 2021, in *Gao v. Partnerships and Unincorporated Associations Identified on Schedule "A",* Case No. 1:21-cv-04055.

19.     The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of the request.

20.     The terms "all," "any," or "each" encompass any and all of the matter discussed.

21.     "Including" means including, but not limited to.

22.     The use of singular form includes plural and vice versa.

23.     The use of present tense includes past tense and vice versa.

24.     These requests call for the production of all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint ventures, brokers, accountants, financial advisors, representatives, and agents or other persons acting on your behalf, without regard to the physical location of those documents.

25.     In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents, or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each document. If your response is that documents are not under your control, identify who has the control and the location of the documents.

26.     If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

(a)     identifying the document;

5

(b)      describing where the document is now;

(c)      identifying who has control of the document;

(d)      describing how the document became lost or destroyed or was transferred; and

(e)      identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

27.      Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

28.      If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege, work product, or other business confidentiality or trade secret protection, set out separately for each document:

(a)      the ground of privilege or protection claimed;

(b)      each and every basis under which the document is withheld;

(c)      the type of document;

(d)      its general subject matter;

(e)      the document's date; and

(f)      other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by FRCP 26(b)(5).

29.      To the extent you assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED" and include the basis for the

PLAINTIFF FENG GAO'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT UNIQTEC USA
CASE NO. 1:21-cv-04055

redaction on the document in an appropriate location that does not obscure the remaining text.

30. If there are no documents in response to any particular request, you shall state so in writing.

31. These Requests are continuing in nature. See, Fed. R. Civ. P. 26(e). With respect to any of the following Requests or portions that Defendant, after answering, acquires additional knowledge or information, Defendant must serve upon Plaintiff amended or supplemental responses.

32. Pursuant to the Federal Rules of Civil Procedure and case law, Defendant must preserve, or cause to be preserved, all records, documents, and Electronically Stored Information (including, but not limited to, computer data) related to this litigation.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**DOCUMENT REQUEST NO. 1:** All Documents and Communications identified in Defendants' initial disclosures under Federal Rule of Civil Procedure 26(a) or used, relied on, or considered by Defendants in drafting their initial disclosures.

**RESPONSE:**


**DOCUMENT REQUEST NO. 2:** All Documents and Communications identified by Defendant in Defendants' Answer to the Complaint or used, relied on, or considered by Defendant in drafting its Answer to the Complaint.

**RESPONSE:**


**DOCUMENT REQUEST NO. 3:** All Documents and Communications received by Defendants in response to any subpoenas propounded by Defendant or Defendants in this case.

7

**RESPONSE:**

**DOCUMENT REQUEST NO. 4:** All Documents and Communications that were identified, reviewed, consulted in answering, or that pertain in any way to any of Defendant's responses to these Requests or Plaintiff's First Set of Interrogatories to Defendant UNIQTEC USA.

**RESPONSE:**

**DOCUMENT REQUEST NO. 5:** All Documents and Communications that were identified, reviewed, consulted in answering, or that pertain in any way to Defendant's responses to Plaintiff's First Set of Request for Admissions to Defendant UNIQTEC USA.

**RESPONSE:**

**DOCUMENT REQUEST NO. 6:** All Documents and Communications that support, refute, or otherwise relate to the Affirmative Defenses alleged in Defendants' Answer to Complaint.

**RESPONSE:**

**DOCUMENT REQUEST NO.7:** All Documents and Communications Relating to Defendant's electronic data and document retention policies.

**RESPONSES:**

**DOCUMENT REQUEST NO. 8:** All Documents and Communications Relating to the subject matter or outcome of this lawsuit, including agreements reflecting any financial or other interest in the lawsuit's outcome or any person's obligation to indemnify.

**RESPONSE:**

PLAINTIFF FENG GAO'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT UNIQTEC USA
CASE NO. 1:21-cv-04055

**DOCUMENT REQUEST NO. 9:** For each person Defendant intends to use as an expert witness: (a) a resume or curriculum vitae sufficient to describe that person's complete education, experience, and training; (b) all publications, articles, books, and papers authored, co-authored, edited, or otherwise generated by that person; (c) all transcripts of any trial, deposition, or other testimony of that person in any other proceeding relating to earbuds; (d) all documents provided to that person in connection with this lawsuit; and (e) all documents relied on by that person in forming any opinions that have been or may be offered in this lawsuit.

