**EXHIBIT 3**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Feng Gao, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:21-cv-04055 |
| v. | ) | |
| | ) | Dist. Judge Robert M. Dow Jr. |
| The Partnerships and Unincorporated | ) | |
| Associations Identified on Schedule | ) | Mag. Judge Young B. Kim |
| "A", | ) | |
| | ) | |
| Defendants. | ) | |

## <u>Defendant's Responses to Plaintiff's First Set of Interrogatories</u>

Propounding Party:    Feng Gao ("Plaintiff")

Responding Party:    3one ("Defendant")

Set Number:    One

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant, by and through its attorneys at AU LLC, submits these Responses and Objections to Defendant's First Set of Interrogatories.

<u>**General Responses and Objections**</u>

1. Defendant has not completed its investigation of the facts related to this case, has not completed its discovery, and has not completed its preparation for trial. All the responses contained herein are based only upon information and documents which are presently known to Defendant. Further discovery and analysis may supply additional facts and/or establish new factual or legal contentions which Defendant may assert. Defendant will supplement its responses to these requests, if necessary, in accordance with the Federal Rules of Civil Procedure.

2. These responses are made solely for the purpose of and in relation to this action.

3. Defendant objects to the Interrogatories to the extent they call for the disclosure of confidential, sensitive, or proprietary information, and will produce such information only subject to an appropriate protective order.

4. Defendant objects to the Interrogatories to the extent they are unreasonably cumulative or duplicative or ask for information obtainable from some other source that is more convenient, less burdensome, or less expensive.

5. Defendant objects to the Interrogatories on the grounds that they are overly broad, are not reasonably tailored to Plaintiff's legitimate discovery needs, are not reasonably calculated to lead to the discovery of admissible evidence, and seek information beyond the scope of the issues the parties and the Court must address in connection with this case.

6. Defendant objects to the Interrogatories on the grounds of undue burden, taking into account the needs of the case, the amount in controversy and the parties' limited resources.

7. Defendant objects to definitions and instructions to the extent they seek to alter or expand upon the obligations imposed by the Federal Rules of Civil Procedure, including, without limitation, the duty to supplement responses to discovery requests set forth in Federal Rule of Civil Procedure 26(e)(1).

8. Defendant objects to the Interrogatories to the extent they, including all discrete subparts, number more than 25.

9. Each of these General Objections is hereby specifically incorporated into each of the specific responses set forth below.

**Interrogatories**

**Interrogatory 1.**     Identify each person providing information used to answer these interrogatories, indicating the specific information each person contributed to each answer.

>     **Answer.**   Yarong Chen, who has provided all responsive information.

**Interrogatory 2.**     Identify all wireless earbuds promoted, sold and/or offered for sale by Defendant, to individuals or entities within the United States, through any E-Commerce Store from 2016 through the present, and for each such earbud state: (a) The name of the E-Commerce Store through which the earbuds were sold; (b) The brand of the earbuds (e.g., M MOVONE, FIRACORE, SPIDOC, BLUMELODY) (c) The time dates the earbuds were sold and/or offered for sale; (d) The number of earbuds sold each year; (e) The Amazon Standard Identification Number (ASIN), if applicable; (f) The sale price of the earbuds; (g) The gross and net profit realized by Defendant from the sale of the earbuds.

>     **Answer.**   (a) 3one (Amazon seller ID AWFOV0VB6ER6E); (b) BLUMELODY; (c) Jan. 10, 2020 to Aug 10, 2021; (d) 2,208; (e) B098X4SYGR; (f) between $18.48 and $29.59; (g) -34324.86 RMB, -54009.9 RMB.

**Interrogatory 3.** Identify the means and/or method used to calculate the gross and net profits received by Defendant from the sale of the earbuds identified in Interrogatory No. 2.

    **Answer.** Standard accounting method / GAAP based on bookkeeping in the ordinary course of business.

**Interrogatory 4.** List all individuals or entities for which Defendant is authorized to sell earbuds through an E-Commerce Store from 2016 through the present. (For example, SpidocDirect is an authorized seller of Anker products on the Amazon platform).

    **Answer.** 3one is an authorized seller of M MOVONE, FIRACORE, SPIDOC, and BLUMELODY products on the Amazon platform

**Interrogatory 5.** Identify all names, aliases or fictious names used by Defendant to sell, or offer for sale, earbuds via an E-Commerce Store, and for each state: (a) Name, fictious name, or alias used by Defendant; (b) Time period(s) during which the name, fictious name, or alias was used; (c) The name of the e-commerce retailer where the name or alias was used.

    **Answer.** 3one.

**Interrogatory 6.** Identify all owners, members and/or managers of 3ONE. If 3ONE is a fictious business name, Identify the name of the business which owns the fictious business name, and the owners, members and/or managers of the business.

    **Answer.** Deng Huier.

**Interrogatory 7.** Identify all licensing agreements between Defendant and any third-party related to the sale of wireless earbuds from 2016 through the present.

    **Answer.** 3one was licensed by Sumin Xie to sell earbuds

**Interrogatory 8.** Identify all agreements between Defendant and Sumin Xie related to the sale of Bluetooth wireless earbuds from 2016 through the present.

    **Answer.** Defendant directs Plaintiff to D000193-000194.

**Interrogatory 9.**    Identify all individuals or entities authorized to list products for sale via an E-Commerce Store on behalf of Defendant.

> **Answer.**    Yarong Chen.

**Interrogatory 10.**    Identify all individuals who, on behalf of Defendant, are authorized to give final approval, or make decisions regarding, the products sold via an E-Commerce Store.

> **Answer.**    Yarong Chen.

**Interrogatory 11.**    Identify all agreements, from 2016 through the Present, Defendant has with any manufactures, suppliers, distributors, and/or retailers that pertain to the sale of the Infringing Products.

> **Answer.**    No written agreement exists for suppliers.  There are no distributors or sub-retailers.

**Interrogatory 12.**    If Defendant has ever communicated with any person, entity or organization about the Infringing Products, this lawsuit, Plaintiff's Patents, or patent infringement related to the sale of earbuds, Describe the Communication. For the purposes of this interrogatory, "Describe" means, for each such Communication, to provide the method of transmission (e.g. QQ.com, sellerdefense.cn, kaidianyo.com, kuajingvs.com, Amazon.com, email, etc.), the name and/or user name and address of the person, entity or organization(s) with whom Defendant communicated; the date(s) of the Communication(s); and the subject matter of the Communication(s).

> **Answer.**    No communication except with counsel

**Interrogatory 13.**    State the date and manner in which Defendant first heard of, received notice of, or required any knowledge of Plaintiff's Patents, and how Defendant learned of Plaintiff's Patents.

> **Answer.** Defendant was first was of plaintiff's patent D915,357 on April 22, 2021 via a patent infringement claim filed by plaintiff on the Amazon platform

**Interrogatory 14.** Identify all opinions, evaluations, analyses, or reverse engineering reports, whether written or oral, that Defendant has requested, received, or is aware of regarding any of Plaintiff's Patents, including, but not limited to, date, author(s), addressee(s), recipient(s), and whether it relates to infringement or non-infringement, validity or invalidity, enforceability or unenforceability, or any other affirmative defense or a valuation of any of the Patents-in-Suit.

> **Answer.** Defendant objects to this request to the extent it calls for the disclosure of information protected by attorney client privilege or attorney work product doctrine. No responsive document except with counsel.

