**EXHIBIT 4**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Feng Gao, | ) |
| | ) |
| Plaintiff, | ) Case No.: 1:21-cv-04055 |
| v. | ) |
| | ) Dist. Judge Robert M. Dow Jr. |
| The Partnerships and Unincorporated | ) |
| Associations Identified on Schedule | ) Mag. Judge Young B. Kim |
| "A", | ) |
| | ) |
| Defendants. | ) |

**<u>Defendant's Responses to Plaintiff's First Set of Requests for Admission</u>**

Propounding Party:   Feng Gao ("Plaintiff")

Responding Party:    3one ("Defendant")

Set Number:          One

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant, by and through its attorneys at AU LLC, submits these Responses and Objections to Plaintiff's First Set of Requests for Production of Documents.

## **General Responses and Objections**

1. Defendant has not completed its investigation of the facts related to this case, has not completed its discovery, and has not completed its preparation for trial. All the responses contained herein are based only upon information and documents which are presently known to Defendant. Further discovery and analysis may supply additional facts and/or establish new factual or legal contentions which Defendant may assert. Defendant will supplement its responses to these requests, if necessary, in accordance with the Federal Rules of Civil Procedure.

2. These responses are made solely for the purpose of and in relation to this action.

3. Defendant objects to the Requests to the extent they call for the disclosure of confidential, sensitive, or proprietary information, and will produce such information only subject to an appropriate protective order.

4. Defendant objects to the Requests to the extent they are unreasonably cumulative or duplicative or ask for information obtainable from some other source that is more convenient, less burdensome, or less expensive.

5. Defendant objects to the Requests on the grounds that they are overly broad, are not reasonably tailored to Plaintiff's legitimate discovery needs, are not reasonably calculated to lead to the discovery of admissible evidence, and seek information beyond the scope of the issues the parties and the Court must address in connection with this case.

6. Defendant objects to the Requests on the grounds of undue burden, taking into account the needs of the case, the amount in controversy and the parties' limited resources.

7. Defendant objects to definitions and instructions to the extent they seek to alter or expand upon the obligations imposed by the Federal Rules of Civil Procedure, including, without limitation, the duty to supplement responses to discovery requests set forth in Federal Rule of Civil Procedure 26(e)(1).

8. Each of these General Objections is hereby specifically incorporated into each of the specific responses set forth below.

### Requests for Production of Documents

**Request 1.** All Documents and Communications identified in Defendants' initial disclosures under Federal Rule of Civil Procedure 26(a) or used, relied on, or considered by Defendants in drafting their initial disclosures.

    **Answer.** Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other privilege or immunity. Defendant also objects to the Request to the extent that it seeks any confidential, proprietary, and/or trade secret information. Subject to the foregoing objections, Defendant directs Plaintiff to D0000001-000201.

**Request 2.** All Documents and Communications identified by Defendant in Defendants' Answer to the Complaint or used, relied on, or considered by Defendant in drafting its Answer to the Complaint.

    **Answer.** Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other privilege or immunity. Defendant also objects to the Request to the extent that it seeks any confidential, proprietary, and/or trade secret information.

**Request 3.** All Documents and Communications received by Defendants in response to any subpoenas propounded by Defendant or Defendants in this case.

   **Answer.** None.

**Request 4.** All Documents and Communications that were identified, reviewed, consulted in answering, or that pertain in any way to any of Defendant's responses to these Requests or Plaintiff's First Set of Interrogatories to Defendant 3ONE.

   **Answer.** Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other privilege or immunity. Defendant also objects to the Request to the extent that it seeks any confidential, proprietary, and/or trade secret information. Subject to the foregoing objections, Defendant directs Plaintiff to D0000001-000201.

**Request 5.** All Documents and Communications that were identified, reviewed, consulted in answering, or that pertain in any way to Defendant's responses to Plaintiff's First Set of Request for Admissions to Defendant 3ONE.

   **Answer.** Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other privilege or immunity. Defendant also objects to the Request to the extent that it seeks any confidential, proprietary, and/or trade secret information. Subject to the foregoing objections, Defendant directs Plaintiff to D0000001-000201.

**Request 6.** All Documents and Communications that support, refute, or otherwise relate to the Affirmative Defenses alleged in Defendants' Answer to Complaint.

   **Answer.** Defendants direct Plaintiff to D000001-000201.

**Request 7.** All Documents and Communications Relating to Defendant's electronic data and document retention policies.

   **Answer.** None.

**Request 8.** All Documents and Communications Relating to the subject matter or outcome of this lawsuit, including agreements reflecting any financial or other interest in the lawsuit's outcome or any person's obligation to indemnify.

**Answer.** None.

**Request 9.** For each person Defendant intends to use as an expert witness: (a) a resume or curriculum vitae sufficient to describe that person's complete education, experience, and training; (b) all publications, articles, books, and papers authored, co-authored, edited, or otherwise generated by that person; (c) all transcripts of any trial, deposition, or other testimony of that person in any other proceeding relating to earbuds; (d) all documents provided to that person in connection with this lawsuit; and (e) all documents relied on by that person in forming any opinions that have been or may be offered in this lawsuit.

