**EXHIBIT 5**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| FENG GAO, An individual residing in the People's Republic of China. | Case No.  1:21-cv-04055 |
| **Plaintiff,** | Judge Robert M. Dow, Jr. |
| vs. | |
| THE PARTERNSHIPS and UNICORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," | |
| **Defendants.** | |

## PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANT 3ONE

PROPOUNDING PARTY:  Plaintiff Feng Gao

RESPONDING PARTY:     3ONE

SET NUMBER:              Two

        Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff FENG GAO, (hereinafter "Plaintiff"), hereby propounds the following Interrogatories to Defendant 3ONE in the above-captioned lawsuit.  Defendant 3ONE must answer the following Interrogatories separately and fully in writing under oath. Defendant 3ONE must respond to these Interrogatories within thirty (30) days after service and submit responses to the offices of

1

Bayramoglu Law Offices, LLC, 1540 West Warm Springs Road Suite 100, Henderson, Nevada 89014, with a courtesy copy via email to Melika T. Harris at melika@bayramoglu-legal.com or a location agreed to by the parties. When responding to the Interrogatories, please refer to the Definitions and Instructions that follow:

## DEFINITIONS AND INSTRUCTIONS

1.      "Document(s)" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information, that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages (IMs), calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "document" refers to any document now or at any time in Defendants' possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right

PLAINTIFF FENG GAO'S SECOND SET OF INTERROGATORIES TO DEFENDANT
3ONE
CASE NO. 1:21-cv-04055

to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

2.      "Defendant", "you" or "your" means 3ONE, and any representative or other persons known or believed to be acting on Defendant 3ONE's behalf.

3.      "Defendants" means all the Individuals, Partnerships, and Unincorporated Associations listed on Schedule A to Plaintiff's Complaint, and any representatives or other persons known or believed to be acting on Defendants' behalf.

4.      "Plaintiff" means Feng Gao, the plaintiff in the above-captioned action.

5.      "Plaintiff's Patents" means U.S. Patent Nos. D888,023 (the "'023 Patent"); D915,356 (the "'356 Patent"); and D915,357 (the "'357 Patent").

6.      "Related Patents" means all United States and foreign patents and patent applications (including all published, unpublished, pending, and abandoned applications) relating to the Patents-in-Suit, including patents or patent applications:

(a)      from or through which the Plaintiff's Patents directly or indirectly claim priority;

(b)      that claim priority to the Plaintiff's Patents; or

(c)      otherwise identified in the Plaintiff's Patents as related to that patent.

7.      "Xie Patent" means U.S. Patent No. D914,651 (the "'651 Patent") issued on March 30, 2021.

PLAINTIFF FENG GAO'S SECOND SET OF INTERROGATORIES TO DEFENDANT
3ONE
CASE NO. 1:21-cv-04055

8.      "Prior Art" means all documents, information, acts, or things that qualify as prior art under 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

9.      "Alleged Prior Art" means patents identified in Defendants' Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction [Doc. No. 21]:  U.S. Patent No. D883,259 (the "'259 Patent"); U.S. Patent No. D827,616 (the "'616 Patent"); U.S. Patent No. D863,265 (the "'265 Patent"); U.S. Patent No. D817,305 (the "'305 Patent"); U.S. Patent No. D914,651 (the "'651 Patent"); and the YouTube.com videos referenced in Defendant's Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction (Dkt. 21, p. 10; Exhibit 4) (collectively, "Alleged Prior Art").

10.     "Infringing Product No. 1" means the earbuds sold by Defendants and identified as Exhibit 1 to Plaintiff's Complaint.

11.     "Infringing Product No. 2" means the earbuds sold by Defendants and identified as Exhibit 2 to Plaintiff's Complaint.

12.     "Infringing Products" means the collective reference to Infringing Product No. 1 and Infringing Product No. 2.

13.     "E-Commerce Store" or "E-Commerce Stores" means any individual, entity or business which allows companies and individuals to buy and sell goods and services over the internet.

14.     "Relate" or "Relating to" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

15. "Communication" means the transmission of information in any form, between two or more persons, including, without limitation, written, oral, or electronic transmissions.

16. "Complaint" means the Complaint filed on or about July 29, 2021, in *Gao v. Partnerships and Unincorporated Associations Identified on Schedule "A"*, Case No. 1:21-cv-04055.

17. "Identify" means:

(a) with respect to a person, to provide, to the extent known, the person's (i) full name; (ii) present or last known address; and (iii) current or last known place of employment;

(b) with respect to a document, to provide, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s); (v) addressee(s), and (vi) recipient(s); and

(c) with respect to a communication, to provide, to the extent known, (i) a description of the substance; (ii) the form of the communication (e.g., telephone, facsimile, email, etc.); (iii) all parties to and/or present at the time, as well as the full name, present or last known address, and the current or last known place of employment of each person; (iv) the person who initiated the communication; and (v) the time, date, and place of the communication.

18. The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise fall outside the scope of the interrogatory.

PLAINTIFF FENG GAO'S SECOND SET OF INTERROGATORIES TO DEFENDANT
3ONE
CASE NO. 1:21-cv-04055

19.    Each interrogatory is to be answered fully based on information in your possession, custody, or control, or in the possession, custody, or control of your representatives, agents, or attorneys.

20.    If you object to any interrogatory or any portion of an interrogatory on the ground that the answer would reveal the substance of any privileged information, provide all information required by Federal Rule of Civil Procedure 26(b)(5).  If your objection is on the ground that the answer would reveal the substance of a privileged communication, include an identification of:

(a)    the nature of the privilege or protection claimed;

(b)    the person who made the communication, whether oral or in writing;

(c)    if the communication was oral, all persons present while the communication was made;

(d)    if the communication was written, the author, addressees, and any other recipients;

(e)    the date and place of the communication; and

(f)    the general subject matter of the communication.

21.    These interrogatories are continuing in nature. If you receive or otherwise become aware of information responsive to any interrogatory after you have served your responses to these interrogatories, you must promptly supplement your responses to these interrogatories to provide such information, as required by Federal Rule of Civil Procedure 26(e).

