**EXHIBIT 6**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FENG GAO, An individual residing in the People's Republic of China. | Case No.  21-cv-4055 |
| **Plaintiff,** | Judge Robert M. Dow, Jr. |
| vs. | |
| THE PARTERNSHIPS and UNICORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," | |
| **Defendants.** | |

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO 3ONE

PROPOUNDING PARTY:  Plaintiff Feng Gao

RESPONDING PARTY:    3ONE

SET NUMBER:              Two

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff FENG GAO, (hereinafter "Plaintiff"), hereby requests that Defendant 3ONE in the above-captioned lawsuit produce the materials identified in the Requests for Production, below. Defendant 3ONE must produce the requested materials within thirty (30) days after service of these Requests for Production. Defendant 3ONE is required to respond individually and separately to every Request by producing the requested material to Bayramoglu Law Offices, LLC, 1540 West Warm Springs Road Suite 100, Henderson, Nevada 89014, with a courtesy

1

copy via email to Melika T. Harris at melika@bayramoglu-legal.com or a location agreed to by the parties. When responding to these Requests, please refer to the Definitions and Instructions that follow.

## DEFINITIONS AND INSTRUCTIONS

1.      "Document(s)" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information, that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages (IMs), calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "document" refers to any document now or at any time in Defendants' possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

PLAINTIFF FENG GAO'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT 3ONE
CASE NO. 1:21-cv-04055

2.      "Electronically Stored Information" or "ESI" as used herein has the same meaning as in the Federal Rules of Civil Procedure 26 and 34.

3.      "Defendant", "you" or "your" means 3ONE, the defendant in the above-captioned matter and any representatives or other persons acting, or purporting to act, on 3ONE's behalf.

4.      "Plaintiff" means Feng Gao, the plaintiff in the above-captioned action.

5.      "Plaintiff's Patents" means U.S. Patent Nos. D888,023 (the "'023 Patent"); D915,356 (the "'356 Patent"); and D915,357 (the "'357 Patent").

6.      "Related Patents" means all United States and foreign patents and patent applications (including all published, unpublished, pending, and abandoned applications) relating to the Plaintiff's Patents, including patents or patent applications:

(a)      from or through which the Plaintiff's Patents directly or indirectly claim priority;

(b)      that claim priority to the Plaintiff's Patents; or

(c)      otherwise identified in the Plaintiff's Patents as related to that patent.

7.      "Xie Patent" means U.S. Patent No. D914,651 (the "'651 Patent") issued on March 30, 2021.

8.      "Prior Art" means all documents, information, acts, or things that qualify as prior art under 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

9.      "Alleged Prior Art" means patents identified in Defendants' Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction [Doc. No. 21]:  U.S. Patent No. D883,259 (the "'259 Patent"); U.S. Patent No. D827,616 (the "'616 Patent"); U.S.

3

Patent No. D863,265 (the "'265 Patent"); U.S. Patent No. D817,305 (the "'305 Patent"); and the YouTube.com videos referenced in Defendant's Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction (Dkt. 21, p. 10; Exhibit 4) (collectively, "Alleged Prior Art").

10. "Infringing Product No. 1" means the earbuds sold by Defendants and identified as Exhibit 1 to Plaintiff's Complaint.

11. "Infringing Product No. 2" means the earbuds sold by Defendants and identified as Exhibit 2 to Plaintiff's Complaint.

12. "Infringing Products" means the collective reference to Infringing Product No. 1 and Infringing Product No. 2.

13. "E-Commerce Store" or "E-Commerce Stores" means any individual, entity, business or organization which allows companies and individuals to buy and sell goods and services over the internet.

14. "Seller Aliases" means the names identified in Schedule A to Plaintiff's Complaint showing the e-commerce store URLs used by Defendants for their interactive E-Commerce Stores.

15. "Person" means any natural person or any legal entity, including, but not limited to, any business or governmental entity, organization, or association.

16. "Relate" "Related" or "Relating to" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

17. "Communication" "Communications" or "Correspondence" means the transmission of information in any form, between two or more persons, whether orally, in writing, or by any other means. Communication is any oral, written, or electronic transmission of information, including, but not limited to, meetings, discussions, conversations, telephone

calls, memoranda, letters, emails, text messages, conferences, seminars, or any other exchange of information.

18.     "Complaint" means the Complaint filed on or about July 29, 2021, in *Gao v. Partnerships and Unincorporated Associations Identified on Schedule "A",* Case No. 1:21-cv-04055.

19.     The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of the request.

20.     The terms "all," "any," or "each" encompass any and all of the matter discussed.

21.     "Including" means including, but not limited to.

22.     The use of singular form includes plural and vice versa.

23.     The use of present tense includes past tense and vice versa.

24.     These requests call for the production of all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint ventures, brokers, accountants, financial advisors, representatives, and agents or other persons acting on your behalf, without regard to the physical location of those documents.

25.     In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents, or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each document. If your response is that documents are not under your control, identify who has the control and the location of the documents.

26.     If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

(a)     identifying the document;

(b)   describing where the document is now;

(c)   identifying who has control of the document;

(d)   describing how the document became lost or destroyed or was transferred; and

(e)   identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

27.   Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

28.   If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege, work product, or other business confidentiality or trade secret protection, set out separately for each document:

(a)   the ground of privilege or protection claimed;

(b)   each and every basis under which the document is withheld;

(c)   the type of document;

(d)   its general subject matter;

(e)   the document's date; and

(f)   other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by FRCP 26(b)(5).

29.   To the extent you assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED" and include the basis for the

6

redaction on the document in an appropriate location that does not obscure the remaining text.

30.     If there are no documents in response to any particular request, you shall state so in writing.

31.     These Requests are continuing in nature. See, Fed. R. Civ. P. 26(e). With respect to any of the following Requests or portions that Defendant, after answering, acquires additional knowledge or information, Defendant must serve upon Plaintiff amended or supplemental responses.

32.     Pursuant to the Federal Rules of Civil Procedure and case law, Defendant must preserve, or cause to be preserved, all records, documents, and Electronically Stored Information (including, but not limited to, computer data) related to this litigation.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**DOCUMENT REQUEST NO. 1:** All corporate formation documents for 3ONE (i.e., Articles of Incorporation, Certificate of Incorporation, Operating Agreements, Bylaws, EIN Confirmation Letter, Banking Resolution, etc.)

**RESPONSE:**

**DOCUMENT REQUEST NO. 2:** All Communications between 3ONE and the other Defendants in this litigation Related to the Infringing Products, from January 1, 2019 through the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 3:** All Documents Communications between 3ONE and Sumin Xie, Related to the sale, assignment, license, transfer, or use of the product or design claimed in the Xie Patent, from January 1, 2019 through the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 4:** All Documents and Communications between 3ONE and the supplier of the Infringing Products to 3ONE, from January 1, 2019 through the present, Related to the sale, transport, and import of the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 5:** All products, information and Documents provided to Amazon by 3ONE on or before April 24, 2021, which were referenced in D000199-D000200.[13]

**RESPONSE:**

**DOCUMENT REQUEST NO. 6:** All invoices and packing list from the supplier of the Infringing Products to Defendant, from January 1, 2019 through the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 7:** All Documents and Communications Related to the importation and entry of the Infringing Products into the United States (i.e., transportation entry and manifest of goods, bond, etc.), from January 1, 2019 through the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 8:** All Communications between 3ONE and Amazon Related to the Infringing Products from January 1, 2019 through the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 9:** All Communications sent or received by 3ONE through the Amazon Buyer-Seller Messaging Service Related to the Infringing Products, from January 1, 2019 through the present.[14]

---

[13] D000199-D000200 are documents produced by 3ONE in Defendant's Supplement Responses to Plaintiff's First Set of Requests for Production of Documents.
[14] Defendant may access the Buyer-Seller Messaging Service by logging into its Amazon.com account and going to the Message Center.

**RESPONSE:**

**DOCUMENT REQUEST NO. 10:** All Amazon Sales Reports, Related to the Infringing Products, from January 1, 2019 through the present. The "Sales Reports" are defined in the Amazon.com – FBA Business Reports page attached hereto as Exhibit 1.[15]

**RESPONSE:**

**DOCUMENT REQUEST NO. 11:** All Amazon Inventory Reports, Related to the Infringing Products, from January 1, 2019 through the present. The "Inventory Reports" are defined in the Amazon.com – FBA Business Reports page attached hereto as Exhibit 1.

