**EXHIBIT 7**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Feng Gao, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:21-cv-04055 |
| v. | ) | |
| | ) | Dist. Judge Robert M. Dow Jr. |
| The Partnerships and Unincorporated | ) | |
| Associations Identified on Schedule | ) | Mag. Judge Young B. Kim |
| "A", | ) | |
| | ) | |
| Defendants | ) | |
| . | | |

## <u>Defendant's Responses to Plaintiff's Second Set of Interrogatories</u>

Propounding Party:       Feng Gao ("Plaintiff")

Responding Party:        3one ("Defendant")

Set Number:              Two

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant, by and through its attorneys at AU LLC, submits these Responses and Objections to Defendant's First Set of Interrogatories.

### General Responses and Objections

1. Defendant has not completed its investigation of the facts related to this case, has not completed its discovery, and has not completed its preparation for trial. All the responses contained herein are based only upon information and documents which are presently known to Defendant. Further discovery and analysis may supply additional facts and/or establish new factual or legal contentions which Defendant may assert. Defendant will supplement its responses to these requests, if necessary, in accordance with the Federal Rules of Civil Procedure.

2. These responses are made solely for the purpose of and in relation to this action.

3. Defendant objects to the Interrogatories to the extent they call for the disclosure of confidential, sensitive, or proprietary information, and will produce such information only subject to an appropriate protective order.

4. Defendant objects to the Interrogatories to the extent they are unreasonably cumulative or duplicative or ask for information obtainable from some other source that is more convenient, less burdensome, or less expensive.

5. Defendant objects to the Interrogatories on the grounds that they are overly broad, are not reasonably tailored to Plaintiff's legitimate discovery needs, are not reasonably calculated to lead to the discovery of admissible evidence, and seek information beyond the scope of the issues the parties and the Court must address in connection with this case.

6. Defendant objects to the Interrogatories on the grounds of undue burden, taking into account the needs of the case, the amount in controversy and the parties' limited resources.

7. Defendant objects to definitions and instructions to the extent they seek to alter or expand upon the obligations imposed by the Federal Rules of Civil Procedure, including, without limitation, the duty to supplement responses to discovery requests set forth in Federal Rule of Civil Procedure 26(e)(1).

8. Defendant objects to the Interrogatories to the extent they, including all discrete subparts, number more than 25.

9. Each of these General Objections is hereby specifically incorporated into each of the specific responses set forth below.

## Interrogatories

**Interrogatory 21.**     State the date 3ONE was incorporated as an entity, and the name of Defendant's legal representative. If 3ONE is not an incorporated entity, state the date 3ONE was first used or registered as a fictious name.

> **Answer.**   The store name is not a corporate entity, and was adopted as a d.b.a. name. The specific time the stores adopted these d.b.a. names can't be recalled due to lapse of time.

**Interrogatory 22.**     Identify all employees, members, and managers, past and present, of 3ONE from January 1, 2019 through the present, and for each state:

> (1)       Name of the employee, member and/or manager;
>
> (2)       Years of employment or ownership;
>
> (3)       Title and job duties of the employee;
>
> (4)       Roles, management duties and title(s) of the members and managers;
>
> (5)       Interest the member(s) and manager(s) has in 3ONE; and
>
> (6)       The role the employee(s), member(s) and manager(s) played in selling the Infringing Products on Amazon.com.

**Answer.**

(1) Yarong Chen, Manager

(2) approximately 2.5 years of employment generally with these stores.

(3) Manage the Amazon store for the defendant

(4) Manage the Amazon store for the defendant

(5) No ownership interest

(6) Managing the product full-cycle.

**Interrogatory 23.**     State the profits made by 3ONE, on a monthly basis, for the sale of the Infringing Products from January 1, 2019 through the present, including, but not limited to, cost of goods sold, sales price, and any other expenses

**Answer.**    Defendant directs Plaintiff to D000255.

I verify, subject to the penalties of perjury, that the answers to the foregoing are true and correct to the best of my knowledge.

