**EXHIBIT 9**



# *Bayramoglu Law Offices LLC*.

*Attorneys-at-Law*              **Las Vegas Office**
                               *1540 W. Warm Springs Rd.,Suite 100*
                               *Henderson, NV 89014*
                               *Email: Gokalp@Bayramoglu-Legal.com*
                               *Telephone: (702) 462-5973*
                               *Telecopier: (702) 553-3404*

September 7, 2022

<u>**VIA EMAIL**</u>

AU LLC
Adam E. Urbanczyk
564 W Randolph St., 2nd Floor
Chicago, IL 60661
adamu@au-llc.com

Re:     *Feng Gao v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, Case No. 1:21-cv-04055
        Defendant 3ONE's Responses to Plaintiff's Second Set of Discovery Requests

Dear Mr. Uranczyk,

        We received Defendant 3ONE's Response to Plaintiff's Second Set of Interrogatories; however, Plaintiff has identified several deficiencies in Defendant's response Plaintiff's Second Set of Interrogatories. Additionally, Defendant has failed to provide any response to Plaintiff's Second Set of Request for Production of Documents. Plaintiff would like to provide Defendant with an opportunity to supplement its response in order to comply with federal and local rules regarding discovery.

I.      <u>**Deficiencies in Defendant's Answers to Interrogatories**</u>

        <u>**Interrogatory No. 21**</u>

        <u>Interrogatory No. 21:</u> State the date 3ONE was incorporated as an entity, and the name of.  Defendant's legal representative. If 3ONE is not an incorporated entity, state the date 3ONE was first used or registered as a fictitious name.

        <u>Defendant's Answer to Interrogatory:</u> The store name is not a corporate entity, and was adopted as a d.b.a. name. The specific time the stores adopted these d.b.a. names can't be recalled due to lapse of time.

        <u>Deficiencies in Defendant's Answer</u>: Defendant's Interrogatories were signed and verified by Yarong Chen, as an agent of Defendant 3ONE. Ms. Chen's answer to Interrogatory No. 21 states that she is unable to recall the

1

date the Defendant first used or registered *3ONE* as a fictitious name due to a lapse of time. Pursuant to Fed. R. Civ. P. 33(b)(1)(B), an agent must furnish the information *available to the party*. Furthermore, pursuant to Fed. R. Civ. P. 26(g), each party has an obligation to "make a reasonable inquiry into the facts of the case before making its discovery disclosures or responses." *See Wright v. Touhy*, No. 97 C 742, 2003 WL 22439864, at *4 (N.D. Ill. Oct 28, 2003). "The duty to make a "**reasonable inquiry**" is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances." *Id.*

During Ms. Chen's deposition, she testified that she has not worked for, or spoken with, the owner of the Defendant Amazon Store in more than a year. Therefore, it is highly unlikely that Ms. Chen has conducted a "reasonable inquiry," or furnished the information available to the party as required by Rules 26(g) and 33(b)(1)(B), as she has not spoken with the party to determine what information is available. As you know, a party that violates Rule 26(g) without substantial justification risks the imposition of sanctions. *Id.* Plaintiff requests that Defendant conduct a reasonable inquiry into the facts of the case, and supplement its answer to furnish the information requested in Interrogatory No. 21. In the event Defendant continues to violate Rule 26(g), Plaintiff will move the Court to compel Defendant's responses, and request appropriate sanctions.

## Interrogatory No. 22

Interrogatory No. 21: Identify all employees, members, and managers, past and present, of 3ONE from January 1, 2019 through the present, and for each state:

(1) Name of the employee, member and/or manager;
(2) Years of employment or ownership;
(3) Title and job duties of the employee;
(4) Roles, management duties and title(s) of the members and managers;
(5) Interest the member(s) and manager(s) has in 3ONE; and
(6) The role the employee(s), member(s) and manager(s) played in selling the Infringing Products on Amazon.com

Defendant's Answer to Interrogatory:

(1) Yarong Chen, Manager
(2) Approximately 2.5 years of employment generally with these stores.
(3) Manage the Amazon store for the defendant
(4) Manage the Amazon store for the Defendant
(5) No ownership interest
(6) Managing the product full-cycle

Deficiencies in Defendant's Answer: Interrogatory No. 22 asked the Defendant to identify all employees, members, and managers, past and

2

present, of Defendant. Defendant's answer to Interrogatory No. 22 listed only one employee, Yarong Chen, who answered the Interrogatories on behalf of Defendant *3ONE* as an agent of Defendant. Pursuant to Fed. R. Civ. P. 33(b)(1)(B), an agent must furnish the information *available to the party*. Furthermore, pursuant to Fed. R. Civ. P. 26(g), each party has an obligation to "make a reasonable inquiry into the facts of the case before making its discovery disclosures or responses." *See Wright v. Touhy*, No. 97 C 742, 2003 WL 22439864, at *4 (N.D. Ill. Oct 28, 2003). "The duty to make a "**reasonable inquiry**" is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances." *Id.*

During Ms. Chen's deposition, she testified that she has not worked for, or spoken with, the owner of the Defendant Amazon Store in more than a year. Therefore, it is highly unlikely that Ms. Chen conducted a "reasonable inquiry" or furnished the information available to the party as required by Rules 26(g) and 33(b)(1)(B), as she has not spoken with the party to determine what information is available. As you know, a party that violates Rule 26(g) without substantial justification risks the imposition of sanctions. *Id.* Plaintiff requests that Defendant conduct a reasonable inquiry into the facts of the case, and supplement its answer to furnish the information requested in Interrogatory No. 22. In the event Defendant continues to violate Rule 26(g), Plaintiff will move the Court to compel Defendant's responses, and request appropriate sanctions.

## Interrogatory No. 23

Interrogatory No. 23: State the profits made by 3ONE, on a monthly basis, for the sale of the Infringing Products from January 1, 2019 through the present, including, but not limited to, cost of goods sold, sales price, and any other expenses.

Defendant's Answer to Interrogatory: Defendant directs Plaintiff to D000255.

Deficiencies in Defendant's Answer: Defendant's answer to Interrogatory No. 23 directed Plaintiff to D000255, which is a spreadsheet that purportedly list the profits made by the Defendants in this litigation from the sale of the Infringing Products. Column O of the spreadsheet is titled "Commission to Staff (3% of the Gross Profit) (RMB)." Ms. Chen testified during her deposition that the Commission referenced in Column O was deducted, as an expense, from the Total Gross Profit to calculate the Defendants' Total Net Profit from the sale of the Infringing Products. However, Ms. Chen also testified that she had no knowledge of any staff member receiving commission from the sale of the Infringing Products. Consequently, the profit calculations set forth in the spreadsheet are incorrect. Additionally, during the deposition of Ms. Chen, it became clear that Ms. Chen has no knowledge of

3

the expenses incurred by Defendants from the sale of the Infringing Products. Thus, it is implausible that she would have the knowledge to provide an accurate calculation of the net profits made by Defendants from the sale of the Infringing Products as requested by Interrogatory No. 23, nor did Ms. Chen conduct a reasonable inquiry to obtain the information requested.

