**EXHIBIT 10**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Feng Gao, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:21-cv-4055 |
| v. | ) | |
| | ) | Hon. Judge Robert M. Dow Jr. |
| THE PARTNERSHIPS and | ) | |
| INCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE "A," | ) | |
| | ) | |
| Defendants. | ) | |

<u>**PLAINTIFF'S NOTICE OF DEPOSITION TO F SPORT SHOP
PURSUANT TO FED. R. CIV. P. 30(b)(6)**</u>

PLEASE TAKE NOTICE that Plaintiff, by counsel, pursuant to Federal Rule of Civil Procedure 30(b)(6), will take the remote deposition of an employee, officer, agent, or other person or persons duly authorized to testify on behalf of Defendant F Sport Shop ("Defendant") on **August 30, 2022**, commencing at **10:00am CST**, on the topics set forth in Schedule A, attached hereto. The deposition will be conducted remotely, via Zoom.

The deposition will be recorded by stenographic means, and will continue from day to day until completed. The deposition will be taken for all purposes permitted by law, including use at trial, and will be taken before an officer duly authorized by law to take depositions. Pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff reserves the right to use the videotape deposition of this witness at trial.

Pursuant to Federal Rules of Civil Procedure, Rule 30, please take notice that Plaintiff has entered into an agreement with Worldwide Litigation Services to utilize the court reporting services of Worldwide Litigation Services at this deposition.

The deponent shall, at least five (5) business days prior to the deposition, produce any of

1

the documents and tangible things listed on Schedule A to this notice that are in his/her possession, custody, or control, including in the possession, custody, or control of his/her attorney and/or other agents.

If an interpreter is necessary, please notify this office at least ten (10) business days prior to the deposition and specify the language and dialect that will be required.

Dated: July 26, 2022

**Bayramoglu Law Offices, LLC**

*/s/ Melika T. Harris*
Melika T. Harris
Denis Nihat Bayramoglu
1540 West Warm Springs Road, Suite 100
Henderson, NV 89014
T: (702) 462-5973
F: (702) 553-3404
melika@bayramoglu-legal.com
deniz@bayramoglu-legal.com
*Attorneys for Plaintiff*

## SCHEDULE A

## DEFINITIONS

A.     The terms "person" and "persons" shall include, without limitation, any natural person, firm, association, partnership, corporation, or any other form of legal entity.

B.     "Document(s)" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information, that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages (IMs), calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "document" refers to any document now or at any time in Defendants' possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

C.     "Defendant", "you" or "your" means F Sport Shop, and any representative or other persons known or believed to be acting on Defendant F Sport Shop's behalf.

D.  "Defendants" means all the Individuals, Partnerships, and Unincorporated Associations listed on Schedule A to Plaintiff's Complaint, and any representatives or other persons known or believed to be acting on Defendants' behalf.

E.  "Plaintiff" means Feng Gao, the plaintiff in the above-captioned action.

F.  "Plaintiff's Patents" means U.S. Patent Nos. D888,023 (the "'023 Patent"); D915,356 (the "'356 Patent"); and D915,357 (the "'357 Patent").

G.  "Prior Art" means all documents, information, acts, or things that qualify as prior art under 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

H.  "Alleged Prior Art" means patents identified in Defendants' Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction [Doc. No. 21]: U.S. Patent No. D883,259 (the "'259 Patent"); U.S. Patent No. D827,616 (the "'616 Patent"); U.S. Patent No. D863,265 (the "'265 Patent"); U.S. Patent No. D817,305 (the "'305 Patent"); U.S. Patent No. D914,651 (the "'651 Patent"); and the YouTube.com videos referenced in Defendant's Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction (Dkt. 21, p. 10; Exhibit 4) (collectively, "Alleged Prior Art").

I.  "Infringing Product No. 1" means the earbuds sold by Defendants and identified as Exhibit 1 to Plaintiff's Complaint.

J.  "Infringing Product No. 2" means the earbuds sold by Defendants and identified as Exhibit 2 to Plaintiff's Complaint.

K.  "Infringing Products" means the collective reference to Infringing Product No. 1 and Infringing Product No. 2.

L.     "E-Commerce Store" or "E-Commerce Stores" means any individual, entity or business which allows companies and individuals to buy and sell goods and services over the internet.

M.     "Relate" or "Relating to" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

N.     "Communication" means the transmission of information in any form, between two or more persons, including, without limitation, written, oral, or electronic transmissions.

O.     "Complaint" means the Complaint filed on or about July 29, 2021, in *Gao v. Partnerships and Unincorporated Associations Identified on Schedule "A",* Case No. 1:21-cv-04055.