**RESPONSE:**

**DOCUMENT REQUEST NO. 10:** All Documents and Communications, in the possession, custody or control of Defendant, Relating to any civil action, International Trade Commission proceeding, arbitration, or US Patent and Trademark Office proceeding, Relating to the "Xie Patent" including, but not limited to, pleadings, affidavits, declarations, reports, discovery requests or responses, orders, deposition or hearing transcripts, motions, briefs, letters, emails, or subpoenas.

**RESPONSE:**

**DOCUMENT REQUEST NO. 11:** All Documents and Communications Relating to Plaintiff's Patents or any Related Patent, in Defendant's possession, custody or control.

**RESPONSE:**

**DOCUMENT REQUEST NO. 12:** All Documents and Communications regarding any actual or potential litigation Relating to Plaintiff's Patents or any Related Patent,

including any minutes, notes, presentations, or other documents from any Board of Directors or other internal meetings.

**RESPONSE:**

**DOCUMENT REQUEST NO. 13:** All Documents and Communications Relating to any opinions of counsel regarding Plaintiff's Patents or any Related Patent, including opinions relating to infringement, validity, enforceability, scope, or ownership.

**RESPONSE:**

**DOCUMENT REQUEST NO. 14:** All Documents and Communications with any third party regarding Prior Art collected, identified, or considered in relation to Plaintiff's Patents or any Related Patent, including existing English translations of any foreign patent or publication.

**RESPONSE:**

**DOCUMENT REQUEST NO. 15:** All Documents and Communications in Defendant's possession, custody or control, that concern the obviousness or non-obviousness of the subject matter claimed in Plaintiff's Patents.

**RESPONSE:**

**DOCUMENT REQUEST NO. 16:** All Documents and Communications, in Defendant's possession, custody or control, concerning any infringement or potential infringement of the Infringing Products on Plaintiff's Patents.

**RESPONSE:**

10

**DOCUMENT REQUEST NO. 17:** All Documents and Communications Relating to the alleged unenforceability of Plaintiff's Patents, including Documents concerning improper withholding, omission, or misrepresentation during prosecution before the U.S. Patent and Trademark Office.

**RESPONSE:**

**DOCUMENT REQUEST NO. 18:** All Documents and Communications with any third party Relating to Plaintiff's Patents, this lawsuit, or any claim, defense, or remedy in this lawsuit.

**RESPONSE:**

**DOCUMENT REQUEST NO. 19:** All Documents and Communications Relating to Defendant's first awareness of the Plaintiff's Patents.

**RESPONSE:**

**DOCUMENT REQUEST NO. 20:** All Documents and Communications, in Defendant's possession, custody or control, Relating to any attempts to design around or modify the Infringing Products to avoid infringement of Plaintiff's Patents.

**RESPONSE:**

**DOCUMENT REQUEST NO. 21:** All Documents and Communications Relating to any claim by Defendant that it has any right, title, or interest in Plaintiff's Patents, or any express or implied license to any subject matter claimed in Plaintiff's Patents.

**RESPONSE:**

11

**DOCUMENT REQUEST NO. 22:** All Documents and Communications Relating to the level of technical knowledge, schooling, experience, and expertise of a person having ordinary skill in the art of the subject matter claimed in Plaintiff's Patents.

**RESPONSE:**

**DOCUMENT REQUEST NO. 23:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the design, development, functionality, or testing of the Infringing Products, including specifications, requirement documents, schematics, manuals, drawings, guides and instructions.

**RESPONSE:**

**DOCUMENT REQUEST NO. 24:** Two samples of each Infringing Product including any packaging, instructions, guides, or labels for each product.

**RESPONSE:**

**DOCUMENT REQUEST NO. 25:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the first disclosure, first use, first offer for sale, first sale, first importation, first demonstration, and first test of the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 26:** Organizational charts sufficient to show the names, positions, titles, duties, and reporting relationships of all officers, employees, and other

personnel involved in the design, development, operation, manufacture, testing, marketing, or sale of the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 27:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the decision to develop the Infringing Products, including documents relating to the potential market for each product, potential competitors, and third-party patent rights.

**RESPONSE:**

**DOCUMENT REQUEST NO. 28:** All Documents and Communications, in Defendant'' possession, custody or Control, Relating to the manufacture of the Infringing Products, including product drawings, schematics, manuals, and test protocols.

**RESPONSE:**

**DOCUMENT REQUEST NO. 29:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the quantity of the Infringing Products manufactured, in whole or in part, in the United States from 2016 through the Present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 30:** All Documents and Communications, in Defendant's possession, custody or control, the quantity of the Infringing Products imported into the United States by Defendant, or on behalf of the Defendant.