**Interrogatory 15.** Identify and Describe all grounds that support Defendant's contention that Defendant did not willfully infringe on Plaintiff's Patents, including, but not limited to, whether Defendant will rely on any opinion of counsel, whether written or oral, to rebut Plaintiff's willful infringement contention, and the identity of each such opinion (including, but not limited to, by the date, author(s), addressee(s), recipient(s), and type).

> **Answer.** Defendant objects to this request to the extent it calls for the disclosure of information protected by attorney client privilege or attorney work product doctrine. Defendant directs Plaintiff to D000150-000173.

**Interrogatory 16.** Identify all prior art, known to Defendant, that allegedly anticipates, or renders obvious, the design claims of Plaintiff's Patents, pursuant to 35 U.S.C. § 102 and 35 U.S.C. § 103.

> **Answer.** D801,952 June 24, 2016; 2 D817,305 February 3, 2016; D827,616 October 8, 2016; D855,588 January 25, 2018; D863,265 May 14, 2019; D878,338 July 10, 2019; D888,022 September 26, 2019; D902,891 May 16, 2019.

**Interrogatory 17.** For each alleged prior art identified in response to Interrogatory No. 16, state the bases for any contention that one of ordinary skill in the art would have been motivated to combine any of the prior art to obtain the claimed invention in Plaintiff's Patents.

     **Answer.** Defendant directs Plaintiff to D000150-000173.

**Interrogatory 18.** State in detail all facts and identify all documents supporting Defendants' Affirmative Defense that Plaintiff's Patents are invalid due to numerous undisclosed similar prior arts.

     **Answer.** Defendant directs Plaintiff to D000150-000173.

**Interrogatory 19.** Identify all persons, known to Defendant, with knowledge of Defendant's sale of the Infringing Products. For each person identified, state the substance of the facts known to such person.

     **Answer.** Defendant objects to the definition of Infringing Product insofar as it assumes a product is infringing any rights. Defendant directs Plaintiff to D000195.

**Interrogatory 20.** Identify each person who has opposed, objected to, or filed a Complaint with Amazon.com regarding Defendant's sale of earbuds via an E-Commerce Store.

     **Answer.** Yarong Chen.

I verify, subject to the penalties of perjury, that the answers to the foregoing are true and correct to the best of my knowledge.

         /s/ Yarong Chen
         Yarong Chen

Dated:      June 3, 2022

         /s/Adam E. Urbanczyk
         Adam E. Urbanczyk
         AU LLC
         564 W. Randolph St. 2nd Floor
         Chicago, IL 60661
         (312) 715-7312
         (312) 646-2501 (fax)
         adamu@au-llc.com

*Counsel for Defendant 3one*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Feng Gao, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:21-cv-04055 |
| v. | ) | |
| | ) | Dist. Judge Robert M. Dow Jr. |
| The Partnerships and Unincorporated | ) | |
| Associations Identified on Schedule | ) | Mag. Judge Young B. Kim |
| "A", | ) | |
| | ) | |
| Defendants. | ) | |

## <u>Defendant's Responses to Plaintiff's First Set of Interrogatories</u>

Propounding Party:     Feng Gao ("Plaintiff")

Responding Party:       F Sport Shop ("Defendant")

Set Number:               One

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant, by and through its attorneys at AU LLC, submits these Responses and Objections to Defendant's First Set of Interrogatories.

### General Responses and Objections

1. Defendant has not completed its investigation of the facts related to this case, has not completed its discovery, and has not completed its preparation for trial. All the responses contained herein are based only upon information and documents which are presently known to Defendant. Further discovery and analysis may supply additional facts and/or establish new factual or legal contentions which Defendant may assert. Defendant will supplement its responses to these requests, if necessary, in accordance with the Federal Rules of Civil Procedure.

2. These responses are made solely for the purpose of and in relation to this action.

3. Defendant objects to the Interrogatories to the extent they call for the disclosure of confidential, sensitive, or proprietary information, and will produce such information only subject to an appropriate protective order.

4. Defendant objects to the Interrogatories to the extent they are unreasonably cumulative or duplicative or ask for information obtainable from some other source that is more convenient, less burdensome, or less expensive.

5. Defendant objects to the Interrogatories on the grounds that they are overly broad, are not reasonably tailored to Plaintiff's legitimate discovery needs, are not reasonably calculated to lead to the discovery of admissible evidence, and seek information beyond the scope of the issues the parties and the Court must address in connection with this case.

6. Defendant objects to the Interrogatories on the grounds of undue burden, taking into account the needs of the case, the amount in controversy and the parties' limited resources.

7.  Defendant objects to definitions and instructions to the extent they seek to alter or expand upon the obligations imposed by the Federal Rules of Civil Procedure, including, without limitation, the duty to supplement responses to discovery requests set forth in Federal Rule of Civil Procedure 26(e)(1).

8.  Defendant objects to the Interrogatories to the extent they, including all discrete subparts, number more than 25.

9.  Each of these General Objections is hereby specifically incorporated into each of the specific responses set forth below.

## Interrogatories

**Interrogatory 1.**      Identify each person providing information used to answer these interrogatories, indicating the specific information each person contributed to each answer.

> **Answer.**      Yarong Chen, who has provided all responsive information.

**Interrogatory 2.**      Identify all wireless earbuds promoted, sold and/or offered for sale by Defendant, to individuals or entities within the United States, through any E-Commerce Store from 2016 through the present, and for each such earbud state: (a) The name of the E-Commerce Store through which the earbuds were sold; (b) The brand of the earbuds (e.g., M MOVONE, FIRACORE, SPIDOC, BLUMELODY) (c) The time dates the earbuds were sold and/or offered for sale; (d) The number of earbuds sold each year; (e) The Amazon Standard Identification Number (ASIN), if applicable; (f) The sale price of the earbuds; (g) The gross and net profit realized by Defendant from the sale of the earbuds.

> **Answer.**      (a) F Sport Shop (Amazon seller ID A6M2RWA8ZP9TL); (b) FIRACORE;
> (c) Jan. 10, 2020 to Aug 10, 2021; (d) 12,635; (e) B08VGR8LM9; (f) between $18.48
> and $29.59; (g) 278253.66 RMB, 249906.05 RMB.

**Interrogatory 3.**     Identify the means and/or method used to calculate the gross and net profits received by Defendant from the sale of the earbuds identified in Interrogatory No. 2.

    **Answer.**     Standard accounting method / GAAP based on bookkeeping in the ordinary course of business.

**Interrogatory 4.**     List all individuals or entities for which Defendant is authorized to sell earbuds through an E-Commerce Store from 2016 through the present. (For example, SpidocDirect is an authorized seller of Anker products on the Amazon platform).

    **Answer.**     F Sport Shop is an authorized seller of M MOVONE, FIRACORE, SPIDOC, and BLUMELODY products on the Amazon platform

**Interrogatory 5.**     Identify all names, aliases or fictious names used by Defendant to sell, or offer for sale, earbuds via an E-Commerce Store, and for each state: (a) Name, fictious name, or alias used by Defendant; (b) Time period(s) during which the name, fictious name, or alias was used; (c) The name of the e-commerce retailer where the name or alias was used.

    **Answer.**     F Sport Shop.

**Interrogatory 6.**     Identify all owners, members and/or managers of F Sport Shop.  If F Sport Shop is a fictious business name, Identify the name of the business which owns the fictious business name, and the owners, members and/or managers of the business.

    **Answer.**     Huzhou zhuoyan dianzi shangwu youxiangongsi; legal representative Jiabao Lu.

**Interrogatory 7.**     Identify all licensing agreements between Defendant and any third-party related to the sale of wireless earbuds from 2016 through the present.