**Answer.** None, Defendant has not yet identified any prospective expert witnesses.

**Request 10.** All Documents and Communications, in the possession, custody or control of Defendant, Relating to any civil action, International Trade Commission proceeding, arbitration, or US Patent and Trademark Office proceeding, Relating to the "Xie Patent" including, but not limited to, pleadings, affidavits, declarations, reports, discovery requests or responses, orders, deposition or hearing transcripts, motions, briefs, letters, emails, or subpoenas.

**Answer.** None.

**Request 11.** All Documents and Communications Relating to Plaintiff's Patents or any Related Patent, in Defendant's possession, custody or control.

**Answer.** None.

**Request 12.** All Documents and Communications regarding any actual or potential litigation Relating to Plaintiff's Patents or any Related Patent, including any minutes, notes, presentations, or other documents from any Board of Directors or other internal meetings.

>> **Answer.** None.

**Request 13.** All Documents and Communications Relating to any opinions of counsel regarding Plaintiff's Patents or any Related Patent, including opinions relating to infringement, validity, enforceability, scope, or ownership.

>> **Answer.** Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other privilege or immunity. Defendant also objects to the Request to the extent that it seeks any confidential, proprietary, and/or trade secret information. Subject to the foregoing objections, Defendant directs Plaintiff to D0000150-000173.

**Request 14.** All Documents and Communications with any third party regarding Prior Art collected, identified, or considered in relation to Plaintiff's Patents or any Related Patent, including existing English translations of any foreign patent or publication.

>> **Answer.** None.

**Request 15.** All Documents and Communications in Defendant's possession, custody or control, that concern the obviousness or non-obviousness of the subject matter claimed in Plaintiff's Patents.

>> **Answer.** Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other privilege or immunity. Defendant also objects to the Request to the extent that it seeks any confidential, proprietary, and/or trade secret information. Subject to the foregoing objections, Defendant directs Plaintiff to D0000150-000173

**Request 16.** All Documents and Communications, in Defendant's possession, custody or control, concerning any infringement or potential infringement of the Infringing Products on Plaintiff's Patents.

  **Answer.** Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other privilege or immunity. Defendant also objects to the Request to the extent that it seeks any confidential, proprietary, and/or trade secret information. Subject to the foregoing objections, Defendant directs Plaintiff to D0000150-000173.

**Request 17.** All Documents and Communications Relating to the alleged unenforceability of Plaintiff's Patents, including Documents concerning improper withholding, omission, or misrepresentation during prosecution before the U.S. Patent and Trademark Office.

  **Answer.** None.

**Request 18.** All Documents and Communications with any third party Relating to Plaintiff's Patents, this lawsuit, or any claim, defense, or remedy in this lawsuit.

  **Answer.** None.

**Request 19.** All Documents and Communications Relating to Defendant's first awareness of the Plaintiff's Patents.

  **Answer.** Defendant directs Plaintiff to D000176-000177, D000199-000201.

**Request 20.** All Documents and Communications, in Defendant's possession, custody or control, Relating to any attempts to design around or modify the Infringing Products to avoid infringement of Plaintiff's Patents.

  **Answer.** None.

**Request 21.** All Documents and Communications Relating to any claim by Defendant that it has any right, title, or interest in Plaintiff's Patents, or any express or implied license to any subject matter claimed in Plaintiff's Patents.

  **Answer.** None.

**Request 22.** All Documents and Communications Relating to the level of technical knowledge, schooling, experience, and expertise of a person having ordinary skill in the art of the subject matter claimed in Plaintiff's Patents.

 **Answer.** Defendant directs Plaintiff to D000150-000173.

**Request 23.** All Documents and Communications, in Defendant's possession, custody or control, Relating to the design, development, functionality, or testing of the Infringing Products, including specifications, requirement documents, schematics, manuals, drawings, guides and instructions.

 **Answer.** Defendant directs Plaintiff to D000178-000184.

**Request 24.** Two samples of each Infringing Product including any packaging, instructions, guides, or labels for each product.

 **Answer.** Defendant directs Plaintiff to D000178-000184.

**Request 25.** All Documents and Communications, in Defendant's possession, custody or control, Relating to the first disclosure, first use, first offer for sale, first sale, first importation, first demonstration, and first test of the Infringing Products.

 **Answer.** Defendant directs Plaintiff to D000185-000188.

**Request 26.** Organizational charts sufficient to show the names, positions, titles, duties, and reporting relationships of all officers, employees, and other personnel involved in the design, development, operation, manufacture, testing, marketing, or sale of the Infringing Products.

 **Answer.** None.

**Request 27.** All Documents and Communications, in Defendant's possession, custody or control, Relating to the decision to develop the Infringing Products, including documents relating to the potential market for each product, potential competitors, and third-party patent rights.