## INTERROGATORIES

**INTERROGATORY NO. 21:** State the date 3ONE was incorporated as an entity, and the name of Defendant's legal representative. If 3ONE is not an incorporated entity, state the date 3ONE was first used or registered as a fictious name.

**ANSWER:**

**INTERROGATORY NO. 22:** Identify all employees, members, and managers, past and present, of 3ONE from January 1, 2019 through the present, and for each state:

(1) Name of the employee, member and/or manager;

(2) Years of employment or ownership;

(3) Title and job duties of the employee;

(4) Roles, management duties and title(s) of the members and managers;

(5) Interest the member(s) and manager(s) has in 3ONE; and

(6) The role the employee(s), member(s) and manager(s) played in selling the Infringing Products on Amazon.com.

**ANSWER:**

PLAINTIFF FENG GAO'S SECOND SET OF INTERROGATORIES TO DEFENDANT
3ONE
CASE NO. 1:21-cv-04055

**INTERROGATORY NO. 23:** State the profits made by 3ONE, on a monthly basis, for the sale of the Infringing Products from January 1, 2019 through the present, including, but not limited to, cost of goods sold, sales price, and any other expenses.

**ANSWER:**

DATED this 22nd day of July 2022.

**Bayramoglu Law Offices, LLC**

/s/ Melika T. Harris
Melika T. Harris
1540 West Warm Springs Road, Suite 100
Henderson, NV 89014
T: (702) 462-5973
F: (702) 553-3404
melika@bayramoglu-legal.com
Attorneys for Plaintiff

PLAINTIFF FENG GAO'S SECOND SET OF INTERROGATORIES TO DEFENDANT
3ONE
CASE NO. 1:21-cv-04055

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on July 22 2022, I served a true and correct copy of Plaintiff's Second Set of Interrogatories To Defendant 3ONE via e-mail to counsel for Defendants:


ADAM URBANCZYK
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
Telephone: (312)715-7312
Facsimile: (312)646-2501
adamu@au-llc.com




/s/ Melika T. Harris
Melika T. Harris

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FENG GAO, An individual residing in the People's Republic of China. | Case No. 1:21-cv-04055 |
| **Plaintiff,** | Judge Robert M. Dow, Jr. |
| vs. | |
| THE PARTERNSHIPS and UNICORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," | |
| **Defendants.** | |

**PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANT**

**F SPORT SHOP**

PROPOUNDING PARTY: Plaintiff Feng Gao

RESPONDING PARTY: F SPORT SHOP

SET NUMBER: Two

    Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff FENG GAO, (hereinafter "Plaintiff"), hereby propounds the following Interrogatories to Defendant F SPORT SHOP in the above-captioned lawsuit. Defendant F SPORT SHOP must answer the following Interrogatories separately and fully in writing under oath. Defendant F SPORT SHOP must respond to these Interrogatories within thirty (30) days after service and submit

responses to the offices of Bayramoglu Law Offices, LLC, 1540 West Warm Springs Road Suite 100, Henderson, Nevada 89014, with a courtesy copy via email to Melika T. Harris at melika@bayramoglu-legal.com or a location agreed to by the parties. When responding to the Interrogatories, please refer to the Definitions and Instructions that follow:

## **DEFINITIONS AND INSTRUCTIONS**

1.      "Document(s)" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information, that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages (IMs), calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "document" refers to any document now or at any time in Defendants' possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right

2

to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

2. "Defendant", "you" or "your" means F SPORT SHOP, and any representative or other persons known or believed to be acting on Defendant F SPORT SHOP's behalf.

3. "Defendants" means all the Individuals, Partnerships, and Unincorporated Associations listed on Schedule A to Plaintiff's Complaint, and any representatives or other persons known or believed to be acting on Defendants' behalf.

4. "Plaintiff" means Feng Gao, the plaintiff in the above-captioned action.

5. "Plaintiff's Patents" means U.S. Patent Nos. D888,023 (the "'023 Patent"); D915,356 (the "'356 Patent"); and D915,357 (the "'357 Patent").

6. "Related Patents" means all United States and foreign patents and patent applications (including all published, unpublished, pending, and abandoned applications) relating to the Patents-in-Suit, including patents or patent applications:

(a) from or through which the Plaintiff's Patents directly or indirectly claim priority;

(b) that claim priority to the Plaintiff's Patents; or

(c) otherwise identified in the Plaintiff's Patents as related to that patent.

7. "Xie Patent" means U.S. Patent No. D914,651 (the "'651 Patent") issued on March 30, 2021.

3

8.    "Prior Art" means all documents, information, acts, or things that qualify as prior art under 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

9.    "Alleged Prior Art" means patents identified in Defendants' Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction [Doc. No. 21]: U.S. Patent No. D883,259 (the "'259 Patent"); U.S. Patent No. D827,616 (the "'616 Patent"); U.S. Patent No. D863,265 (the "'265 Patent"); U.S. Patent No. D817,305 (the "'305 Patent"); U.S. Patent No. D914,651 (the "'651 Patent"); and the YouTube.com videos referenced in Defendant's Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction (Dkt. 21, p. 10; Exhibit 4) (collectively, "Alleged Prior Art").

10.    "Infringing Product No. 1" means the earbuds sold by Defendants and identified as Exhibit 1 to Plaintiff's Complaint.

11.    "Infringing Product No. 2" means the earbuds sold by Defendants and identified as Exhibit 2 to Plaintiff's Complaint.

12.    "Infringing Products" means the collective reference to Infringing Product No. 1 and Infringing Product No. 2.

13.    "E-Commerce Store" or "E-Commerce Stores" means any individual, entity or business which allows companies and individuals to buy and sell goods and services over the internet.

14.    "Relate" or "Relating to" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

PLAINTIFF FENG GAO'S SECOND SET OF INTERROGATORIES TO DEFENDANT
F SPORT SHOP
CASE NO. 1:21-cv-04055

15.    "Communication" means the transmission of information in any form, between two or more persons, including, without limitation, written, oral, or electronic transmissions.

16.    "Complaint" means the Complaint filed on or about July 29, 2021, in *Gao v. Partnerships and Unincorporated Associations Identified on Schedule "A",* Case No. 1:21-cv-04055.