**RESPONSE:**

**DOCUMENT REQUEST NO. 12:** All Amazon Payment Reports, Related to the Infringing Products, from January 1, 2019 through the present. The "Payment Reports" are defined in the Amazon.com – FBA Business Reports page attached hereto as Exhibit 1.

**RESPONSE:**

**DOCUMENT REQUEST NO. 13:** All Amazon Customer Concessions Reports, Related to the Infringing Products, from January 1, 2019 through the present. The "Customer Concessions Reports" are defined in the Amazon.com – FBA Business Reports page attached hereto as Exhibit 1.

**RESPONSE:**

**DOCUMENT REQUEST NO. 14:** All Amazon Removal Reports, Related to the Infringing Products, from January 1, 2019 through the present. The "Removal Reports" are defined in the Amazon.com – FBA Business Reports page attached hereto as Exhibit 1.

**RESPONSE:**

---

[15] https://sellercentral.amazon.com/gp/help/external/G201074420?language=en_US

**DOCUMENT REQUEST NO. 15:** Copies of government issued photo identification for each person identified in Defendant's Answer to Plaintiff's Second Set of Interrogatories to Defendant 3ONE, Interrogatory No. 22.

**RESPONSE:**

**DOCUMENT REQUEST NO. 16:** Copy of government issued photo identification document for Yarong Chen.

**RESPONSE:**

DATED this 22nd day of July 2022.

Bayramoglu Law Offices, LLC

*/s/ Melika T. Harris*

**Melika T. Harris**
1540 West Warm Springs Road, Suite 100
Henderson, NV 89014
T: (702) 462-5973
F: (702) 553-3404
melika@bayramoglu-legal.com
*Attorneys for Plaintiff*

PLAINTIFF FENG GAO'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT 3ONE
CASE NO. 1:21-cv-04055

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 22, 2022, I served a true and correct copy of

**Plaintiff's Second Request for Production of Documents To 3ONE** via e-mail to counsel for

Defendants:

ADAM URBANCZYK
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
Telephone: (312)715-7312
Facsimile: (312)646-2501
adamu@au-llc.com

*/s/ Melika T. Harris*
Melika T. Harris

11

PLAINTIFF FENG GAO'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT 3ONE
CASE NO. 1:21-cv-04055

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FENG GAO, An individual residing in the
People's Republic of China.

      **Plaintiff,**

        vs.

THE PARTERNSHIPS and
UNICORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

      **Defendants.**

Case No.  21-cv-4055

Judge Robert M. Dow, Jr.


**PLAINTIFF'S SECOND REQUEST FOR PRODUCTION**

**OF DOCUMENTS TO F SPORT SHOP**


PROPOUNDING PARTY:  Plaintiff Feng Gao

RESPONDING PARTY:     F SPORT SHOP

SET NUMBER:             Two

      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff FENG GAO, (hereinafter "Plaintiff"), hereby requests that Defendant F SPORT SHOP in the above-captioned lawsuit produce the materials identified in the Requests for Production, below. Defendant F SPORT SHOP must produce the requested materials within thirty (30) days after service of these Requests for Production. Defendant F SPORT SHOP is required to respond individually and separately to every Request by producing the requested material to Bayramoglu Law Offices, LLC, 1540 West Warm Springs Road Suite 100, Henderson,

1

Nevada 89014, with a courtesy copy via email to Melika T. Harris at melika@bayramoglu-legal.com or a location agreed to by the parties. When responding to these Requests, please refer to the Definitions and Instructions that follow.

## DEFINITIONS AND INSTRUCTIONS

1.    "Document(s)" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information, that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages (IMs), calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "document" refers to any document now or at any time in Defendants' possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

2.     "Electronically Stored Information" or "ESI" as used herein has the same meaning as in the Federal Rules of Civil Procedure 26 and 34.

3.     "Defendant", "you" or "your" means F SPORT SHOP, the defendant in the above-captioned matter and any representatives or other persons acting, or purporting to act, on F SPORT SHOP's behalf.

4.     "Plaintiff" means Feng Gao, the plaintiff in the above-captioned action.

5.     "Plaintiff's Patents" means U.S. Patent Nos. D888,023 (the "'023 Patent"); D915,356 (the "'356 Patent"); and D915,357 (the "'357 Patent").

6.     "Related Patents" means all United States and foreign patents and patent applications (including all published, unpublished, pending, and abandoned applications) relating to the Plaintiff's Patents, including patents or patent applications:

(a)     from or through which the Plaintiff's Patents directly or indirectly claim priority;

(b)     that claim priority to the Plaintiff's Patents; or

(c)     otherwise identified in the Plaintiff's Patents as related to that patent.

7.     "Xie Patent" means U.S. Patent No. D914,651 (the "'651 Patent") issued on March 30, 2021.

8.     "Prior Art" means all documents, information, acts, or things that qualify as prior art under 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

9.     "Alleged Prior Art" means patents identified in Defendants' Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction [Doc. No. 21]:  U.S. Patent No. D883,259 (the "'259 Patent"); U.S. Patent No. D827,616 (the "'616 Patent"); U.S.

3

Patent No. D863,265 (the "'265 Patent"); U.S. Patent No. D817,305 (the "'305 Patent"); and the YouTube.com videos referenced in Defendant's Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction (Dkt. 21, p. 10; Exhibit 4) (collectively, "Alleged Prior Art").

10. "Infringing Product No. 1" means the earbuds sold by Defendants and identified as Exhibit 1 to Plaintiff's Complaint.

11. "Infringing Product No. 2" means the earbuds sold by Defendants and identified as Exhibit 2 to Plaintiff's Complaint.

12. "Infringing Products" means the collective reference to Infringing Product No. 1 and Infringing Product No. 2.

13. "E-Commerce Store" or "E-Commerce Stores" means any individual, entity, business or organization which allows companies and individuals to buy and sell goods and services over the internet.

14. "Seller Aliases" means the names identified in Schedule A to Plaintiff's Complaint showing the e-commerce store URLs used by Defendants for their interactive E-Commerce Stores.

15. "Person" means any natural person or any legal entity, including, but not limited to, any business or governmental entity, organization, or association.

16. "Relate" "Related" or "Relating to" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

17. "Communication" "Communications" or "Correspondence" means the transmission of information in any form, between two or more persons, whether orally, in writing, or by any other means. Communication is any oral, written, or electronic transmission of information, including, but not limited to, meetings, discussions, conversations, telephone

4

PLAINTIFF FENG GAO'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT F SPORT SHOP
CASE NO. 1:21-cv-04055

calls, memoranda, letters, emails, text messages, conferences, seminars, or any other exchange of information.

18.     "Complaint" means the Complaint filed on or about July 29, 2021, in *Gao v. Partnerships and Unincorporated Associations Identified on Schedule "A",* Case No. 1:21-cv-04055.

19.     The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of the request.

20.     The terms "all," "any," or "each" encompass any and all of the matter discussed.

21.     "Including" means including, but not limited to.

22.     The use of singular form includes plural and vice versa.

23.     The use of present tense includes past tense and vice versa.

24.     These requests call for the production of all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint ventures, brokers, accountants, financial advisors, representatives, and agents or other persons acting on your behalf, without regard to the physical location of those documents.

25.     In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents, or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each document. If your response is that documents are not under your control, identify who has the control and the location of the documents.

26.     If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

(a)     identifying the document;

5

PLAINTIFF FENG GAO'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT F SPORT SHOP
CASE NO. 1:21-cv-04055

(b)  describing where the document is now;

(c)  identifying who has control of the document;

(d)  describing how the document became lost or destroyed or was transferred; and

(e)  identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

27.  Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

28.  If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege, work product, or other business confidentiality or trade secret protection, set out separately for each document:

(a)  the ground of privilege or protection claimed;

(b)  each and every basis under which the document is withheld;

(c)  the type of document;

(d)  its general subject matter;

(e)  the document's date; and

(f)  other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by FRCP 26(b)(5).

29.  To the extent you assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED" and include the basis for the

6

redaction on the document in an appropriate location that does not obscure the remaining text.