/s/ Yarong Chen
Yarong Chen

Dated:        August 23, 2022

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
(312) 715-7312
(312) 646-2501 (fax)
adamu@au-llc.com
*Counsel for Defendant 3one*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Feng Gao, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:21-cv-04055 |
| v. | ) | |
| | ) | Dist. Judge Robert M. Dow Jr. |
| The Partnerships and Unincorporated | ) | |
| Associations Identified on Schedule | ) | Mag. Judge Young B. Kim |
| "A", | ) | |
| | ) | |
| Defendants. | ) | |

## Defendant's Responses to Plaintiff's Second Set of Interrogatories

Propounding Party:     Feng Gao ("Plaintiff")

Responding Party:      F Sport Shop ("Defendant")

Set Number:            Two

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant, by and through its attorneys at AU LLC, submits these Responses and Objections to Defendant's First Set of Interrogatories.

## **General Responses and Objections**

1.  Defendant has not completed its investigation of the facts related to this case, has not completed its discovery, and has not completed its preparation for trial. All the responses contained herein are based only upon information and documents which are presently known to Defendant. Further discovery and analysis may supply additional facts and/or establish new factual or legal contentions which Defendant may assert. Defendant will supplement its responses to these requests, if necessary, in accordance with the Federal Rules of Civil Procedure.

2.  These responses are made solely for the purpose of and in relation to this action.

3.  Defendant objects to the Interrogatories to the extent they call for the disclosure of confidential, sensitive, or proprietary information, and will produce such information only subject to an appropriate protective order.

4.  Defendant objects to the Interrogatories to the extent they are unreasonably cumulative or duplicative or ask for information obtainable from some other source that is more convenient, less burdensome, or less expensive.

5.  Defendant objects to the Interrogatories on the grounds that they are overly broad, are not reasonably tailored to Plaintiff's legitimate discovery needs, are not reasonably calculated to lead to the discovery of admissible evidence, and seek information beyond the scope of the issues the parties and the Court must address in connection with this case.

6.  Defendant objects to the Interrogatories on the grounds of undue burden, taking into account the needs of the case, the amount in controversy and the parties' limited resources.

**7.** Defendant objects to definitions and instructions to the extent they seek to alter or expand upon the obligations imposed by the Federal Rules of Civil Procedure, including, without limitation, the duty to supplement responses to discovery requests set forth in Federal Rule of Civil Procedure 26€(1).

**8.** Defendant objects to the Interrogatories to the extent they, including all discrete subparts, number more than 25.

**9.** Each of these General Objections is hereby specifically incorporated into each of the specific responses set forth below.

<strong>Interrogatories</strong>

**Interrogatory 21.** State the date F SPORT SHOP was incorporated as an entity, and the name of Defendant's legal representative. If F SPORT SHOP is not an incorporated entity, state the date F SPORT SHOP was first used or registered as a fictious name.

> **Answer.** The store name is not a corporate entity, and was adopted as a d.b.a. name. The specific time the stores adopted these d.b.a. names can't be recalled due to lapse of time.

**Interrogatory 22.** Identify all employees, members, and managers, past and present, of F SPORT SHOP from January 1, 2019 through the present, and for each state:

> (1) Name of the employee, member and/or manager;
>
> (2) Years of employment or ownership;
>
> (3) Title and job duties of the employee;
>
> (4) Roles, management duties and title(s) of the members and managers;
>
> (5) Interest the member(s) and manager(s) has in 3ONE; and
>
> (6) The role the employee(s), member(s) and manager(s) played in selling the Infringing Products on Amazon.com.

**Answer.**

(1) Yarong Chen, Manager

(2) approximately 2.5 years of employment generally with these stores.

(3) Manage the Amazon store for the defendant

(4) Manage the Amazon store for the defendant

(5) No ownership interest

(6) Managing the product full-cycle.

**Interrogatory 23.** State the profits made by F SPORT SHOP, on a monthly basis, for the sale of the Infringing Products from January 1, 2019 through the present, including, but not limited to, cost of goods sold, sales price, and any other expenses.

**Answer.** Defendant directs Plaintiff to D000255.

I verify, subject to the penalties of perjury, that the answers to the foregoing are true and correct to the best of my knowledge.