Under Fed. R. Civ. P. 26(g), each party has an obligation to "make a reasonable inquiry into the facts of the case before making its discovery disclosures or responses." *See Wright v. Touhy*, No. 97 C 742, 2003 WL 22439864, at *4 (N.D. Ill. Oct 28, 2003). "The duty to make a "**reasonable inquiry**" is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances." *Id.* As you know, a party that violates Rule 26(g) without substantial justification risks the imposition of sanctions. *Id.* Ms. Chen has failed to make a "reasonable inquiry" into the facts of this case, as required by Rule 26(g). Plaintiff requests that Defendant conduct a reasonable inquiry into the facts of this case, and supplement its answer to furnish the information requested in Interrogatory No. 23.

## II.     Request for Production of Documents

As stated above, Defendant has failed to provide any response to Plaintiff's Second Request for Production of Documents, which were served upon Defendant on July 22, 2022. Pursuant to Fed. R. Civ. P. 34(b)(2)(A), Defendant was required to respond to Plaintiff's Request for Production of Documents within 30 days after being served. Thus, Defendant's response was due August 22, 2022. Defendants have not requested an extension of time to respond to the discovery requests. Therefore, Defendant's objections have been waived. Plaintiff requests that Defendant promptly provide responses to Plaintiff's Second Request for Production of Documents and the documents requested, as required by Fed. R. Civ. P. 34.

## III.     Meet and Confer Requested

Plaintiff requests to meet and confer in an effort to resolve the matter of Defendant's inadequate discovery responses. Please provide dates and times of your availability this week.

Please be advised that should Plaintiff not receive complete and satisfactory responses to the Interrogatories and Requests for Production of Documents in compliance with the federal and local rules, Plaintiff will move the Court to compel adequate responses and request that the Court enter an order requiring Defendant to reimburse our client for any associated fees and costs.

Thank you for your attention to this matter. I look forward to speaking with you soon.

Sincerely,

/s/ Melika T. Harris
Melika T. Harris
Attorney for Plaintiff Feng Gao



# *Bayramoglu Law Offices LLC.*

*Attorneys-at-Law*          ***Las Vegas Office***
*1540 W. Warm Springs Rd.,Suite 100*
*Henderson, NV 89014*
*Email: Gokalp@Bayramoglu-Legal.com*
*Telephone: (702) 462-5973*
*Telecopier: (702) 553-3404*

September 7, 2022

<u>**VIA EMAIL**</u>

AU LLC
Adam E. Urbanczyk
564 W Randolph St., 2nd Floor
Chicago, IL 60661
adamu@au-llc.com

Re:      *Feng Gao v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* Case No. 1:21-cv-04055
Defendant F Sport Shop's Responses to Plaintiff's Second Set of Discovery Requests

Dear Mr. Uranczyk,

       We received Defendant F Sport Shop's Response to Plaintiff's Second Set of Interrogatories; however, Plaintiff has identified several deficiencies in Defendant's response Plaintiff's Second Set of Interrogatories. Additionally, Defendant has failed to provide any response to Plaintiff's Second Set of Request for Production of Documents. Plaintiff would like to provide Defendant with an opportunity to supplement its response in order to comply with federal and local rules regarding discovery.

I.      <u>**Deficiencies in Defendant's Answers to Interrogatories**</u>

<u>**Interrogatory No. 21**</u>

       <u>Interrogatory No. 21:</u> State the date F Sport Shop was incorporated as an entity, and the name of.  Defendant's legal representative. If F Sport Shop is not an incorporated entity, state the date F Sport Shop was first used or registered as a fictitious name.

       <u>Defendant's Answer to Interrogatory:</u> The store name is not a corporate entity, and was adopted as a d.b.a. name. The specific time the stores adopted these d.b.a. names can't be recalled due to lapse of time.

       <u>Deficiencies in Defendant's Answer</u>: Defendant's Interrogatories were signed and verified by Yarong Chen, as an agent of Defendant F Sport Shop.

1

Ms. Chen's answer to Interrogatory No. 21 states that she is unable to recall the date the Defendant first used or registered *F Sport Shop* as a fictitious name due to a lapse of time. Pursuant to Fed. R. Civ. P. 33(b)(1)(B), an agent must furnish the information *available to the party*. Furthermore, pursuant to Fed. R. Civ. P. 26(g), each party has an obligation to "make a reasonable inquiry into the facts of the case before making its discovery disclosures or responses." *See Wright v. Touhy*, No. 97 C 742, 2003 WL 22439864, at *4 (N.D. Ill. Oct 28, 2003). "The duty to make a "**reasonable inquiry**" is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances." *Id.*

During Ms. Chen's deposition, she testified that she has not worked for, or spoken with, the owner of the Defendant Amazon Store in more than a year. Therefore, it is highly unlikely that Ms. Chen has conducted a "reasonable inquiry," or furnished the information available to the party as required by Rules 26(g) and 33(b)(1)(B), as she has not spoken with the party to determine what information is available. As you know, a party that violates Rule 26(g) without substantial justification risks the imposition of sanctions. *Id.* Plaintiff requests that Defendant conduct a reasonable inquiry into the facts of the case, and supplement its answer to furnish the information requested in Interrogatory No. 21. In the event Defendant continues to violate Rule 26(g), Plaintiff will move the Court to compel Defendant's responses, and request appropriate sanctions.

## Interrogatory No. 22

Interrogatory No. 21: Identify all employees, members, and managers, past and present, of F Sport Shop from January 1, 2019 through the present, and for each state:

(1) Name of the employee, member and/or manager;
(2) Years of employment or ownership;
(3) Title and job duties of the employee;
(4) Roles, management duties and title(s) of the members and managers;
(5) Interest the member(s) and manager(s) has in F Sport Shop; and
(6) The role the employee(s), member(s) and manager(s) played in selling the Infringing Products on Amazon.com

Defendant's Answer to Interrogatory:

(1) Yarong Chen, Manager
(2) Approximately 2.5 years of employment generally with these stores.
(3) Manage the Amazon store for the defendant
(4) Manage the Amazon store for the Defendant
(5) No ownership interest
(6) Managing the product full-cycle

Deficiencies in Defendant's Answer: Interrogatory No. 22 asked the

2

Defendant to identify all employees, members, and managers, past and present, of Defendant. Defendant's answer to Interrogatory No. 22 listed only one employee, Yarong Chen, who answered the Interrogatories on behalf of Defendant *F Sport Shop* as an agent of Defendant. Pursuant to Fed. R. Civ. P. 33(b)(1)(B), an agent must furnish the information *available to the party*. . Furthermore, pursuant to Fed. R. Civ. P. 26(g), each party has an obligation to "make a reasonable inquiry into the facts of the case before making its discovery disclosures or responses." *See Wright v. Touhy*, No. 97 C 742, 2003 WL 22439864, at *4 (N.D. Ill. Oct 28, 2003). "The duty to make a "**reasonable inquiry**" is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances." *Id.*