## TOPICS

1.     All facts alleged in the Complaint and Defendants' Answer and Counterclaims to the Complaint.

2.     All facts alleged in Defendant's Responses to Plaintiff's First Set of Interrogatories, and Defendant's Supplemental Responses to Plaintiff's Frist Set of Interrogatories.

3.     The contents of all Documents requested by or produced in response to Plaintiff's First Set of Request for Production of Documents.

4.     The sale, offering of sale, import, advertising, and marketing of the Infringing Products by Defendant into the United States.

5.     All facts and circumstances relating to the research, design, and development of the Infringing Products.

6. The manufacture and assembly of the Infringing Products.

7. The functionality, features, structure, and operation of the Infringing Products.

8. The sale and offering of sale of the Infringing Products on Amazon.com.

9. The authenticity and contents of all Documents Produced by Defendant.

10. The identity of all persons with knowledge of any of the facts alleged in the Complaint, and Defendant's Answer and Counterclaims to the Complaint.

11. The facts and circumstances surrounding all communications with any person relating to the subject matter of this lawsuit.

12. All communications between Defendant and Amazon regarding the sale, or offering for sale, of the Infringing Products on Amazon.com.

13. All contracts between Defendant and Amazon.

14. All Documents sent to Amazon by Defendant related to the Infringing Products

15. All Documents received by Defendant from Amazon related to the Infringing Products.

16. Defendant's organizational structure, incorporation, employees, and the responsibilities and titles of those employees.

17. Defendant's owners, members and/or managers, including:

    a. Ownership interest of the members and/or managers;

    b. Management duties and titles;

     c.   The roles of the members and/or managers in the sale of the Infringing Products.

18.    Revenue, profits, and royalties realized by Defendant from the sale of the Infringing Products in the United States.

19.    Means and/or method used to calculate the profits realized by Defendant from the sale of the Infringing Products.

20.    Notice of Plaintiff's Patent.

21.    Any Opinions, evaluations, consideration, examination, analyses, or reverse engineering reports related to the Infringing Products drafted or prepared by Defendant or any person action on Defendant's behalf.

22.    Complaints to Amazon.com related to the Infringing Products.

23.    Communications, contracts, and agreements between Defendant and Sumin Xie related to the Infringing Products.

24.    Communications, contracts and agreements between Defendant and the supplier(s) of the Infringing Products.

25.    Defendant's relationship to the other Defendants in this litigation.

26.    Defendant's relationship to Yarong Chen.

27.    Defendant's relationship to Sumin Xie.

## DOCUMENTS TO PRODUCE

NOTE: These requests require the production of complete, non-excerpted documents in your possession, custody, or control. Plaintiff requests that these documents be produced to Plaintiff's counsel at least five (5) business days prior to the deposition. You may produce the documents in original form or as accurate and legible copies.

1.      Deponent's current curriculum vitae or resume.

2.      Any organizational documents (e.g., articles of organization, operating agreement, organizational charts, etc.) of Defendant F Sport Shop.

3.      All documents relating to any communications with Amazon about Defendant's infringement upon Plaintiff's Patents (U.S. Patent Nos. D888,023, D915,356, and D915,357).

4.      All documents relating to any communications, between January 1, 2019 through the present, between Defendant F Sport Shop and the suppliers of the Infringing Products. "Infringing Products" shall mean the earbuds sold by Defendants and identified in Exhibit 1 and Exhibit 2 to Plaintiff's Complaint. *See* ECF No. 1.

5.      All documents, communications, or electronically stored information in your possession, custody, or control between Defendant F Sport Shop and the other Defendants in this litigation: FXZ Shop, M Sport Direct, Spidoc Direct, 3one, and Uniqtec USA.

6.      All contracts or agreements, or other written arrangements, promises or deals between Defendant F Sport Shop and the other  Defendants in this litigation: FXZ Shop, M Sport Direct, Spidoc Direct, 3one and Uniqtec USA.

7.      All contracts or agreements, or other written arrangements, promises or deals between Defendant F Sport Shop and Sumin Xie.

8.      Detailed profit and loss statements and balance statements for the last 5 years of Defendant F Sport Shop.

9.      Reports, memos, emails, work papers, notes, messages, or other writings sent to any person including Plaintiff, where the writings in anyway relate to Plaintiff's Patents (U.S. Patent Nos. D888,023, D915,356, and D915,357).