**RESPONSE:**

13

**DOCUMENT REQUEST NO. 31:**  All contracts and agreements between Defendant and any third party concerning the sale, assignment, transfer, or use of the product or design claimed in the "Xie Patent".

**RESPONSE:**

**DOCUMENT REQUEST NO. 32:**  All contracts and agreements between Defendant and any Third party, or other persons, Relating to the manufacture, testing, sale, development, or marketing of any of the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 33:**  All Documents and Communications Relating to the first disclosure, first use, first offer for sale, first sale, first importation, first demonstration, and first test of the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 34:**  All Documents and Communications, in Defendant's possession, custody or control, Relating to the advertising or promotion of the Infringing Products, including any advertisements or advertising campaigns, advertising budgets and expenditures, brochures, pamphlets, catalogs, or price lists.

**RESPONSE:**

**DOCUMENT REQUEST NO. 35:** All Documents and Communications, concerning any internal code names for the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 36:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the marketing of the Infringing Products including any studies, reports, or analyses Relating to market share, market demand, market segments, competition, consumer surveys, or revenue.

**RESPONSE:**

**DOCUMENT REQUEST NO. 37:** All Documents and Communications, in Defendant's possession, custody or control, Relating to any conference, seminar, exhibition, convention, or trade show at which the Infringing Products were discussed, referred to, advertised, displayed, demonstrated, or shown.

**RESPONSE:**

**DOCUMENT REQUEST NO. 38:** All Documents and Communications, in Defendant's possession, custody or control, Relating to any products that compete with the Infringing Products, including any analyses of the strengths or weaknesses of those products compared to the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 39:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the price, gross revenue, terms and conditions of sale, customer name, and country of sale for the Infringing Products sold by Defendant.

**RESPONSE:**

**DOCUMENT REQUEST NO. 40:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the profitability of the Infringing Products, including revenues, costs of sale, order contributions, product margins, gross margins, and operating profits.

**RESPONSE:**

**DOCUMENT REQUEST NO. 41:** All Documents and Communications Relating to any license, settlement, or other agreement taken, offered to or by, or accepted by Defendant in relation to the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 42:** All Documents and Communications, in Defendant's possession, custody or control, Relating to Defendant's registration to become an Amazon Seller on Amazon.com.

**RESPONSE:**

**DOCUMENT REQUEST NO. 43**: All Documents and Communications between Defendant and Amazon.com, or any of its affiliates, Relating to Defendant's sale of the Infringing Products on Amazon.com.

**DOCUMENT REQUEST NO. 44**: All Documents and Communications between Defendant and any E-Commerce Store, Relating to Defendant's sale of the Infringing Products.

PLAINTIFF FENG GAO'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT UNIQTEC USA
CASE NO. 1:21-cv-04055

1

**RESPONSE:**

2

3

4

**REQUEST NO. 45:** All Documents and Communications, in Defendant's possession, custody or control, which supports, refutes, contradicts, or forms the basis of Defendant's Affirmative Defenses in Defendants' Answer to Plaintiff's Complaint.

5

6

**RESPONSE:**

7

8

9

**REQUEST NO. 46:** All Documents and Communications, in Defendant's possession, custody or control, Relating to the sale and/or distribution of the Infringing Products.

10

11

**RESPONSE:**

12

13

14

15

DATED this 29th day of April 2022.

16

17

**Bayramoglu Law Offices, LLC**

18

19

*/s/ Melika T. Harris*
**Melika T. Harris**

20

1540 West Warm Springs Road, Suite 100
Henderson, NV 89014

21

T: (702) 462-5973

22

F: (702) 553-3404

23

melika@bayramoglu-legal.com
*Attorneys for Plaintiff*

24

25

26

27

28

17

PLAINTIFF FENG GAO'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT UNIQTEC USA
CASE NO. 1:21-cv-04055

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 29, 2022, I served a true and correct copy of

**Plaintiff's First Request for Production of Documents To UNIQTEC USA** via e-mail to

counsel for Defendants:

ADAM URBANCZYK
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
Telephone: (312)715-7312
Facsimile: (312)646-2501
adamu@au-llc.com

SHENGMAO MU
Whitewood Law PLLC
57 West, 57th Street,
3rd and 4th Floors,
New York, NY, 10019
Telephone (917)-858-8018
Facsimile (917)- 591-0618
mousamuel@whitewoodlaw.com

*/s/ Melika T. Harris*
Melika T. Harris

18

PLAINTIFF FENG GAO'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT UNIQTEC USA
CASE NO. 1:21-cv-04055