    **Answer.**     Defendant was licensed by Sumin Xie to sell earbuds

**Interrogatory 8.**     Identify all agreements between Defendant and Sumin Xie related to the sale of Bluetooth wireless earbuds from 2016 through the present.

**Answer.** Defendant directs Plaintiff to D000193-000194.

**Interrogatory 9.** Identify all individuals or entities authorized to list products for sale via an E-Commerce Store on behalf of Defendant.

**Answer.** Yarong Chen.

**Interrogatory 10.** Identify all individuals who, on behalf of Defendant, are authorized to give final approval, or make decisions regarding, the products sold via an E-Commerce Store.

**Answer.** Yarong Chen.

**Interrogatory 11.** Identify all agreements, from 2016 through the Present, Defendant has with any manufactures, suppliers, distributors, and/or retailers that pertain to the sale of the Infringing Products.

**Answer.** No written agreement exists for suppliers. There are no distributors or sub-retailers.

**Interrogatory 12.** If Defendant has ever communicated with any person, entity or organization about the Infringing Products, this lawsuit, Plaintiff's Patents, or patent infringement related to the sale of earbuds, Describe the Communication. For the purposes of this interrogatory, "Describe" means, for each such Communication, to provide the method of transmission (e.g. QQ.com, sellerdefense.cn, kaidianyo.com, kuajingvs.com, Amazon.com, email, etc.), the name and/or user name and address of the person, entity or organization(s) with whom Defendant communicated; the date(s) of the Communication(s); and the subject matter of the Communication(s).

**Answer.** No communication except with counsel

**Interrogatory 13.** State the date and manner in which Defendant first heard of, received notice of, or required any knowledge of Plaintiff's Patents, and how Defendant learned of Plaintiff's Patents.

**Answer.** Defendant was first was of plaintiff's patent D915,357 on April 22, 2021 via a patent infringement claim filed by plaintiff on the Amazon platform

**Interrogatory 14.** Identify all opinions, evaluations, analyses, or reverse engineering reports, whether written or oral, that Defendant has requested, received, or is aware of regarding any of Plaintiff's Patents, including, but not limited to, date, author(s), addressee(s), recipient(s), and whether it relates to infringement or non-infringement, validity or invalidity, enforceability or unenforceability, or any other affirmative defense or a valuation of any of the Patents-in-Suit.

**Answer.** Defendant objects to this request to the extent it calls for the disclosure of information protected by attorney client privilege or attorney work product doctrine. No responsive document except with counsel.

**Interrogatory 15.** Identify and Describe all grounds that support Defendant's contention that Defendant did not willfully infringe on Plaintiff's Patents, including, but not limited to, whether Defendant will rely on any opinion of counsel, whether written or oral, to rebut Plaintiff's willful infringement contention, and the identity of each such opinion (including, but not limited to, by the date, author(s), addressee(s), recipient(s), and type).

**Answer.** Defendant objects to this request to the extent it calls for the disclosure of information protected by attorney client privilege or attorney work product doctrine. Defendant directs Plaintiff to D000150-000173.

**Interrogatory 16.** Identify all prior art, known to Defendant, that allegedly anticipates, or renders obvious, the design claims of Plaintiff's Patents, pursuant to 35 U.S.C. § 102 and 35 U.S.C. § 103.

**Answer.** D801,952 June 24, 2016; 2 D817,305 February 3, 2016; D827,616 October 8, 2016; D855,588 January 25, 2018; D863,265 May 14, 2019; D878,338 July 10, 2019; D888,022 September 26, 2019; D902,891 May 16, 2019.

**Interrogatory 17.**     For each alleged prior art identified in response to Interrogatory No. 16, state the bases for any contention that one of ordinary skill in the art would have been motivated to combine any of the prior art to obtain the claimed invention in Plaintiff's Patents.

      **Answer.**     Defendant directs Plaintiff to D000150-000173.

**Interrogatory 18.**     State in detail all facts and identify all documents supporting Defendants' Affirmative Defense that Plaintiff's Patents are invalid due to numerous undisclosed similar prior arts.

      **Answer.**     Defendant directs Plaintiff to D000150-000173.

**Interrogatory 19.**     Identify all persons, known to Defendant, with knowledge of Defendant's sale of the Infringing Products. For each person identified, state the substance of the facts known to such person.

      **Answer.**     Defendant objects to the definition of Infringing Product insofar as it assumes a product is infringing any rights.  Defendant directs Plaintiff to D000195.

**Interrogatory 20.**     Identify each person who has opposed, objected to, or filed a Complaint with Amazon.com regarding Defendant's sale of earbuds via an E-Commerce Store.

      **Answer.**     Yarong Chen.

I verify, subject to the penalties of perjury, that the answers to the foregoing are true and correct to the best of my knowledge.

/s/ Yarong Chen

Yarong Chen

Dated:      June 3, 2022

/s/Adam E. Urbanczyk

Adam E. Urbanczyk

AU LLC

564 W. Randolph St. 2nd Floor

Chicago, IL 60661

(312) 715-7312

(312) 646-2501 (fax)

adamu@au-llc.com

*Counsel for Defendant F Sport Shop*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Feng Gao, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:21-cv-04055 |
| v. | ) | |
| | ) | Dist. Judge Robert M. Dow Jr. |
| The Partnerships and Unincorporated | ) | |
| Associations Identified on Schedule | ) | Mag. Judge Young B. Kim |
| "A", | ) | |
| | ) | |
| Defendants. | ) | |

## <u>Defendant's Responses to Plaintiff's First Set of Interrogatories</u>

Propounding Party:    Feng Gao ("Plaintiff")

Responding Party:    FXZ SHOP ("Defendant")

Set Number:    One

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant, by and through its attorneys at AU LLC, submits these Responses and Objections to Defendant's First Set of Interrogatories.

### General Responses and Objections

1. Defendant has not completed its investigation of the facts related to this case, has not completed its discovery, and has not completed its preparation for trial. All the responses contained herein are based only upon information and documents which are presently known to Defendant. Further discovery and analysis may supply additional facts and/or establish new factual or legal contentions which Defendant may assert. Defendant will supplement its responses to these requests, if necessary, in accordance with the Federal Rules of Civil Procedure.

2. These responses are made solely for the purpose of and in relation to this action.

3. Defendant objects to the Interrogatories to the extent they call for the disclosure of confidential, sensitive, or proprietary information, and will produce such information only subject to an appropriate protective order.

4. Defendant objects to the Interrogatories to the extent they are unreasonably cumulative or duplicative or ask for information obtainable from some other source that is more convenient, less burdensome, or less expensive.

5. Defendant objects to the Interrogatories on the grounds that they are overly broad, are not reasonably tailored to Plaintiff's legitimate discovery needs, are not reasonably calculated to lead to the discovery of admissible evidence, and seek information beyond the scope of the issues the parties and the Court must address in connection with this case.

6. Defendant objects to the Interrogatories on the grounds of undue burden, taking into account the needs of the case, the amount in controversy and the parties' limited resources.

7.   Defendant objects to definitions and instructions to the extent they seek to alter or expand upon the obligations imposed by the Federal Rules of Civil Procedure, including, without limitation, the duty to supplement responses to discovery requests set forth in Federal Rule of Civil Procedure 26(e)(1).

8.   Defendant objects to the Interrogatories to the extent they, including all discrete subparts, number more than 25.

9.   Each of these General Objections is hereby specifically incorporated into each of the specific responses set forth below.

### Interrogatories

**Interrogatory 1.**   Identify each person providing information used to answer these interrogatories, indicating the specific information each person contributed to each answer.