 **Answer.** None.

**Request 28.** All Documents and Communications, in Defendant" possession, custody or Control, Relating to the manufacture of the Infringing Products, including product drawings, schematics, manuals, and test protocols.

    **Answer.** Defendant directs Plaintiff to D000189-000192.

**Request 29.** All Documents and Communications, in Defendant's possession, custody or control, Relating to the quantity of the Infringing Products manufactured, in whole or in part, in the United States from 2016 through the Present.

    **Answer.** None.

**Request 30.** All Documents and Communications, in Defendant's possession, custody or control, the quantity of the Infringing Products imported into the United States by Defendant, or on behalf of the Defendant.

    **Answer.** Defendant directs Plaintiff to D000185-000188.

**Request 31.** All contracts and agreements between Defendant and any third party concerning the sale, assignment, transfer, or use of the product or design claimed in the "Xie Patent".

    **Answer.** Defendant directs Plaintiff to D000193-000194.

**Request 32.** All contracts and agreements between Defendant and any Third party, or other persons, Relating to the manufacture, testing, sale, development, or marketing of any of the Infringing Products.

    **Answer.** Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other privilege or immunity. Defendant also objects to the Request to the extent that it seeks any confidential, proprietary, and/or trade secret information. Defendant will produce relevant responsive material upon the entry of an appropriate protective order.

**Request 33.** All Documents and Communications Relating to the first disclosure, first use, first offer for sale, first sale, first importation, first demonstration, and first test of the Infringing Products.

    **Answer.** Defendant directs Plaintiff to D000185-000188.

**Request 34.** All Documents and Communications, in Defendant's possession, custody or control, Relating to the advertising or promotion of the Infringing Products, including any advertisements or advertising campaigns, advertising budgets and expenditures, brochures, pamphlets, catalogs, or price lists.

    **Answer.** Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other privilege or immunity. Defendant also objects to the Request to the extent that it seeks any confidential, proprietary, and/or trade secret information. Defendant will produce relevant responsive material upon the entry of an appropriate protective order.

**Request 35.** All Documents and Communications, concerning any internal code names for the Infringing Products.

    **Answer.** None.

**Request 36.** All Documents and Communications, in Defendant's possession, custody or control, Relating to the marketing of the Infringing Products including any studies, reports, or analyses Relating to market share, market demand, market segments, competition, consumer surveys, or revenue.

    **Answer.** None.

**Request 37.** All Documents and Communications, in Defendant's possession, custody or control, Relating to any conference, seminar, exhibition, convention, or trade show at which the Infringing Products were discussed, referred to, advertised, displayed, demonstrated, or shown.

>**Answer.** None.

**Request 38.** All Documents and Communications, in Defendant's possession, custody or control, Relating to any products that compete with the Infringing Products, including any analyses of the strengths or weaknesses of those products compared to the Infringing Products.

>**Answer.** None.

**Request 39.** All Documents and Communications, in Defendant's possession, custody or control, Relating to the price, gross revenue, terms and conditions of sale, customer name, and country of sale for the Infringing Products sold by Defendant.

>**Answer.** Defendant directs Plaintiff to D000195.

**Request 40.** All Documents and Communications, in Defendant's possession, custody or control, Relating to the profitability of the Infringing Products, including revenues, costs of sale, order contributions, product margins, gross margins, and operating profits.

>**Answer.** Defendant directs Plaintiff to D000196.

**Request 41.** All Documents and Communications Relating to any license, settlement, or other agreement taken, offered to or by, or accepted by Defendant in relation to the Infringing Products.

>**Answer.** Defendant directed Plaintiff to D000193-000194.

**Request 42.** All Documents and Communications, in Defendant's possession, custody or control, Relating to Defendant's registration to become an Amazon Seller on Amazon.com.

>**Answer.** Defendant directs Plaintiff to D000197-000198.

**Request 43.** All Documents and Communications between Defendant and Amazon.com, or any of its affiliates, Relating to Defendant's sale of the Infringing Products on Amazon.com.

    **Answer.** Defendant directs Plaintiff to D000199-000201.

**Request 44.** All Documents and Communications between Defendant and any E-Commerce Store, Relating to Defendant's sale of the Infringing Products.

    **Answer.** None.

**Request 45.** All Documents and Communications, in Defendant's possession, custody or control, which supports, refutes, contradicts, or forms the basis of Defendant's Affirmative Defenses in Defendants' Answer to Plaintiff's Complaint.

    **Answer.** Defendant directs Plaintiff to D000001-000201.

**Request 46.** All Documents and Communications, in Defendant's possession, custody or control, Relating to the sale and/or distribution of the Infringing Products.

    **Answer.** Defendant directs Plaintiff to D000001-000201.

Dated: June 3, 2022

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
(312) 715-7312
(312) 646-2501 (fax)
adamu@au-llc.com
*Counsel for Defendant 3one*