17.    "Identify" means:

(a)    with respect to a person, to provide, to the extent known, the person's (i) full name; (ii) present or last known address; and (iii) current or last known place of employment;

(b)    with respect to a document, to provide, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s); (v) addressee(s), and (vi) recipient(s); and

(c)    with respect to a communication, to provide, to the extent known, (i) a description of the substance; (ii) the form of the communication (e.g., telephone, facsimile, email, etc.); (iii) all parties to and/or present at the time, as well as the full name, present or last known address, and the current or last known place of employment of each person; (iv) the person who initiated the communication; and (v) the time, date, and place of the communication.

18.    The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise fall outside the scope of the interrogatory.

PLAINTIFF FENG GAO'S SECOND SET OF INTERROGATORIES TO DEFENDANT
F SPORT SHOP
CASE NO. 1:21-cv-04055

19.     Each interrogatory is to be answered fully based on information in your possession, custody, or control, or in the possession, custody, or control of your representatives, agents, or attorneys.

20.     If you object to any interrogatory or any portion of an interrogatory on the ground that the answer would reveal the substance of any privileged information, provide all information required by Federal Rule of Civil Procedure 26(b)(5).  If your objection is on the ground that the answer would reveal the substance of a privileged communication, include an identification of:

(a)     the nature of the privilege or protection claimed;

(b)     the person who made the communication, whether oral or in writing;

(c)     if the communication was oral, all persons present while the communication was made;

(d)     if the communication was written, the author, addressees, and any other recipients;

(e)     the date and place of the communication; and

(f)     the general subject matter of the communication.

21.     These interrogatories are continuing in nature. If you receive or otherwise become aware of information responsive to any interrogatory after you have served your responses to these interrogatories, you must promptly supplement your responses to these interrogatories to provide such information, as required by Federal Rule of Civil Procedure 26(e).

PLAINTIFF FENG GAO'S SECOND SET OF INTERROGATORIES TO DEFENDANT
F SPORT SHOP
CASE NO. 1:21-cv-04055

**<u>INTERROGATORIES</u>**

**INTERROGATORY NO. 21:** State the date F SPORT SHOP was incorporated as an entity, and the name of Defendant's legal representative. If F SPORT SHOP is not an incorporated entity, state the date F SPORT SHOP was first used or registered as a fictious name.

**ANSWER:**

**INTERROGATORY NO. 22:** Identify all employees, members, and managers, past and present, of F SPORT SHOP from January 1, 2019 through the present, and for each state:

      (1) Name of the employee, member and/or manager;

      (2) Years of employment or ownership;

      (3) Title and job duties of the employee;

      (4) Roles, management duties and title(s) of the members and managers;

      (5) Interest the member(s) and manager(s) has in F SPORT SHOP; and

      (6) The role the employee(s), member(s) and manager(s) played in selling the Infringing Products on Amazon.com.

**ANSWER:**

PLAINTIFF FENG GAO'S SECOND SET OF INTERROGATORIES TO DEFENDANT
F SPORT SHOP
CASE NO. 1:21-cv-04055

**INTERROGATORY NO. 23:**    State the profits made by F SPORT SHOP, on a monthly basis, for the sale of the Infringing Products from January 1, 2019 through the present, including, but not limited to, cost of goods sold, sales price, and any other expenses.

**ANSWER:**

DATED this 22nd day of July 2022.

**Bayramoglu Law Offices, LLC**

/s/ Melika T. Harris
Melika T. Harris
1540 West Warm Springs Road, Suite 100
Henderson, NV 89014
T: (702) 462-5973
F: (702) 553-3404
melika@bayramoglu-legal.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 22 2022, I served a true and correct copy of Plaintiff's Second Set of Interrogatories To Defendant F SPORT SHOP via e-mail to counsel for Defendants:


ADAM URBANCZYK
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
Telephone: (312)715-7312
Facsimile: (312)646-2501
adamu@au-llc.com




/s/ Melika T. Harris
Melika T. Harris

PLAINTIFF FENG GAO'S SECOND SET OF INTERROGATORIES TO DEFENDANT
F SPORT SHOP
CASE NO. 1:21-cv-04055

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FENG GAO, An individual residing in the
People's Republic of China.

      **Plaintiff,**

             vs.

THE PARTERNSHIPS and
UNICORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

      **Defendants.**

Case No.  1:21-cv-04055

Judge Robert M. Dow, Jr.


**PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANT**

**FXZ SHOP**

PROPOUNDING PARTY:  Plaintiff Feng Gao

RESPONDING PARTY:    FXZ SHOP

SET NUMBER:              Two


     Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff FENG GAO,

(hereinafter "Plaintiff"), hereby propounds the following Interrogatories to Defendant FXZ

SHOP in the above-captioned lawsuit.  Defendant FXZ SHOP must answer the following

Interrogatories separately and fully in writing under oath. Defendant FXZ SHOP must

respond to these Interrogatories within thirty (30) days after service and submit responses to

1

the offices of Bayramoglu Law Offices, LLC, 1540 West Warm Springs Road Suite 100, Henderson, Nevada 89014, with a courtesy copy via email to Melika T. Harris at melika@bayramoglu-legal.com or a location agreed to by the parties. When responding to the Interrogatories, please refer to the Definitions and Instructions that follow:

## **DEFINITIONS AND INSTRUCTIONS**

1.    "Document(s)" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information, that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages (IMs), calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "document" refers to any document now or at any time in Defendants' possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right

to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

2.       "Defendant", "you" or "your" means FXZ SHOP, and any representative or other persons known or believed to be acting on Defendant FXZ SHOP's behalf.

3.       "Defendants" means all the Individuals, Partnerships, and Unincorporated Associations listed on Schedule A to Plaintiff's Complaint, and any representatives or other persons known or believed to be acting on Defendants' behalf.

4.       "Plaintiff" means Feng Gao, the plaintiff in the above-captioned action.

5.       "Plaintiff's Patents" means U.S. Patent Nos. D888,023 (the "'023 Patent"); D915,356 (the "'356 Patent"); and D915,357 (the "'357 Patent").