30.     If there are no documents in response to any particular request, you shall state so in writing.

31.     These Requests are continuing in nature. See, Fed. R. Civ. P. 26(e). With respect to any of the following Requests or portions that Defendant, after answering, acquires additional knowledge or information, Defendant must serve upon Plaintiff amended or supplemental responses.

32.     Pursuant to the Federal Rules of Civil Procedure and case law, Defendant must preserve, or cause to be preserved, all records, documents, and Electronically Stored Information (including, but not limited to, computer data) related to this litigation.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**DOCUMENT REQUEST NO. 1:**   All corporate formation documents for F SPORT SHOP (i.e., Articles of Incorporation, Certificate of Incorporation, Operating Agreements, Bylaws, EIN Confirmation Letter, Banking Resolution, etc.)

**RESPONSE:**

**DOCUMENT REQUEST NO. 2:**   All Communications between F SPORT SHOP and the other Defendants in this litigation Related to the Infringing Products, from January 1, 2019 through the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 3:**   All Documents Communications between F SPORT SHOP and Sumin Xie, Related to the sale, assignment, license, transfer, or use of the product or design claimed in the Xie Patent, from January 1, 2019 through the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 4:** All Documents and Communications between F SPORT SHOP and the supplier of the Infringing Products to F SPORT SHOP, from January 1, 2019 through the present, Related to the sale, transport, and import of the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 5:** All products, information and Documents provided to Amazon by F SPORT SHOP on or before April 24, 2021, which were referenced in D000199-D000200.[1]

**RESPONSE:**

**DOCUMENT REQUEST NO. 6:** All invoices and packing list from the supplier of the Infringing Products to Defendant, from January 1, 2019 through the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 7:** All Documents and Communications Related to the importation and entry of the Infringing Products into the United States (i.e., transportation entry and manifest of goods, bond, etc.), from January 1, 2019 through the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 8:** All Communications between F SPORT SHOP and Amazon Related to the Infringing Products from January 1, 2019 through the present.

**RESPONSE:**

---

[1] D000199-D000200 are documents produced by F SPORT SHOP in Defendant's Supplement Responses to Plaintiff's First Set of Requests for Production of Documents.

PLAINTIFF FENG GAO'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT F SPORT SHOP
CASE NO. 1:21-cv-04055

**DOCUMENT REQUEST NO. 9:** All Communications sent or received by F SPORT SHOP through the Amazon Buyer-Seller Messaging Service Related to the Infringing Products, from January 1, 2019 through the present.[2]

**RESPONSE:**

**DOCUMENT REQUEST NO. 10:** All Amazon Sales Reports, Related to the Infringing Products, from January 1, 2019 through the present. The "Sales Reports" are defined in the Amazon.com – FBA Business Reports page attached hereto as Exhibit 1.[3]

**RESPONSE:**

**DOCUMENT REQUEST NO. 11:** All Amazon Inventory Reports, Related to the Infringing Products, from January 1, 2019 through the present. The "Inventory Reports" are defined in the Amazon.com – FBA Business Reports page attached hereto as Exhibit 1.

**RESPONSE:**

**DOCUMENT REQUEST NO. 12:** All Amazon Payment Reports, Related to the Infringing Products, from January 1, 2019 through the present. The "Payment Reports" are defined in the Amazon.com – FBA Business Reports page attached hereto as Exhibit 1.

**RESPONSE:**

**DOCUMENT REQUEST NO. 13:** All Amazon Customer Concessions Reports, Related to the Infringing Products, from January 1, 2019 through the present. The "Customer Concessions Reports" are defined in the Amazon.com – FBA Business Reports page attached hereto as Exhibit 1.

**RESPONSE:**

---

[2] Defendant may access the Buyer-Seller Messaging Service by logging into its Amazon.com account and going to the Message Center.
[3] https://sellercentral.amazon.com/gp/help/external/G201074420?language=en_US

PLAINTIFF FENG GAO'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT F SPORT SHOP
CASE NO. 1:21-cv-04055

**DOCUMENT REQUEST NO. 14:** All Amazon Removal Reports, Related to the Infringing Products, from January 1, 2019 through the present. The "Removal Reports" are defined in the Amazon.com – FBA Business Reports page attached hereto as Exhibit 1.

**RESPONSE:**

**DOCUMENT REQUEST NO. 15:** Copies of government issued photo identification for each person identified in Defendant's Answer to Plaintiff's Second Set of Interrogatories to Defendant F SPORT SHOP, Interrogatory No. 22.

**RESPONSE:**

**DOCUMENT REQUEST NO. 16:** Copy of government issued photo identification document for Yarong Chen.

**RESPONSE:**

DATED this 22nd day of July 2022.

**Bayramoglu Law Offices, LLC**


*/s/ Melika T. Harris*
**Melika T. Harris**
1540 West Warm Springs Road, Suite 100
Henderson, NV 89014
T: (702) 462-5973
F: (702) 553-3404
melika@bayramoglu-legal.com
*Attorneys for Plaintiff*

PLAINTIFF FENG GAO'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT F SPORT SHOP
CASE NO. 1:21-cv-04055

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 22, 2022, I served a true and correct copy of

**Plaintiff's Second Request for Production of Documents To F SPORT SHOP** via e-mail to

counsel for Defendants:

ADAM URBANCZYK
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
Telephone: (312)715-7312
Facsimile: (312)646-2501
adamu@au-llc.com

*/s/ Melika T. Harris*
Melika T. Harris

PLAINTIFF FENG GAO'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT F SPORT SHOP
CASE NO. 1:21-cv-04055

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| FENG GAO, An individual residing in the People's Republic of China. | Case No.  21-cv-4055 |
| **Plaintiff,** | Judge Robert M. Dow, Jr. |
| vs. | |
| THE PARTERNSHIPS and UNICORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," | |
| **Defendants.** | |

**PLAINTIFF'S SECOND REQUEST FOR PRODUCTION**

**OF DOCUMENTS TO FXZ SHOP**

PROPOUNDING PARTY:  Plaintiff Feng Gao

RESPONDING PARTY:     FXZ SHOP

SET NUMBER:                Two

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff FENG GAO, (hereinafter "Plaintiff"), hereby requests that Defendant FXZ SHOP in the above-captioned lawsuit produce the materials identified in the Requests for Production, below. Defendant FXZ SHOP must produce the requested materials within thirty (30) days after service of these Requests for Production. Defendant FXZ SHOP is required to respond individually and separately to every Request by producing the requested material to Bayramoglu Law Offices, LLC, 1540 West Warm Springs Road Suite 100,   Henderson,   Nevada   89014,   with   a

1

courtesy copy via email to Melika T. Harris at melika@bayramoglu-legal.com or a location agreed to by the parties. When responding to these Requests, please refer to the Definitions and Instructions that follow.

### DEFINITIONS AND INSTRUCTIONS

1. "Document(s)" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information, that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages (IMs), calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "document" refers to any document now or at any time in Defendants' possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

PLAINTIFF FENG GAO'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT FXZ SHOP
CASE NO. 1:21-cv-04055

2.      "Electronically Stored Information" or "ESI" as used herein has the same meaning as in the Federal Rules of Civil Procedure 26 and 34.

3.      "Defendant", "you" or "your" means FXZ SHOP, the defendant in the above-captioned matter and any representatives or other persons acting, or purporting to act, on FXZ SHOP's behalf.

4.      "Plaintiff" means Feng Gao, the plaintiff in the above-captioned action.

5.      "Plaintiff's Patents" means U.S. Patent Nos. D888,023 (the "'023 Patent"); D915,356 (the "'356 Patent"); and D915,357 (the "'357 Patent").

6.      "Related Patents" means all United States and foreign patents and patent applications (including all published, unpublished, pending, and abandoned applications) relating to the Plaintiff's Patents, including patents or patent applications:

(a)      from or through which the Plaintiff's Patents directly or indirectly claim priority;

(b)      that claim priority to the Plaintiff's Patents; or

(c)      otherwise identified in the Plaintiff's Patents as related to that patent.

7.      "Xie Patent" means U.S. Patent No. D914,651 (the "'651 Patent") issued on March 30, 2021.

8.      "Prior Art" means all documents, information, acts, or things that qualify as prior art under 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

9.      "Alleged Prior Art" means patents identified in Defendants' Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction [Doc. No. 21]:  U.S. Patent No. D883,259 (the "'259 Patent"); U.S. Patent No. D827,616 (the "'616 Patent"); U.S.