/s/ Yarong Chen
Yarong Chen

Dated: August 24, 2022

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
(312) 715-7312
(312) 646-2501 (fax)
adamu@au-llc.com
*Counsel for Defendant F Sport Shop*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Feng Gao, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:21-cv-04055 |
| v. | ) | |
| | ) | Dist. Judge Robert M. Dow Jr. |
| The Partnerships and Unincorporated | ) | |
| Associations Identified on Schedule | ) | Mag. Judge Young B. Kim |
| "A", | ) | |
| | ) | |
| Defendants. | ) | |

## Defendant's Responses to Plaintiff's Second Set of Interrogatories

Propounding Party:     Feng Gao ("Plaintiff")

Responding Party:     FXZ SHOP ("Defendant")

Set Number:     Two

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant, by and through its attorneys at AU LLC, submits these Responses and Objections to Defendant's First Set of Interrogatories.

**General Responses and Objections**

1. Defendant has not completed its investigation of the facts related to this case, has not completed its discovery, and has not completed its preparation for trial. All the responses contained herein are based only upon information and documents which are presently known to Defendant. Further discovery and analysis may supply additional facts and/or establish new factual or legal contentions which Defendant may assert. Defendant will supplement its responses to these requests, if necessary, in accordance with the Federal Rules of Civil Procedure.

2. These responses are made solely for the purpose of and in relation to this action.

3. Defendant objects to the Interrogatories to the extent they call for the disclosure of confidential, sensitive, or proprietary information, and will produce such information only subject to an appropriate protective order.

4. Defendant objects to the Interrogatories to the extent they are unreasonably cumulative or duplicative or ask for information obtainable from some other source that is more convenient, less burdensome, or less expensive.

5. Defendant objects to the Interrogatories on the grounds that they are overly broad, are not reasonably tailored to Plaintiff's legitimate discovery needs, are not reasonably calculated to lead to the discovery of admissible evidence, and seek information beyond the scope of the issues the parties and the Court must address in connection with this case.

6. Defendant objects to the Interrogatories on the grounds of undue burden, taking into account the needs of the case, the amount in controversy and the parties' limited resources.

**7.**   Defendant objects to definitions and instructions to the extent they seek to alter or expand upon the obligations imposed by the Federal Rules of Civil Procedure, including, without limitation, the duty to supplement responses to discovery requests set forth in Federal Rule of Civil Procedure 26(e)(1).

**8.**   Defendant objects to the Interrogatories to the extent they, including all discrete subparts, number more than 25.

**9.**   Each of these General Objections is hereby specifically incorporated into each of the specific responses set forth below.

### Interrogatories

**Interrogatory 21.**   State the date FXZ SHOP was incorporated as an entity, and the name of Defendant's legal representative. If FXZ SHOP is not an incorporated entity, state the date FXZ SHOP was first used or registered as a fictious name.

>   Answer.   The store name is not a corporate entity, and was adopted as a d.b.a. name. The specific time the stores adopted these d.b.a. names can't be recalled due to lapse of time.

**Interrogatory 22.**   Identify all employees, members, and managers, past and present, of FXZ SHOP from January 1, 2019 through the present, and for each state:

>   (1)   Name of the employee, member and/or manager;
>
>   (2)   Years of employment or ownership;
>
>   (3)   Title and job duties of the employee;
>
>   (4)   Roles, management duties and title(s) of the members and managers;
>
>   (5)   Interest the member(s) and manager(s) has in 3ONE; and
>
>   (6)   The role the employee(s), member(s) and manager(s) played in selling the Infringing Products on Amazon.com.

Answer.

(1) Yarong Chen, Manager

(2) approximately 2.5 years of employment generally with these stores.

(3) Manage the Amazon store for the defendant

(4) Manage the Amazon store for the defendant

(5) No ownership interest

(6) Managing the product full-cycle.

**Interrogatory 23.** State the profits made by FXZ SHOP, on a monthly basis, for the sale of the Infringing Products from January 1, 2019 through the present, including, but not limited to, cost of goods sold, sales price, and any other expenses

Answer. Defendant directs Plaintiff to D000255.

I verify, subject to the penalties of perjury, that the answers to the foregoing are true and correct to the best of my knowledge.