During Ms. Chen's deposition, she testified that she has not worked for, or spoken with, the owner of the Defendant Amazon Store in more than a year. Therefore, it is highly unlikely that Ms. Chen conducted a "reasonable inquiry" or furnished the information available to the party as required by Rules 26(g) and 33(b)(1)(B), as she has not spoken with the party to determine what information is available. As you know, a party that violates Rule 26(g) without substantial justification risks the imposition of sanctions. *Id.* Plaintiff requests that Defendant conduct a reasonable inquiry into the facts of the case, and supplement its answer to furnish the information requested in Interrogatory No. 22. In the event Defendant continues to violate Rule 26(g), Plaintiff will move the Court to compel Defendant's responses, and request appropriate sanctions.

## Interrogatory No. 23

Interrogatory No. 23: State the profits made by F Sport Shop, on a monthly basis, for the sale of the Infringing Products from January 1, 2019 through the present, including, but not limited to, cost of goods sold, sales price, and any other expenses.

Defendant's Answer to Interrogatory: Defendant directs Plaintiff to D000255.

Deficiencies in Defendant's Answer: Defendant's answer to Interrogatory No. 23 directed Plaintiff to D000255, which is a spreadsheet that purportedly list the profits made by the Defendants in this litigation from the sale of the Infringing Products. Column O of the spreadsheet is titled "Commission to Staff (3% of the Gross Profit) (RMB)." Ms. Chen testified during her deposition that the Commission referenced in Column O was deducted, as an expense, from the Total Gross Profit to calculate the Defendants' Total Net Profit from the sale of the Infringing Products. However, Ms. Chen also testified that she had no knowledge of any staff member receiving commission from the sale of the Infringing Products. Consequently, the profit calculations set forth in the spreadsheet are incorrect. Additionally, during the

3

deposition of Ms. Chen, it became clear that Ms. Chen has no knowledge of the expenses incurred by Defendants from the sale of the Infringing Products. Thus, it is implausible that she would have the knowledge to provide an accurate calculation of the net profits made by Defendants from the sale of the Infringing Products as requested by Interrogatory No. 23, nor did Ms. Chen conduct a reasonable inquiry to obtain the information requested.

Under Fed. R. Civ. P. 26(g), each party has an obligation to "make a reasonable inquiry into the facts of the case before making its discovery disclosures or responses." *See Wright v. Touhy*, No. 97 C 742, 2003 WL 22439864, at *4 (N.D. Ill. Oct 28, 2003). "The duty to make a "**reasonable inquiry**" is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances." *Id.* As you know, a party that violates Rule 26(g) without substantial justification risks the imposition of sanctions. *Id.* Ms. Chen has failed to make a "reasonable inquiry" into the facts of this case, as required by Rule 26(g). Plaintiff requests that Defendant conduct a reasonable inquiry into the facts of this case, and supplement its answer to furnish the information requested in Interrogatory No. 23.

## II.    Request for Production of Documents

As stated above, Defendant has failed to provide any response to Plaintiff's Second Request for Production of Documents, which were served upon Defendant on July 22, 2022. Pursuant to Fed. R. Civ. P. 34(b)(2)(A), Defendant was required to respond to Plaintiff's Request for Production of Documents within 30 days after being served. Thus, Defendant's response was due August 22, 2022. Defendants have not requested an extension of time to respond to the discovery requests. Therefore, Defendant's objections have been waived. Plaintiff requests that Defendant promptly provide responses to Plaintiff's Second Request for Production of Documents and the documents requested, as required by Fed. R. Civ. P. 34.

## III.    Meet and Confer Requested

Plaintiff requests to meet and confer in an effort to resolve the matter of Defendant's inadequate discovery responses. Please provide dates and times of your availability this week.

Please be advised that should Plaintiff not receive complete and satisfactory responses to the Interrogatories and Requests for Production of Documents in compliance with the federal and local rules, Plaintiff will move the Court to compel adequate responses and request that the Court enter an order requiring Defendant to reimburse our client for any associated fees and costs.

Thank you for your attention to this matter. I look forward to speaking with you soon.

Sincerely,

/s/ Melika T. Harris
Melika T. Harris
Attorney for Plaintiff Feng Gao



# *Bayramoglu Law Offices LLC.*

*Attorneys-at-Law*                    ***Las Vegas Office***
*1540 W. Warm Springs Rd.,Suite 100*
*Henderson, NV 89014*
*Email: Gokalp@Bayramoglu-Legal.com*
*Telephone: (702) 462-5973*
*Telecopier: (702) 553-3404*

September 7, 2022

**<u>VIA EMAIL</u>**

AU LLC
Adam E. Urbanczyk
564 W Randolph St., 2nd Floor
Chicago, IL 60661
adamu@au-llc.com

Re:     *Feng Gao v. The Partnerships and Unincorporated Associations Identified*
*on Schedule "A",* Case No. 1:21-cv-04055
Defendant FXZ Shop's Responses to Plaintiff's Second Set of Discovery
Requests

Dear Mr. Uranczyk,

　　　We received Defendant FXZ Shop's Response to Plaintiff's Second Set of Interrogatories; however, Plaintiff has identified several deficiencies in Defendant's response Plaintiff's Second Set of Interrogatories. Additionally, Defendant has failed to provide any response to Plaintiff's Second Set of Request for Production of Documents. Plaintiff would like to provide Defendant with an opportunity to supplement its response in order to comply with federal and local rules regarding discovery.

I.      **<u>Deficiencies in Defendant's Answers to Interrogatories</u>**

**<u>Interrogatory No. 21</u>**

<u>Interrogatory No. 21:</u> State the date FXZ Shop was incorporated as an entity, and the name of.  Defendant's legal representative. If FXZ Shop is not an incorporated entity, state the date FXZ Shop was first used or registered as a fictitious name.

<u>Defendant's Answer to Interrogatory:</u> The store name is not a corporate entity, and was adopted as a d.b.a. name. The specific time the stores adopted these d.b.a. names can't be recalled due to lapse of time.

<u>Deficiencies in Defendant's Answer</u>: Defendant's Interrogatories were signed and verified by Yarong Chen, as an agent of Defendant FXZ Shop.