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on July 26, 2022, I served a true and correct copy of **Plaintiff's Notice Of Deposition To F Sport Shop Pursuant To Fed. R. Civ. P. 30(B)(6)** on all interested parties via e-mail to counsel for Defendants:

ADAM URBANCZYK
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
Telephone: (312)715-7312
Facsimile: (312)646-2501
adamu@au-llc.com


*/s/ Melika T. Harris*
Melika T. Harris

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Feng Gao, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:21-cv-4055 |
| v. | ) | |
| | ) | Hon. Judge Robert M. Dow Jr. |
| THE PARTNERSHIPS and | ) | |
| INCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE "A," | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S NOTICE OF DEPOSITION TO FXZ SHOP PURSUANT TO FED. R. CIV. P. 30(b)(6)

PLEASE TAKE NOTICE that Plaintiff, by counsel, pursuant to Federal Rule of Civil Procedure 30(b)(6), will take the remote deposition of an employee, officer, agent, or other person or persons duly authorized to testify on behalf of Defendant FXZ SHOP ("Defendant") on **September 2, 2022**, commencing at **10:00am CST**, on the topics set forth in Schedule A, attached hereto. The deposition will be conducted remotely, via Zoom.

The deposition will be recorded by stenographic means, and will continue from day to day until completed. The deposition will be taken for all purposes permitted by law, including use at trial, and will be taken before an officer duly authorized by law to take depositions. Pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff reserves the right to use the videotape deposition of this witness at trial.

Pursuant to Federal Rules of Civil Procedure, Rule 30, please take notice that Plaintiff has entered into an agreement with Worldwide Litigation Services to utilize the court reporting services of Worldwide Litigation Services at this deposition.

The deponent shall, at least five (5) business days prior to the deposition, produce any of

the documents and tangible things listed on Schedule A to this notice that are in his/her possession, custody, or control, including in the possession, custody, or control of his/her attorney and/or other agents.

If an interpreter is necessary, please notify this office at least ten (10) business days prior to the deposition and specify the language and dialect that will be required.

Dated: July 26, 2022

Bayramoglu Law Offices, LLC

*/s/ Melika T. Harris*
Melika T. Harris
Denis Nihat Bayramoglu
1540 West Warm Springs Road, Suite 100
Henderson, NV 89014
T: (702) 462-5973
F: (702) 553-3404
melika@bayramoglu-legal.com
deniz@bayramoglu-legal.com
*Attorneys for Plaintiff*

## SCHEDULE A

## DEFINITIONS

A.     The terms "person" and "persons" shall include, without limitation, any natural person, firm, association, partnership, corporation, or any other form of legal entity.

B.     "Document(s)" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information, that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages (IMs), calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "document" refers to any document now or at any time in Defendants' possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

C.     "Defendant", "you" or "your" means FXZ SHOP, and any representative or other persons known or believed to be acting on Defendant FXZ SHOP's behalf.

D.     "Defendants" means all the Individuals, Partnerships, and Unincorporated Associations listed on Schedule A to Plaintiff's Complaint, and any representatives or other persons known or believed to be acting on Defendants' behalf.

E.     "Plaintiff" means Feng Gao, the plaintiff in the above-captioned action.

F.     "Plaintiff's Patents" means U.S. Patent Nos. D888,023 (the "'023 Patent"); D915,356 (the "'356 Patent"); and D915,357 (the "'357 Patent").

G.     "Prior Art" means all documents, information, acts, or things that qualify as prior art under 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

H.     "Alleged Prior Art" means patents identified in Defendants' Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction [Doc. No. 21]: U.S. Patent No. D883,259 (the "'259 Patent"); U.S. Patent No. D827,616 (the "'616 Patent"); U.S. Patent No. D863,265 (the "'265 Patent"); U.S. Patent No. D817,305 (the "'305 Patent"); U.S. Patent No. D914,651 (the "'651 Patent"); and the YouTube.com videos referenced in Defendant's Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction (Dkt. 21, p. 10; Exhibit 4) (collectively, "Alleged Prior Art").

I.     "Infringing Product No. 1" means the earbuds sold by Defendants and identified as Exhibit 1 to Plaintiff's Complaint.

J.     "Infringing Product No. 2" means the earbuds sold by Defendants and identified as Exhibit 2 to Plaintiff's Complaint.

K.     "Infringing Products" means the collective reference to Infringing Product No. 1 and Infringing Product No. 2.

L.      "E-Commerce Store" or "E-Commerce Stores" means any individual, entity or business which allows companies and individuals to buy and sell goods and services over the internet.

M.      "Relate" or "Relating to" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

N.      "Communication" means the transmission of information in any form, between two or more persons, including, without limitation, written, oral, or electronic transmissions.

O.      "Complaint" means the Complaint filed on or about July 29, 2021, in *Gao v. Partnerships and Unincorporated Associations Identified on Schedule "A",* Case No. 1:21-cv-04055.