> **Answer.**   Yarong Chen, who has provided all responsive information.

**Interrogatory 2.**   Identify all wireless earbuds promoted, sold and/or offered for sale by Defendant, to individuals or entities within the United States, through any E-Commerce Store from 2016 through the present, and for each such earbud state: (a) The name of the E-Commerce Store through which the earbuds were sold; (b) The brand of the earbuds (e.g., M MOVONE, FIRACORE, SPIDOC, BLUMELODY) (c) The time dates the earbuds were sold and/or offered for sale; (d) The number of earbuds sold each year; (e) The Amazon Standard Identification Number (ASIN), if applicable; (f) The sale price of the earbuds; (g) The gross and net profit realized by Defendant from the sale of the earbuds.

> **Answer.**   (a) FXZ SHOP (Amazon seller ID A1FUNE3OQ86UUL); (b) M MOVONE; (c) Jan. 10, 2020 to Aug 10, 2021; (d) 2,379; (e) B08R37413G; (f) between $18.48 and $29.59; (g) 5903.49 RMB, -14273.62 RMB.

**Interrogatory 3.**     Identify the means and/or method used to calculate the gross and net profits received by Defendant from the sale of the earbuds identified in Interrogatory No. 2.

> **Answer.**     Standard accounting method / GAAP based on bookkeeping in the ordinary course of business.

**Interrogatory 4.**     List all individuals or entities for which Defendant is authorized to sell earbuds through an E-Commerce Store from 2016 through the present. (For example, SpidocDirect is an authorized seller of Anker products on the Amazon platform).

> **Answer.**     FXZ ShOP is an authorized seller of M MOVONE, FIRACORE, SPIDOC, and BLUMELODY products on the Amazon platform

**Interrogatory 5.**     Identify all names, aliases or fictious names used by Defendant to sell, or offer for sale, earbuds via an E-Commerce Store, and for each state: (a) Name, fictious name, or alias used by Defendant; (b) Time period(s) during which the name, fictious name, or alias was used; (c) The name of the e-commerce retailer where the name or alias was used.

> **Answer.**     FXZ SHOP.

**Interrogatory 6.**     Identify all owners, members and/or managers of FXZ SHOP.  If FXZ SHOP is a fictious business name, Identify the name of the business which owns the fictious business name, and the owners, members and/or managers of the business.

> **Answer.**     hefeiyannaiwangluokejiyouxiangongsi; legal representative Yonghui Yan.

**Interrogatory 7.**     Identify all licensing agreements between Defendant and any third-party related to the sale of wireless earbuds from 2016 through the present.

> **Answer.**     Defendant was licensed by Sumin Xie to sell earbuds

**Interrogatory 8.**     Identify all agreements between Defendant and Sumin Xie related to the sale of Bluetooth wireless earbuds from 2016 through the present.

> **Answer.**     Defendant directs Plaintiff to D000193-000194.

**Interrogatory 9.**     Identify all individuals or entities authorized to list products for sale via an E-Commerce Store on behalf of Defendant.

    **Answer.**     Yarong Chen.

**Interrogatory 10.**     Identify all individuals who, on behalf of Defendant, are authorized to give final approval, or make decisions regarding, the products sold via an E-Commerce Store.

    **Answer.**     Yarong Chen.

**Interrogatory 11.**     Identify all agreements, from 2016 through the Present, Defendant has with any manufactures, suppliers, distributors, and/or retailers that pertain to the sale of the Infringing Products.

    **Answer.**     No written agreement exists for suppliers.  There are no distributors or sub-retailers.

**Interrogatory 12.**     If Defendant has ever communicated with any person, entity or organization about the Infringing Products, this lawsuit, Plaintiff's Patents, or patent infringement related to the sale of earbuds, Describe the Communication. For the purposes of this interrogatory, "Describe" means, for each such Communication, to provide the method of transmission (e.g. QQ.com, sellerdefense.cn, kaidianyo.com, kuajingvs.com, Amazon.com, email, etc.), the name and/or user name and address of the person, entity or organization(s) with whom Defendant communicated; the date(s) of the Communication(s); and the subject matter of the Communication(s).

    **Answer.**     No communication except with counsel

**Interrogatory 13.**     State the date and manner in which Defendant first heard of, received notice of, or required any knowledge of Plaintiff's Patents, and how Defendant learned of Plaintiff's Patents.

> **Answer.** Defendant was first was of plaintiff's patent D915,357 on April 22, 2021 via a patent infringement claim filed by plaintiff on the Amazon platform

**Interrogatory 14.** Identify all opinions, evaluations, analyses, or reverse engineering reports, whether written or oral, that Defendant has requested, received, or is aware of regarding any of Plaintiff's Patents, including, but not limited to, date, author(s), addressee(s), recipient(s), and whether it relates to infringement or non-infringement, validity or invalidity, enforceability or unenforceability, or any other affirmative defense or a valuation of any of the Patents-in-Suit.

> **Answer.** Defendant objects to this request to the extent it calls for the disclosure of information protected by attorney client privilege or attorney work product doctrine. No responsive document except with counsel.

**Interrogatory 15.** Identify and Describe all grounds that support Defendant's contention that Defendant did not willfully infringe on Plaintiff's Patents, including, but not limited to, whether Defendant will rely on any opinion of counsel, whether written or oral, to rebut Plaintiff's willful infringement contention, and the identity of each such opinion (including, but not limited to, by the date, author(s), addressee(s), recipient(s), and type).

> **Answer.** Defendant objects to this request to the extent it calls for the disclosure of information protected by attorney client privilege or attorney work product doctrine. Defendant directs Plaintiff to D000150-000173.

**Interrogatory 16.** Identify all prior art, known to Defendant, that allegedly anticipates, or renders obvious, the design claims of Plaintiff's Patents, pursuant to 35 U.S.C. § 102 and 35 U.S.C. § 103.

> **Answer.** D801,952 June 24, 2016; 2 D817,305 February 3, 2016; D827,616 October 8, 2016; D855,588 January 25, 2018; D863,265 May 14, 2019; D878,338 July 10, 2019; D888,022 September 26, 2019; D902,891 May 16, 2019.

**Interrogatory 17.**     For each alleged prior art identified in response to Interrogatory No. 16, state the bases for any contention that one of ordinary skill in the art would have been motivated to combine any of the prior art to obtain the claimed invention in Plaintiff's Patents.

    **Answer.**     Defendant directs Plaintiff to D000150-000173.

**Interrogatory 18.**     State in detail all facts and identify all documents supporting Defendants' Affirmative Defense that Plaintiff's Patents are invalid due to numerous undisclosed similar prior arts.

    **Answer.**     Defendant directs Plaintiff to D000150-000173.

**Interrogatory 19.**     Identify all persons, known to Defendant, with knowledge of Defendant's sale of the Infringing Products. For each person identified, state the substance of the facts known to such person.

    **Answer.**     Defendant objects to the definition of Infringing Product insofar as it assumes a product is infringing any rights.  Defendant directs Plaintiff to D000195.

**Interrogatory 20.**     Identify each person who has opposed, objected to, or filed a Complaint with Amazon.com regarding Defendant's sale of earbuds via an E-Commerce Store.

    **Answer.**     Yarong Chen.

I verify, subject to the penalties of perjury, that the answers to the foregoing are true and correct to the best of my knowledge.