6.       "Related Patents" means all United States and foreign patents and patent applications (including all published, unpublished, pending, and abandoned applications) relating to the Patents-in-Suit, including patents or patent applications:

(a)       from or through which the Plaintiff's Patents directly or indirectly claim priority;

(b)       that claim priority to the Plaintiff's Patents; or

(c)       otherwise identified in the Plaintiff's Patents as related to that patent.

7.       "Xie Patent" means U.S. Patent No. D914,651 (the "'651 Patent") issued on March 30, 2021.

3

8.     "Prior Art" means all documents, information, acts, or things that qualify as prior art under 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

9.     "Alleged Prior Art" means patents identified in Defendants' Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction [Doc. No. 21]: U.S. Patent No. D883,259 (the "'259 Patent"); U.S. Patent No. D827,616 (the "'616 Patent"); U.S. Patent No. D863,265 (the "'265 Patent"); U.S. Patent No. D817,305 (the "'305 Patent"); U.S. Patent No. D914,651 (the "'651 Patent"); and the YouTube.com videos referenced in Defendant's Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction (Dkt. 21, p. 10; Exhibit 4) (collectively, "Alleged Prior Art").

10.     "Infringing Product No. 1" means the earbuds sold by Defendants and identified as Exhibit 1 to Plaintiff's Complaint.

11.     "Infringing Product No. 2" means the earbuds sold by Defendants and identified as Exhibit 2 to Plaintiff's Complaint.

12.     "Infringing Products" means the collective reference to Infringing Product No. 1 and Infringing Product No. 2.

13.     "E-Commerce Store" or "E-Commerce Stores" means any individual, entity or business which allows companies and individuals to buy and sell goods and services over the internet.

14.     "Relate" or "Relating to" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

4

15.     "Communication" means the transmission of information in any form, between two or more persons, including, without limitation, written, oral, or electronic transmissions.

16.     "Complaint" means the Complaint filed on or about July 29, 2021, in *Gao v. Partnerships and Unincorporated Associations Identified on Schedule "A",* Case No. 1:21-cv-04055.

17.     "Identify" means:

(a)     with respect to a person, to provide, to the extent known, the person's (i) full name; (ii) present or last known address; and (iii) current or last known place of employment;

(b)     with respect to a document, to provide, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s); (v) addressee(s), and (vi) recipient(s); and

(c)     with respect to a communication, to provide, to the extent known, (i) a description of the substance; (ii) the form of the communication (e.g., telephone, facsimile, email, etc.); (iii) all parties to and/or present at the time, as well as the full name, present or last known address, and the current or last known place of employment of each person; (iv) the person who initiated the communication; and (v) the time, date, and place of the communication.

18.     The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise fall outside the scope of the interrogatory.

PLAINTIFF FENG GAO'S SECOND SET OF INTERROGATORIES TO DEFENDANT
FXZ SHOP
CASE NO. 1:21-cv-04055

19.     Each interrogatory is to be answered fully based on information in your possession, custody, or control, or in the possession, custody, or control of your representatives, agents, or attorneys.

20.     If you object to any interrogatory or any portion of an interrogatory on the ground that the answer would reveal the substance of any privileged information, provide all information required by Federal Rule of Civil Procedure 26(b)(5).  If your objection is on the ground that the answer would reveal the substance of a privileged communication, include an identification of:

(a)     the nature of the privilege or protection claimed;

(b)     the person who made the communication, whether oral or in writing;

(c)     if the communication was oral, all persons present while the communication was made;

(d)     if the communication was written, the author, addressees, and any other recipients;

(e)     the date and place of the communication; and

(f)     the general subject matter of the communication.

21.     These interrogatories are continuing in nature. If you receive or otherwise become aware of information responsive to any interrogatory after you have served your responses to these interrogatories, you must promptly supplement your responses to these interrogatories to provide such information, as required by Federal Rule of Civil Procedure 26(e).

**INTERROGATORIES**

**INTERROGATORY NO. 21:**      State the date FXZ SHOP was incorporated as an entity, and the name of Defendant's legal representative. If FXZ SHOP is not an incorporated entity, state the date FXZ SHOP was first used or registered as a fictious name.

**ANSWER:**

**INTERROGATORY NO. 22:**      Identify all employees, members, and managers, past and present, of FXZ SHOP from January 1, 2019 through the present, and for each state:

(1) Name of the employee, member and/or manager;

(2) Years of employment or ownership;

(3) Title and job duties of the employee;

(4) Roles, management duties and title(s) of the members and managers;

(5) Interest the member(s) and manager(s) has in FXZ SHOP; and

(6) The role the employee(s), member(s) and manager(s) played in selling the Infringing Products on Amazon.com.

**ANSWER:**

PLAINTIFF FENG GAO'S SECOND SET OF INTERROGATORIES TO DEFENDANT
FXZ SHOP
CASE NO. 1:21-cv-04055

**INTERROGATORY NO. 23:**    State the profits made by FXZ SHOP, on a monthly basis, for the sale of the Infringing Products from January 1, 2019 through the present, including, but not limited to, cost of goods sold, sales price, and any other expenses.

**ANSWER:**

DATED this 22nd day of July 2022.