3

Patent No. D863,265 (the "'265 Patent"); U.S. Patent No. D817,305 (the "'305 Patent"); and the YouTube.com videos referenced in Defendant's Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction (Dkt. 21, p. 10; Exhibit 4) (collectively, "Alleged Prior Art").

10. "Infringing Product No. 1" means the earbuds sold by Defendants and identified as Exhibit 1 to Plaintiff's Complaint.

11. "Infringing Product No. 2" means the earbuds sold by Defendants and identified as Exhibit 2 to Plaintiff's Complaint.

12. "Infringing Products" means the collective reference to Infringing Product No. 1 and Infringing Product No. 2.

13. "E-Commerce Store" or "E-Commerce Stores" means any individual, entity, business or organization which allows companies and individuals to buy and sell goods and services over the internet.

14. "Seller Aliases" means the names identified in Schedule A to Plaintiff's Complaint showing the e-commerce store URLs used by Defendants for their interactive E-Commerce Stores.

15. "Person" means any natural person or any legal entity, including, but not limited to, any business or governmental entity, organization, or association.

16. "Relate" "Related" or "Relating to" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

17. "Communication" "Communications" or "Correspondence" means the transmission of information in any form, between two or more persons, whether orally, in writing, or by any other means. Communication is any oral, written, or electronic transmission of information, including, but not limited to, meetings, discussions, conversations, telephone

calls, memoranda, letters, emails, text messages, conferences, seminars, or any other exchange of information.

18.     "Complaint" means the Complaint filed on or about July 29, 2021, in *Gao v. Partnerships and Unincorporated Associations Identified on Schedule "A",* Case No. 1:21-cv-04055.

19.     The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of the request.

20.     The terms "all," "any," or "each" encompass any and all of the matter discussed.

21.     "Including" means including, but not limited to.

22.     The use of singular form includes plural and vice versa.

23.     The use of present tense includes past tense and vice versa.

24.     These requests call for the production of all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint ventures, brokers, accountants, financial advisors, representatives, and agents or other persons acting on your behalf, without regard to the physical location of those documents.

25.     In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents, or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each document. If your response is that documents are not under your control, identify who has the control and the location of the documents.

26.     If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

(a)     identifying the document;

PLAINTIFF FENG GAO'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT FXZ SHOP
CASE NO. 1:21-cv-04055

(b)     describing where the document is now;

(c)     identifying who has control of the document;

(d)     describing how the document became lost or destroyed or was transferred; and

(e)     identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

27.     Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

28.     If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege, work product, or other business confidentiality or trade secret protection, set out separately for each document:

(a)     the ground of privilege or protection claimed;

(b)     each and every basis under which the document is withheld;

(c)     the type of document;

(d)     its general subject matter;

(e)     the document's date; and

(f)     other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by FRCP 26(b)(5).

29.     To the extent you assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED" and include the basis for the

redaction on the document in an appropriate location that does not obscure the remaining text.

30.     If there are no documents in response to any particular request, you shall state so in writing.

31.     These Requests are continuing in nature. See, Fed. R. Civ. P. 26(e). With respect to any of the following Requests or portions that Defendant, after answering, acquires additional knowledge or information, Defendant must serve upon Plaintiff amended or supplemental responses.

32.     Pursuant to the Federal Rules of Civil Procedure and case law, Defendant must preserve, or cause to be preserved, all records, documents, and Electronically Stored Information (including, but not limited to, computer data) related to this litigation.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**DOCUMENT REQUEST NO. 1:**  All corporate formation documents for FXZ SHOP (i.e., Articles of Incorporation, Certificate of Incorporation, Operating Agreements, Bylaws, EIN Confirmation Letter, Banking Resolution, etc.)

**RESPONSE:**

**DOCUMENT REQUEST NO. 2:**  All Communications between FXZ SHOP and the other Defendants in this litigation Related to the Infringing Products, from January 1, 2019 through the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 3:**  All Documents Communications between FXZ SHOP and Sumin Xie, Related to the sale, assignment, license, transfer, or use of the product or design claimed in the Xie Patent, from January 1, 2019 through the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 4:** All Documents and Communications between FXZ SHOP and the supplier of the Infringing Products to FXZ SHOP, from January 1, 2019 through the present, Related to the sale, transport, and import of the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 5:** All products, information and Documents provided to Amazon by FXZ SHOP on or before April 24, 2021, which were referenced in D000199-D000200.[7]

**RESPONSE:**

**DOCUMENT REQUEST NO. 6:** All invoices and packing list from the supplier of the Infringing Products to Defendant, from January 1, 2019 through the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 7:** All Documents and Communications Related to the importation and entry of the Infringing Products into the United States (i.e., transportation entry and manifest of goods, bond, etc.), from January 1, 2019 through the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 8:** All Communications between FXZ SHOP and Amazon Related to the Infringing Products from January 1, 2019 through the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 9:** All Communications sent or received by FXZ SHOP through the Amazon Buyer-Seller Messaging Service Related to the Infringing Products, from January 1, 2019 through the present.[8]

---

[7] D000199-D000200 are documents produced by FXZ SHOP in Defendant's Supplement Responses to Plaintiff's First Set of Requests for Production of Documents.
[8] Defendant may access the Buyer-Seller Messaging Service by logging into its Amazon.com account and going to the Message Center.

8

1

**RESPONSE:**

2

3

**DOCUMENT REQUEST NO. 10:** All Amazon Sales Reports, Related to the Infringing Products, from January 1, 2019 through the present. The "Sales Reports" are defined in the Amazon.com – FBA Business Reports page attached hereto as Exhibit 1.[9]

4

5

**RESPONSE:**

6

7

**DOCUMENT REQUEST NO. 11:** All Amazon Inventory Reports, Related to the Infringing Products, from January 1, 2019 through the present. The "Inventory Reports" are defined in the Amazon.com – FBA Business Reports page attached hereto as Exhibit 1.

8

9

10

**RESPONSE:**

11

12

**DOCUMENT REQUEST NO. 12:** All Amazon Payment Reports, Related to the Infringing Products, from January 1, 2019 through the present. The "Payment Reports" are defined in the Amazon.com – FBA Business Reports page attached hereto as Exhibit 1.

13

14

**RESPONSE:**

15

16

**DOCUMENT REQUEST NO. 13:** All Amazon Customer Concessions Reports, Related to the Infringing Products, from January 1, 2019 through the present. The "Customer Concessions Reports" are defined in the Amazon.com – FBA Business Reports page attached hereto as Exhibit 1.

17

18

19

20

**RESPONSE:**

21

**DOCUMENT REQUEST NO. 14:** All Amazon Removal Reports, Related to the Infringing Products, from January 1, 2019 through the present. The "Removal Reports" are defined in the Amazon.com – FBA Business Reports page attached hereto as Exhibit 1.

22

23

24

**RESPONSE:**

25

26

[9] https://sellercentral.amazon.com/gp/help/external/G201074420?language=en_US

27

28

9

**DOCUMENT REQUEST NO. 15:** Copies of government issued photo identification for each person identified in Defendant's Answer to Plaintiff's Second Set of Interrogatories to Defendant FXZ SHOP, Interrogatory No. 22.

**RESPONSE:**

**DOCUMENT REQUEST NO. 16:** Copy of government issued photo identification document for Yarong Chen.

**RESPONSE:**

DATED this 22nd day of July 2022.