/s/ Yarong Chen
Yarong Chen

Dated: August 24, 2022

/s/ Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
(312) 715-7312
(312) 646-2501 (fax)
adamu@au-llc.com
*Counsel for Defendant FXZ SHOP*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Feng Gao, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:21-cv-04055 |
| v. | ) | |
| | ) | Dist. Judge Robert M. Dow Jr. |
| The Partnerships and Unincorporated | ) | |
| Associations Identified on Schedule | ) | Mag. Judge Young B. Kim |
| "A", | ) | |
| | ) | |
| Defendants. | ) | |

<u>**Defendant's Responses to Plaintiff's First Set of Interrogatories**</u>

Propounding Party:     Feng Gao ("Plaintiff")

Responding Party:      M SPORT Direct ("Defendant")

Set Number:            Two

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant, by and through its attorneys at AU LLC, submits these Responses and Objections to Defendant's First Set of Interrogatories.

## General Responses and Objections

1. Defendant has not completed its investigation of the facts related to this case, has not completed its discovery, and has not completed its preparation for trial. All the responses contained herein are based only upon information and documents which are presently known to Defendant. Further discovery and analysis may supply additional facts and/or establish new factual or legal contentions which Defendant may assert. Defendant will supplement its responses to these requests, if necessary, in accordance with the Federal Rules of Civil Procedure.

2. These responses are made solely for the purpose of and in relation to this action.

3. Defendant objects to the Interrogatories to the extent they call for the disclosure of confidential, sensitive, or proprietary information, and will produce such information only subject to an appropriate protective order.

4. Defendant objects to the Interrogatories to the extent they are unreasonably cumulative or duplicative or ask for information obtainable from some other source that is more convenient, less burdensome, or less expensive.

5. Defendant objects to the Interrogatories on the grounds that they are overly broad, are not reasonably tailored to Plaintiff's legitimate discovery needs, are not reasonably calculated to lead to the discovery of admissible evidence, and seek information beyond the scope of the issues the parties and the Court must address in connection with this case.

6. Defendant objects to the Interrogatories on the grounds of undue burden, taking into account the needs of the case, the amount in controversy and the parties' limited resources.

**7.** Defendant objects to definitions and instructions to the extent they seek to alter or expand upon the obligations imposed by the Federal Rules of Civil Procedure, including, without limitation, the duty to supplement responses to discovery requests set forth in Federal Rule of Civil Procedure 26(e)(1).

**8.** Defendant objects to the Interrogatories to the extent they, including all discrete subparts, number more than 25.

**9.** Each of these General Objections is hereby specifically incorporated into each of the specific responses set forth below.

## Interrogatories

**Interrogatory 21.**     State the date M SPORT DIRECT was incorporated as an entity, and the name of Defendant's legal representative. If M SPORT DIRECT is not an incorporated entity, state the date M SPORT DIRECT was first used or registered as a fictious name.

      **Answer.**     The store name is not a corporate entity, and was adopted as a d.b.a. name. The specific time the stores adopted these d.b.a. names can't be recalled due to lapse of time.

**Interrogatory 22.**     Identify all employees, members, and managers, past and present, of M SPORT DIRECT from January 1, 2019 through the present, and for each state:

      (1)     Name of the employee, member and/or manager;

      (2)     Years of employment or ownership;

      (3)     Title and job duties of the employee;

      (4)     Roles, management duties and title(s) of the members and managers;

      (5)     Interest the member(s) and manager(s) has in 3ONE; and

      (6)     The role the employee(s), member(s) and manager(s) played in selling the Infringing Products on Amazon.com.

**Answer.**

(1) Yarong Chen, Manager

(2) approximately 2.5 years of employment generally with these stores.

(3) Manage the Amazon store for the defendant

(4) Manage the Amazon store for the defendant

(5) No ownership interest

(6) Managing the product full-cycle.

**Interrogatory 23.**     State the profits made by M SPORT DIRECT, on a monthly basis, for the sale of the Infringing Products from January 1, 2019 through the present, including, but not limited to, cost of goods sold, sales price, and any other expenses

     **Answer.**    Defendant directs Plaintiff to D000255.

I verify, subject to the penalties of perjury, that the answers to the foregoing are true and correct to the best of my knowledge.