1

Ms. Chen's answer to Interrogatory No. 21 states that she is unable to recall the date the Defendant first used or registered FXZ Shop as a fictitious name due to a lapse of time. Pursuant to Fed. R. Civ. P. 33(b)(1)(B), an agent must furnish the information *available to the party*. Furthermore, pursuant to Fed. R. Civ. P. 26(g), each party has an obligation to "make a reasonable inquiry into the facts of the case before making its discovery disclosures or responses." *See Wright v. Touhy*, No. 97 C 742, 2003 WL 22439864, at *4 (N.D. Ill. Oct 28, 2003). "The duty to make a "**reasonable inquiry**" is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances." *Id.*

During Ms. Chen's deposition, she testified that she has not worked for, or spoken with, the owner of the Defendant Amazon Store in more than a year. Therefore, it is highly unlikely that Ms. Chen has conducted a "reasonable inquiry," or furnished the information available to the party as required by Rules 26(g) and 33(b)(1)(B), as she has not spoken with the party to determine what information is available. As you know, a party that violates Rule 26(g) without substantial justification risks the imposition of sanctions. *Id.* Plaintiff requests that Defendant conduct a reasonable inquiry into the facts of the case, and supplement its answer to furnish the information requested in Interrogatory No. 21. In the event Defendant continues to violate Rule 26(g), Plaintiff will move the Court to compel Defendant's responses, and request appropriate sanctions.

## Interrogatory No. 22

Interrogatory No. 21: Identify all employees, members, and managers, past and present, of FXZ Shop from January 1, 2019 through the present, and for each state:

(1) Name of the employee, member and/or manager;
(2) Years of employment or ownership;
(3) Title and job duties of the employee;
(4) Roles, management duties and title(s) of the members and managers;
(5) Interest the member(s) and manager(s) has in FXZ Shop; and
(6) The role the employee(s), member(s) and manager(s) played in selling the Infringing Products on Amazon.com

Defendant's Answer to Interrogatory:

(1) Yarong Chen, Manager
(2) Approximately 2.5 years of employment generally with these stores.
(3) Manage the Amazon store for the defendant
(4) Manage the Amazon store for the Defendant
(5) No ownership interest
(6) Managing the product full-cycle

Deficiencies in Defendant's Answer: Interrogatory No. 22 asked the

2

Defendant to identify all employees, members, and managers, past and present, of Defendant. Defendant's answer to Interrogatory No. 22 listed only one employee, Yarong Chen, who answered the Interrogatories on behalf of Defendant *FXZ Shop* as an agent of Defendant. Pursuant to Fed. R. Civ. P. 33(b)(1)(B), an agent must furnish the information *available to the party*. . Furthermore, pursuant to Fed. R. Civ. P. 26(g), each party has an obligation to "make a reasonable inquiry into the facts of the case before making its discovery disclosures or responses." *See Wright v. Touhy*, No. 97 C 742, 2003 WL 22439864, at *4 (N.D. Ill. Oct 28, 2003). "The duty to make a "**reasonable inquiry**" is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances." *Id.*

During Ms. Chen's deposition, she testified that she has not worked for, or spoken with, the owner of the Defendant Amazon Store in more than a year. Therefore, it is highly unlikely that Ms. Chen conducted a "reasonable inquiry" or furnished the information available to the party as required by Rules 26(g) and 33(b)(1)(B), as she has not spoken with the party to determine what information is available. As you know, a party that violates Rule 26(g) without substantial justification risks the imposition of sanctions. *Id.* Plaintiff requests that Defendant conduct a reasonable inquiry into the facts of the case, and supplement its answer to furnish the information requested in Interrogatory No. 22. In the event Defendant continues to violate Rule 26(g), Plaintiff will move the Court to compel Defendant's responses, and request appropriate sanctions.

## Interrogatory No. 23

Interrogatory No. 23: State the profits made by FXZ Shop, on a monthly basis, for the sale of the Infringing Products from January 1, 2019 through the present, including, but not limited to, cost of goods sold, sales price, and any other expenses.

Defendant's Answer to Interrogatory: Defendant directs Plaintiff to D000255.

Deficiencies in Defendant's Answer: Defendant's answer to Interrogatory No. 23 directed Plaintiff to D000255, which is a spreadsheet that purportedly list the profits made by the Defendants in this litigation from the sale of the Infringing Products. Column O of the spreadsheet is titled "Commission to Staff (3% of the Gross Profit) (RMB)." Ms. Chen testified during her deposition that the Commission referenced in Column O was deducted, as an expense, from the Total Gross Profit to calculate the Defendants' Total Net Profit from the sale of the Infringing Products. However, Ms. Chen also testified that she had no knowledge of any staff member receiving commission from the sale of the Infringing Products. Consequently, the profit calculations set forth in the spreadsheet are incorrect. Additionally, during the

3

deposition of Ms. Chen, it became clear that Ms. Chen has no knowledge of the expenses incurred by Defendants from the sale of the Infringing Products. Thus, it is implausible that she would have the knowledge to provide an accurate calculation of the net profits made by Defendants from the sale of the Infringing Products as requested by Interrogatory No. 23, nor did Ms. Chen conduct a reasonable inquiry to obtain the information requested.

Under Fed. R. Civ. P. 26(g), each party has an obligation to "make a reasonable inquiry into the facts of the case before making its discovery disclosures or responses." *See Wright v. Touhy*, No. 97 C 742, 2003 WL 22439864, at *4 (N.D. Ill. Oct 28, 2003). "The duty to make a "**reasonable inquiry**" is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances." *Id.* As you know, a party that violates Rule 26(g) without substantial justification risks the imposition of sanctions. *Id.* Ms. Chen has failed to make a "reasonable inquiry" into the facts of this case, as required by Rule 26(g). Plaintiff requests that Defendant conduct a reasonable inquiry into the facts of this case, and supplement its answer to furnish the information requested in Interrogatory No. 23.

## II.     Request for Production of Documents

As stated above, Defendant has failed to provide any response to Plaintiff's Second Request for Production of Documents, which were served upon Defendant on July 22, 2022. Pursuant to Fed. R. Civ. P. 34(b)(2)(A), Defendant was required to respond to Plaintiff's Request for Production of Documents within 30 days after being served. Thus, Defendant's response was due August 22, 2022. Defendants have not requested an extension of time to respond to the discovery requests. Therefore, Defendant's objections have been waived. Plaintiff requests that Defendant promptly provide responses to Plaintiff's Second Request for Production of Documents and the documents requested, as required by Fed. R. Civ. P. 34.

## III.    Meet and Confer Requested

Plaintiff requests to meet and confer in an effort to resolve the matter of Defendant's inadequate discovery responses. Please provide dates and times of your availability this week.

Please be advised that should Plaintiff not receive complete and satisfactory responses to the Interrogatories and Requests for Production of Documents in compliance with the federal and local rules, Plaintiff will move the Court to compel adequate responses and request that the Court enter an order requiring Defendant to reimburse our client for any associated fees and costs.

Thank you for your attention to this matter. I look forward to speaking with you soon.