## TOPICS

1.      All facts alleged in the Complaint and Defendants' Answer and Counterclaims to the Complaint.

2.      All facts alleged in Defendant's Responses to Plaintiff's First Set of Interrogatories, and Defendant's Supplemental Responses to Plaintiff's Frist Set of Interrogatories.

3.      The contents of all Documents requested by or produced in response to Plaintiff's First Set of Request for Production of Documents.

4.      The sale, offering of sale, import, advertising, and marketing of the Infringing Products by Defendant into the United States.

5.      All facts and circumstances relating to the research, design, and development of the Infringing Products.

6. The manufacture and assembly of the Infringing Products.

7. The functionality, features, structure, and operation of the Infringing Products.

8. The sale and offering of sale of the Infringing Products on Amazon.com.

9. The authenticity and contents of all Documents Produced by Defendant.

10. The identity of all persons with knowledge of any of the facts alleged in the Complaint, and Defendant's Answer and Counterclaims to the Complaint.

11. The facts and circumstances surrounding all communications with any person relating to the subject matter of this lawsuit.

12. All communications between Defendant and Amazon regarding the sale, or offering for sale, of the Infringing Products on Amazon.com.

13. All contracts between Defendant and Amazon.

14. All Documents sent to Amazon by Defendant related to the Infringing Products

15. All Documents received by Defendant from Amazon related to the Infringing Products.

16. Defendant's organizational structure, incorporation, employees, and the responsibilities and titles of those employees.

17. Defendant's owners, members and/or managers, including:

    a. Ownership interest of the members and/or managers;

    b. Management duties and titles;

      c.   The roles of the members and/or managers in the sale of the Infringing Products.

18.    Revenue, profits, and royalties realized by Defendant from the sale of the Infringing Products in the United States.

19.    Means and/or method used to calculate the profits realized by Defendant from the sale of the Infringing Products.

20.    Notice of Plaintiff's Patent.

21.    Any Opinions, evaluations, consideration, examination, analyses, or reverse engineering reports related to the Infringing Products drafted or prepared by Defendant or any person action on Defendant's behalf.

22.    Complaints to Amazon.com related to the Infringing Products.

23.    Communications, contracts, and agreements between Defendant and Sumin Xie related to the Infringing Products.

24.    Communications, contracts and agreements between Defendant and the supplier(s) of the Infringing Products.

25.    Defendant's relationship to the other Defendants in this litigation.

26.    Defendant's relationship to Yarong Chen.

27.    Defendant's relationship to Sumin Xie.

## DOCUMENTS TO PRODUCE

NOTE: These requests require the production of complete, non-excerpted documents in your possession, custody, or control. Plaintiff requests that these documents be produced to Plaintiff's counsel at least five (5) business days prior to the deposition. You may produce the documents in original form or as accurate and legible copies.

1. Deponent's current curriculum vitae or resume.

2. Any organizational documents (e.g., articles of organization, operating agreement, organizational charts, etc.) of Defendant FXZ SHOP.

3. All documents relating to any communications with Amazon about Defendant's infringement upon Plaintiff's Patents (U.S. Patent Nos. D888,023, D915,356, and D915,357).

4. All documents relating to any communications, between January 1, 2019 through the present, between Defendant FXZ SHOP and the suppliers of the Infringing Products. "Infringing Products" shall mean the earbuds sold by Defendants and identified in Exhibit 1 and Exhibit 2 to Plaintiff's Complaint. *See* ECF No. 1.

5. All documents, communications, or electronically stored information in your possession, custody, or control between Defendant FXZ SHOP and the other Defendants in this litigation: F Sport Shop, M Sport Direct, Spidoc Direct, 3one, and Uniqtec USA.

6. All contracts or agreements, or other written arrangements, promises or deals between Defendant FXZ SHOP and the other Defendants in this litigation: F Sport Shop, M Sport Direct, Spidoc Direct, 3one and Uniqtec USA.

7. All contracts or agreements, or other written arrangements, promises or deals between Defendant FXZ SHOP and Sumin Xie.

8. Detailed profit and loss statements and balance statements for the last 5 years of Defendant FXZ SHOP.

9. Reports, memos, emails, work papers, notes, messages, or other writings sent to any person including Plaintiff, where the writings in anyway relate to Plaintiff's Patents (U.S. Patent Nos. D888,023, D915,356, and D915,357).