/s/ Yarong Chen
Yarong Chen

Dated:     June 3, 2022

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
(312) 715-7312
(312) 646-2501 (fax)
adamu@au-llc.com

*Counsel for Defendant FXZ SHOP*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Feng Gao, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:21-cv-04055 |
| v. | ) | |
| | ) | Dist. Judge Robert M. Dow Jr. |
| The Partnerships and Unincorporated | ) | |
| Associations Identified on Schedule | ) | Mag. Judge Young B. Kim |
| "A", | ) | |
| | ) | |
| Defendants. | ) | |

## <u>Defendant's Responses to Plaintiff's First Set of Interrogatories</u>

Propounding Party:     Feng Gao ("Plaintiff")

Responding Party:     M SPORT Direct ("Defendant")

Set Number:     One

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant, by and through its attorneys at AU LLC, submits these Responses and Objections to Defendant's First Set of Interrogatories.

## General Responses and Objections

1. Defendant has not completed its investigation of the facts related to this case, has not completed its discovery, and has not completed its preparation for trial. All the responses contained herein are based only upon information and documents which are presently known to Defendant. Further discovery and analysis may supply additional facts and/or establish new factual or legal contentions which Defendant may assert. Defendant will supplement its responses to these requests, if necessary, in accordance with the Federal Rules of Civil Procedure.

2. These responses are made solely for the purpose of and in relation to this action.

3. Defendant objects to the Interrogatories to the extent they call for the disclosure of confidential, sensitive, or proprietary information, and will produce such information only subject to an appropriate protective order.

4. Defendant objects to the Interrogatories to the extent they are unreasonably cumulative or duplicative or ask for information obtainable from some other source that is more convenient, less burdensome, or less expensive.

5. Defendant objects to the Interrogatories on the grounds that they are overly broad, are not reasonably tailored to Plaintiff's legitimate discovery needs, are not reasonably calculated to lead to the discovery of admissible evidence, and seek information beyond the scope of the issues the parties and the Court must address in connection with this case.

6. Defendant objects to the Interrogatories on the grounds of undue burden, taking into account the needs of the case, the amount in controversy and the parties' limited resources.

7. Defendant objects to definitions and instructions to the extent they seek to alter or expand upon the obligations imposed by the Federal Rules of Civil Procedure, including, without limitation, the duty to supplement responses to discovery requests set forth in Federal Rule of Civil Procedure 26(e)(1).

8. Defendant objects to the Interrogatories to the extent they, including all discrete subparts, number more than 25.

9. Each of these General Objections is hereby specifically incorporated into each of the specific responses set forth below.

<strong>Interrogatories</strong>

**Interrogatory 1.**     Identify each person providing information used to answer these interrogatories, indicating the specific information each person contributed to each answer.

  **Answer.** Yarong Chen, who has provided all responsive information.

**Interrogatory 2.**     Identify all wireless earbuds promoted, sold and/or offered for sale by Defendant, to individuals or entities within the United States, through any E-Commerce Store from 2016 through the present, and for each such earbud state: (a) The name of the E-Commerce Store through which the earbuds were sold; (b) The brand of the earbuds (e.g., M MOVONE, FIRACORE, SPIDOC, BLUMELODY) (c) The time dates the earbuds were sold and/or offered for sale; (d) The number of earbuds sold each year; (e) The Amazon Standard Identification Number (ASIN), if applicable; (f) The sale price of the earbuds; (g) The gross and net profit realized by Defendant from the sale of the earbuds.

  **Answer.** (a) M SPORT Direct (Amazon seller ID AL3DL8YHYDMYJ); (b) M MOVONE; (c) Jan. 10, 2020 to Aug 10, 2021; (d) 20,378; (e) B08R37413G; (f) between $18.48 and $29.59; (g) -254979.73 RMB, -277330.33 RMB.

**Interrogatory 3.**     Identify the means and/or method used to calculate the gross and net profits received by Defendant from the sale of the earbuds identified in Interrogatory No. 2.

>       **Answer.**   Standard accounting method / GAAP based on bookkeeping in the ordinary course of business.

**Interrogatory 4.**     List all individuals or entities for which Defendant is authorized to sell earbuds through an E-Commerce Store from 2016 through the present. (For example, SpidocDirect is an authorized seller of Anker products on the Amazon platform).

>       **Answer.**   M SPORT Direct is an authorized seller of M MOVONE, FIRACORE, SPIDOC, and BLUMELODY products on the Amazon platform

**Interrogatory 5.**     Identify all names, aliases or fictious names used by Defendant to sell, or offer for sale, earbuds via an E-Commerce Store, and for each state: (a) Name, fictious name, or alias used by Defendant; (b) Time period(s) during which the name, fictious name, or alias was used; (c) The name of the e-commerce retailer where the name or alias was used.

>       **Answer.**   M SPORT Direct.

**Interrogatory 6.**     Identify all owners, members and/or managers of M SPORT Direct.  If M SPORT Direct is a fictious business name, Identify the name of the business which owns the fictious business name, and the owners, members and/or managers of the business.

>       **Answer.**   Shenzhen Yihengya Technology Co Ltd; legal representative Linyang Wu.

**Interrogatory 7.**     Identify all licensing agreements between Defendant and any third-party related to the sale of wireless earbuds from 2016 through the present.

>       **Answer.**   Defendant was licensed by Sumin Xie to sell earbuds

**Interrogatory 8.**     Identify all agreements between Defendant and Sumin Xie related to the sale of Bluetooth wireless earbuds from 2016 through the present.

>       **Answer.**   Defendant directs Plaintiff to D000193-000194.

**Interrogatory 9.**     Identify all individuals or entities authorized to list products for sale via an E-Commerce Store on behalf of Defendant.

    **Answer.**     Yarong Chen.

**Interrogatory 10.**     Identify all individuals who, on behalf of Defendant, are authorized to give final approval, or make decisions regarding, the products sold via an E-Commerce Store.

    **Answer.**     Yarong Chen.

**Interrogatory 11.**     Identify all agreements, from 2016 through the Present, Defendant has with any manufactures, suppliers, distributors, and/or retailers that pertain to the sale of the Infringing Products.

    **Answer.**     No written agreement exists for suppliers.  There are no distributors or sub-retailers.

**Interrogatory 12.**     If Defendant has ever communicated with any person, entity or organization about the Infringing Products, this lawsuit, Plaintiff's Patents, or patent infringement related to the sale of earbuds, Describe the Communication. For the purposes of this interrogatory, "Describe" means, for each such Communication, to provide the method of transmission (e.g. QQ.com, sellerdefense.cn, kaidianyo.com, kuajingvs.com, Amazon.com, email, etc.), the name and/or user name and address of the person, entity or organization(s) with whom Defendant communicated; the date(s) of the Communication(s); and the subject matter of the Communication(s).

    **Answer.**     No communication except with counsel

**Interrogatory 13.**     State the date and manner in which Defendant first heard of, received notice of, or required any knowledge of Plaintiff's Patents, and how Defendant learned of Plaintiff's Patents.

> **Answer.** Defendant was first was of plaintiff's patent D915,357 on April 22, 2021 via a patent infringement claim filed by plaintiff on the Amazon platform

**Interrogatory 14.** Identify all opinions, evaluations, analyses, or reverse engineering reports, whether written or oral, that Defendant has requested, received, or is aware of regarding any of Plaintiff's Patents, including, but not limited to, date, author(s), addressee(s), recipient(s), and whether it relates to infringement or non-infringement, validity or invalidity, enforceability or unenforceability, or any other affirmative defense or a valuation of any of the Patents-in-Suit.

> **Answer.** Defendant objects to this request to the extent it calls for the disclosure of information protected by attorney client privilege or attorney work product doctrine. No responsive document except with counsel.