**Bayramoglu Law Offices, LLC**

/s/ Melika T. Harris
Melika T. Harris
1540 West Warm Springs Road, Suite 100
Henderson, NV 89014
T: (702) 462-5973
F: (702) 553-3404
melika@bayramoglu-legal.com
Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on July 22 2022, I served a true and correct copy of Plaintiff's Second Set of Interrogatories To Defendant FXZ SHOP via e-mail to counsel for Defendants:

ADAM URBANCZYK
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
Telephone: (312)715-7312
Facsimile: (312)646-2501
adamu@au-llc.com

/s/ Melika T. Harris
Melika T. Harris

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FENG GAO, An individual residing in the People's Republic of China. | Case No.  1:21-cv-04055 |
| **Plaintiff,** | Judge Robert M. Dow, Jr. |
| vs. | |
| THE PARTERNSHIPS and UNICORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," | |
| **Defendants.** | |

## PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANT M SPORT DIRECT

PROPOUNDING PARTY:  Plaintiff Feng Gao

RESPONDING PARTY:    M SPORT DIRECT

SET NUMBER:          Two

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff FENG GAO, (hereinafter "Plaintiff"), hereby propounds the following Interrogatories to Defendant M SPORT DIRECT in the above-captioned lawsuit.  Defendant M SPORT DIRECT must answer the following Interrogatories separately and fully in writing under oath. Defendant M SPORT DIRECT must respond to these Interrogatories within thirty (30) days after service

and submit responses to the offices of Bayramoglu Law Offices, LLC, 1540 West Warm Springs Road Suite 100, Henderson, Nevada 89014, with a courtesy copy via email to Melika T. Harris at melika@bayramoglu-legal.com or a location agreed to by the parties. When responding to the Interrogatories, please refer to the Definitions and Instructions that follow:

## DEFINITIONS AND INSTRUCTIONS

1. "Document(s)" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information, that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages (IMs), calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "document" refers to any document now or at any time in Defendants' possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right

to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

2. "Defendant", "you" or "your" means M SPORT DIRECT, and any representative or other persons known or believed to be acting on Defendant M SPORT DIRECT's behalf.

3. "Defendants" means all the Individuals, Partnerships, and Unincorporated Associations listed on Schedule A to Plaintiff's Complaint, and any representatives or other persons known or believed to be acting on Defendants' behalf.

4. "Plaintiff" means Feng Gao, the plaintiff in the above-captioned action.

5. "Plaintiff's Patents" means U.S. Patent Nos. D888,023 (the "'023 Patent"); D915,356 (the "'356 Patent"); and D915,357 (the "'357 Patent").

6. "Related Patents" means all United States and foreign patents and patent applications (including all published, unpublished, pending, and abandoned applications) relating to the Patents-in-Suit, including patents or patent applications:

(a) from or through which the Plaintiff's Patents directly or indirectly claim priority;

(b) that claim priority to the Plaintiff's Patents; or

(c) otherwise identified in the Plaintiff's Patents as related to that patent.

7. "Xie Patent" means U.S. Patent No. D914,651 (the "'651 Patent") issued on March 30, 2021.

PLAINTIFF FENG GAO'S SECOND SET OF INTERROGATORIES TO DEFENDANT
M SPORT DIRECT
CASE NO. 1:21-cv-04055

8.     "Prior Art" means all documents, information, acts, or things that qualify as prior art under 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

9.     "Alleged Prior Art" means patents identified in Defendants' Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction [Doc. No. 21]:  U.S. Patent No. D883,259 (the "'259 Patent"); U.S. Patent No. D827,616 (the "'616 Patent"); U.S. Patent No. D863,265 (the "'265 Patent"); U.S. Patent No. D817,305 (the "'305 Patent"); U.S. Patent No. D914,651 (the "'651 Patent"); and the YouTube.com videos referenced in Defendant's Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction (Dkt. 21, p. 10; Exhibit 4) (collectively, "Alleged Prior Art").

10.     "Infringing Product No. 1" means the earbuds sold by Defendants and identified as Exhibit 1 to Plaintiff's Complaint.

11.     "Infringing Product No. 2" means the earbuds sold by Defendants and identified as Exhibit 2 to Plaintiff's Complaint.

12.     "Infringing Products" means the collective reference to Infringing Product No. 1 and Infringing Product No. 2.

13.     "E-Commerce Store" or "E-Commerce Stores" means any individual, entity or business which allows companies and individuals to buy and sell goods and services over the internet.

14.     "Relate" or "Relating to" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

15.     "Communication" means the transmission of information in any form, between two or more persons, including, without limitation, written, oral, or electronic transmissions.

16.     "Complaint" means the Complaint filed on or about July 29, 2021, in *Gao v. Partnerships and Unincorporated Associations Identified on Schedule "A",* Case No. 1:21-cv-04055.

17.     "Identify" means:

(a)     with respect to a person, to provide, to the extent known, the person's (i) full name; (ii) present or last known address; and (iii) current or last known place of employment;

(b)     with respect to a document, to provide, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s); (v) addressee(s), and (vi) recipient(s); and

(c)     with respect to a communication, to provide, to the extent known, (i) a description of the substance; (ii) the form of the communication (e.g., telephone, facsimile, email, etc.); (iii) all parties to and/or present at the time, as well as the full name, present or last known address, and the current or last known place of employment of each person; (iv) the person who initiated the communication; and (v) the time, date, and place of the communication.

18.     The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise fall outside the scope of the interrogatory.

PLAINTIFF FENG GAO'S SECOND SET OF INTERROGATORIES TO DEFENDANT
M SPORT DIRECT
CASE NO. 1:21-cv-04055

19.     Each interrogatory is to be answered fully based on information in your possession, custody, or control, or in the possession, custody, or control of your representatives, agents, or attorneys.

20.     If you object to any interrogatory or any portion of an interrogatory on the ground that the answer would reveal the substance of any privileged information, provide all information required by Federal Rule of Civil Procedure 26(b)(5).  If your objection is on the ground that the answer would reveal the substance of a privileged communication, include an identification of:

(a)     the nature of the privilege or protection claimed;

(b)     the person who made the communication, whether oral or in writing;

(c)     if the communication was oral, all persons present while the communication was made;

(d)     if the communication was written, the author, addressees, and any other recipients;

(e)     the date and place of the communication; and

(f)     the general subject matter of the communication.

21.     These interrogatories are continuing in nature. If you receive or otherwise become aware of information responsive to any interrogatory after you have served your responses to these interrogatories, you must promptly supplement your responses to these interrogatories to provide such information, as required by Federal Rule of Civil Procedure 26(e).

PLAINTIFF FENG GAO'S SECOND SET OF INTERROGATORIES TO DEFENDANT
M SPORT DIRECT
CASE NO. 1:21-cv-04055

# **INTERROGATORIES**

**INTERROGATORY NO. 21:**    State the date M SPORT DIRECT was incorporated as an entity, and the name of Defendant's legal representative. If M SPORT DIRECT is not an incorporated entity, state the date M SPORT DIRECT was first used or registered as a fictious name.