Bayramoglu Law Offices, LLC

*/s/ Melika T. Harris*
**Melika T. Harris**
1540 West Warm Springs Road, Suite 100
Henderson, NV 89014
T: (702) 462-5973
F: (702) 553-3404
melika@bayramoglu-legal.com
*Attorneys for Plaintiff*

PLAINTIFF FENG GAO'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT FXZ SHOP
CASE NO. 1:21-cv-04055

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 22, 2022, I served a true and correct copy of

**Plaintiff's Second Request for Production of Documents To FXZ SHOP** via e-mail to

counsel for Defendants:


ADAM URBANCZYK
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
Telephone: (312)715-7312
Facsimile: (312)646-2501
adamu@au-llc.com


*/s/ Melika T. Harris*
Melika T. Harris

PLAINTIFF FENG GAO'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT FXZ SHOP
CASE NO. 1:21-cv-04055

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| FENG GAO, An individual residing in the People's Republic of China. | Case No.  21-cv-4055 |
| **Plaintiff,** | Judge Robert M. Dow, Jr. |
| vs. | |
| THE PARTERNSHIPS and UNICORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," | |
| **Defendants.** | |

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO M SPORT DIRECT

PROPOUNDING PARTY:  Plaintiff Feng Gao

RESPONDING PARTY:    M SPORT DIRECT

SET NUMBER:            Two

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff FENG GAO, (hereinafter "Plaintiff"), hereby requests that Defendant M SPORT DIRECT in the above-captioned lawsuit produce the materials identified in the Requests for Production, below. Defendant M SPORT DIRECT must produce the requested materials within thirty (30) days after service of these Requests for Production. Defendant M SPORT DIRECT is required to respond individually and separately to every Request by producing the requested material to Bayramoglu Law Offices, LLC, 1540 West Warm Springs Road Suite 100, Henderson,

1

Nevada 89014, with a courtesy copy via email to Melika T. Harris at melika@bayramoglu-legal.com or a location agreed to by the parties. When responding to these Requests, please refer to the Definitions and Instructions that follow.

## DEFINITIONS AND INSTRUCTIONS

1.     "Document(s)" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information, that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages (IMs), calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "document" refers to any document now or at any time in Defendants' possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

2

2.     "Electronically Stored Information" or "ESI" as used herein has the same meaning as in the Federal Rules of Civil Procedure 26 and 34.

3.     "Defendant", "you" or "your" means M SPORT DIRECT, the defendant in the above-captioned matter and any representatives or other persons acting, or purporting to act, on M SPORT DIRECT's behalf.

4.     "Plaintiff" means Feng Gao, the plaintiff in the above-captioned action.

5.     "Plaintiff's Patents" means U.S. Patent Nos. D888,023 (the "'023 Patent"); D915,356 (the "'356 Patent"); and D915,357 (the "'357 Patent").

6.     "Related Patents" means all United States and foreign patents and patent applications (including all published, unpublished, pending, and abandoned applications) relating to the Plaintiff's Patents, including patents or patent applications:

(a)     from or through which the Plaintiff's Patents directly or indirectly claim priority;

(b)     that claim priority to the Plaintiff's Patents; or

(c)     otherwise identified in the Plaintiff's Patents as related to that patent.

7.     "Xie Patent" means U.S. Patent No. D914,651 (the "'651 Patent") issued on March 30, 2021.

8.     "Prior Art" means all documents, information, acts, or things that qualify as prior art under 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

9.     "Alleged Prior Art" means patents identified in Defendants' Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction [Doc. No. 21]:  U.S. Patent No. D883,259 (the "'259 Patent"); U.S. Patent No. D827,616 (the "'616 Patent"); U.S.

3

Patent No. D863,265 (the "'265 Patent"); U.S. Patent No. D817,305 (the "'305 Patent"); and the YouTube.com videos referenced in Defendant's Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction (Dkt. 21, p. 10; Exhibit 4) (collectively, "Alleged Prior Art").

10. "Infringing Product No. 1" means the earbuds sold by Defendants and identified as Exhibit 1 to Plaintiff's Complaint.

11. "Infringing Product No. 2" means the earbuds sold by Defendants and identified as Exhibit 2 to Plaintiff's Complaint.

12. "Infringing Products" means the collective reference to Infringing Product No. 1 and Infringing Product No. 2.

13. "E-Commerce Store" or "E-Commerce Stores" means any individual, entity, business or organization which allows companies and individuals to buy and sell goods and services over the internet.

14. "Seller Aliases" means the names identified in Schedule A to Plaintiff's Complaint showing the e-commerce store URLs used by Defendants for their interactive E-Commerce Stores.

15. "Person" means any natural person or any legal entity, including, but not limited to, any business or governmental entity, organization, or association.

16. "Relate" "Related" or "Relating to" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

17. "Communication" "Communications" or "Correspondence" means the transmission of information in any form, between two or more persons, whether orally, in writing, or by any other means. Communication is any oral, written, or electronic transmission of information, including, but not limited to, meetings, discussions, conversations, telephone

4

calls, memoranda, letters, emails, text messages, conferences, seminars, or any other exchange of information.

18.     "Complaint" means the Complaint filed on or about July 29, 2021, in *Gao v. Partnerships and Unincorporated Associations Identified on Schedule "A",* Case No. 1:21-cv-04055.

19.     The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of the request.

20.     The terms "all," "any," or "each" encompass any and all of the matter discussed.

21.     "Including" means including, but not limited to.

22.     The use of singular form includes plural and vice versa.

23.     The use of present tense includes past tense and vice versa.

24.     These requests call for the production of all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint ventures, brokers, accountants, financial advisors, representatives, and agents or other persons acting on your behalf, without regard to the physical location of those documents.

25.     In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents, or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each document. If your response is that documents are not under your control, identify who has the control and the location of the documents.

26.     If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

(a)     identifying the document;

PLAINTIFF FENG GAO'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT M SPORT DIRECT
CASE NO. 1:21-cv-04055

(b)     describing where the document is now;

(c)     identifying who has control of the document;

(d)     describing how the document became lost or destroyed or was transferred; and

(e)     identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

27.     Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

28.     If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege, work product, or other business confidentiality or trade secret protection, set out separately for each document:

(a)     the ground of privilege or protection claimed;

(b)     each and every basis under which the document is withheld;

(c)     the type of document;

(d)     its general subject matter;

(e)     the document's date; and

(f)     other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by FRCP 26(b)(5).

29.     To the extent you assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED" and include the basis for the

6

redaction on the document in an appropriate location that does not obscure the remaining text.

30.     If there are no documents in response to any particular request, you shall state so in writing.

31.     These Requests are continuing in nature. See, Fed. R. Civ. P. 26(e). With respect to any of the following Requests or portions that Defendant, after answering, acquires additional knowledge or information, Defendant must serve upon Plaintiff amended or supplemental responses.

32.     Pursuant to the Federal Rules of Civil Procedure and case law, Defendant must preserve, or cause to be preserved, all records, documents, and Electronically Stored Information (including, but not limited to, computer data) related to this litigation.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**DOCUMENT REQUEST NO. 1:** All corporate formation documents for M SPORT DIRECT (i.e., Articles of Incorporation, Certificate of Incorporation, Operating Agreements, Bylaws, EIN Confirmation Letter, Banking Resolution, etc.)

**RESPONSE:**

**DOCUMENT REQUEST NO. 2:** All Communications between M SPORT DIRECT and the other Defendants in this litigation Related to the Infringing Products, from January 1, 2019 through the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 3:** All Documents Communications between M SPORT DIRECT and Sumin Xie, Related to the sale, assignment, license, transfer, or use of the product or design claimed in the Xie Patent, from January 1, 2019 through the present.

**RESPONSE:**

7

**DOCUMENT REQUEST NO. 4:** All Documents and Communications between M SPORT DIRECT and the supplier of the Infringing Products to M SPORT DIRECT, from January 1, 2019 through the present, Related to the sale, transport, and import of the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 5:** All products, information and Documents provided to Amazon by M SPORT DIRECT on or before April 24, 2021, which were referenced in D000199-D000200.[4]

**RESPONSE:**

**DOCUMENT REQUEST NO. 6:** All invoices and packing list from the supplier of the Infringing Products to Defendant, from January 1, 2019 through the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 7:** All Documents and Communications Related to the importation and entry of the Infringing Products into the United States (i.e., transportation entry and manifest of goods, bond, etc.), from January 1, 2019 through the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 8:** All Communications between M SPORT DIRECT and Amazon Related to the Infringing Products from January 1, 2019 through the present.

**RESPONSE:**

---

[4] D000199-D000200 are documents produced by M SPORT DIRECT in Defendant's Supplement Responses to Plaintiff's First Set of Requests for Production of Documents.

PLAINTIFF FENG GAO'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT M SPORT DIRECT
CASE NO. 1:21-cv-04055

**DOCUMENT REQUEST NO. 9:** All Communications sent or received by M SPORT DIRECT through the Amazon Buyer-Seller Messaging Service Related to the Infringing Products, from January 1, 2019 through the present.[5]

**RESPONSE:**

**DOCUMENT REQUEST NO. 10:** All Amazon Sales Reports, Related to the Infringing Products, from January 1, 2019 through the present. The "Sales Reports" are defined in the Amazon.com – FBA Business Reports page attached hereto as Exhibit 1.[6]

**RESPONSE:**

**DOCUMENT REQUEST NO. 11:** All Amazon Inventory Reports, Related to the Infringing Products, from January 1, 2019 through the present. The "Inventory Reports" are defined in the Amazon.com – FBA Business Reports page attached hereto as Exhibit 1.