/s/ Yarong Chen
Yarong Chen

Dated:          August 24, 2022

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
(312) 715-7312
(312) 646-2501 (fax)
adamu@au-llc.com
*Counsel for Defendant M SPORT Direct*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Feng Gao, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:21-cv-04055 |
| v. | ) | |
| | ) | Dist. Judge Robert M. Dow Jr. |
| The Partnerships and Unincorporated | ) | |
| Associations Identified on Schedule | ) | Mag. Judge Young B. Kim |
| "A", | ) | |
| | ) | |
| Defendants. | ) | |

### Defendant's Responses to Plaintiff's Second Set of Interrogatories

Propounding Party:     Feng Gao ("Plaintiff")

Responding Party:     Spidoc Direct ("Defendant")

Set Number:     Two

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant, by and through its attorneys at AU LLC, submits these Responses and Objections to Defendant's First Set of Interrogatories.

### General Responses and Objections

1.  Defendant has not completed its investigation of the facts related to this case, has not completed its discovery, and has not completed its preparation for trial. All the responses contained herein are based only upon information and documents which are presently known to Defendant. Further discovery and analysis may supply additional facts and/or establish new factual or legal contentions which Defendant may assert. Defendant will supplement its responses to these requests, if necessary, in accordance with the Federal Rules of Civil Procedure.

2.  These responses are made solely for the purpose of and in relation to this action.

3.  Defendant objects to the Interrogatories to the extent they call for the disclosure of confidential, sensitive, or proprietary information, and will produce such information only subject to an appropriate protective order.

4.  Defendant objects to the Interrogatories to the extent they are unreasonably cumulative or duplicative or ask for information obtainable from some other source that is more convenient, less burdensome, or less expensive.

5.  Defendant objects to the Interrogatories on the grounds that they are overly broad, are not reasonably tailored to Plaintiff's legitimate discovery needs, are not reasonably calculated to lead to the discovery of admissible evidence, and seek information beyond the scope of the issues the parties and the Court must address in connection with this case.

6.  Defendant objects to the Interrogatories on the grounds of undue burden, taking into account the needs of the case, the amount in controversy and the parties' limited resources.

**7.** Defendant objects to definitions and instructions to the extent they seek to alter or expand upon the obligations imposed by the Federal Rules of Civil Procedure, including, without limitation, the duty to supplement responses to discovery requests set forth in Federal Rule of Civil Procedure 26(e)(1).

**8.** Defendant objects to the Interrogatories to the extent they, including all discrete subparts, number more than 25.

**9.** Each of these General Objections is hereby specifically incorporated into each of the specific responses set forth below.

## Interrogatories

**Interrogatory 21.** State the date SPIDOC DIRECT was incorporated as an entity, and the name of Defendant's legal representative. If SPIDOC DIRECT is not an incorporated entity, state the date SPIDOC DIRECT was first used or registered as a fictious name.

> **Answer.** The store name is not a corporate entity, and was adopted as a d.b.a. name. The specific time the stores adopted these d.b.a. names can't be recalled due to lapse of time.

**Interrogatory 22.** Identify all employees, members, and managers, past and present, of SPIDOC DIRECT from January 1, 2019 through the present, and for each state:

> (1) Name of the employee, member and/or manager;
>
> (2) Years of employment or ownership;
>
> (3) Title and job duties of the employee;
>
> (4) Roles, management duties and title(s) of the members and managers;
>
> (5) Interest the member(s) and manager(s) has in 3ONE; and
>
> (6) The role the employee(s), member(s) and manager(s) played in selling the Infringing Products on Amazon.com.

**Answer.**

(1) Yarong Chen, Manager

(2) approximately 2.5 years of employment generally with these stores.

(3) Manage the Amazon store for the defendant

(4) Manage the Amazon store for the defendant

(5) No ownership interest

(6) Managing the product full-cycle.

**Interrogatory 23.**     State the profits made by SPIDOC DIRECT, on a monthly basis, for the sale of the Infringing Products from January 1, 2019 through the present, including, but not limited to, cost of goods sold, sales price, and any other expenses

**Answer.**    Defendant directs Plaintiff to D000255.

I verify, subject to the penalties of perjury, that the answers to the foregoing are true and correct to the best of my knowledge.