Sincerely,

/s/ Melika T. Harris
Melika T. Harris
Attorney for Plaintiff Feng Gao



# *Bayramoglu Law Offices LLC.*

*Attorneys-at-Law*

**Las Vegas Office**
*1540 W. Warm Springs Rd.,Suite 100*
*Henderson, NV 89014*
*Email: Gokalp@Bayramoglu-Legal.com*
*Telephone: (702) 462-5973*
*Telecopier: (702) 553-3404*

September 7, 2022

**VIA EMAIL**

AU LLC
Adam E. Urbanczyk
564 W Randolph St., 2nd Floor
Chicago, IL 60661
adamu@au-llc.com

Re:    *Feng Gao v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* Case No. 1:21-cv-04055
Defendant M SPORT Direct's Responses to Plaintiff's Second Set of Discovery Requests

Dear Mr. Uranczyk,

We received Defendant M SPORT Direct's Response to Plaintiff's Second Set of Interrogatories; however, Plaintiff has identified several deficiencies in Defendant's response Plaintiff's Second Set of Interrogatories. Additionally, Defendant has failed to provide any response to Plaintiff's Second Set of Request for Production of Documents. Plaintiff would like to provide Defendant with an opportunity to supplement its response in order to comply with federal and local rules regarding discovery.

I.    **Deficiencies in Defendant's Answers to Interrogatories**

   **Interrogatory No. 21**

      Interrogatory No. 21: State the date M SPORT Direct was incorporated as an entity, and the name of.  Defendant's legal representative. If M SPORT Direct is not an incorporated entity, state the date M SPORT Direct was first used or registered as a fictitious name.

      Defendant's Answer to Interrogatory: The store name is not a corporate entity, and was adopted as a d.b.a. name. The specific time the stores adopted these d.b.a. names can't be recalled due to lapse of time.

      Deficiencies in Defendant's Answer: Defendant's Interrogatories were signed and verified by Yarong Chen, as an agent of Defendant M SPORT

1

Direct. Ms. Chen's answer to Interrogatory No. 21 states that she is unable to recall the date the Defendant first used or registered *M SPORT Direct* as a fictitious name due to a lapse of time. Pursuant to Fed. R. Civ. P. 33(b)(1)(B), an agent must furnish the information *available to the party*. Furthermore, pursuant to Fed. R. Civ. P. 26(g), each party has an obligation to "make a reasonable inquiry into the facts of the case before making its discovery disclosures or responses." *See Wright v. Touhy*, No. 97 C 742, 2003 WL 22439864, at *4 (N.D. Ill. Oct 28, 2003). "The duty to make a "**reasonable inquiry**" is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances." *Id.*

During Ms. Chen's deposition, she testified that she has not worked for, or spoken with, the owner of the Defendant Amazon Store in more than a year. Therefore, it is highly unlikely that Ms. Chen has conducted a "reasonable inquiry," or furnished the information available to the party as required by Rules 26(g) and 33(b)(1)(B), as she has not spoken with the party to determine what information is available. As you know, a party that violates Rule 26(g) without substantial justification risks the imposition of sanctions. *Id.* Plaintiff requests that Defendant conduct a reasonable inquiry into the facts of the case, and supplement its answer to furnish the information requested in Interrogatory No. 21. In the event Defendant continues to violate Rule 26(g), Plaintiff will move the Court to compel Defendant's responses, and request appropriate sanctions.

## Interrogatory No. 22

Interrogatory No. 21: Identify all employees, members, and managers, past and present, of M SPORT Direct from January 1, 2019 through the present, and for each state:

(1) Name of the employee, member and/or manager;
(2) Years of employment or ownership;
(3) Title and job duties of the employee;
(4) Roles, management duties and title(s) of the members and managers;
(5) Interest the member(s) and manager(s) has in M SPORT Direct; and
(6) The role the employee(s), member(s) and manager(s) played in selling the Infringing Products on Amazon.com

Defendant's Answer to Interrogatory:

(1) Yarong Chen, Manager
(2) Approximately 2.5 years of employment generally with these stores.
(3) Manage the Amazon store for the defendant
(4) Manage the Amazon store for the Defendant
(5) No ownership interest
(6) Managing the product full-cycle

Deficiencies in Defendant's Answer: Interrogatory No. 22 asked the

2

Defendant to identify all employees, members, and managers, past and present, of Defendant. Defendant's answer to Interrogatory No. 22 listed only one employee, Yarong Chen, who answered the Interrogatories on behalf of Defendant *M SPORT Direct* as an agent of Defendant. Pursuant to Fed. R. Civ. P. 33(b)(1)(B), an agent must furnish the information *available to the party*. Furthermore, pursuant to Fed. R. Civ. P. 26(g), each party has an obligation to "make a reasonable inquiry into the facts of the case before making its discovery disclosures or responses." *See Wright v. Touhy*, No. 97 C 742, 2003 WL 22439864, at *4 (N.D. Ill. Oct 28, 2003). "The duty to make a "**reasonable inquiry**" is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances." *Id.*

During Ms. Chen's deposition, she testified that she has not worked for, or spoken with, the owner of the Defendant Amazon Store in more than a year. Therefore, it is highly unlikely that Ms. Chen conducted a "reasonable inquiry" or furnished the information available to the party as required by Rules 26(g) and 33(b)(1)(B), as she has not spoken with the party to determine what information is available. As you know, a party that violates Rule 26(g) without substantial justification risks the imposition of sanctions. *Id.* Plaintiff requests that Defendant conduct a reasonable inquiry into the facts of the case, and supplement its answer to furnish the information requested in Interrogatory No. 22. In the event Defendant continues to violate Rule 26(g), Plaintiff will move the Court to compel Defendant's responses, and request appropriate sanctions.

## Interrogatory No. 23

Interrogatory No. 23: State the profits made by M SPORT Direct, on a monthly basis, for the sale of the Infringing Products from January 1, 2019 through the present, including, but not limited to, cost of goods sold, sales price, and any other expenses.

Defendant's Answer to Interrogatory: Defendant directs Plaintiff to D000255.

Deficiencies in Defendant's Answer: Defendant's answer to Interrogatory No. 23 directed Plaintiff to D000255, which is a spreadsheet that purportedly list the profits made by the Defendants in this litigation from the sale of the Infringing Products. Column O of the spreadsheet is titled "Commission to Staff (3% of the Gross Profit) (RMB)." Ms. Chen testified during her deposition that the Commission referenced in Column O was deducted, as an expense, from the Total Gross Profit to calculate the Defendants' Total Net Profit from the sale of the Infringing Products. However, Ms. Chen also testified that she had no knowledge of any staff member receiving commission from the sale of the Infringing Products. Consequently, the profit calculations set forth in the spreadsheet are incorrect. Additionally, during the

3

deposition of Ms. Chen, it became clear that Ms. Chen has no knowledge of the expenses incurred by Defendants from the sale of the Infringing Products. Thus, it is implausible that she would have the knowledge to provide an accurate calculation of the net profits made by Defendants from the sale of the Infringing Products as requested by Interrogatory No. 23, nor did Ms. Chen conduct a reasonable inquiry to obtain the information requested.