## <u>CERTIFICATE OF SERVICE</u>

  The undersigned certifies that on July 26, 2022, I served a true and correct copy of **Plaintiff's Notice Of Deposition To FXZ SHOP Pursuant To Fed. R. Civ. P. 30(B)(6)** on all interested parties via e-mail to counsel for Defendants:

ADAM URBANCZYK
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
Telephone: (312)715-7312
Facsimile: (312)646-2501
adamu@au-llc.com

             */s/ Melika T. Harris*
             Melika T. Harris

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Feng Gao, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:21-cv-4055 |
| v. | ) | |
| | ) | Hon. Judge Robert M. Dow Jr. |
| THE PARTNERSHIPS and | ) | |
| INCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE "A," | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S NOTICE OF DEPOSITION TO M SPORT DIRECT PURSUANT TO FED. R. CIV. P. 30(b)(6)

PLEASE TAKE NOTICE that Plaintiff, by counsel, pursuant to Federal Rule of Civil Procedure 30(b)(6), will take the remote deposition of an employee, officer, agent, or other person or persons duly authorized to testify on behalf of Defendant M Sport Direct ("Defendant") on **August 31, 2022**, commencing at **10:00am CST**, on the topics set forth in Schedule A, attached hereto. The deposition will be conducted remotely, via Zoom.

The deposition will be recorded by stenographic means, and will continue from day to day until completed. The deposition will be taken for all purposes permitted by law, including use at trial, and will be taken before an officer duly authorized by law to take depositions. Pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff reserves the right to use the videotape deposition of this witness at trial.

Pursuant to Federal Rules of Civil Procedure, Rule 30, please take notice that Plaintiff has entered into an agreement with Worldwide Litigation Services to utilize the court reporting services of Worldwide Litigation Services at this deposition.

The deponent shall, at least five (5) business days prior to the deposition, produce any of

1

the documents and tangible things listed on Schedule A to this notice that are in his/her possession, custody, or control, including in the possession, custody, or control of his/her attorney and/or other agents.

If an interpreter is necessary, please notify this office at least ten (10) business days prior to the deposition and specify the language and dialect that will be required.

Dated: July 26, 2022

**Bayramoglu Law Offices, LLC**

*/s/ Melika T. Harris*
Melika T. Harris
Denis Nihat Bayramoglu
1540 West Warm Springs Road, Suite 100
Henderson, NV 89014
T: (702) 462-5973
F: (702) 553-3404
melika@bayramoglu-legal.com
deniz@bayramoglu-legal.com
*Attorneys for Plaintiff*

## SCHEDULE A

## DEFINITIONS

A.    The terms "person" and "persons" shall include, without limitation, any natural person, firm, association, partnership, corporation, or any other form of legal entity.

B.    "Document(s)" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information, that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages (IMs), calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "document" refers to any document now or at any time in Defendants' possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

C.    "Defendant", "you" or "your" means M Sport Direct, and any representative or other persons known or believed to be acting on Defendant M Sport Direct's behalf.

D. "Defendants" means all the Individuals, Partnerships, and Unincorporated Associations listed on Schedule A to Plaintiff's Complaint, and any representatives or other persons known or believed to be acting on Defendants' behalf.

E. "Plaintiff" means Feng Gao, the plaintiff in the above-captioned action.

F. "Plaintiff's Patents" means U.S. Patent Nos. D888,023 (the "'023 Patent"); D915,356 (the "'356 Patent"); and D915,357 (the "'357 Patent").

G. "Prior Art" means all documents, information, acts, or things that qualify as prior art under 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

H. "Alleged Prior Art" means patents identified in Defendants' Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction [Doc. No. 21]: U.S. Patent No. D883,259 (the "'259 Patent"); U.S. Patent No. D827,616 (the "'616 Patent"); U.S. Patent No. D863,265 (the "'265 Patent"); U.S. Patent No. D817,305 (the "'305 Patent"); U.S. Patent No. D914,651 (the "'651 Patent"); and the YouTube.com videos referenced in Defendant's Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction (Dkt. 21, p. 10; Exhibit 4) (collectively, "Alleged Prior Art").

I. "Infringing Product No. 1" means the earbuds sold by Defendants and identified as Exhibit 1 to Plaintiff's Complaint.

J. "Infringing Product No. 2" means the earbuds sold by Defendants and identified as Exhibit 2 to Plaintiff's Complaint.

K. "Infringing Products" means the collective reference to Infringing Product No. 1 and Infringing Product No. 2.

L.     "E-Commerce Store" or "E-Commerce Stores" means any individual, entity or business which allows companies and individuals to buy and sell goods and services over the internet.

M.     "Relate" or "Relating to" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

N.     "Communication" means the transmission of information in any form, between two or more persons, including, without limitation, written, oral, or electronic transmissions.

O.     "Complaint" means the Complaint filed on or about July 29, 2021, in *Gao v. Partnerships and Unincorporated Associations Identified on Schedule "A",* Case No. 1:21-cv-04055.