**Interrogatory 15.** Identify and Describe all grounds that support Defendant's contention that Defendant did not willfully infringe on Plaintiff's Patents, including, but not limited to, whether Defendant will rely on any opinion of counsel, whether written or oral, to rebut Plaintiff's willful infringement contention, and the identity of each such opinion (including, but not limited to, by the date, author(s), addressee(s), recipient(s), and type).

> **Answer.** Defendant objects to this request to the extent it calls for the disclosure of information protected by attorney client privilege or attorney work product doctrine. Defendant directs Plaintiff to D000150-000173.

**Interrogatory 16.** Identify all prior art, known to Defendant, that allegedly anticipates, or renders obvious, the design claims of Plaintiff's Patents, pursuant to 35 U.S.C. § 102 and 35 U.S.C. § 103.

> **Answer.** D801,952 June 24, 2016; 2 D817,305 February 3, 2016; D827,616 October 8, 2016; D855,588 January 25, 2018; D863,265 May 14, 2019; D878,338 July 10, 2019; D888,022 September 26, 2019; D902,891 May 16, 2019.

**Interrogatory 17.**     For each alleged prior art identified in response to Interrogatory No. 16, state the bases for any contention that one of ordinary skill in the art would have been motivated to combine any of the prior art to obtain the claimed invention in Plaintiff's Patents.

    **Answer.**     Defendant directs Plaintiff to D000150-000173.

**Interrogatory 18.**     State in detail all facts and identify all documents supporting Defendants' Affirmative Defense that Plaintiff's Patents are invalid due to numerous undisclosed similar prior arts.

    **Answer.**     Defendant directs Plaintiff to D000150-000173.

**Interrogatory 19.**     Identify all persons, known to Defendant, with knowledge of Defendant's sale of the Infringing Products. For each person identified, state the substance of the facts known to such person.

    **Answer.**     Defendant objects to the definition of Infringing Product insofar as it assumes a product is infringing any rights.  Defendant directs Plaintiff to D000195.

**Interrogatory 20.**     Identify each person who has opposed, objected to, or filed a Complaint with Amazon.com regarding Defendant's sale of earbuds via an E-Commerce Store.

    **Answer.**     Yarong Chen.

I verify, subject to the penalties of perjury, that the answers to the foregoing are true and correct to the best of my knowledge.

          /s/ Yarong Chen

          Yarong Chen

Dated:     June 3, 2022

          /s/Adam E. Urbanczyk

          Adam E. Urbanczyk

          AU LLC

          564 W. Randolph St. 2nd Floor

          Chicago, IL 60661

          (312) 715-7312

          (312) 646-2501 (fax)

          adamu@au-llc.com

*Counsel for Defendant M SPORT Direct*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Feng Gao, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:21-cv-04055 |
| v. | ) | |
| | ) | Dist. Judge Robert M. Dow Jr. |
| The Partnerships and Unincorporated | ) | |
| Associations Identified on Schedule | ) | Mag. Judge Young B. Kim |
| "A", | ) | |
| | ) | |
| Defendants. | ) | |

### <u>Defendant's Responses to Plaintiff's First Set of Interrogatories</u>

Propounding Party:     Feng Gao ("Plaintiff")

Responding Party:     Spidoc Direct ("Defendant")

Set Number:     One

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant, by and through its attorneys at AU LLC, submits these Responses and Objections to Defendant's First Set of Interrogatories.

**General Responses and Objections**

1. Defendant has not completed its investigation of the facts related to this case, has not completed its discovery, and has not completed its preparation for trial. All the responses contained herein are based only upon information and documents which are presently known to Defendant. Further discovery and analysis may supply additional facts and/or establish new factual or legal contentions which Defendant may assert. Defendant will supplement its responses to these requests, if necessary, in accordance with the Federal Rules of Civil Procedure.

2. These responses are made solely for the purpose of and in relation to this action.

3. Defendant objects to the Interrogatories to the extent they call for the disclosure of confidential, sensitive, or proprietary information, and will produce such information only subject to an appropriate protective order.

4. Defendant objects to the Interrogatories to the extent they are unreasonably cumulative or duplicative or ask for information obtainable from some other source that is more convenient, less burdensome, or less expensive.

5. Defendant objects to the Interrogatories on the grounds that they are overly broad, are not reasonably tailored to Plaintiff's legitimate discovery needs, are not reasonably calculated to lead to the discovery of admissible evidence, and seek information beyond the scope of the issues the parties and the Court must address in connection with this case.

6. Defendant objects to the Interrogatories on the grounds of undue burden, taking into account the needs of the case, the amount in controversy and the parties' limited resources.

7. Defendant objects to definitions and instructions to the extent they seek to alter or expand upon the obligations imposed by the Federal Rules of Civil Procedure, including, without limitation, the duty to supplement responses to discovery requests set forth in Federal Rule of Civil Procedure 26(e)(1).

8. Defendant objects to the Interrogatories to the extent they, including all discrete subparts, number more than 25.

9. Each of these General Objections is hereby specifically incorporated into each of the specific responses set forth below.

**Interrogatories**

**Interrogatory 1.**     Identify each person providing information used to answer these interrogatories, indicating the specific information each person contributed to each answer.

      **Answer.**   Yarong Chen, who has provided all responsive information.

**Interrogatory 2.**     Identify all wireless earbuds promoted, sold and/or offered for sale by Defendant, to individuals or entities within the United States, through any E-Commerce Store from 2016 through the present, and for each such earbud state: (a) The name of the E-Commerce Store through which the earbuds were sold; (b) The brand of the earbuds (e.g., M MOVONE, FIRACORE, SPIDOC, BLUMELODY) (c) The time dates the earbuds were sold and/or offered for sale; (d) The number of earbuds sold each year; (e) The Amazon Standard Identification Number (ASIN), if applicable; (f) The sale price of the earbuds; (g) The gross and net profit realized by Defendant from the sale of the earbuds.

      **Answer.**   (a) Spidoc Direct (Amazon seller ID A1GNTVBJ9OOEOK); (b) SPIDOC; (c) Jan. 10, 2020 to Aug 10, 2021; (d) 53,142; (e) B083QFMD67; (f) between $18.48 and $29.59; (g) 933319.66 RMB, 805320.07 RMB.

**Interrogatory 3.**     Identify the means and/or method used to calculate the gross and net profits received by Defendant from the sale of the earbuds identified in Interrogatory No. 2.

> **Answer.**     Standard accounting method / GAAP based on bookkeeping in the ordinary course of business.

**Interrogatory 4.**     List all individuals or entities for which Defendant is authorized to sell earbuds through an E-Commerce Store from 2016 through the present. (For example, SpidocDirect is an authorized seller of Anker products on the Amazon platform).

> **Answer.**     Spidoc Direct is an authorized seller of M MOVONE, FIRACORE, SPIDOC, and BLUMELODY products on the Amazon platform

**Interrogatory 5.**     Identify all names, aliases or fictious names used by Defendant to sell, or offer for sale, earbuds via an E-Commerce Store, and for each state: (a) Name, fictious name, or alias used by Defendant; (b) Time period(s) during which the name, fictious name, or alias was used; (c) The name of the e-commerce retailer where the name or alias was used.

> **Answer.**     Spidoc Direct.

**Interrogatory 6.**     Identify all owners, members and/or managers of Spidoc Direct.  If Spidoc Direct is a fictious business name, Identify the name of the business which owns the fictious business name, and the owners, members and/or managers of the business.

> **Answer.**     xiamenhaibaluyoutingguanliyouxiangongsi; legal representative Junwei Song.