**ANSWER:**

**INTERROGATORY NO. 22:**    Identify all employees, members, and managers, past and present, of M SPORT DIRECT from January 1, 2019 through the present, and for each state:

(1) Name of the employee, member and/or manager;

(2) Years of employment or ownership;

(3) Title and job duties of the employee;

(4) Roles, management duties and title(s) of the members and managers;

(5) Interest the member(s) and manager(s) has in M SPORT DIRECT; and

(6) The role the employee(s), member(s) and manager(s) played in selling the Infringing Products on Amazon.com.

**ANSWER:**

PLAINTIFF FENG GAO'S SECOND SET OF INTERROGATORIES TO DEFENDANT
M SPORT DIRECT
CASE NO. 1:21-cv-04055

**INTERROGATORY NO. 23:** State the profits made by M SPORT DIRECT, on a monthly basis, for the sale of the Infringing Products from January 1, 2019 through the present, including but not limited to, cost of goods sold, sales price, and any other expenses.

**ANSWER:**

DATED this 22nd day of July 2022.

**Bayramoglu Law Offices, LLC**

/s/ Melika T. Harris
Melika T. Harris
1540 West Warm Springs Road, Suite 100
Henderson, NV 89014
T: (702) 462-5973
F: (702) 553-3404
melika@bayramoglu-legal.com
Attorneys for Plaintiff

8

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on July 22 2022, I served a true and correct copy of Plaintiff's Second Set of Interrogatories To Defendant M SPORT DIRECT via e-mail to counsel for Defendants:

ADAM URBANCZYK
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
Telephone: (312)715-7312
Facsimile: (312)646-2501
adamu@au-llc.com

/s/ Melika T. Harris
Melika T. Harris

PLAINTIFF FENG GAO'S SECOND SET OF INTERROGATORIES TO DEFENDANT
M SPORT DIRECT
CASE NO. 1:21-cv-04055

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FENG GAO, An individual residing in the People's Republic of China. | Case No. 1:21-cv-04055 |
| **Plaintiff,** | Judge Robert M. Dow, Jr. |
| vs. | |
| THE PARTERNSHIPS and UNICORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," | |
| **Defendants.** | |

## PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANT SPIDOC DIRECT

PROPOUNDING PARTY:  Plaintiff Feng Gao

RESPONDING PARTY:    SPIDOC DIRECT

SET NUMBER:                 Two

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff FENG GAO, (hereinafter "Plaintiff"), hereby propounds the following Interrogatories to Defendant SPIDOC DIRECT in the above-captioned lawsuit.  Defendant SPIDOC DIRECT must answer the following Interrogatories separately and fully in writing under oath. Defendant SPIDOC DIRECT must respond to these Interrogatories within thirty (30) days after service

1

and submit responses to the offices of Bayramoglu Law Offices, LLC, 1540 West Warm Springs Road Suite 100, Henderson, Nevada 89014, with a courtesy copy via email to Melika T. Harris at melika@bayramoglu-legal.com or a location agreed to by the parties. When responding to the Interrogatories, please refer to the Definitions and Instructions that follow:

## **DEFINITIONS AND INSTRUCTIONS**

1.      "Document(s)" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information, that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages (IMs), calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "document" refers to any document now or at any time in Defendants' possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right

to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

2.      "Defendant", "you" or "your" means SPIDOC DIRECT, and any representative or other persons known or believed to be acting on Defendant SPIDOC DIRECT's behalf.

3.      "Defendants" means all the Individuals, Partnerships, and Unincorporated Associations listed on Schedule A to Plaintiff's Complaint, and any representatives or other persons known or believed to be acting on Defendants' behalf.

4.      "Plaintiff" means Feng Gao, the plaintiff in the above-captioned action.

5.      "Plaintiff's Patents" means U.S. Patent Nos. D888,023 (the "'023 Patent"); D915,356 (the "'356 Patent"); and D915,357 (the "'357 Patent").

6.      "Related Patents" means all United States and foreign patents and patent applications (including all published, unpublished, pending, and abandoned applications) relating to the Patents-in-Suit, including patents or patent applications:

(a)      from or through which the Plaintiff's Patents directly or indirectly claim priority;

(b)      that claim priority to the Plaintiff's Patents; or

(c)      otherwise identified in the Plaintiff's Patents as related to that patent.

7.      "Xie Patent" means U.S. Patent No. D914,651 (the "'651 Patent") issued on March 30, 2021.

3

8.      "Prior Art" means all documents, information, acts, or things that qualify as prior art under 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

9.      "Alleged Prior Art" means patents identified in Defendants' Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction [Doc. No. 21]:  U.S. Patent No. D883,259 (the "'259 Patent"); U.S. Patent No. D827,616 (the "'616 Patent"); U.S. Patent No. D863,265 (the "'265 Patent"); U.S. Patent No. D817,305 (the "'305 Patent"); U.S. Patent No. D914,651 (the "'651 Patent"); and the YouTube.com videos referenced in Defendant's Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction (Dkt. 21, p. 10; Exhibit 4) (collectively, "Alleged Prior Art").

10.      "Infringing Product No. 1" means the earbuds sold by Defendants and identified as Exhibit 1 to Plaintiff's Complaint.

11.      "Infringing Product No. 2" means the earbuds sold by Defendants and identified as Exhibit 2 to Plaintiff's Complaint.

12.      "Infringing Products" means the collective reference to Infringing Product No. 1 and Infringing Product No. 2.

13.      "E-Commerce Store" or "E-Commerce Stores" means any individual, entity or business which allows companies and individuals to buy and sell goods and services over the internet.

14.      "Relate" or "Relating to" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

PLAINTIFF FENG GAO'S SECOND SET OF INTERROGATORIES TO DEFENDANT
SPIDOC DIRECT
CASE NO. 1:21-cv-04055

15.     "Communication" means the transmission of information in any form, between two or more persons, including, without limitation, written, oral, or electronic transmissions.