**RESPONSE:**

**DOCUMENT REQUEST NO. 12:** All Amazon Payment Reports, Related to the Infringing Products, from January 1, 2019 through the present. The "Payment Reports" are defined in the Amazon.com – FBA Business Reports page attached hereto as Exhibit 1.

**RESPONSE:**

**DOCUMENT REQUEST NO. 13:** All Amazon Customer Concessions Reports, Related to the Infringing Products, from January 1, 2019 through the present. The "Customer Concessions Reports" are defined in the Amazon.com – FBA Business Reports page attached hereto as Exhibit 1.

**RESPONSE:**

---

[5] Defendant may access the Buyer-Seller Messaging Service by logging into its Amazon.com account and going to the Message Center.
[6] https://sellercentral.amazon.com/gp/help/external/G201074420?language=en_US

9

**DOCUMENT REQUEST NO. 14:** All Amazon Removal Reports, Related to the Infringing Products, from January 1, 2019 through the present. The "Removal Reports" are defined in the Amazon.com – FBA Business Reports page attached hereto as Exhibit 1.

**RESPONSE:**

**DOCUMENT REQUEST NO. 15:** Copies of government issued photo identification for each person identified in Defendant's Answer to Plaintiff's Second Set of Interrogatories to Defendant M SPORT DIRECT, Interrogatory No. 22.

**RESPONSE:**

**DOCUMENT REQUEST NO. 16:** Copy of government issued photo identification document for Yarong Chen.

**RESPONSE:**

DATED this 22nd day of July 2022.

                                        **Bayramoglu Law Offices, LLC**


                                        _/s/ Melika T. Harris_
                                        **Melika T. Harris**
                                        1540 West Warm Springs Road, Suite 100
                                        Henderson, NV 89014
                                        T: (702) 462-5973
                                        F: (702) 553-3404
                                        melika@bayramoglu-legal.com
                                        _Attorneys for Plaintiff_

1

## **CERTIFICATE OF SERVICE**

2

The undersigned certifies that on July 22, 2022, I served a true and correct copy of

3

**Plaintiff's Second Request for Production of Documents To M SPORT DIRECT** via e-

4

mail to counsel for Defendants:

5

6

7

ADAM URBANCZYK

8

AU LLC
564 W. Randolph St. 2nd Floor

9

Chicago, IL 60661
Telephone: (312)715-7312

10

Facsimile: (312)646-2501
adamu@au-llc.com

11

12

13

                                    */s/ Melika T. Harris*

14

                                    Melika T. Harris

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FENG GAO, An individual residing in the
People's Republic of China.

      **Plaintiff,**

        vs.

THE PARTERNSHIPS and
UNICORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

      **Defendants.**

Case No.  21-cv-4055

Judge Robert M. Dow, Jr.

**PLAINTIFF'S SECOND REQUEST FOR PRODUCTION**

**OF DOCUMENTS TO SPIDOC DIRECT**

PROPOUNDING PARTY:  Plaintiff Feng Gao

RESPONDING PARTY:    SPIDOC DIRECT

SET NUMBER:              Two

      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff FENG GAO, (hereinafter "Plaintiff"), hereby requests that Defendant SPIDOC DIRECT in the above-captioned lawsuit produce the materials identified in the Requests for Production, below. Defendant SPIDOC DIRECT must produce the requested materials within thirty (30) days after service of these Requests for Production. Defendant SPIDOC DIRECT is required to respond individually and separately to every Request by producing the requested material to Bayramoglu Law Offices, LLC, 1540 West Warm Springs Road Suite 100, Henderson,

1

Nevada 89014, with a courtesy copy via email to Melika T. Harris at melika@bayramoglu-legal.com or a location agreed to by the parties. When responding to these Requests, please refer to the Definitions and Instructions that follow.

## DEFINITIONS AND INSTRUCTIONS

1.      "Document(s)" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information, that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages (IMs), calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "document" refers to any document now or at any time in Defendants' possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

PLAINTIFF FENG GAO'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT SPIDOC DIRECT
CASE NO. 1:21-cv-04055

2.  "Electronically Stored Information" or "ESI" as used herein has the same meaning as in the Federal Rules of Civil Procedure 26 and 34.

3.  "Defendant", "you" or "your" means SPIDOC DIRECT, the defendant in the above-captioned matter and any representatives or other persons acting, or purporting to act, on SPIDOC DIRECT's behalf.

4.  "Plaintiff" means Feng Gao, the plaintiff in the above-captioned action.

5.  "Plaintiff's Patents" means U.S. Patent Nos. D888,023 (the "'023 Patent"); D915,356 (the "'356 Patent"); and D915,357 (the "'357 Patent").

6.  "Related Patents" means all United States and foreign patents and patent applications (including all published, unpublished, pending, and abandoned applications) relating to the Plaintiff's Patents, including patents or patent applications:

(a)  from or through which the Plaintiff's Patents directly or indirectly claim priority;

(b)  that claim priority to the Plaintiff's Patents; or

(c)  otherwise identified in the Plaintiff's Patents as related to that patent.

7.  "Xie Patent" means U.S. Patent No. D914,651 (the "'651 Patent") issued on March 30, 2021.

8.  "Prior Art" means all documents, information, acts, or things that qualify as prior art under 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

9.  "Alleged Prior Art" means patents identified in Defendants' Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction [Doc. No. 21]: U.S. Patent No. D883,259 (the "'259 Patent"); U.S. Patent No. D827,616 (the "'616 Patent"); U.S.

3

Patent No. D863,265 (the "'265 Patent"); U.S. Patent No. D817,305 (the "'305 Patent"); and the YouTube.com videos referenced in Defendant's Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction (Dkt. 21, p. 10; Exhibit 4) (collectively, "Alleged Prior Art").

10. "Infringing Product No. 1" means the earbuds sold by Defendants and identified as Exhibit 1 to Plaintiff's Complaint.

11. "Infringing Product No. 2" means the earbuds sold by Defendants and identified as Exhibit 2 to Plaintiff's Complaint.

12. "Infringing Products" means the collective reference to Infringing Product No. 1 and Infringing Product No. 2.

13. "E-Commerce Store" or "E-Commerce Stores" means any individual, entity, business or organization which allows companies and individuals to buy and sell goods and services over the internet.

14. "Seller Aliases" means the names identified in Schedule A to Plaintiff's Complaint showing the e-commerce store URLs used by Defendants for their interactive E-Commerce Stores.

15. "Person" means any natural person or any legal entity, including, but not limited to, any business or governmental entity, organization, or association.

16. "Relate" "Related" or "Relating to" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

17. "Communication" "Communications" or "Correspondence" means the transmission of information in any form, between two or more persons, whether orally, in writing, or by any other means. Communication is any oral, written, or electronic transmission of information, including, but not limited to, meetings, discussions, conversations, telephone

4

PLAINTIFF FENG GAO'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT SPIDOC DIRECT
CASE NO. 1:21-cv-04055

calls, memoranda, letters, emails, text messages, conferences, seminars, or any other exchange of information.

18. "Complaint" means the Complaint filed on or about July 29, 2021, in *Gao v. Partnerships and Unincorporated Associations Identified on Schedule "A",* Case No. 1:21-cv-04055.

19. The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of the request.

20. The terms "all," "any," or "each" encompass any and all of the matter discussed.

21. "Including" means including, but not limited to.

22. The use of singular form includes plural and vice versa.

23. The use of present tense includes past tense and vice versa.

24. These requests call for the production of all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint ventures, brokers, accountants, financial advisors, representatives, and agents or other persons acting on your behalf, without regard to the physical location of those documents.

25. In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents, or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each document. If your response is that documents are not under your control, identify who has the control and the location of the documents.

26. If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

(a)    identifying the document;

5

(b)     describing where the document is now;

(c)     identifying who has control of the document;

(d)     describing how the document became lost or destroyed or was transferred; and

(e)     identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

27.     Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

28.     If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege, work product, or other business confidentiality or trade secret protection, set out separately for each document:

(a)     the ground of privilege or protection claimed;

(b)     each and every basis under which the document is withheld;

(c)     the type of document;

(d)     its general subject matter;

(e)     the document's date; and

(f)     other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by FRCP 26(b)(5).