/s/ Yarong Chen
Yarong Chen

Dated:       August 24, 2022

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
(312) 715-7312
(312) 646-2501 (fax)
adamu@au-llc.com
*Counsel for Defendant Spidoc Direct*

Page **4** of **4**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Feng Gao, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:21-cv-04055 |
| v. | ) | |
| | ) | Dist. Judge Robert M. Dow Jr. |
| The Partnerships and Unincorporated | ) | |
| Associations Identified on Schedule | ) | Mag. Judge Young B. Kim |
| "A", | ) | |
| | ) | |
| Defendants. | ) | |

**Defendant's Responses to Plaintiff's Second Set of Interrogatories**

Propounding Party:     Feng Gao ("Plaintiff")

Responding Party:       Uniqtec USA ("Defendant")

Set Number:               Two

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant, by and through its attorneys at AU LLC, submits these Responses and Objections to Defendant's First Set of Interrogatories.

### General Responses and Objections

1. Defendant has not completed its investigation of the facts related to this case, has not completed its discovery, and has not completed its preparation for trial. All the responses contained herein are based only upon information and documents which are presently known to Defendant. Further discovery and analysis may supply additional facts and/or establish new factual or legal contentions which Defendant may assert. Defendant will supplement its responses to these requests, if necessary, in accordance with the Federal Rules of Civil Procedure.

2. These responses are made solely for the purpose of and in relation to this action.

3. Defendant objects to the Interrogatories to the extent they call for the disclosure of confidential, sensitive, or proprietary information, and will produce such information only subject to an appropriate protective order.

4. Defendant objects to the Interrogatories to the extent they are unreasonably cumulative or duplicative or ask for information obtainable from some other source that is more convenient, less burdensome, or less expensive.

5. Defendant objects to the Interrogatories on the grounds that they are overly broad, are not reasonably tailored to Plaintiff's legitimate discovery needs, are not reasonably calculated to lead to the discovery of admissible evidence, and seek information beyond the scope of the issues the parties and the Court must address in connection with this case.

6. Defendant objects to the Interrogatories on the grounds of undue burden, taking into account the needs of the case, the amount in controversy and the parties' limited resources.

**7.**  Defendant objects to definitions and instructions to the extent they seek to alter or expand upon the obligations imposed by the Federal Rules of Civil Procedure, including, without limitation, the duty to supplement responses to discovery requests set forth in Federal Rule of Civil Procedure 26(e)(1).

**8.**  Defendant objects to the Interrogatories to the extent they, including all discrete subparts, number more than 25.

**9.**  Each of these General Objections is hereby specifically incorporated into each of the specific responses set forth below.

**Interrogatories**

**Interrogatory 21.**    State the date UNIQTEC USA was incorporated as an entity, and the name of Defendant's legal representative. If UNIQTEC USA is not an incorporated entity, state the date UNIQTEC USA was first used or registered as a fictious name.

> **Answer.**    The store name is not a corporate entity, and was adopted as a d.b.a. name. The specific time the stores adopted these d.b.a. names can't be recalled due to lapse of time.

**Interrogatory 22.**    Identify all employees, members, and managers, past and present, of UNIQTEC USA from January 1, 2019 through the present, and for each state:

> (1)    Name of the employee, member and/or manager;
>
> (2)    Years of employment or ownership;
>
> (3)    Title and job duties of the employee;
>
> (4)    Roles, management duties and title(s) of the members and managers;
>
> (5)    Interest the member(s) and manager(s) has in 3ONE; and
>
> (6)    The role the employee(s), member(s) and manager(s) played in selling the Infringing Products on Amazon.com.

**Answer.**

(1) Yarong Chen, Manager

(2) approximately 2.5 years of employment generally with these stores.

(3) Manage the Amazon store for the defendant

(4) Manage the Amazon store for the defendant

(5) No ownership interest

(6) Managing the product full-cycle.

**Interrogatory 23.** State the profits made by UNIQTEC USA, on a monthly basis, for the sale of the Infringing Products from January 1, 2019 through the present, including, but not limited to, cost of goods sold, sales price, and any other expenses

**Answer.** Defendant directs Plaintiff to D000255.

I verify, subject to the penalties of perjury, that the answers to the foregoing are true and correct to the best of my knowledge.

/s/ Yarong Chen
Yarong Chen

Dated: August 24, 2022

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
(312) 715-7312
(312) 646-2501 (fax)
adamu@au-llc.com
*Counsel for Defendant Uniqtec USA*