Under Fed. R. Civ. P. 26(g), each party has an obligation to "make a reasonable inquiry into the facts of the case before making its discovery disclosures or responses." *See Wright v. Touhy*, No. 97 C 742, 2003 WL 22439864, at *4 (N.D. Ill. Oct 28, 2003). "The duty to make a "**reasonable inquiry**" is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances." *Id.* As you know, a party that violates Rule 26(g) without substantial justification risks the imposition of sanctions. *Id.* Ms. Chen has failed to make a "reasonable inquiry" into the facts of this case, as required by Rule 26(g). Plaintiff requests that Defendant conduct a reasonable inquiry into the facts of this case, and supplement its answer to furnish the information requested in Interrogatory No. 23.

## II.    <u>Request for Production of Documents</u>

As stated above, Defendant has failed to provide any response to Plaintiff's Second Request for Production of Documents, which were served upon Defendant on July 22, 2022. Pursuant to Fed. R. Civ. P. 34(b)(2)(A), Defendant was required to respond to Plaintiff's Request for Production of Documents within 30 days after being served. Thus, Defendant's response was due August 22, 2022. Defendants have not requested an extension of time to respond to the discovery requests. Therefore, Defendant's objections have been waived. Plaintiff requests that Defendant promptly provide responses to Plaintiff's Second Request for Production of Documents and the documents requested, as required by Fed. R. Civ. P. 34.

## III.    <u>Meet and Confer Requested</u>

Plaintiff requests to meet and confer in an effort to resolve the matter of Defendant's inadequate discovery responses. Please provide dates and times of your availability this week.

Please be advised that should Plaintiff not receive complete and satisfactory responses to the Interrogatories and Requests for Production of Documents in compliance with the federal and local rules, Plaintiff will move the Court to compel adequate responses and request that the Court enter an order requiring Defendant to reimburse our client for any associated fees and costs.

Thank you for your attention to this matter. I look forward to speaking with you soon.

Sincerely,

/s/ Melika T. Harris
Melika T. Harris
Attorney for Plaintiff Feng Gao



# Bayramoglu Law Offices LLC.

*Attorneys-at-Law*  **Las Vegas Office**
*1540 W. Warm Springs Rd.,Suite 100*
*Henderson, NV 89014*
*Email: Gokalp@Bayramoglu-Legal.com*
*Telephone: (702) 462-5973*
*Telecopier: (702) 553-3404*

September 7, 2022

<u>**VIA EMAIL**</u>

AU LLC
Adam E. Urbanczyk
564 W Randolph St., 2nd Floor
Chicago, IL 60661
adamu@au-llc.com

Re:     *Feng Gao v. The Partnerships and Unincorporated Associations Identified*
        *on Schedule "A",* Case No. 1:21-cv-04055
        Defendant Spidoc Direct's Responses to Plaintiff's Second Set of Discovery
        Requests

Dear Mr. Uranczyk,

    We received Defendant Spidoc Direct's Response to Plaintiff's Second Set of Interrogatories; however, Plaintiff has identified several deficiencies in Defendant's response Plaintiff's Second Set of Interrogatories. Additionally, Defendant has failed to provide any response to Plaintiff's Second Set of Request for Production of Documents. Plaintiff would like to provide Defendant with an opportunity to supplement its response in order to comply with federal and local rules regarding discovery.

I.     <u>**Deficiencies in Defendant's Answers to Interrogatories**</u>

    <u>**Interrogatory No. 21**</u>

        <u>Interrogatory No. 21:</u> State the date Spidoc Direct was incorporated as an entity, and the name of.  Defendant's legal representative. If Spidoc Direct is not an incorporated entity, state the date Spidoc Direct was first used or registered as a fictitious name.

        <u>Defendant's Answer to Interrogatory:</u> The store name is not a corporate entity, and was adopted as a d.b.a. name. The specific time the stores adopted these d.b.a. names can't be recalled due to lapse of time.

        <u>Deficiencies in Defendant's Answer</u>: Defendant's Interrogatories were signed and verified by Yarong Chen, as an agent of Defendant Spidoc Direct.

1

Ms. Chen's answer to Interrogatory No. 21 states that she is unable to recall the date the Defendant first used or registered *Spidoc Direct* as a fictitious name due to a lapse of time. Pursuant to Fed. R. Civ. P. 33(b)(1)(B), an agent must furnish the information *available to the party*. Furthermore, pursuant to Fed. R. Civ. P. 26(g), each party has an obligation to "make a reasonable inquiry into the facts of the case before making its discovery disclosures or responses." *See Wright v. Touhy*, No. 97 C 742, 2003 WL 22439864, at *4 (N.D. Ill. Oct 28, 2003). "The duty to make a "**reasonable inquiry**" is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances." *Id.*

During Ms. Chen's deposition, she testified that she has not worked for, or spoken with, the owner of the Defendant Amazon Store in more than a year. Therefore, it is highly unlikely that Ms. Chen has conducted a "reasonable inquiry," or furnished the information available to the party as required by Rules 26(g) and 33(b)(1)(B), as she has not spoken with the party to determine what information is available. As you know, a party that violates Rule 26(g) without substantial justification risks the imposition of sanctions. *Id.* Plaintiff requests that Defendant conduct a reasonable inquiry into the facts of the case, and supplement its answer to furnish the information requested in Interrogatory No. 21. In the event Defendant continues to violate Rule 26(g), Plaintiff will move the Court to compel Defendant's responses, and request appropriate sanctions.

## Interrogatory No. 22

Interrogatory No. 21: Identify all employees, members, and managers, past and present, of Spidoc Direct from January 1, 2019 through the present, and for each state:

(1) Name of the employee, member and/or manager;
(2) Years of employment or ownership;
(3) Title and job duties of the employee;
(4) Roles, management duties and title(s) of the members and managers;
(5) Interest the member(s) and manager(s) has in *Spidoc Direct*; and
(6) The role the employee(s), member(s) and manager(s) played in selling the Infringing Products on Amazon.com

Defendant's Answer to Interrogatory:

(1) Yarong Chen, Manager
(2) Approximately 2.5 years of employment generally with these stores.
(3) Manage the Amazon store for the defendant
(4) Manage the Amazon store for the Defendant
(5) No ownership interest
(6) Managing the product full-cycle

Deficiencies in Defendant's Answer: Interrogatory No. 22 asked the

2

Defendant to identify all employees, members, and managers, past and present, of Defendant. Defendant's answer to Interrogatory No. 22 listed only one employee, Yarong Chen, who answered the Interrogatories on behalf of Defendant *Spidoc Direct* as an agent of Defendant. Pursuant to Fed. R. Civ. P. 33(b)(1)(B), an agent must furnish the information *available to the party*. Furthermore, pursuant to Fed. R. Civ. P. 26(g), each party has an obligation to "make a reasonable inquiry into the facts of the case before making its discovery disclosures or responses." *See Wright v. Touhy*, No. 97 C 742, 2003 WL 22439864, at *4 (N.D. Ill. Oct 28, 2003). "The duty to make a "**reasonable inquiry**" is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances." *Id.*