## TOPICS

1.     All facts alleged in the Complaint and Defendants' Answer and Counterclaims to the Complaint.

2.     All facts alleged in Defendant's Responses to Plaintiff's First Set of Interrogatories, and Defendant's Supplemental Responses to Plaintiff's Frist Set of Interrogatories.

3.     The contents of all Documents requested by or produced in response to Plaintiff's First Set of Request for Production of Documents.

4.     The sale, offering of sale, import, advertising, and marketing of the Infringing Products by Defendant into the United States.

5.     All facts and circumstances relating to the research, design, and development of the Infringing Products.

6. The manufacture and assembly of the Infringing Products.

7. The functionality, features, structure, and operation of the Infringing Products.

8. The sale and offering of sale of the Infringing Products on Amazon.com.

9. The authenticity and contents of all Documents Produced by Defendant.

10. The identity of all persons with knowledge of any of the facts alleged in the Complaint, and Defendant's Answer and Counterclaims to the Complaint.

11. The facts and circumstances surrounding all communications with any person relating to the subject matter of this lawsuit.

12. All communications between Defendant and Amazon regarding the sale, or offering for sale, of the Infringing Products on Amazon.com.

13. All contracts between Defendant and Amazon.

14. All Documents sent to Amazon by Defendant related to the Infringing Products

15. All Documents received by Defendant from Amazon related to the Infringing Products.

16. Defendant's organizational structure, incorporation, employees, and the responsibilities and titles of those employees.

17. Defendant's owners, members and/or managers, including:

    a. Ownership interest of the members and/or managers;

    b. Management duties and titles;

  c. The roles of the members and/or managers in the sale of the Infringing Products.

18. Revenue, profits, and royalties realized by Defendant from the sale of the Infringing Products in the United States.

19. Means and/or method used to calculate the profits realized by Defendant from the sale of the Infringing Products.

20. Notice of Plaintiff's Patent.

21. Any Opinions, evaluations, consideration, examination, analyses, or reverse engineering reports related to the Infringing Products drafted or prepared by Defendant or any person action on Defendant's behalf.

22. Complaints to Amazon.com related to the Infringing Products.

23. Communications, contracts, and agreements between Defendant and Sumin Xie related to the Infringing Products.

24. Communications, contracts and agreements between Defendant and the supplier(s) of the Infringing Products.

25. Defendant's relationship to the other Defendants in this litigation.

26. Defendant's relationship to Yarong Chen.

27. Defendant's relationship to Sumin Xie.

## **DOCUMENTS TO PRODUCE**

NOTE: These requests require the production of complete, non-excerpted documents in your possession, custody, or control. Plaintiff requests that these documents be produced to Plaintiff's counsel at least five (5) business days prior to the deposition. You may produce the documents in original form or as accurate and legible copies.

1.      Deponent's current curriculum vitae or resume.

2.      Any organizational documents (e.g., articles of organization, operating agreement, organizational charts, etc.) of Defendant M Sport Direct.

3.      All documents relating to any communications with Amazon about Defendant's infringement upon Plaintiff's Patents (U.S. Patent Nos. D888,023, D915,356, and D915,357).

4.      All documents relating to any communications, between January 1, 2019 through the present, between Defendant M Sport Direct and the suppliers of the Infringing Products. "Infringing Products" shall mean the earbuds sold by Defendants and identified in Exhibit 1 and Exhibit 2 to Plaintiff's Complaint. *See* ECF No. 1.

5.      All documents, communications, or electronically stored information in your possession, custody, or control between Defendant M Sport Direct and the other Defendants in this litigation: F Sport Shop, FXZ Shop, Spidoc Direct, 3one, and Uniqtec USA.

6.      All contracts or agreements, or other written arrangements, promises or deals between Defendant M Sport Direct and the other  Defendants in this litigation: F Sport Shop, FXZ Shop, Spidoc Direct, 3one and Uniqtec USA.

7.      All contracts or agreements, or other written arrangements, promises or deals between Defendant M Sport Direct and Sumin Xie.

8.      Detailed profit and loss statements and balance statements for the last 5 years of Defendant M Sport Direct.

9.      Reports, memos, emails, work papers, notes, messages, or other writings sent to any person including Plaintiff, where the writings in anyway relate to Plaintiff's Patents (U.S. Patent Nos. D888,023, D915,356, and D915,357).