**Interrogatory 7.**     Identify all licensing agreements between Defendant and any third-party related to the sale of wireless earbuds from 2016 through the present.

> **Answer.**     Defendant was licensed by Sumin Xie to sell earbuds

**Interrogatory 8.**     Identify all agreements between Defendant and Sumin Xie related to the sale of Bluetooth wireless earbuds from 2016 through the present.

> **Answer.**     Defendant directs Plaintiff to D000193-000194.

**Interrogatory 9.** Identify all individuals or entities authorized to list products for sale via an E-Commerce Store on behalf of Defendant.

    **Answer.** Yarong Chen.

**Interrogatory 10.** Identify all individuals who, on behalf of Defendant, are authorized to give final approval, or make decisions regarding, the products sold via an E-Commerce Store.

    **Answer.** Yarong Chen.

**Interrogatory 11.** Identify all agreements, from 2016 through the Present, Defendant has with any manufactures, suppliers, distributors, and/or retailers that pertain to the sale of the Infringing Products.

    **Answer.** No written agreement exists for suppliers. There are no distributors or sub-retailers.

**Interrogatory 12.** If Defendant has ever communicated with any person, entity or organization about the Infringing Products, this lawsuit, Plaintiff's Patents, or patent infringement related to the sale of earbuds, Describe the Communication. For the purposes of this interrogatory, "Describe" means, for each such Communication, to provide the method of transmission (e.g. QQ.com, sellerdefense.cn, kaidianyo.com, kuajingvs.com, Amazon.com, email, etc.), the name and/or user name and address of the person, entity or organization(s) with whom Defendant communicated; the date(s) of the Communication(s); and the subject matter of the Communication(s).

    **Answer.** No communication except with counsel

**Interrogatory 13.** State the date and manner in which Defendant first heard of, received notice of, or required any knowledge of Plaintiff's Patents, and how Defendant learned of Plaintiff's Patents.

> **Answer.** Defendant was first was of plaintiff's patent D915,357 on April 22, 2021 via a patent infringement claim filed by plaintiff on the Amazon platform

**Interrogatory 14.** Identify all opinions, evaluations, analyses, or reverse engineering reports, whether written or oral, that Defendant has requested, received, or is aware of regarding any of Plaintiff's Patents, including, but not limited to, date, author(s), addressee(s), recipient(s), and whether it relates to infringement or non-infringement, validity or invalidity, enforceability or unenforceability, or any other affirmative defense or a valuation of any of the Patents-in-Suit.

> **Answer.** Defendant objects to this request to the extent it calls for the disclosure of information protected by attorney client privilege or attorney work product doctrine. No responsive document except with counsel.

**Interrogatory 15.** Identify and Describe all grounds that support Defendant's contention that Defendant did not willfully infringe on Plaintiff's Patents, including, but not limited to, whether Defendant will rely on any opinion of counsel, whether written or oral, to rebut Plaintiff's willful infringement contention, and the identity of each such opinion (including, but not limited to, by the date, author(s), addressee(s), recipient(s), and type).

> **Answer.** Defendant objects to this request to the extent it calls for the disclosure of information protected by attorney client privilege or attorney work product doctrine. Defendant directs Plaintiff to D000150-000173.

**Interrogatory 16.** Identify all prior art, known to Defendant, that allegedly anticipates, or renders obvious, the design claims of Plaintiff's Patents, pursuant to 35 U.S.C. § 102 and 35 U.S.C. § 103.

> **Answer.** D801,952 June 24, 2016; 2 D817,305 February 3, 2016; D827,616 October 8, 2016; D855,588 January 25, 2018; D863,265 May 14, 2019; D878,338 July 10, 2019; D888,022 September 26, 2019; D902,891 May 16, 2019.

**Interrogatory 17.**    For each alleged prior art identified in response to Interrogatory No. 16, state the bases for any contention that one of ordinary skill in the art would have been motivated to combine any of the prior art to obtain the claimed invention in Plaintiff's Patents.

      **Answer.**    Defendant directs Plaintiff to D000150-000173.

**Interrogatory 18.**    State in detail all facts and identify all documents supporting Defendants' Affirmative Defense that Plaintiff's Patents are invalid due to numerous undisclosed similar prior arts.

      **Answer.**    Defendant directs Plaintiff to D000150-000173.

**Interrogatory 19.**    Identify all persons, known to Defendant, with knowledge of Defendant's sale of the Infringing Products. For each person identified, state the substance of the facts known to such person.

      **Answer.**    Defendant objects to the definition of Infringing Product insofar as it assumes a product is infringing any rights. Defendant directs Plaintiff to D000195.

**Interrogatory 20.**    Identify each person who has opposed, objected to, or filed a Complaint with Amazon.com regarding Defendant's sale of earbuds via an E-Commerce Store.

      **Answer.**    Yarong Chen.

I verify, subject to the penalties of perjury, that the answers to the foregoing are true and correct to the best of my knowledge.

      /s/ Yarong Chen

      Yarong Chen

Dated:    June 3, 2022

      /s/Adam E. Urbanczyk

      Adam E. Urbanczyk

      AU LLC

      564 W. Randolph St. 2nd Floor

      Chicago, IL 60661

      (312) 715-7312

      (312) 646-2501 (fax)

      adamu@au-llc.com

*Counsel for Defendant Spidoc Direct*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Feng Gao, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:21-cv-04055 |
| v. | ) | |
| | ) | Dist. Judge Robert M. Dow Jr. |
| The Partnerships and Unincorporated | ) | |
| Associations Identified on Schedule | ) | Mag. Judge Young B. Kim |
| "A", | ) | |
| | ) | |
| Defendants. | ) | |

### <u>Defendant's Responses to Plaintiff's First Set of Interrogatories</u>

Propounding Party:     Feng Gao ("Plaintiff")

Responding Party:      Uniqtec USA ("Defendant")

Set Number:            One

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant, by and through its attorneys at AU LLC, submits these Responses and Objections to Defendant's First Set of Interrogatories.

### General Responses and Objections

1. Defendant has not completed its investigation of the facts related to this case, has not completed its discovery, and has not completed its preparation for trial. All the responses contained herein are based only upon information and documents which are presently known to Defendant. Further discovery and analysis may supply additional facts and/or establish new factual or legal contentions which Defendant may assert. Defendant will supplement its responses to these requests, if necessary, in accordance with the Federal Rules of Civil Procedure.

2. These responses are made solely for the purpose of and in relation to this action.

3. Defendant objects to the Interrogatories to the extent they call for the disclosure of confidential, sensitive, or proprietary information, and will produce such information only subject to an appropriate protective order.

4. Defendant objects to the Interrogatories to the extent they are unreasonably cumulative or duplicative or ask for information obtainable from some other source that is more convenient, less burdensome, or less expensive.

5. Defendant objects to the Interrogatories on the grounds that they are overly broad, are not reasonably tailored to Plaintiff's legitimate discovery needs, are not reasonably calculated to lead to the discovery of admissible evidence, and seek information beyond the scope of the issues the parties and the Court must address in connection with this case.

6. Defendant objects to the Interrogatories on the grounds of undue burden, taking into account the needs of the case, the amount in controversy and the parties' limited resources.

7. Defendant objects to definitions and instructions to the extent they seek to alter or expand upon the obligations imposed by the Federal Rules of Civil Procedure, including, without limitation, the duty to supplement responses to discovery requests set forth in Federal Rule of Civil Procedure 26(e)(1).

8. Defendant objects to the Interrogatories to the extent they, including all discrete subparts, number more than 25.

9. Each of these General Objections is hereby specifically incorporated into each of the specific responses set forth below.