16.     "Complaint" means the Complaint filed on or about July 29, 2021, in *Gao v. Partnerships and Unincorporated Associations Identified on Schedule "A"*, Case No. 1:21-cv-04055.

17.     "Identify" means:

(a)     with respect to a person, to provide, to the extent known, the person's (i) full name; (ii) present or last known address; and (iii) current or last known place of employment;

(b)     with respect to a document, to provide, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s); (v) addressee(s), and (vi) recipient(s); and

(c)     with respect to a communication, to provide, to the extent known, (i) a description of the substance; (ii) the form of the communication (e.g., telephone, facsimile, email, etc.); (iii) all parties to and/or present at the time, as well as the full name, present or last known address, and the current or last known place of employment of each person; (iv) the person who initiated the communication; and (v) the time, date, and place of the communication.

18.     The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise fall outside the scope of the interrogatory.

5

19.     Each interrogatory is to be answered fully based on information in your possession, custody, or control, or in the possession, custody, or control of your representatives, agents, or attorneys.

20.     If you object to any interrogatory or any portion of an interrogatory on the ground that the answer would reveal the substance of any privileged information, provide all information required by Federal Rule of Civil Procedure 26(b)(5). If your objection is on the ground that the answer would reveal the substance of a privileged communication, include an identification of:

(a)     the nature of the privilege or protection claimed;

(b)     the person who made the communication, whether oral or in writing;

(c)     if the communication was oral, all persons present while the communication was made;

(d)     if the communication was written, the author, addressees, and any other recipients;

(e)     the date and place of the communication; and

(f)     the general subject matter of the communication.

21.     These interrogatories are continuing in nature. If you receive or otherwise become aware of information responsive to any interrogatory after you have served your responses to these interrogatories, you must promptly supplement your responses to these interrogatories to provide such information, as required by Federal Rule of Civil Procedure 26(e).

**<u>INTERROGATORIES</u>**

**INTERROGATORY NO. 21:** State the date SPIDOC DIRECT was incorporated as an entity, and the name of Defendant's legal representative. If SPIDOC DIRECT is not an incorporated entity, state the date SPIDOC DIRECT was first used or registered as a fictious name.

**ANSWER:**

**INTERROGATORY NO. 22:** Identify all employees, members, and managers, past and present, of SPIDOC DIRECT from January 1, 2019 through the present, and for each state:

(1) Name of the employee, member and/or manager;

(2) Years of employment or ownership;

(3) Title and job duties of the employee;

(4) Roles, management duties and title(s) of the members and managers;

(5) Interest the member(s) and manager(s) has in SPIDOC DIRECT; and

(6) The role the employee(s), member(s) and manager(s) played in selling the Infringing Products on Amazon.com.

**ANSWER:**

PLAINTIFF FENG GAO'S SECOND SET OF INTERROGATORIES TO DEFENDANT
SPIDOC DIRECT
CASE NO. 1:21-cv-04055

**INTERROGATORY NO. 23:**     State the profits made by SPIDOC DIRECT, on a monthly basis, for the sale of the Infringing Products from January 1, 2019 through the present, including but not limited to, cost of goods sold, sales price, and any other expenses.

**ANSWER:**

DATED this 22nd day of July 2022.

**Bayramoglu Law Offices, LLC**

/s/ Melika T. Harris
Melika T. Harris
1540 West Warm Springs Road, Suite 100
Henderson, NV 89014
T: (702) 462-5973
F: (702) 553-3404
melika@bayramoglu-legal.com
Attorneys for Plaintiff

8

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 22 2022, I served a true and correct copy of Plaintiff's Second Set of Interrogatories To Defendant SPIDOC DIRECT via e-mail to counsel for Defendants:

ADAM URBANCZYK
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
Telephone: (312)715-7312
Facsimile: (312)646-2501
adamu@au-llc.com

/s/ Melika T. Harris
Melika T. Harris

PLAINTIFF FENG GAO'S SECOND SET OF INTERROGATORIES TO DEFENDANT
SPIDOC DIRECT
CASE NO. 1:21-cv-04055

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FENG GAO, An individual residing in the People's Republic of China. | Case No.  1:21-cv-04055 |
| **Plaintiff,** | Judge Robert M. Dow, Jr. |
| vs. | |
| THE PARTERNSHIPS and UNICORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," | |
| **Defendants.** | |

**PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANT**

**UNIQTEC USA**

PROPOUNDING PARTY:  Plaintiff Feng Gao

RESPONDING PARTY:     UNIQTEC USA

SET NUMBER:                    Two


        Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff FENG GAO, (hereinafter "Plaintiff"), hereby propounds the following Interrogatories to Defendant UNIQTEC USA in the above-captioned lawsuit.  Defendant UNIQTEC USA must answer the following Interrogatories separately and fully in writing under oath. Defendant UNIQTEC USA must respond to these Interrogatories within thirty (30) days after service

1

and submit responses to the offices of Bayramoglu Law Offices, LLC, 1540 West Warm Springs Road Suite 100, Henderson, Nevada 89014, with a courtesy copy via email to Melika T. Harris at melika@bayramoglu-legal.com or a location agreed to by the parties. When responding to the Interrogatories, please refer to the Definitions and Instructions that follow:

## DEFINITIONS AND INSTRUCTIONS

1.      "Document(s)" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information, that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages (IMs), calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "document" refers to any document now or at any time in Defendants' possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right

2

to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

2.      "Defendant", "you" or "your" means UNIQTEC USA, and any representative or other persons known or believed to be acting on Defendant UNIQTEC USA's behalf.

3.      "Defendants" means all the Individuals, Partnerships, and Unincorporated Associations listed on Schedule A to Plaintiff's Complaint, and any representatives or other persons known or believed to be acting on Defendants' behalf.

4.      "Plaintiff" means Feng Gao, the plaintiff in the above-captioned action.

5.      "Plaintiff's Patents" means U.S. Patent Nos. D888,023 (the "'023 Patent"); D915,356 (the "'356 Patent"); and D915,357 (the "'357 Patent").