29.     To the extent you assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED" and include the basis for the

6

redaction on the document in an appropriate location that does not obscure the remaining text.

30. If there are no documents in response to any particular request, you shall state so in writing.

31. These Requests are continuing in nature. See, Fed. R. Civ. P. 26(e). With respect to any of the following Requests or portions that Defendant, after answering, acquires additional knowledge or information, Defendant must serve upon Plaintiff amended or supplemental responses.

32. Pursuant to the Federal Rules of Civil Procedure and case law, Defendant must preserve, or cause to be preserved, all records, documents, and Electronically Stored Information (including, but not limited to, computer data) related to this litigation.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**DOCUMENT REQUEST NO. 1:** All corporate formation documents for SPIDOC DIRECT (i.e., Articles of Incorporation, Certificate of Incorporation, Operating Agreements, Bylaws, EIN Confirmation Letter, Banking Resolution, etc.)

**RESPONSE:**

**DOCUMENT REQUEST NO. 2:** All Communications between SPIDOC DIRECT and the other Defendants in this litigation Related to the Infringing Products, from January 1, 2019 through the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 3:** All Documents Communications between SPIDOC DIRECT and Sumin Xie, Related to the sale, assignment, license, transfer, or use of the product or design claimed in the Xie Patent, from January 1, 2019 through the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 4:** All Documents and Communications between SPIDOC DIRECT and the supplier of the Infringing Products to SPIDOC DIRECT, from January 1, 2019 through the present, Related to the sale, transport, and import of the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 5:** All products, information and Documents provided to Amazon by SPIDOC DIRECT on or before April 24, 2021, which were referenced in D000199-D000200.[10]

**RESPONSE:**

**DOCUMENT REQUEST NO. 6:** All invoices and packing list from the supplier of the Infringing Products to Defendant, from January 1, 2019 through the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 7:** All Documents and Communications Related to the importation and entry of the Infringing Products into the United States (i.e., transportation entry and manifest of goods, bond, etc.), from January 1, 2019 through the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 8:** All Communications between SPIDOC DIRECT and Amazon Related to the Infringing Products from January 1, 2019 through the present.

**RESPONSE:**

---

[10] D000199-D000200 are documents produced by SPIDOC DIRECT in Defendant's Supplement Responses to Plaintiff's First Set of Requests for Production of Documents.

PLAINTIFF FENG GAO'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT SPIDOC DIRECT
CASE NO. 1:21-cv-04055

**DOCUMENT REQUEST NO. 9:** All Communications sent or received by SPIDOC DIRECT through the Amazon Buyer-Seller Messaging Service Related to the Infringing Products, from January 1, 2019 through the present.[11]

**RESPONSE:**

**DOCUMENT REQUEST NO. 10:** All Amazon Sales Reports, Related to the Infringing Products, from January 1, 2019 through the present. The "Sales Reports" are defined in the Amazon.com – FBA Business Reports page attached hereto as Exhibit 1.[12]

**RESPONSE:**

**DOCUMENT REQUEST NO. 11:** All Amazon Inventory Reports, Related to the Infringing Products, from January 1, 2019 through the present. The "Inventory Reports" are defined in the Amazon.com – FBA Business Reports page attached hereto as Exhibit 1.

**RESPONSE:**

**DOCUMENT REQUEST NO. 12:** All Amazon Payment Reports, Related to the Infringing Products, from January 1, 2019 through the present. The "Payment Reports" are defined in the Amazon.com – FBA Business Reports page attached hereto as Exhibit 1.

**RESPONSE:**

**DOCUMENT REQUEST NO. 13:** All Amazon Customer Concessions Reports, Related to the Infringing Products, from January 1, 2019 through the present. The "Customer Concessions Reports" are defined in the Amazon.com – FBA Business Reports page attached hereto as Exhibit 1.

**RESPONSE:**

---

[11] Defendant may access the Buyer-Seller Messaging Service by logging into its Amazon.com account and going to the Message Center.
[12] https://sellercentral.amazon.com/gp/help/external/G201074420?language=en_US

**DOCUMENT REQUEST NO. 14:** All Amazon Removal Reports, Related to the Infringing Products, from January 1, 2019 through the present. The "Removal Reports" are defined in the Amazon.com – FBA Business Reports page attached hereto as Exhibit 1.

**RESPONSE:**

**DOCUMENT REQUEST NO. 15:** Copies of government issued photo identification for each person identified in Defendant's Answer to Plaintiff's Second Set of Interrogatories to Defendant SPIDOC DIRECT, Interrogatory No. 22.

**RESPONSE:**

**DOCUMENT REQUEST NO. 16:** Copy of government issued photo identification document for Yarong Chen.

**RESPONSE:**

DATED this 22nd day of July 2022.

**Bayramoglu Law Offices, LLC**

_/s/ Melika T. Harris_
**Melika T. Harris**
1540 West Warm Springs Road, Suite 100
Henderson, NV 89014
T: (702) 462-5973
F: (702) 553-3404
melika@bayramoglu-legal.com
_Attorneys for Plaintiff_

10

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 22, 2022, I served a true and correct copy of

**Plaintiff's Second Request for Production of Documents To SPIDOC DIRECT** via e-mail

to counsel for Defendants:

ADAM URBANCZYK
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
Telephone: (312)715-7312
Facsimile: (312)646-2501
adamu@au-llc.com

*/s/ Melika T. Harris*
Melika T. Harris

PLAINTIFF FENG GAO'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT SPIDOC DIRECT
CASE NO. 1:21-cv-04055

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| FENG GAO, An individual residing in the People's Republic of China. | Case No. 21-cv-4055 |
| **Plaintiff,** | Judge Robert M. Dow, Jr. |
| vs. | |
| THE PARTERNSHIPS and UNICORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," | |
| **Defendants.** | |

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO UNIQTEC USA

PROPOUNDING PARTY: Plaintiff Feng Gao

RESPONDING PARTY: UNIQTEC USA

SET NUMBER: Two

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff FENG GAO, (hereinafter "Plaintiff"), hereby requests that Defendant UNIQTEC USA in the above-captioned lawsuit produce the materials identified in the Requests for Production, below. Defendant UNIQTEC USA must produce the requested materials within thirty (30) days after service of these Requests for Production. Defendant UNIQTEC USA is required to respond individually and separately to every Request by producing the requested material to Bayramoglu Law Offices, LLC, 1540 West Warm Springs Road Suite 100, Henderson,

Nevada 89014, with a courtesy copy via email to Melika T. Harris at melika@bayramoglu-legal.com or a location agreed to by the parties. When responding to these Requests, please refer to the Definitions and Instructions that follow.

## **DEFINITIONS AND INSTRUCTIONS**

1.      "Document(s)" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information, that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages (IMs), calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "document" refers to any document now or at any time in Defendants' possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

PLAINTIFF FENG GAO'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT UNIQTEC USA
CASE NO. 1:21-cv-04055

2.      "Electronically Stored Information" or "ESI" as used herein has the same meaning as in the Federal Rules of Civil Procedure 26 and 34.

3.      "Defendant", "you" or "your" means UNIQTEC USA, the defendant in the above-captioned matter and any representatives or other persons acting, or purporting to act, on UNIQTEC USA's behalf.

4.      "Plaintiff" means Feng Gao, the plaintiff in the above-captioned action.

5.      "Plaintiff's Patents" means U.S. Patent Nos. D888,023 (the "'023 Patent"); D915,356 (the "'356 Patent"); and D915,357 (the "'357 Patent").

6.      "Related Patents" means all United States and foreign patents and patent applications (including all published, unpublished, pending, and abandoned applications) relating to the Plaintiff's Patents, including patents or patent applications:

(a)      from or through which the Plaintiff's Patents directly or indirectly claim priority;

(b)      that claim priority to the Plaintiff's Patents; or

(c)      otherwise identified in the Plaintiff's Patents as related to that patent.

7.      "Xie Patent" means U.S. Patent No. D914,651 (the "'651 Patent") issued on March 30, 2021.