During Ms. Chen's deposition, she testified that she has not worked for, or spoken with, the owner of the Defendant Amazon Store in more than a year. Therefore, it is highly unlikely that Ms. Chen conducted a "reasonable inquiry" or furnished the information available to the party as required by Rules 26(g) and 33(b)(1)(B), as she has not spoken with the party to determine what information is available. As you know, a party that violates Rule 26(g) without substantial justification risks the imposition of sanctions. *Id.* Plaintiff requests that Defendant conduct a reasonable inquiry into the facts of the case, and supplement its answer to furnish the information requested in Interrogatory No. 22. In the event Defendant continues to violate Rule 26(g), Plaintiff will move the Court to compel Defendant's responses, and request appropriate sanctions.

## Interrogatory No. 23

Interrogatory No. 23: State the profits made by Spidoc Direct, on a monthly basis, for the sale of the Infringing Products from January 1, 2019 through the present, including, but not limited to, cost of goods sold, sales price, and any other expenses.

Defendant's Answer to Interrogatory: Defendant directs Plaintiff to D000255.

Deficiencies in Defendant's Answer: Defendant's answer to Interrogatory No. 23 directed Plaintiff to D000255, which is a spreadsheet that purportedly list the profits made by the Defendants in this litigation from the sale of the Infringing Products. Column O of the spreadsheet is titled "Commission to Staff (3% of the Gross Profit) (RMB)." Ms. Chen testified during her deposition that the Commission referenced in Column O was deducted, as an expense, from the Total Gross Profit to calculate the Defendants' Total Net Profit from the sale of the Infringing Products. However, Ms. Chen also testified that she had no knowledge of any staff member receiving commission from the sale of the Infringing Products. Consequently, the profit calculations set forth in the spreadsheet are incorrect. Additionally, during the

3

deposition of Ms. Chen, it became clear that Ms. Chen has no knowledge of the expenses incurred by Defendants from the sale of the Infringing Products. Thus, it is implausible that she would have the knowledge to provide an accurate calculation of the net profits made by Defendants from the sale of the Infringing Products as requested by Interrogatory No. 23, nor did Ms. Chen conduct a reasonable inquiry to obtain the information requested.

Under Fed. R. Civ. P. 26(g), each party has an obligation to "make a reasonable inquiry into the facts of the case before making its discovery disclosures or responses." *See Wright v. Touhy*, No. 97 C 742, 2003 WL 22439864, at *4 (N.D. Ill. Oct 28, 2003). "The duty to make a "**reasonable inquiry**" is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances." *Id.* As you know, a party that violates Rule 26(g) without substantial justification risks the imposition of sanctions. *Id.* Ms. Chen has failed to make a "reasonable inquiry" into the facts of this case, as required by Rule 26(g). Plaintiff requests that Defendant conduct a reasonable inquiry into the facts of this case, and supplement its answer to furnish the information requested in Interrogatory No. 23.


## II.  <u>Request for Production of Documents</u>

As stated above, Defendant has failed to provide any response to Plaintiff's Second Request for Production of Documents, which were served upon Defendant on July 22, 2022. Pursuant to Fed. R. Civ. P. 34(b)(2)(A), Defendant was required to respond to Plaintiff's Request for Production of Documents within 30 days after being served. Thus, Defendant's response was due August 22, 2022. Defendants have not requested an extension of time to respond to the discovery requests. Therefore, Defendant's objections have been waived. Plaintiff requests that Defendant promptly provide responses to Plaintiff's Second Request for Production of Documents and the documents requested, as required by Fed. R. Civ. P. 34.

## III.  <u>Meet and Confer Requested</u>

Plaintiff requests to meet and confer in an effort to resolve the matter of Defendant's inadequate discovery responses. Please provide dates and times of your availability this week.

Please be advised that should Plaintiff not receive complete and satisfactory responses to the Interrogatories and Requests for Production of Documents in compliance with the federal and local rules, Plaintiff will move the Court to compel adequate responses and request that the Court enter an order requiring Defendant to reimburse our client for any associated fees and costs.

Thank you for your attention to this matter. I look forward to speaking with you soon.

Sincerely,

/s/ Melika T. Harris
Melika T. Harris
Attorney for Plaintiff Feng Gao



# *Bayramoglu Law Offices LLC.*

| | |
|---|---|
| *Attorneys-at-Law* | ***Las Vegas Office*** |
| | *1540 W. Warm Springs Rd.,Suite 100* |
| | *Henderson, NV 89014* |
| | *Email: Gokalp@Bayramoglu-Legal.com* |
| | *Telephone: (702) 462-5973* |
| | *Telecopier: (702) 553-3404* |

September 7, 2022

<u>**VIA EMAIL**</u>

AU LLC
Adam E. Urbanczyk
564 W Randolph St., 2nd Floor
Chicago, IL 60661
adamu@au-llc.com

Re:     *Feng Gao v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* Case No. 1:21-cv-04055
Defendant Uniqtec USA's Responses to Plaintiff's Second Set of Discovery Requests

Dear Mr. Uranczyk,

We received Defendant Uniqtec USA's Response to Plaintiff's Second Set of Interrogatories; however, Plaintiff has identified several deficiencies in Defendant's response Plaintiff's Second Set of Interrogatories. Additionally, Defendant has failed to provide any response to Plaintiff's Second Set of Request for Production of Documents. Plaintiff would like to provide Defendant with an opportunity to supplement its response in order to comply with federal and local rules regarding discovery.

I.     <u>**Deficiencies in Defendant's Answers to Interrogatories**</u>

<u>**Interrogatory No. 21**</u>

<u>Interrogatory No. 21:</u> State the date Uniqtec USA was incorporated as an entity, and the name of.  Defendant's legal representative. If Uniqtec USA is not an incorporated entity, state the date Uniqtec USA was first used or registered as a fictitious name.

<u>Defendant's Answer to Interrogatory:</u> The store name is not a corporate entity, and was adopted as a d.b.a. name. The specific time the stores adopted these d.b.a. names can't be recalled due to lapse of time.

<u>Deficiencies in Defendant's Answer</u>: Defendant's Interrogatories were signed and verified by Yarong Chen, as an agent of Defendant Uniqtec USA.