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on July 26, 2022, I served a true and correct copy of **Plaintiff's Notice Of Deposition To M Sport Direct Pursuant To Fed. R. Civ. P. 30(B)(6)** on all interested parties via e-mail to counsel for Defendants:

ADAM URBANCZYK
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
Telephone: (312)715-7312
Facsimile: (312)646-2501
adamu@au-llc.com

*/s/ Melika T. Harris*
Melika T. Harris

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Feng Gao, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:21-cv-4055 |
| v. | ) | |
| | ) | Hon. Judge Robert M. Dow Jr. |
| THE PARTNERSHIPS and | ) | |
| INCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE "A," | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S NOTICE OF DEPOSITION TO SPIDOC DIRECT PURSUANT TO FED. R. CIV. P. 30(b)(6)

PLEASE TAKE NOTICE that Plaintiff, by counsel, pursuant to Federal Rule of Civil Procedure 30(b)(6), will take the remote deposition of an employee, officer, agent, or other person or persons duly authorized to testify on behalf of Defendant Spidoc Direct ("Defendant") on **September 1, 2022** commencing at **10:00am CST**, on the topics set forth in Schedule A, attached hereto. The deposition will be conducted remotely, via Zoom.

The deposition will be recorded by stenographic means, and will continue from day to day until completed. The deposition will be taken for all purposes permitted by law, including use at trial, and will be taken before an officer duly authorized by law to take depositions. Pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff reserves the right to use the videotape deposition of this witness at trial.

Pursuant to Federal Rules of Civil Procedure, Rule 30, please take notice that Plaintiff has entered into an agreement with Worldwide Litigation Services to utilize the court reporting services of Worldwide Litigation Services at this deposition.

The deponent shall, at least five (5) business days prior to the deposition, produce any of

1

the documents and tangible things listed on Schedule A to this notice that are in his/her possession, custody, or control, including in the possession, custody, or control of his/her attorney and/or other agents.

If an interpreter is necessary, please notify this office at least ten (10) business days prior to the deposition and specify the language and dialect that will be required.

Dated: July 26, 2022

**Bayramoglu Law Offices, LLC**

*/s/ Melika T. Harris*
Melika T. Harris
Denis Nihat Bayramoglu
1540 West Warm Springs Road, Suite 100
Henderson, NV 89014
T: (702) 462-5973
F: (702) 553-3404
melika@bayramoglu-legal.com
deniz@bayramoglu-legal.com
*Attorneys for Plaintiff*

## SCHEDULE A

## DEFINITIONS

A.      The terms "person" and "persons" shall include, without limitation, any natural person, firm, association, partnership, corporation, or any other form of legal entity.

B.      "Document(s)" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information, that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages (IMs), calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "document" refers to any document now or at any time in Defendants' possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

C.      "Defendant", "you" or "your" means Spidoc Direct, and any representative or other persons known or believed to be acting on Defendant Spidoc Direct's behalf.

3

D.      "Defendants" means all the Individuals, Partnerships, and Unincorporated Associations listed on Schedule A to Plaintiff's Complaint, and any representatives or other persons known or believed to be acting on Defendants' behalf.

E.      "Plaintiff" means Feng Gao, the plaintiff in the above-captioned action.

F.      "Plaintiff's Patents" means U.S. Patent Nos. D888,023 (the "'023 Patent"); D915,356 (the "'356 Patent"); and D915,357 (the "'357 Patent").

G.      "Prior Art" means all documents, information, acts, or things that qualify as prior art under 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

H.      "Alleged Prior Art" means patents identified in Defendants' Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction [Doc. No. 21]: U.S. Patent No. D883,259 (the "'259 Patent"); U.S. Patent No. D827,616 (the "'616 Patent"); U.S. Patent No. D863,265 (the "'265 Patent"); U.S. Patent No. D817,305 (the "'305 Patent"); U.S. Patent No. D914,651 (the "'651 Patent"); and the YouTube.com videos referenced in Defendant's Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction (Dkt. 21, p. 10; Exhibit 4) (collectively, "Alleged Prior Art").

I.      "Infringing Product No. 1" means the earbuds sold by Defendants and identified as Exhibit 1 to Plaintiff's Complaint.

J.      "Infringing Product No. 2" means the earbuds sold by Defendants and identified as Exhibit 2 to Plaintiff's Complaint.

K.      "Infringing Products" means the collective reference to Infringing Product No. 1 and Infringing Product No. 2.

L.     "E-Commerce Store" or "E-Commerce Stores" means any individual, entity or business which allows companies and individuals to buy and sell goods and services over the internet.

M.     "Relate" or "Relating to" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

N.     "Communication" means the transmission of information in any form, between two or more persons, including, without limitation, written, oral, or electronic transmissions.

O.     "Complaint" means the Complaint filed on or about July 29, 2021, in *Gao v. Partnerships and Unincorporated Associations Identified on Schedule "A",* Case No. 1:21-cv-04055.

## TOPICS

1.     All facts alleged in the Complaint and Defendants' Answer and Counterclaims to the Complaint.

2.     All facts alleged in Defendant's Responses to Plaintiff's First Set of Interrogatories, and Defendant's Supplemental Responses to Plaintiff's Frist Set of Interrogatories.