Interrogatories

**Interrogatory 1.** Identify each person providing information used to answer these interrogatories, indicating the specific information each person contributed to each answer.

> **Answer.** Yarong Chen, who has provided all responsive information.

**Interrogatory 2.** Identify all wireless earbuds promoted, sold and/or offered for sale by Defendant, to individuals or entities within the United States, through any E-Commerce Store from 2016 through the present, and for each such earbud state: (a) The name of the E-Commerce Store through which the earbuds were sold; (b) The brand of the earbuds (e.g., M MOVONE, FIRACORE, SPIDOC, BLUMELODY) (c) The time dates the earbuds were sold and/or offered for sale; (d) The number of earbuds sold each year; (e) The Amazon Standard Identification Number (ASIN), if applicable; (f) The sale price of the earbuds; (g) The gross and net profit realized by Defendant from the sale of the earbuds.

> **Answer.** (a) Uniqtec USA (Amazon seller ID A340UBV36KP7H8); (b) N/A; (c) N/A; (d) N/A; (e) N/A; (f) N/A; (g) N/A. Defendant never offered or listed an earbud product.

**Interrogatory 3.**  Identify the means and/or method used to calculate the gross and net profits received by Defendant from the sale of the earbuds identified in Interrogatory No. 2.

> **Answer.**  Defendant never offered or listed an earbud product.

**Interrogatory 4.**  List all individuals or entities for which Defendant is authorized to sell earbuds through an E-Commerce Store from 2016 through the present. (For example, SpidocDirect is an authorized seller of Anker products on the Amazon platform).

> **Answer.**  Defendant never offered or listed an earbud product.

**Interrogatory 5.**  Identify all names, aliases or fictious names used by Defendant to sell, or offer for sale, earbuds via an E-Commerce Store, and for each state: (a) Name, fictious name, or alias used by Defendant; (b) Time period(s) during which the name, fictious name, or alias was used; (c) The name of the e-commerce retailer where the name or alias was used.

> **Answer.**  Defendant never offered or listed an earbud product.

**Interrogatory 6.**  Identify all owners, members and/or managers of 3ONE.  If 3ONE is a fictious business name, Identify the name of the business which owns the fictious business name, and the owners, members and/or managers of the business.

> **Answer.**  Yu Fa Bin; Yasong Chen.

**Interrogatory 7.**  Identify all licensing agreements between Defendant and any third-party related to the sale of wireless earbuds from 2016 through the present.

> **Answer.**  Defendant never offered or listed an earbud product.

**Interrogatory 8.**  Identify all agreements between Defendant and Sumin Xie related to the sale of Bluetooth wireless earbuds from 2016 through the present.

> **Answer.**  Defendant never offered or listed an earbud product.

**Interrogatory 9.**  Identify all individuals or entities authorized to list products for sale via an E-Commerce Store on behalf of Defendant.

**Answer.**   Yarong Chen.

**Interrogatory 10.**   Identify all individuals who, on behalf of Defendant, are authorized to give final approval, or make decisions regarding, the products sold via an E-Commerce Store.

**Answer.**   Yarong Chen.

**Interrogatory 11.**   Identify all agreements, from 2016 through the Present, Defendant has with any manufactures, suppliers, distributors, and/or retailers that pertain to the sale of the Infringing Products.

**Answer.**   Defendant never offered or listed an earbud product.

**Interrogatory 12.**   If Defendant has ever communicated with any person, entity or organization about the Infringing Products, this lawsuit, Plaintiff's Patents, or patent infringement related to the sale of earbuds, Describe the Communication. For the purposes of this interrogatory, "Describe" means, for each such Communication, to provide the method of transmission (e.g. QQ.com, sellerdefense.cn, kaidianyo.com, kuajingvs.com, Amazon.com, email, etc.), the name and/or user name and address of the person, entity or organization(s) with whom Defendant communicated; the date(s) of the Communication(s); and the subject matter of the Communication(s).

**Answer.**   No communication except with counsel

**Interrogatory 13.**   State the date and manner in which Defendant first heard of, received notice of, or required any knowledge of Plaintiff's Patents, and how Defendant learned of Plaintiff's Patents.

**Answer.**   Defendant was first was of plaintiff's patent D915,357 on April 22, 2021 via a patent infringement claim filed by plaintiff on the Amazon platform.

**Interrogatory 14.**   Identify all opinions, evaluations, analyses, or reverse engineering reports, whether written or oral, that Defendant has requested, received, or is aware of regarding any of

Plaintiff's Patents, including, but not limited to, date, author(s), addressee(s), recipient(s), and whether it relates to infringement or non-infringement, validity or invalidity, enforceability or unenforceability, or any other affirmative defense or a valuation of any of the Patents-in-Suit.

> **Answer.** Defendant objects to this request to the extent it calls for the disclosure of information protected by attorney client privilege or attorney work product doctrine. Defendant did not list any earbud product and no responsive document exists.

**Interrogatory 15.** Identify and Describe all grounds that support Defendant's contention that Defendant did not willfully infringe on Plaintiff's Patents, including, but not limited to, whether Defendant will rely on any opinion of counsel, whether written or oral, to rebut Plaintiff's willful infringement contention, and the identity of each such opinion (including, but not limited to, by the date, author(s), addressee(s), recipient(s), and type).

> **Answer.** Defendant never offered or listed an earbud product. Defendant objects to this request to the extent it calls for the disclosure of information protected by attorney client privilege or attorney work product doctrine. Defendant directs Plaintiff to D000150-000173.

**Interrogatory 16.** Identify all prior art, known to Defendant, that allegedly anticipates, or renders obvious, the design claims of Plaintiff's Patents, pursuant to 35 U.S.C. § 102 and 35 U.S.C. § 103.

> **Answer.** D801,952 June 24, 2016; 2 D817,305 February 3, 2016; D827,616 October 8, 2016; D855,588 January 25, 2018; D863,265 May 14, 2019; D878,338 July 10, 2019; D888,022 September 26, 2019; D902,891 May 16, 2019.

**Interrogatory 17.** For each alleged prior art identified in response to Interrogatory No. 16, state the bases for any contention that one of ordinary skill in the art would have been motivated to combine any of the prior art to obtain the claimed invention in Plaintiff's Patents.

**Answer.**    Defendant directs Plaintiff to D000150-000173.

**Interrogatory 18.**    State in detail all facts and identify all documents supporting Defendants' Affirmative Defense that Plaintiff's Patents are invalid due to numerous undisclosed similar prior arts.

**Answer.**    Defendant directs Plaintiff to D000150-000173.

**Interrogatory 19.**    Identify all persons, known to Defendant, with knowledge of Defendant's sale of the Infringing Products. For each person identified, state the substance of the facts known to such person.

**Answer.**    Defendant never offered or listed an earbud product. Defendant objects to the definition of Infringing Product insofar as it assumes a product is infringing any rights. Defendant directs Plaintiff to D000195.

**Interrogatory 20.**    Identify each person who has opposed, objected to, or filed a Complaint with Amazon.com regarding Defendant's sale of earbuds via an E-Commerce Store.

**Answer.**    Defendant never offered or listed an earbud product. Yarong Chen.

I verify, subject to the penalties of perjury, that the answers to the foregoing are true and correct to the best of my knowledge.

/s/ Yarong Chen
Yarong Chen

Dated:        June 3, 2022

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
(312) 715-7312
(312) 646-2501 (fax)
adamu@au-llc.com
*Counsel for Defendant Uniqtec USA*