6.      "Related Patents" means all United States and foreign patents and patent applications (including all published, unpublished, pending, and abandoned applications) relating to the Patents-in-Suit, including patents or patent applications:

(a)      from or through which the Plaintiff's Patents directly or indirectly claim priority;

(b)      that claim priority to the Plaintiff's Patents; or

(c)      otherwise identified in the Plaintiff's Patents as related to that patent.

7.      "Xie Patent" means U.S. Patent No. D914,651 (the "'651 Patent") issued on March 30, 2021.

3

8.  "Prior Art" means all documents, information, acts, or things that qualify as prior art under 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

9.  "Alleged Prior Art" means patents identified in Defendants' Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction [Doc. No. 21]: U.S. Patent No. D883,259 (the "'259 Patent"); U.S. Patent No. D827,616 (the "'616 Patent"); U.S. Patent No. D863,265 (the "'265 Patent"); U.S. Patent No. D817,305 (the "'305 Patent"); U.S. Patent No. D914,651 (the "'651 Patent"); and the YouTube.com videos referenced in Defendant's Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction (Dkt. 21, p. 10; Exhibit 4) (collectively, "Alleged Prior Art").

10. "Infringing Product No. 1" means the earbuds sold by Defendants and identified as Exhibit 1 to Plaintiff's Complaint.

11. "Infringing Product No. 2" means the earbuds sold by Defendants and identified as Exhibit 2 to Plaintiff's Complaint.

12. "Infringing Products" means the collective reference to Infringing Product No. 1 and Infringing Product No. 2.

13. "E-Commerce Store" or "E-Commerce Stores" means any individual, entity or business which allows companies and individuals to buy and sell goods and services over the internet.

14. "Relate" or "Relating to" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

15.     "Communication" means the transmission of information in any form, between two or more persons, including, without limitation, written, oral, or electronic transmissions.

16.     "Complaint" means the Complaint filed on or about July 29, 2021, in *Gao v. Partnerships and Unincorporated Associations Identified on Schedule "A",* Case No. 1:21-cv-04055.

17.     "Identify" means:

(a)     with respect to a person, to provide, to the extent known, the person's (i) full name; (ii) present or last known address; and (iii) current or last known place of employment;

(b)     with respect to a document, to provide, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s); (v) addressee(s), and (vi) recipient(s); and

(c)     with respect to a communication, to provide, to the extent known, (i) a description of the substance; (ii) the form of the communication (e.g., telephone, facsimile, email, etc.); (iii) all parties to and/or present at the time, as well as the full name, present or last known address, and the current or last known place of employment of each person; (iv) the person who initiated the communication; and (v) the time, date, and place of the communication.

18.     The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise fall outside the scope of the interrogatory.

PLAINTIFF FENG GAO'S SECOND SET OF INTERROGATORIES TO DEFENDANT
UNIQTEC USA
CASE NO. 1:21-cv-04055

19.     Each interrogatory is to be answered fully based on information in your possession, custody, or control, or in the possession, custody, or control of your representatives, agents, or attorneys.

20.     If you object to any interrogatory or any portion of an interrogatory on the ground that the answer would reveal the substance of any privileged information, provide all information required by Federal Rule of Civil Procedure 26(b)(5).  If your objection is on the ground that the answer would reveal the substance of a privileged communication, include an identification of:

(a)     the nature of the privilege or protection claimed;

(b)     the person who made the communication, whether oral or in writing;

(c)     if the communication was oral, all persons present while the communication was made;

(d)     if the communication was written, the author, addressees, and any other recipients;

(e)     the date and place of the communication; and

(f)     the general subject matter of the communication.

21.     These interrogatories are continuing in nature. If you receive or otherwise become aware of information responsive to any interrogatory after you have served your responses to these interrogatories, you must promptly supplement your responses to these interrogatories to provide such information, as required by Federal Rule of Civil Procedure 26(e).

PLAINTIFF FENG GAO'S SECOND SET OF INTERROGATORIES TO DEFENDANT
UNIQTEC USA
CASE NO. 1:21-cv-04055

## **INTERROGATORIES**

**INTERROGATORY NO. 21:**    State the date UNIQTEC USA was incorporated as an entity, and the name of Defendant's legal representative. If UNIQTEC USA is not an incorporated entity, state the date UNIQTEC USA was first used or registered as a fictious name.

   **ANSWER:**

**INTERROGATORY NO. 22:**    Identify all employees, members, and managers, past and present, of UNIQTEC USA from January 1, 2019 through the present, and for each state:

   (1) Name of the employee, member and/or manager;

   (2) Years of employment or ownership;

   (3) Title and job duties of the employee;

   (4) Roles, management duties and title(s) of the members and managers;

   (5) Interest the member(s) and manager(s) has in UNIQTEC USA; and

   (6) The role the employee(s), member(s) and manager(s) played in selling the Infringing Products on Amazon.com.

   **ANSWER:**

**INTERROGATORY NO. 23:**      State the profits made by UNIQTEC USA, on a monthly basis, for the sale of the Infringing Products from January 1, 2019 through the present, including, but not limited to, cost of goods sold, sales price, and any other expenses.

**ANSWER:**


DATED this 22nd day of July 2022.

                                        **Bayramoglu Law Offices, LLC**

                                        /s/ Melika T. Harris
                                        Melika T. Harris
                                        1540 West Warm Springs Road, Suite 100
                                        Henderson, NV 89014
                                        T: (702) 462-5973
                                        F: (702) 553-3404
                                        melika@bayramoglu-legal.com
                                        Attorneys for Plaintiff

1

2

### CERTIFICATE OF SERVICE

3

    The undersigned certifies that on July 22 2022, I served a true and correct copy of

4

Plaintiff's Second Set of Interrogatories To Defendant UNIQTEC USA via e-mail to counsel

5

for Defendants:

6

7

ADAM URBANCZYK

8

AU LLC
564 W. Randolph St. 2nd Floor

9

Chicago, IL 60661
Telephone: (312)715-7312

10

Facsimile: (312)646-2501

11

adamu@au-llc.com

12

13

14

15

/s/ Melika T. Harris

Melika T. Harris

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF FENG GAO'S SECOND SET OF INTERROGATORIES TO DEFENDANT
UNIQTEC USA
CASE NO. 1:21-cv-04055