8.      "Prior Art" means all documents, information, acts, or things that qualify as prior art under 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

9.      "Alleged Prior Art" means patents identified in Defendants' Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction [Doc. No. 21]:  U.S. Patent No. D883,259 (the "'259 Patent"); U.S. Patent No. D827,616 (the "'616 Patent"); U.S.

3

Patent No. D863,265 (the "'265 Patent"); U.S. Patent No. D817,305 (the "'305 Patent"); and the YouTube.com videos referenced in Defendant's Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction (Dkt. 21, p. 10; Exhibit 4) (collectively, "Alleged Prior Art").

10.    "Infringing Product No. 1" means the earbuds sold by Defendants and identified as Exhibit 1 to Plaintiff's Complaint.

11.    "Infringing Product No. 2" means the earbuds sold by Defendants and identified as Exhibit 2 to Plaintiff's Complaint.

12.    "Infringing Products" means the collective reference to Infringing Product No. 1 and Infringing Product No. 2.

13.    "E-Commerce Store" or "E-Commerce Stores" means any individual, entity, business or organization which allows companies and individuals to buy and sell goods and services over the internet.

14.    "Seller Aliases" means the names identified in Schedule A to Plaintiff's Complaint showing the e-commerce store URLs used by Defendants for their interactive E-Commerce Stores.

15.    "Person" means any natural person or any legal entity, including, but not limited to, any business or governmental entity, organization, or association.

16.    "Relate" "Related" or "Relating to" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

17.    "Communication" "Communications" or "Correspondence" means the transmission of information in any form, between two or more persons, whether orally, in writing, or by any other means. Communication is any oral, written, or electronic transmission of information, including, but not limited to, meetings, discussions, conversations, telephone

calls, memoranda, letters, emails, text messages, conferences, seminars, or any other exchange of information.

18.     "Complaint" means the Complaint filed on or about July 29, 2021, in *Gao v. Partnerships and Unincorporated Associations Identified on Schedule "A",* Case No. 1:21-cv-04055.

19.     The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of the request.

20.     The terms "all," "any," or "each" encompass any and all of the matter discussed.

21.     "Including" means including, but not limited to.

22.     The use of singular form includes plural and vice versa.

23.     The use of present tense includes past tense and vice versa.

24.     These requests call for the production of all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint ventures, brokers, accountants, financial advisors, representatives, and agents or other persons acting on your behalf, without regard to the physical location of those documents.

25.     In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents, or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each document. If your response is that documents are not under your control, identify who has the control and the location of the documents.

26.     If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

(a)     identifying the document;

(b)     describing where the document is now;

(c)     identifying who has control of the document;

(d)     describing how the document became lost or destroyed or was transferred; and

(e)     identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

27.     Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

28.     If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege, work product, or other business confidentiality or trade secret protection, set out separately for each document:

(a)     the ground of privilege or protection claimed;

(b)     each and every basis under which the document is withheld;

(c)     the type of document;

(d)     its general subject matter;

(e)     the document's date; and

(f)     other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by FRCP 26(b)(5).

29.     To the extent you assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED" and include the basis for the

6

redaction on the document in an appropriate location that does not obscure the remaining text.

30.     If there are no documents in response to any particular request, you shall state so in writing.

31.     These Requests are continuing in nature. See, Fed. R. Civ. P. 26(e). With respect to any of the following Requests or portions that Defendant, after answering, acquires additional knowledge or information, Defendant must serve upon Plaintiff amended or supplemental responses.

32.     Pursuant to the Federal Rules of Civil Procedure and case law, Defendant must preserve, or cause to be preserved, all records, documents, and Electronically Stored Information (including, but not limited to, computer data) related to this litigation.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**DOCUMENT REQUEST NO. 1:** All corporate formation documents for UNIQTEC USA (i.e., Articles of Incorporation, Certificate of Incorporation, Operating Agreements, Bylaws, EIN Confirmation Letter, Banking Resolution, etc.)

**RESPONSE:**

**DOCUMENT REQUEST NO. 2:** All Communications between UNIQTEC USA and the other Defendants in this litigation Related to the Infringing Products, from January 1, 2019 through the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 3:** All Documents Communications between UNIQTEC USA and Sumin Xie, Related to the sale, assignment, license, transfer, or use of the product or design claimed in the Xie Patent, from January 1, 2019 through the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 4:** All Documents and Communications between UNIQTEC USA and the supplier of the Infringing Products to UNIQTEC USA, from January 1, 2019 through the present, Related to the sale, transport, and import of the Infringing Products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 5:** All products, information and Documents provided to Amazon by UNIQTEC USA on or before April 24, 2021, which were referenced in D000199-D000200.[16]

**RESPONSE:**

**DOCUMENT REQUEST NO. 6:** All invoices and packing list from the supplier of the Infringing Products to Defendant, from January 1, 2019 through the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 7:** All Documents and Communications Related to the importation and entry of the Infringing Products into the United States (i.e., transportation entry and manifest of goods, bond, etc.), from January 1, 2019 through the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 8:** All Communications between UNIQTEC USA and Amazon Related to the Infringing Products from January 1, 2019 through the present.

**RESPONSE:**

---

[16] D000199-D000200 are documents produced by UNIQTEC USA in Defendant's Supplement Responses to Plaintiff's First Set of Requests for Production of Documents.

**DOCUMENT REQUEST NO. 9:** All Communications sent or received by UNIQTEC USA through the Amazon Buyer-Seller Messaging Service Related to the Infringing Products, from January 1, 2019 through the present.[17]

**RESPONSE:**

**DOCUMENT REQUEST NO. 10:** All Amazon Sales Reports, Related to the Infringing Products, from January 1, 2019 through the present. The "Sales Reports" are defined in the Amazon.com – FBA Business Reports page attached hereto as Exhibit 1.[18]

**RESPONSE:**

**DOCUMENT REQUEST NO. 11:** All Amazon Inventory Reports, Related to the Infringing Products, from January 1, 2019 through the present. The "Inventory Reports" are defined in the Amazon.com – FBA Business Reports page attached hereto as Exhibit 1.

**RESPONSE:**

**DOCUMENT REQUEST NO. 12:** All Amazon Payment Reports, Related to the Infringing Products, from January 1, 2019 through the present. The "Payment Reports" are defined in the Amazon.com – FBA Business Reports page attached hereto as Exhibit 1.

**RESPONSE:**

**DOCUMENT REQUEST NO. 13:** All Amazon Customer Concessions Reports, Related to the Infringing Products, from January 1, 2019 through the present. The "Customer Concessions Reports" are defined in the Amazon.com – FBA Business Reports page attached hereto as Exhibit 1.

**RESPONSE:**

---

[17] Defendant may access the Buyer-Seller Messaging Service by logging into its Amazon.com account and going to the Message Center.
[18] https://sellercentral.amazon.com/gp/help/external/G201074420?language=en_US

PLAINTIFF FENG GAO'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT UNIQTEC USA
CASE NO. 1:21-cv-04055

**DOCUMENT REQUEST NO. 14:** All Amazon Removal Reports, Related to the Infringing Products, from January 1, 2019 through the present. The "Removal Reports" are defined in the Amazon.com – FBA Business Reports page attached hereto as Exhibit 1.

**RESPONSE:**

**DOCUMENT REQUEST NO. 15:** Copies of government issued photo identification for each person identified in Defendant's Answer to Plaintiff's Second Set of Interrogatories to Defendant UNIQTEC USA, Interrogatory No. 22.

**RESPONSE:**

**DOCUMENT REQUEST NO. 16:** Copy of government issued photo identification document for Yarong Chen.

**RESPONSE:**

DATED this 22nd day of July 2022.

          **Bayramoglu Law Offices, LLC**

          */s/ Melika T. Harris*
          **Melika T. Harris**
          1540 West Warm Springs Road, Suite 100
          Henderson, NV 89014
          T: (702) 462-5973
          F: (702) 553-3404
          melika@bayramoglu-legal.com
          *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 22, 2022, I served a true and correct copy of

**Plaintiff's Second Request for Production of Documents To UNIQTEC USA** via e-mail to

counsel for Defendants:


ADAM URBANCZYK
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
Telephone: (312)715-7312
Facsimile: (312)646-2501
adamu@au-llc.com


                                        */s/ Melika T. Harris*
                                        Melika T. Harris

11

PLAINTIFF FENG GAO'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT UNIQTEC USA
CASE NO. 1:21-cv-04055