1

Ms. Chen's answer to Interrogatory No. 21 states that she is unable to recall the date the Defendant first used or registered Uniqtec USA as a fictitious name due to a lapse of time. Pursuant to Fed. R. Civ. P. 33(b)(1)(B), an agent must furnish the information *available to the party*. Furthermore, pursuant to Fed. Civ. P. 26(g), each party has an obligation to "make a reasonable inquiry into the facts of the case before making its discovery disclosures or responses." *See Wright v. Touhy*, No. 97 C 742, 2003 WL 22439864, at *4 (N.D. Ill. Oct 28, 2003). "The duty to make a "**reasonable inquiry**" is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances." *Id.*

During Ms. Chen's deposition, she testified that she has not worked for, or spoken with, the owner of the Defendant Amazon Store in more than a year. Therefore, it is highly unlikely that Ms. Chen has conducted a "reasonable inquiry," or furnished the information available to the party as required by Rules 26(g) and 33(b)(1)(B), as she has not spoken with the party to determine what information is available. As you know, a party that violates Rule 26(g) without substantial justification risks the imposition of sanctions. *Id.* Plaintiff requests that Defendant conduct a reasonable inquiry into the facts of the case, and supplement its answer to furnish the information requested in Interrogatory No. 21. In the event Defendant continues to violate Rule 26(g), Plaintiff will move the Court to compel Defendant's responses, and request appropriate sanctions.

## Interrogatory No. 22

Interrogatory No. 21: Identify all employees, members, and managers, past and present, of Uniqtec USA from January 1, 2019 through the present, and for each state:

(1) Name of the employee, member and/or manager;
(2) Years of employment or ownership;
(3) Title and job duties of the employee;
(4) Roles, management duties and title(s) of the members and managers;
(5) Interest the member(s) and manager(s) has in Uniqtec USA; and
(6) The role the employee(s), member(s) and manager(s) played in selling the Infringing Products on Amazon.com

Defendant's Answer to Interrogatory:

(1) Yarong Chen, Manager
(2) Approximately 2.5 years of employment generally with these stores.
(3) Manage the Amazon store for the defendant
(4) Manage the Amazon store for the Defendant
(5) No ownership interest
(6) Managing the product full-cycle

Deficiencies in Defendant's Answer: Interrogatory No. 22 asked the

Defendant to identify all employees, members, and managers, past and present, of Defendant. Defendant's answer to Interrogatory No. 22 listed only one employee, Yarong Chen, who answered the Interrogatories on behalf of Defendant Uniqtec USA as an agent of Defendant. Pursuant to Fed. R. Civ. P. 33(b)(1)(B), an agent must furnish the information *available to the party*. Furthermore, pursuant to Fed. R. Civ. P. 26(g), each party has an obligation to "make a reasonable inquiry into the facts of the case before making its discovery disclosures or responses." *See Wright v. Touhy*, No. 97 C 742, 2003 WL 22439864, at *4 (N.D. Ill. Oct 28, 2003). "The duty to make a "**reasonable inquiry**" is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances." *Id.*

During Ms. Chen's deposition, she testified that she has not worked for, or spoken with, the owner of the Defendant Amazon Store in more than a year. Therefore, it is highly unlikely that Ms. Chen conducted a "reasonable inquiry" or furnished the information available to the party as required by Rules 26(g) and 33(b)(1)(B), as she has not spoken with the party to determine what information is available. As you know, a party that violates Rule 26(g) without substantial justification risks the imposition of sanctions. *Id.* Plaintiff requests that Defendant conduct a reasonable inquiry into the facts of the case, and supplement its answer to furnish the information requested in Interrogatory No. 22. In the event Defendant continues to violate Rule 26(g), Plaintiff will move the Court to compel Defendant's responses, and request appropriate sanctions.

## Interrogatory No. 23

Interrogatory No. 23: State the profits made by Uniqtec USA, on a monthly basis, for the sale of the Infringing Products from January 1, 2019 through the present, including, but not limited to, cost of goods sold, sales price, and any other expenses.

Defendant's Answer to Interrogatory: Defendant directs Plaintiff to D000255.

Deficiencies in Defendant's Answer: Defendant's answer to Interrogatory No. 23 directed Plaintiff to D000255, which is a spreadsheet that purportedly list the profits made by the Defendants in this litigation from the sale of the Infringing Products. Column O of the spreadsheet is titled "Commission to Staff (3% of the Gross Profit) (RMB)." Ms. Chen testified during her deposition that the Commission referenced in Column O was deducted, as an expense, from the Total Gross Profit to calculate the Defendants' Total Net Profit from the sale of the Infringing Products. However, Ms. Chen also testified that she had no knowledge of any staff member receiving commission from the sale of the Infringing Products. Consequently, the profit calculations set forth in the spreadsheet are incorrect. Additionally, during the

3

deposition of Ms. Chen, it became clear that Ms. Chen has no knowledge of the expenses incurred by Defendants from the sale of the Infringing Products. Thus, it is implausible that she would have the knowledge to provide an accurate calculation of the net profits made by Defendants from the sale of the Infringing Products as requested by Interrogatory No. 23, nor did Ms. Chen conduct a reasonable inquiry to obtain the information requested.

Under Fed. R. Civ. P. 26(g), each party has an obligation to "make a reasonable inquiry into the facts of the case before making its discovery disclosures or responses." *See Wright v. Touhy*, No. 97 C 742, 2003 WL 22439864, at *4 (N.D. Ill. Oct 28, 2003). "The duty to make a "**reasonable inquiry**" is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances." *Id.* As you know, a party that violates Rule 26(g) without substantial justification risks the imposition of sanctions. *Id.* Ms. Chen has failed to make a "reasonable inquiry" into the facts of this case, as required by Rule 26(g). Plaintiff requests that Defendant conduct a reasonable inquiry into the facts of this case, and supplement its answer to furnish the information requested in Interrogatory No. 23.

## II.     Request for Production of Documents

As stated above, Defendant has failed to provide any response to Plaintiff's Second Request for Production of Documents, which were served upon Defendant on July 22, 2022. Pursuant to Fed. R. Civ. P. 34(b)(2)(A), Defendant was required to respond to Plaintiff's Request for Production of Documents within 30 days after being served. Thus, Defendant's response was due August 22, 2022. Defendants have not requested an extension of time to respond to the discovery requests. Therefore, Defendant's objections have been waived. Plaintiff requests that Defendant promptly provide responses to Plaintiff's Second Request for Production of Documents and the documents requested, as required by Fed. R. Civ. P. 34.

## III.     Meet and Confer Requested

Plaintiff requests to meet and confer in an effort to resolve the matter of Defendant's inadequate discovery responses. Please provide dates and times of your availability this week.

Please be advised that should Plaintiff not receive complete and satisfactory responses to the Interrogatories and Requests for Production of Documents in compliance with the federal and local rules, Plaintiff will move the Court to compel adequate responses and request that the Court enter an order requiring Defendant to reimburse our client for any associated fees and costs.

Thank you for your attention to this matter. I look forward to speaking with you soon.

4

Sincerely,

/s/ Melika T. Harris
Melika T. Harris
Attorney for Plaintiff Feng Gao