3.     The contents of all Documents requested by or produced in response to Plaintiff's First Set of Request for Production of Documents.

4.     The sale, offering of sale, import, advertising, and marketing of the Infringing Products by Defendant into the United States.

5.     All facts and circumstances relating to the research, design, and development of the Infringing Products.

6.      The manufacture and assembly of the Infringing Products.

7.      The functionality, features, structure, and operation of the Infringing Products.

8.      The sale and offering of sale of the Infringing Products on Amazon.com.

9.      The authenticity and contents of all Documents Produced by Defendant.

10.     The identity of all persons with knowledge of any of the facts alleged in the Complaint, and Defendant's Answer and Counterclaims to the Complaint.

11.     The facts and circumstances surrounding all communications with any person relating to the subject matter of this lawsuit.

12.     All communications between Defendant and Amazon regarding the sale, or offering for sale, of the Infringing Products on Amazon.com.

13.     All contracts between Defendant and Amazon.

14.     All Documents sent to Amazon by Defendant related to the Infringing Products

15.     All Documents received by Defendant from Amazon related to the Infringing Products.

16.     Defendant's organizational structure, incorporation, employees, and the responsibilities and titles of those employees.

17.     Defendant's owners, members and/or managers, including:

      a.   Ownership interest of the members and/or managers;

      b.   Management duties and titles;

    c.   The roles of the members and/or managers in the sale of the Infringing Products.

18.    Revenue, profits, and royalties realized by Defendant from the sale of the Infringing Products in the United States.

19.    Means and/or method used to calculate the profits realized by Defendant from the sale of the Infringing Products.

20.    Notice of Plaintiff's Patent.

21.    Any Opinions, evaluations, consideration, examination, analyses, or reverse engineering reports related to the Infringing Products drafted or prepared by Defendant or any person action on Defendant's behalf.

22.    Complaints to Amazon.com related to the Infringing Products.

23.    Communications, contracts, and agreements between Defendant and Sumin Xie related to the Infringing Products.

24.    Communications, contracts and agreements between Defendant and the supplier(s) of the Infringing Products.

25.    Defendant's relationship to the other Defendants in this litigation.

26.    Defendant's relationship to Yarong Chen.

27.    Defendant's relationship to Sumin Xie.

## DOCUMENTS TO PRODUCE

NOTE: These requests require the production of complete, non-excerpted documents in your possession, custody, or control. Plaintiff requests that these documents be produced to Plaintiff's counsel at least five (5) business days prior to the deposition. You may produce the documents in original form or as accurate and legible copies.

1.      Deponent's current curriculum vitae or resume.

2.      Any organizational documents (e.g., articles of organization, operating agreement, organizational charts, etc.) of Defendant Spidoc Direct.

3.      All documents relating to any communications with Amazon about Defendant's infringement upon Plaintiff's Patents (U.S. Patent Nos. D888,023, D915,356, and D915,357).

4.      All documents relating to any communications, between January 1, 2019 through the present, between Defendant Spidoc Direct and the suppliers of the Infringing Products. "Infringing Products" shall mean the earbuds sold by Defendants and identified in Exhibit 1 and Exhibit 2 to Plaintiff's Complaint. *See* ECF No. 1.

5.      All documents, communications, or electronically stored information in your possession, custody, or control between Defendant Spidoc Direct and the other Defendants in this litigation: F Sport Shop, FXZ Shop, M Sport Direct, 3one, and Uniqtec USA.

6.      All contracts or agreements, or other written arrangements, promises or deals between Defendant Spidoc Direct and the other  Defendants in this litigation: F Sport Shop, FXZ Shop, M Sport Direct, 3one and Uniqtec USA.

7.      All contracts or agreements, or other written arrangements, promises or deals between Defendant Spidoc Direct and Sumin Xie.

8.      Detailed profit and loss statements and balance statements for the last 5 years of Defendant Spidoc Direct.

9.      Reports, memos, emails, work papers, notes, messages, or other writings sent to any person including Plaintiff, where the writings in anyway relate to Plaintiff's Patents (U.S. Patent Nos. D888,023, D915,356, and D915,357).

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on July 26, 2022, I served a true and correct copy of **Plaintiff's Notice Of Deposition To Spidoc Direct Pursuant To Fed. R. Civ. P. 30(B)(6)** on all interested parties via e-mail to counsel for Defendants:

ADAM URBANCZYK
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
Telephone: (312)715-7312
Facsimile: (312)646-2501
adamu@au-llc.com


*/s/ Melika T. Harris*
Melika T. Harris